Heather L. Rosing, Bar No. 183986
Ryan S Little, Bar No. 350134
KLINEDINST PC
777 S. Figueroa St., Suite 2800
Los Angeles, California 90017
(213) 406-1100/FAX (213) 406-1101
hrosing@klinedinstlaw.com
rlittle@klinedinstlaw.com

Attorneys for HINSHAW &
CULBERTSON, LLP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Amy R. Weissbrod, US Patentee,<br>Plaintiff California State Bar #87419,<br><br>        Plaintiff,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT<br>INC., TICKETMASTER, INC., LIVE<br>NATION, INC., INSTANT LIVE<br>CONCERTS, LLC, MLB/MLB<br>ADVANCED MEDIA, INC.,<br>PHISH/PHISH LIVE, COWAN<br>LIEBOWITZ & LATMAN, PC,<br>HINSHAW & CULBERTSON, LLP,<br>BAKER BOTTS, LLP, Does I-X,<br><br>        Defendants. | Case No. 2:23-cv-04381-MEMF-E<br><br>**DEFENDANT HINSHAW &<br>CULBERTSON, LLP'S MOTION<br>TO DISMISS PURSUANT TO CR<br>12(b)(6)**<br><br>Hearing Date:    October 12, 2023<br>Time:          10:00 a.m.<br>Judge:  Hon. Maame Ewusi-Mensah<br>Courtroom:     8B |

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................ 1

II.   STATEMENT OF FACTS ........................................................ 2

      1.    *Gurvey v. Cowan Liebowitz,* 06-cv-01202 (S.D.N.Y.)
          (*Cowan I*) .................................................................. 2

      2.    *In re Gurvey* (NYS Disciplinary Proceeding) ............................. 5

      3.    *Weissbrod v. Dopico et al.* (New York state court).................... 6

      4.    *Weissbrod v. Gonzalez, et al.*, 1:13-cv-02565 (S.D.N.Y.) ........... 7

      5.    *Gurvey v. State of New York, et al.* (NYS Index No.
          100163-15)................................................................. 7

      6.    *Gurvey v. Cowan, Liebowitz II* (NYS Index No. 101246-
          15) ........................................................................... 9

      7.    *Gurvey v. Acosta, et al.* (New York state court)........................ 9

      8.    *Weissbrod-Gurvey v. Hon. Jonathan Lippman, et al.*, 1:18-
          cv-2006 (S.D.N.Y.).................................................... 10

      9.    *Weissbrod v. Hon. Elizabeth Garry*, 1:19-cv-04739
          (E.D.N.Y.)................................................................. 11

      10.   *Weissbrod v. Live Nation, et al.*, 2:23-cv-04381 (C.D.
          Cal.) (the instant case) ............................................... 12

III.  ARGUMENT AND AUTHORITY ........................................ 12

    A.    Weissbrod's Claims are Time-Barred ................................. 12

    B.    Weissbrod's Complaint is Barred by Res Judicata ............... 13

      1.    Identity of Claims ..................................................... 13

      2.    Final Judgment on the Merits ..................................... 14

      3.    Identity of Privity Between Parties.............................. 15

    C.    The Court Should Enjoin Weissbrod from Filing Further
        Litigation Against Hinshaw in the Central District Without Prior
        Leave of Court........................................................... 15

      1.    Opportunity to Oppose ............................................. 16

      2.    Adequate Record for Review ..................................... 16

      3.    Substantive Findings of Frivolousness or Harassment.............. 17

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

DEFENDANT HINSHAW & CULBERTSON, LLP'S MOTION TO DISMISS PURSUANT TO CR 12(b)(6)

| | | | | |
|---|---|---|---|---|
| | 4. | Narrow Tailoring | .................................................................. | 18 |
| | 5. | *Safir* factors | .................................................................. | 19 |
| D. | | Weissbrod's Complaint is Prohibited Forum Shopping | ........................ | 20 |
| IV. | CONCLUSION | | .................................................................. | 21 |

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

DEFENDANT HINSHAW & CULBERTSON, LLP'S MOTION TO DISMISS PURSUANT TO CR 12(b)(6)

# TABLE OF AUTHORITIES

**Page**

## CASES

*Brody v. Hawaiian Airlines, Inc.*,
 2023 U.S. Dist. LEXIS 81616 *7 (D. Haw. 2023)..........................21

*Colorado River Water Conservation Dist. v. United States*,
 424 U.S. 800 (1976) ...................................21

*Comer v. Kraft Foods N. Am., Inc.*,
 390 F.3d 812 (4th Cir. 2004)...................................20

*Davis v. HSBC Bank Nevada, N.A.*,
 691 F.3d 1152 (9th Cir. 2012) ...................................13

*De Long v. Hennessey*, 912 F.2d 1144
 (9th Cir. 1990) ...................................16, 17, 18

*Dimery v Ulster Sav. Bank*,
 82 AD3d 1034 [2d Dept] 2014...................................8

*Gurvey v. Cowan, Liebowitz & Latman, P.C.*,
 2009 U.S.Dist.LEXIS 34839,*1 (S.D.N.Y. Apr. 23, 2009)....................passim

*In re NVIDIA Corp. Sec. Litig.*,
 768 F.3d 1046 n. 10 (9th Cir. 2014) ...................................13

*Intri-Plex Techs., Inc. v. Crest Grp., Inc.*,
 499 F.3d 1048, 1052 (9th Cir. 2007) ...................................13

*Matter of Marion C.W. [LisaK]*,
 135 AD3d 777 [2d Dept 2016]...................................8

*Molski v. Evergeen Dynasty Corp.*,
 500 F.3d 1047 (9th Cir. 2007)...................................16, 17, 18, 19

*Moy v. United States*,
 906 F.2d 467 (9th Cir. 1990)...................................17

*R.R. Street & Co., Inc. v. Transport Ins. Co.*,
 656 F.3d 966 (9th Cir. 2011)...................................21

*Ringgold-Lockhart v. County of Los Angeles*,
 761 F.3d 1057 (9th Cir. 2014)...................................17, 19

*Safir v. U.S. Lines, Inc.*,
 792 F.2d 19 (2nd Cir. 1986) ...................................19

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

DEFENDANT HINSHAW & CULBERTSON, LLP'S MOTION TO DISMISS PURSUANT TO CR 12(b)(6)

*Seaman v. Sedgwick. LLP*
(C.D.Cal. Jan. 26. 2012. No. SACV 11-664 DOC (RNBx)) 2012
U.S.Dist.LEXIS 9917 *5 ......................................................................12

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d*
*1064 (2003)* .........................................................................................13

*Weissman v. Quail Lodge, Inc.,*
179 F.3d 1194 (9th Cir. 1999).............................................................18

*Western Radio Servs. Co. v. Glickman,*
123 F.3d 1189 (9th Cir. 1997).............................................................13

*York Cnty. v. HP, Inc.,*
65 F.4th 459 (9th Cir. 2023)................................................................12

## **STATUTES**

28 U.S.C. § 1651(a) ....................................................................................16

28 U.S.C. § 1658 ........................................................................................12

42 U.S.C. § 1983 ..........................................................................................7

C.C.P § 340.6(a) ........................................................................................13

C.C.P. § 338(d) ..........................................................................................13

## **OTHER AUTHORITIES**

Central District Local Rule 83-8.1 ............................................................16

New York Civil Practice Laws and Rules Article 78.............................6, 9

Rule of Practice of the Court of Appeals (22 NYCRR 500.22[b][2] .........6

## **RULES**

F.R.C.P., Rule 11 ........................................................................................3

F.R.C.P., Rule 12(b)(6).....................................................................1, 13, 21

F.R.C.P., Rule 2 ..........................................................................................3

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

DEFENDANT HINSHAW & CULBERTSON, LLP'S MOTION TO DISMISS PURSUANT TO CR 12(b)(6)

## I. __INTRODUCTION__

In 2006, Plaintiff, Amy R. Weissbrod (A.K.A. Amy R. Gurvey; A.K.A. Amy R. Weissbrod-Gurvey) started a crusade of vexatious, abusive litigation that continues to this day. Since then, Weissbrod, a trained lawyer, has had her license suspended due to her pattern of vexatious and abusive litigation behavior. She is also now subject to pre-filing orders in at least four courts.

The substance of Weissbrod's claims, which are generally lengthy, duplicative, and confusing to read, is that various actors—including various law firms, the largest entertainment companies in the world, the New York state attorney discipline system, and the federal judiciary—have conspired to against her to facilitate the expropriation of certain valuable patents. To date, Weissbrod has filed at least 9 suits alleging these claims, and she has lost each one. There is some variance in the targets of Weissbrod's suits, however, there are also mainstays; these include the firm Cowan Liebowitz & Latman, PC—which previously employed Weissbrod—as well as Cowan's defense counsel, Hinshaw & Culbertson, LLP ("Hinshaw"). The instant suit names both as defendants, and reasserts the same tired claims that numerous other state and federal courts have repeatedly dismissed. Weissbrod's claims are barred by the applicable statute of limitations, and this complaint is nothing more than Weissbrod's shopping for another forum that might be receptive to her allegations.

Therefore, Hinshaw moves this Court to dismiss this baseless complaint under Federal Rules of Civil Procedure, rule 12(b)(6) on the grounds that the complaint is barred by the doctrine of res judicata.

Hinshaw further moves this Court for an Order enjoining Weissbrod from filing new litigation against Hinshaw arising out of Hinshaw's representation of the Cowan firm. Dismissal and injunction is the only way to prevent Weissbrod from further perverting the machinery of justice to her own vexatious ends.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 2:23-cv-04381-MEMF-E

DEFENDANT HINSHAW & CULBERTSON, LLP'S MOTION TO DISMISS PURSUANT TO CR 12(b)(6)

## II.    STATEMENT OF FACTS

Weissbrod's litigation tirade arises out of her previous employment with Cowan Liebowitz. Weissbrod alleges that, in 2002, she was hired into an "of counsel" position at Cowan, who also agreed to represent Weissbrod before the U.S. Patent and Trademark Office ("USPTO") with regard to various patents she claimed to be developing. Weissbrod was fired by Cowan a few months into her employment. In reality, Cowan never agreed to do anything more than prepare the applications for Weissbrod as a courtesy of her employment.

In 2004, Weissbrod filed a series of ethics complaints against the Cowan firm. In 2006, she sued Cowan for, among other things, legal malpractice arising out of the patent matters ("*Cowan I*")—Weissbrod claimed that Cowan stopped assisting her when her employment was terminated. Weissbrod's antics in that litigation eventually caused the Second Circuit to enter a pre-filing order against her.

In 2011, Weissbrod was prosecuted and suspended from the practice of law in New York state due to a pattern of vexatious litigation in a matter unrelated to this litigation.

In general, Weissbrod's campaign of litigation arises directly out of her displeasure with the rulings in *Cowan I* and her disciplinary proceeding.

### 1.    *Gurvey v. Cowan Liebowitz,* 06-cv-01202 (S.D.N.Y.) (*Cowan I*)

On February 15, 2006, Weissbrod, then known as Amy R. Gurvey, filed a complaint against Cowan, alleging that, among other things, Cowan engaged in legal malpractice and expropriated a certain idea that Weissbrod was seeking to patent. (*See Gurvey v. Cowan, Liebowitz* (SDNY) 06 cv 01202). Hinshaw's Richard Supple defended Cowan and the Cowan attorneys in that action. (Exhibit ("Ex.") 1.)

On April 23, 2009, the court granted a motion by Cowan to dismiss Weissbrod's complaint in its entirety. *Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 2009 U.S.Dist.LEXIS 34839, at *1 (S.D.N.Y. Apr. 23, 2009).

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Klinedinst PC
501 West Broadway, Suite 600
San Diego, California 92101

1   On February 10, 2012, the Second Circuit Court of Appeals affirmed the
2   dismissal of most of Weissbrod's claims, but found that her malpractice and breach
3   of fiduciary duty claims could proceed. *Gurvey v. Cowan, Liebowitz & Latman,*
4   *P.C.*, 462 F.App'x 26, 30 (2d Cir. 2012).

5   On May 12, 2014, Weissbrod filed a motion to disqualify Hinshaw as counsel
6   for Cowan, on the grounds that two Hinshaw attorneys—Richard Supple and Hal
7   Lieberman—were committee members of an attorney Disciplinary Committee that,
8   in 2011, "unlawfully whitewashed" Weissbrod's patent grievances against the
9   Cowan defendants. (Ex. 49 at 2-3.) Weissbrod's argument was meritless, because,
10  while both Supple and Lieberman had previously worked for the attorney Discipline
11  Committee, each had left the Committee's employ no later than 1999. (Ex. 51.)
12  Accordingly, the court denied Weissbrod's motion on November 20, 2014. (Ex. 12
13  at dkt #233.)

14  On September 17, 2015, the district court entered an order: 1) finding that
15  Weissbrod had filed several frivolous motions in the matter, in violation of FRCP
16  rules 11; and 2) staying the proceed until Weissbrod paid $10,000 in sanctions. (Ex.
17  50.)

18  On July 6, 2017—more than ten years after the start of the litigation—the
19  district court granted Cowan's motion for summary judgment on all remaining
20  claims and denied Weissbrod's cross-motions. (Ex. 23.) The court found that
21  Weissbrod's claims were time barred, and that Weissbrod had proffered insufficient
22  evidence from which a reasonable jury could find in her favor on either claim. (Ex.
23  23 at 8.)

24  On July 7, 2017, the district court entered an order mandating that Weissbrod
25  "shall not call or contact Chambers directly, but instead shall communicate with the
26  Court solely through the Pro Se Office." (Ex. 24.)

27  On September 5, 2017, Weissbrod appealed to the Second Circuit from all
28  "final and interlocutory orders of the Southern District of NY" entered since

1  February 10, 2012. (Ex. 25.) This appeal later came to encompass the district court's

2  summary judgment order in favor of Cowan as well as the court's denial of

3  Weissbrod's motion for reconsideration. On December 4, 2018, the Second Circuit

4  affirmed the district court, on the grounds that Weissbrod's complaint was time-

5  barred and that the filing of an amendment would be futile. (Ex. 36.)

6      On January 18, 2019, the Second Circuit denied *en banc* Weissbrod's motion

7  for a re-hearing. (Ex. 37.)

8      On October 7, 2019, the United States Supreme Court denied Weissbrod's

9  petition for certiorari review of the Second Circuit's decision affirming the district

10  court. (Ex. 41.)

11     On March 19, 2020, Weissbrod filed a motion in the Federal Circuit for a writ

12  of mandamus that would have reconsideration of all Orders in the litigation. (Ex.

13  42.) On June 23, 2020, the Federal Circuit transferred the matter back to the Second

14  Circuit, who again dismissed Weissbrod's appeal. (Ex. 44.)

15     On January 6, 2022, Weissbrod again appealed to the Federal Circuit for

16  reconsideration of the Southern District's orders. (Ex. 12 at dkt #440)

17     On March 17, 2022, Following the dismissal of her appeal, Weissbrod moved

18  for reconsideration of the Second Circuit's prior order denying her motion for

19  reconsideration. The Second Circuit denied reconsideration on the grounds that

20  "there is no basis for requesting reconsideration *ad infinitum*." (Ex. 12 at dkt #446.)

21  The Second Circuit also imposed a pre-filing injunction, which it had been

22  "reluctant" to do. (*Id.*)

23     On April 6, 2022, Weissbrod again moved the Second Circuit for manadamus

24  review, and an order that would vacate "all orders entered by the SDNY and vacate

25  the Second Circuit mandate entered [on April 6, 2021]."[1] (Ex. 52.) The Second

26  Circuit dismissed the appeal for Weissbrod's failure to pay the proper filing fee.

27

28  [1] The mandate dismissed yet another of Weissbrod's appeals. (Ex. 52 at Exhibit 1.)

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Weissbrod repeatedly moved for reconsideration, which the Court also denied. (Ex. 48 at dkt ##1, 14, 31, 44.)

On June 5, 2023, Weissbrod filed in the Federal Circuit a petition for a writ of mandamus to "disqualif[y]" the magistrate and district court judge, vacate the district court's orders "retroactive to 2012," and direct that her case be transferred. (Ex. 12 at dkt #453.) The court denied the petition on August 16, 2023. (Ex. 12 at dkt #454.)

### 2. *In re Gurvey* (NYS Disciplinary Proceeding)

On June 22, 2011, the New York State Attorney Grievance Committee, First Judicial Department, (then called the Departmental Disciplinary Committee "DDC") held a hearing on disciplinary charges stemming from Weissbrod's ten years of *pro se* litigation in a matter wherein she alleged she was fraudulently induced to vacate her federally-subsidized apartment. (Ex. 2 at p.2). Per the later opinion and order of the Appellate Division of the Supreme Court for the First Judicial Department, Weissbrod's conduct during that ten-year litigation was "indicative of harassment and abuse of judicial process;" "mean spirited and vexatious;" an "inappropriate use of the courts;" and resulted "in needless expense in the defense of a frivolous lawsuit." The Appellate Division also noted that Weissbrod's "years of vituperative litigation," "frivolous motion practice," and "intentional misrepresentations to the court" in that ten-year litigation had led to numerous sanctions orders, totaling $8,783 that Weissbrod failed to pay. (Ex. 3 at pp.2-3.) Ultimately, the Appellate Division suspended Weissbrod for six months and conditioned her reinstatement on the payment of the sanctions entered against her. (Ex. 3.) Weissbrod remains suspended to this day. (Ex. 4.)

Weissbrod appealed her suspension to the New York Court of Appeals—New York State's highest court—on constitutional grounds; but, the court dismissed the appeal on the grounds that no substantial constitutional question was directly

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 2:23-cv-04381-MEMF-E

DEFENDANT HINSHAW & CULBERTSON, LLP'S MOTION TO DISMISS PURSUANT TO CR 12(b)(6)

involved. (Ex. 6.) Weissbrod moved for reconsideration; the Court denied the motion. (Ex. 12.)

On December 12, 2015, Weissbrod moved in her disciplinary proceeding in New York State's First Department for an order that would: 1) vacate the December 4, 2012 order suspending her; 2) direct that a retraction order be published in a legal publication; and 3) compelling the Disciplinary Committee to make certain files available to her. (Ex. 16.) Hinshaw submitted an affirmation in opposition to Weissbrod's motion. (Ex. 16.) On April 21, 2016, the Appellate Division, First Department denied Weissbrod's motion motion and "further directed, sua sponte, that the Clerk of the Court not accept further filings from the respondent without leave of this Court." (Ex. 16.) Weissbrod moved for leave to amend, but her motion was denied for failure to establish timeliness, as required by section 500.22(b)(2) of the Rule of Practice of the Court of Appeals (22 NYCRR 500.22[b][2]). (Ex. 17.) Weissbrod moved for reconsideration of the dismissal order, which the court also denied.

On February 15, 2018, the First Department denied a motion by Weissbrod and again ordered that "[n]o further filings accepted from petitioner without prior leave of this Court." (Ex. 28.)

### 3.   *Weissbrod v. Dopico et al.* **(New York state court)**

On September 21, 2011, after the hearing before the DDC, but before the First Judicial Department issued its decision to suspend Weissbrod, she filed an Article 78[2] proceeding in New York County Supreme Court entitled *Weissbrod v. Dopico, et al.*, Index No. 110774/11, asserting that the Chief Counsel for the DDC, as well as other officers and members of the DDC, violated her Due Process and Equal

---

[2] Article 78 refers to Article 78 of the New York Civil Practice Laws and Rules, which authorizes courts to review a decision or action of a New York State body or officer.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 2:23-cv-04381-MEMF-E

DEFENDANT HINSHAW & CULBERTSON, LLP'S MOTION TO DISMISS PURSUANT TO CR 12(b)(6)

Protection rights under the Fourteenth Amendment and the New York State Constitution and her civil rights pursuant to 42 U.S.C. §1983 in connection with the hearing that led to her suspension. (Ex. 5.)

On November 17, 2011, the court dismissed Weissbrod's Article 78 proceeding on the basis of sovereign immunity. (Ex. 2.)

### 4.    *Weissbrod v. Gonzalez, et al.*, 1:13-cv-02565 (S.D.N.Y.)

On April 18, 2013, Weissbrod filed a complaint in the United States District Court, Southern District of New York, against the members of the DDC that she named as respondents in the *Dopico* Article 78 Petition, as well as the Hon. Luis Gonzalez, who was identified as the Presiding Justice in the written decision imposing plaintiff's suspension. (Ex. 7.) In that action, entitled *Weissbrod v. Gonzalez, et al.*, Weissbrod sought an order setting aside the decision suspending her and on the grounds that the defendants therein violated her constitutional rights by fraudulently fabricating disciplinary violations.

On May 2, 2013, the court issued a decision, *sua sponte*, dismissing Weissbrod's claims in their entirety pursuant to the Eleventh Amendment and the *Rooker-Feldman* doctrine; the court also found that the defendants therein were entitled to absolute judicial and quasi-judicial immunity. (Ex. 8.) Weissbrod moved for reconsideration, but the court denied her motion. (Ex. 9.) Weissbrod then appealed the dismissal to the Second Circuit, who also affirmed the District Court's dismissal. (Exs. 10 and 11.)

### 5.    *Gurvey v. State of New York, et al.* (NYS Index No. 100163-15)

On January 30, 2015, Weissbrod filed an action titled *Gurvey v. State of New York, et al.*, Index No. 100163/2015. There, Weissbrod again claimed her civil rights were violated because of her suspension, and claimed that Supple and Hinshaw had perpetrated a series of frauds on the court, in both the *Cowan I* litigation and in Weissbrod's disciplinary hearing. (Ex. 13.)

On August 29, 2016, Justice Gerald Lebovitz entered a decision dismissing Weissbrod's claims against all parties and entering a pre-filing order that required Weissbrod to obtain leave of court prior to filing any additional actions against Hinshaw and/or Supple. (Ex. 18.)[3] Weissbrod tried to appeal the decision to the New York Court of Appeals, but the court denied the appeal on the grounds that the matter did not concern the constitutional validity of a statutory provision. (Ex. 20.)

On May 26, 2017, the court entered a filing injunction against Weissbrod with regard to the remaining state defendants. (Ex. 21.)

On July 6, 2017, the First Department, Appellate Division denied a motion by Weissbrod that would have "direct[ed] this Court to permit the filing and service of her amended complaint and motion to renew and reargue, for a stay, and for other relief."[4] (Ex. 22.)

On November 16, 2017, the First Department, Appellate Division denied a motion by Weissbrod to transfer her appeal to the Third Department Appellate

_____

[3] The Court's order states:

> The request for an injunction against filing claims without leave of court is granted. *(See Dimery v Ulster Sav. Bank,* 82 AD3d 1034, 1035 [2d Dept] [observing that record reflects that the plaintiff abused the judicial process through vexatious litigation and that it was proper for the Supreme Court to enjoin the plaintiff from bringing any further motions regarding the subject matter of the instant action without its permission], *appeal dismissed* 17 NY3d 774 [2011]; *see also Matter of Marion C.W. [LisaK],* 135 AD3d 777, 779-780 [2d Dept 2016] ["[C]ourt properly determined that the petitioners forfeited the right to free access to the courts by abusing the judicial process with repeated motions seeking to relitigate matters previously decided against them, and, therefore, required them to obtain leave of the court before filing further motions or commencing new proceedings regarding Marion C.W. or the trust."].)

[4] Due to the voluminous litigation record in that case, Counsel for Ms. Weissbrod has been unable to determine the exact motion to which the Appellate Division refers. Nevertheless, the court's order is a reliable indicator that Weissbrod filed such a motion.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Division. (Ex. 26.)

On February 20, 2018, the Appellate Division denied a motion by Weissbrod for reconsideration of the court's order denying Weissbrod's motion to transfer her appeal to the Third Department, Appellate Division. (Ex. 29.)

On June 12, 2018, the First Department, Appellate Division entered an order dismissing, on its own motion, Weissbrod's motion for leave to appeal the court's decision to the Court of Appeals. (Ex. 35.)

### 6.   *Gurvey v. Cowan, Liebowitz II* **(NYS Index No. 101246-15)**

On July 14, 2015, Weissbrod initiated an action entitled *Gurvey v. Cowan, Liebowitz & Latman, P.C., et al*, Index No. 101246/2015 (Sup. Ct., N.Y. Cty.). (Ex. 14.) In that case, Weissbrod again claimed that Supple and Hinshaw had perpetrated frauds on the court, attempted to steal her patents, and that Chief Counsel for the DDC had "whitewash[ed]" her grievances against Cowan, Supple, and numerous others;[5] Weissbrod also sought to disqualify Supple from representing the Cowan firm.[6]

On February 4, 2016, Justice Michael Katz issued a decision denying Weissbrod's motion to disqualify Supple and imposing sanctions against her. (Ex. 15.)

### 7.   *Gurvey v. Acosta, et al.* **(New York state court)**

On January 23, 2018, the Appellate Division, First Department entered an order denying Weissbrod's attempt to prosecute an Article 78 proceeding against the Appellate Division, First Department's presiding Justice, the Honorable Rolando T. Acosta. Weissbrod's proceeding sought to compel Judge Acosta to order the Chief Attorney of the First Department Attorney Grievance Committee to produce certain

---

[5] Ex. 19 at ¶ 4.

[6] Ex. 19 at ¶ 31.

DEFENDANT HINSHAW & CULBERTSON, LLP'S MOTION TO DISMISS PURSUANT TO CR 12(b)(6)

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

documents to Weissbrod. The First Department transferred the proceeding to the Second Department for decision. (Ex. 27.)

On April 11, 2018, the Appellate Division, Second Department denied a motion by Weissbrod to vacate all orders entered by the Appellate Division, First Department, since 2008 in proceedings involving the petitioner. (Ex. 31.) Weissbrod appealed the order, which was dismissed by the Court of Appeals. (Ex. 34.)

### 8. *Weissbrod-Gurvey v. Hon. Jonathan Lippman, et al.*, 1:18-cv-2006 (S.D.N.Y.)

On March 12, 2018, Weissbrod filed another civil rights lawsuit in the Southern District of New York seeking damages against numerous defendants, including Supple and Hinshaw, for, among other things, whitewashing her grievances against the Cowan firm in an effort to seek advantages in *Cowan I*. (Ex. 30.)

On April 19, 2018, the Southern District entered an order to show cause as to why her claims were not barred by *res judicata*, the *Rooker-Feldman* doctrine, judicial immunity, quasi-judicial immunity and/or the Eleventh Amendment. (Ex. 32.)

On June 5, 2018, the district court entered an Order finding that Weissbrod failed to show cause, dismissing Weissbrod's claims, and warning her "that further frivolous litigation may result in the imposition of sanctions, including monetary penalties and filing injunctions." (Ex. 33.)

On June 12, 2018, Weissbrod appealed the order of dismissal to the United States Court of Appeals for the Federal Circuit. (Ex. 38 at dkt 31.) Weissbrod then filed a motion that the Federal Circuit construed as a motion to consolidate her various appeals from orders of the Southern District of New York (Ex. 39 at dkt 96); a motion to terminate her appeal through remand and to supplement her motion to consolidate her appeals (Ex. 39 at dkt 102); and a motion to stay her appeal before the Federal Circuit (Ex. 39 at dkt 112). On February 11, 2019, the Federal Circuit

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

denied each of Weissbrod's motion.

**9.** ***Weissbrod v. Hon. Elizabeth Garry*, 1:19-cv-04739 (E.D.N.Y.)**

On August 16, 2019, Weissbrod filed a lawsuit in the Federal District Court for the Eastern District of New York against various members of the judiciary, Supple, Hinshaw, and others. Weissbrod's complaint essentially repeated the same allegations she had previously made against Supple and Hinshaw in numerous other matters. (Ex. 40.)

On September 30, 2021, the district court dismissed Weissbrod's complaint on *res judicata* grounds. The court also imposed a filing injunction based upon Weissbrod's history and pattern of vexatious litigation. (Ex. 45.)

On December 27, 2021, Weissbrod moved to vacate the clerk's judgment and replead her amended complaint post judgment. (Ex. 46. at dkt #75.) On January 11, 2022, the court denied the motion, holding that Weissbrod was "attempt[ing] to reframe theories already considered and rejected by the Court." (*Id.*)

On March 9, 2022, Weissbrod filed a notice of Motion to Replead Post Judgment Amended Complaint and Motion to Vacate Orders. (Ex. 46 at dkt #77.) On April 8, 2022, Weissbrod filed a letter with the court seeking prior authorization to file a Motion to Vacate the various orders of the New York State courts. (Ex. 46 at dkt #80.) On October 2, 2022, Weissbrod filed a letter seeking authorization to file a Motion for Discovery. (Ex. 46 at #81.) On October 14, 2022, the court dismissed each of these motions on the grounds that they "s[ought] to relitigate [Weissbrod's] claims that have already been resolved;" and that the motions were "[i]n direct contravention of this Court's memorandum and order dated September 30, 2021." (Ex. 46 at dkt entry dated October 14, 2022.)

On November 15 and 16, 2022, Weissbrod filed new letters requesting prior authorization to file various motions that sought to re-litigate previously decided issues.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

DEFENDANT HINSHAW & CULBERTSON, LLP'S MOTION TO DISMISS PURSUANT TO CR 12(b)(6)

On December 7, 2022, the court entered an order that: 1) denied Weissbrod's requests; 2) found that Weissbrod filed the letters "in direct contravention of the Court's memorandum and order dated September 30, 2021;" and 3) barred Weissbrod from filing "any document under this case number." (Ex. 46 at entry dated 12/07/2022.)

> **10.** *Weissbrod v. Live Nation, et al.*, **2:23-cv-04381 (C.D. Cal.) (the instant case)**

On June 3, 2023, Weissbrod filed the complaint in the instant case. Weissbrod's complaint yet again attempts to relitigate the same matters that have been repeatedly decided against her by courts of competent jurisdiction over the last 17 years. For example, Weissbrod alleges, among other things: that the continuation claims for her most recent patent "were sufficient to vacate any order or judgment entered by the SDNY;"[7] that she was "denied a hearing by the SDNY twice . . . [making it] clearer and clearer that Plaintiff was being denied constitutional access to the court;"[8] that Supple and Hinshaw violated the federal RICO statute;[9] that various defendants conspired to steal her patents.[10]

## III.   ARGUMENT AND AUTHORITY

### A.   Weissbrod's Claims are Time-Barred

Federal law requires that all civil claims be brought within a five-year "statute of repose." 28 U.S.C. § 1658; *York Cnty. v. HP, Inc.*, 65 F.4th 459, 463 (9th Cir. 2023). California state law imposes a four year statute of repose[11] for wrongful acts

---

[7] Complaint at ¶ 3.

[8] Complaint at ¶ 3.

[9] Complaint at ¶ 6.

[10] Complaint at ¶¶ 105-107.

[11] *See Seaman v. Sedgwick, LLP* (C.D.Cal. Jan. 26, 2012, No. SACV 11-664 DOC (RNBx)) 2012 U.S.Dist.LEXIS 9917, at *5 (referring to the four year rule as a "statute of repose").

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

committed by an attorney, and a three-year statute of limitation for fraud. California Code of Civil Procedure § 340.6(a); California Code of Civil Procedure § 338(d). Here, Weissbrod's claims arise out of events that transpired from 2002-2004, and she's been making the same claims since 2006. As such, they are well beyond the applicable statutes of limitation and repose, and multiple other courts have already found them to be time-barred. *See, e.g., Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 462 F.App'x 26, 30 (2d Cir. 2012); Ex. 23 at 8. Therefore, as a threshold matter, Weissbrod's complaint must be dismissed.

### B.    Weissbrod's Complaint is Barred by Res Judicata

This Court should dismiss Weissbrod's claims under the doctrine of res judicata. Federal Rules of Civil Procedure, rule 12(b)(6) provides for the dismissal of a case where the plaintiff "fail[s] to state a claim upon which relief can be granted." A party may properly raise the issue of res judicata in a Rule 12(b)(6) motion to dismiss. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). For res judicata to apply, there must be: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity of privity between parties. *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).

In ruling on the motion, the Court considers the pleadings, matters of which it can take judicial notice and documents referenced in the complaint and upon which the allegations rely. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) ("where a document has been incorporated by reference in a complaint, a court 'may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)"); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n. 10 (9th Cir. 2014) (considering entirety of declaration relied on in allegations of complaint).

### 1.    Identity of Claims

Identity of claims exists "when two suits arise from the same transactional nucleus of facts." *Tahoe-Sierra Preservation Counsel Inc.*, 322 F.3d at 1078. Even

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

"[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.*

Here, Weissbrod's suit against Hinshaw and Supple inarguably arises from the same nucleus of facts as all her other suits over the years—the *Cowan I* litigation and her disciplinary proceeding. Weissbrod has lost on these claims time and again, before numerous courts, including multiple New York state courts, the S.D.N.Y., the E.D.N.Y., the Second Circuit, and the Federal Circuit. More, Weissbrod has been repeatedly sanctioned for re-litigating these claims in various courts. As a result, Weissbrod is now subject to pre-filing orders in at least four courts, including the New York County Supreme Court (Ex. 18); the Appellate Division, First Department (Ex. 16.); the Eastern District of New York (Ex. 45); and the Second Circuit Court of Appeals (Ex. 12 at dkt #446). Now, after essentially being exiled from New York's state and federal courts, Weissbrod has decided to try her fortunes out west, using the California federal courts to continue her nearly two-decade long campaign of abuse against Hinshaw and Supple. This Court should not countenance yet another baseless attempt to relitigate these matters, as it will only encourage Weissbrod to continue harassing Hinshaw and Supple.

### 2.      Final Judgment on the Merits

The claims Weissbrod raises against Hinshaw and Supple in her complaint have been finally decided against her by numerous courts. For example, Weissbrod alleges that Cowan and various other defendants have: misappropriated her trade secrets,[12] infringed on her patents;[13] engaged in unfair competition;[14] breached

---

[12] *Compare* Ex. 18 at 10 *with* Complaint at ¶ 21.

[13] *Compare* Ex. 45 at 11 *with* Complaint at ¶¶ 105-107.

[14] *Compare* Ex. 18 at 10 *with* Complaint at ¶ 110.

various duties owed to Weissbrod;[15] violated the RICO statute;[16] and defamed Weissbrod.[17] Weissbrod has failed on each of these claims over the years. As regards the federal courts, both the Southern and Eastern Districts of New York have found that Weissbrod's claims are barred by res judicata (Ex. 33 and 45); and the Second Circuit has found that Weissbrod's claims for "misappropriation of trade secrets, unfair competition, and tortious interference with contract" are "time-barred." *Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 462 F.App'x 26, 30 (2d Cir. 2012). Thus, Weissbrod's claims are barred here and must be dismissed.

### 3. Identity of Privity Between Parties

Under the collateral estoppel doctrine, privity exists where two parties represent the interest of the same entity. *In re Dominelli*, 820 F.2d 313, 317 (9th Cir. 1987); *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983) (Privity exists when there is sufficient commonality of interest). (<u>Reese v. Verizon Cal., Inc.</u> (C.D.Cal. Aug. 11, 2011, No. CV 11-01934 SJO (JEMx)) 2011 U.S.Dist.LEXIS 156748, at *10.) In the matters where Weissbrod named Cowan, and not Hinshaw, as a defendant, there is identity of privity, because Hinshaw represented Cowan in those matters. In the matters where Weissbrod named Hinshaw as a defendant, there is identity of privity as Hinshaw represents its own interests. Thus, there is identity of privity, and Weissbrod's complaint should be dismissed under the doctrine of res judicata.

### C. <u>The Court Should Enjoin Weissbrod from Filing Further Litigation Against Hinshaw in the Central District Without Prior Leave of Court</u>

Federal courts can "regulate the activities of abusive litigants by imposing

---

[15] *Compare* Ex. 18 at 10 *with* Complaint at ¶ 118.

[16] *Compare* Ex. 45 at 7 *with* Complaint at ¶ 108.

[17] *Compare* Ex. 45 at 7 *with* Complaint at ¶ 112.

DEFENDANT HINSHAW & CULBERTSON, LLP'S MOTION TO DISMISS PURSUANT TO CR 12(b)(6)

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1   carefully tailored restrictions under . . . appropriate circumstances." *De Long v.*

2   *Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (internal quotes omitted). Local

3   Rule 83-8.1 states that "[i]t is the policy of the [Central District] to discourage

4   vexatious litigation and to provide persons who are subjected to vexatious litigation

5   with security against the costs of defending against such litigation and appropriate

6   orders to control such litigation."

7        Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), "enjoining litigants with

8   abusive and lengthy [litigation] histories is one such . . . restriction" that courts may

9   impose." *De Long*, 912 F.2d at 1147. When district courts seek to impose pre-filing

10  restrictions, they must: (1) give litigants notice and "an opportunity to oppose the

11  order before it [is] entered"; (2) compile an adequate record for appellate review,

12  including "a listing of all the cases and motions that led the district court to conclude

13  that a vexatious litigant order was needed"; (3) make substantive findings of

14  frivolousness or harassment; and (4) tailor the order narrowly so as "to closely

15  fit the specific vice encountered." *Id.*

### 1.  Opportunity to Oppose

17       This motion is noticed for hearing on October 12, 2023, therefore, Weissbrod

18  has ample notice of, and opportunity to object to, the arguments herein. *See Molski*

19  *v. Evergeen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007) ("In this case,

20  Molski had fair notice of the possibility that he might be declared a vexatious

21  litigant and have a pre-filing order entered against him because the district court's

22  order was prompted by a motion filed by the defendants and served on Molski's

23  counsel. Also, Molski had the opportunity to oppose the motion, both in writing and

24  at a hearing.").

### 2.  Adequate Record for Review

26       An "adequate record for review should include a listing of all the cases and

27  motions that led the district court to conclude that a vexatious litigant order was

28  needed." *De Long* at 912 F.2d at 1147. Such a record "needs to show, in some

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

DEFENDANT HINSHAW & CULBERTSON, LLP'S MOTION TO DISMISS PURSUANT TO CR 12(b)(6)

manner, that the litigant's activities were numerous or abusive." *Id.* In *Ringgold-Lockhart*, the Ninth Circuit found that the district court had "compiled an adequate record" where it: 1) "discussed and explained the litigation history leading to its order, and appended a list of twenty-one district court rulings, including motions, that it viewed as supporting its order; 2) cited the litigants' "prior federal suit;" 3) cited "the present case;" and 4) referenced the litigants' state-court litigation and appellate decision. *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1064 (9th Cir. 2014). The statement of facts in this motion similarly details Weissbrod's extensive history of vexatious litigation in the federal and state courts of New York, and includes over 50 exhibits to support the statements and arguments made herein. Thus, there is more than enough information here for this Court to make an adequate record for review.

### 3.    Substantive Findings of Frivolousness or Harassment

The district court is required to make "substantive findings as to the frivolous or harassing nature of the litigant's actions" before imposing a pre-filing injunction against a litigant.  *De Long*, 912 F.2d at 1148 (citation omitted). This third requirement "gets to the heart of the vexatious litigant analysis." *Molski*, 500 F.3d at 1059.

To make a frivolousness finding, the court must consider "both the number and content of the filings." *Id.* (citation omitted).  The "claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). The district court must make a finding that the filings were frivolous or harassing, but need not find both. *De Long*, 912 F.2d at 1148.

For pre-filing attorney sanctions to withstand appellate review, the district court must find that such a sanction is justified.  *Molski*, 500 F.3d at 1063. "[J]ustifications for imposing a pre-filing sanction on an attorney 'include the attorney's willful abuse of the judicial process, bad faith conduct during litigation, . . . filing frivolous papers[,]'" or "[v]iolations of ethics rules[.]"  *Id.* (quoting

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1998 (9th Cir. 1999)).

2      Here, Weissbrod's complaint is blatant and egregious forum shopping. As

3  shown above, Weissbrod has made these same claims in at least 8 other proceedings

4  before at least 5 other courts, including the state courts of New York, the E.D.N.Y,

5  the S.D.N.Y., the Second Circuit, and the Federal Circuit. In each proceeding,

6  Weissbrod's claims have been found meritless. Yet, Weissbrod has repeatedly

7  attempted to re-file and re-litigate them "*ad infinitum.*" (Ex. 12 at dkt #446.)

8  Weissbrod's pattern of abusive and vexatious litigation have led multiple courts,

9  including two federal district courts, to do exactly what Hinshaw asks this Court to

10  do—find her vexatious and enjoin her from filing new litigation.

### 4.    Narrow Tailoring

12      A pre-filing order "must be narrowly tailored to closely fit the specific vice

13  encountered." *De Long*, 912 F.2d at 1148.  This requirement is important "to

14  prevent infringement on the litigator's right of access to the courts." *Id.* (citation

15  omitted).  In *De Long*, the Ninth Circuit rejected as too broad a district court's order

16  enjoining a plaintiff "from filing any further action or papers in this court without

17  first obtaining leave of the General Duty Judge of this court." *Id.*  Such an order had

18  "no boundaries," and was not specifically tailored to the complained-of conduct.  *Id.*

19  On the other hand, in *Molski*, the Ninth Circuit affirmed a pre-filing sanctions order

20  against a vexatious litigant's attorneys that required the attorneys to "seek leave of

21  the court before filing any more ADA complaints in the Central District of

22  California, and require[d] that the district court's order in [that] case accompany"

23  any such motion for leave. 500 F.3d at 1064. The order was narrowly tailored

24  because it "combat[ted] [the attorney's] practice of repetitive litigation based on

25  false allegations of injury" related to ADA violations but did "not make it

26  impossible for [the attorneys] to pursue meritorious ADA litigation in the district

27

28

Klinedinst PC
501 West Broadway, Suite 600
San Diego, California 92101

1  court." *Id.*[18]

2     Like in *Molski*, where the attorneys had only shown a propensity for "abusive

3  litigation tactics in connection with litigation under the ADA," *Id.* at 1064-65,

4  Hinshaw seeks to prevent Weissbrod from filing further actions arising out of

5  Hinshaw's representation of Cowan in connection to Cowan's prior employment and

6  representation of Weissbrod. Thus, the proposed order is narrowly tailored to

7  prevent Weissbrod's abusive tactics while preserving her ability to file all

8  meritorious litigation.

9          **5.    *Safir* factors**

10     In assessing the final two requirements—a finding of frivolousness or

11  harassment and narrow tailoring—the Ninth Circuit sometimes consults "a separate

12  set of considerations employed by the Second Circuit Court of Appeals," as a

13  "helpful framework." *Ringgold-Lockhart*, 761 F.3d at 1062 (citation omitted).  The

14  so-called Safir factors are:

15

16     (1) the litigant's history of litigation and in particular whether it

     entailed exatious, harassing or duplicative lawsuits; (2) the litigant's

17     motive in pursuing the litigation, e.g., does the litigant have an

18     objective good faith expectation of prevailing?; (3) whether the

19     litigant is represented by counsel; (4) whether the litigant has caused

20     needless expense to other parties or has posed an unnecessary burden

21     on the courts and their personnel; and (5) whether other sanctions

22     would be adequate to protect the courts and other parties.

23

24  *Id.* (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986). "The final

25  consideration—whether other remedies 'would be adequate to protect the courts and

26  _____

27  [18] In *Molski*, the requirements were met for both the vexatious litigant who

28  frivolously filed ADA claims and the attorneys who represented him, and the Ninth Circuit affirmed similar pre-filing orders against both. *Molski*, 500 F.3d at 1065.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

DEFENDANT HINSHAW & CULBERTSON, LLP'S MOTION TO DISMISS PURSUANT TO CR 12(b)(6)

other parties' is particularly important." Id. (quoting *Comer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 818 (4th Cir. 2004)). The first factor has already been adequately addressed, and the remaining four factors favor the granting of this motion.

As to the second and third factors, Weissbrod is not the average *pro se* litigant, and she has not pursued the lawsuit in good faith. Although she's currently suspended, Weissbrod is a trained lawyer. She surely understands the principle of res judicata. Accordingly, she must know that repeated losses in other courts mean that her claims are barred here. And, to the extent she doesn't know it as a result of her legal training, numerous courts have spelled out in detail why her claims are barred here. Additionally, Weissbrod must also understand the import of the numerous pre-filing orders to which she is subject; she knows that her arguments and tactics have been deemed vexatious by multiple courts—yet she refuses to stop.

To the fourth factor, Weissbrod almost certainly realizes that her endless litigation has caused Cowan, Hinshaw, and her numerous other targets to incur thousands upon thousands of dollars in unnecessary legal fees. In fact, that may well be the point of this all. Similarly, Weissbrod must know that her voluminous filings and failure to abide by the pre-filing orders imposed against her have created an administrative nightmare for the courts into which she has dragged her victims.

Finally, other sanctions would not be adequate to protect this Court and Hinshaw. Given Weissbrod's history of abusive litigation, a pre-filing order is the bare minimum required to keep her from burying both this Court and the defendants under a mountain of baseless, confusing filings that have already been decided against her. Without a pre-filing order, Hinshaw will be forced to spend more money and time defending itself, yet again, from Weissbrod meritless claims. Thus, the Court should enter a pre-filing injunction.

### D.    Weissbrod's Complaint is Prohibited Forum Shopping

A federal district court may dismiss an action involving concurrent

Klinedinst PC
501 West Broadway, Suite 600
San Diego, California 92101

Case No. 2:23-cv-04381-MEMF-E

DEFENDANT HINSHAW & CULBERTSON, LLP'S MOTION TO DISMISS PURSUANT TO CR 12(b)(6)

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

proceedings in a separate court system in order to conserve judicial resources. *Brody v. Hawaiian Airlines, Inc.*, 2023 U.S. Dist. LEXIS 81616 at *7 (D. Haw. 2023) (filed May 10, 2023) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). This empowers federal courts to dismiss duplicate litigation filed as a means of forum shopping. *R.R. Street & Co., Inc. v. Transport Ins. Co.,* 656 F.3d 966, 979 (9th Cir. 2011). Here, as discussed above, Weissbrod's claims here are the same claims she's made in various other courts since 2006. Litigation in those cases is still ongoing, as the above statement of facts reveals. Thus, this is litigation is duplicative and parallel to her still-ongoing litigation in other jurisdictions.

More, this complaint reeks of blatant forum shopping. Weissbrod started her crusade in the S.D.N.Y., then moved to the state courts of New York, then to the Second Circuit, then to the E.D.N.Y., then the Federal Circuit. This complaint is nothing more than her attempt to find a court who will allow her to continue to use judicial process to harass and abuse Hinshaw.

Therefore, the Court should dismiss Weissbrod's complaint for obvious forum shopping.

## IV.    **CONCLUSION**

For the foregoing reasons, Hinshaw requests that Weissbrod's claims against Hinshaw be dismissed pursuant to FRCP Rule 12(b)(6).

KLINEDINST PC

DATED:  September 8, 2023

By: _____

Heather L. Rosing
Ryan S Little
Attorneys for HINSHAW &
CULBERTSON, LLP