# EXHIBIT 11

# EXHIBIT 11

13-2211-cv
*Weissbrod v. Gonzalez*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,[*]
> > *Circuit Judges.*

_____

AMY R. WEISSBROD,

> *Plaintiff-Appellant,*

> v.                                        No. 13-2211-cv

HON. LUIS A. GONZALEZ, PRESIDING CHIEF JUSTICE, APPELLATE
DIVISION FIRST DEPT., JAMES T. SHED, THOMAS CAHILL, NAOMI
GOLDSTEIN, JORGE DOPICO, HALLIBURTON FALES, ORLANDO
REYES, ESQ., QUASI-JUDICIAL OFFICERS AT THE FIRST DEPARTMENTAL
DISCIPLINARY COMMITTEE "FDDC DEFENDANTS", HON. JONATHAN
LIPPMAN, CHIEF JUSTICE OF THE NY COURT OF APPEALS,

> *Defendants-Appellees,*

PAUL CURRAN,

> *Defendant.*

_____

[*] Judge Livingston has recused herself from consideration of this matter. Pursuant to Second Circuit Internal Operating Procedure E(b), the matter is being decided by the two remaining members of the panel.

1

EXHIBIT 11
Page 104 of 808

---

**FOR PLAINTIFF-APPELLANT:**    Amy R. Weissbrod, *pro se*, Upper Montclair, NJ.

**FOR DEFENDANTS-APPELLEES:**  Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, Mark H. Shawhan, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a May 14, 2013 judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Amy Weissbrod, an attorney proceeding *pro se*, appeals from the District Court's judgment dismissing her 42 U.S.C. § 1983 suit as barred by the *Rooker-Feldman* doctrine and on immunity grounds, and from the District Court's order denying reconsideration. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

A district court has the inherent authority to dismiss an action as frivolous, even when the plaintiff has paid the filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). We ordinarily afford special solicitude to *pro se* litigants, but, as an attorney, Weissbrod is not entitled to liberal construction of her pleadings. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010). Although we have not decided whether such *sua sponte* dismissals are reviewed *de novo* or for abuse of discretion, we need not reach that issue here because the District Court's decision "easily passes muster under the more rigorous *de novo* review," *Fitzgerald*, 221 F.3d at 364 n.2.

After review of Weissbrod's complaint and relevant case law, we affirm substantially for the reasons set forth by the District Court in its May 2, 2013 order. Weissbrod complains principally of injuries caused by a state court judgment ordering her to pay a fine and temporarily suspending her from the practice of law. Yet the *Rooker-Feldman* doctrine bars any attempt by Weissbrod to disturb these disciplinary orders. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 86–87 (2d Cir. 2005). Moreover, Weissbrod's claims seeking damages, among other forms of relief, against the defendants in their individual and official capacities were properly dismissed on the grounds of absolute and sovereign immunity. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993).

2

EXHIBIT 11
Page 105 of 808

Weissbrod argues further that the District Court erred by denying her request for leave to amend, but she failed to make any substantive argument in support of that contention. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). In any event, granting leave to amend would have been futile in light of the applicability of the *Rooker-Feldman* doctrine and sovereign and judicial immunity. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered all of the arguments raised by Weissbrod on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's May 14, 2013 judgment.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We also deny as moot Weissbrod's motion to file a supplemental appendix (ECF No. 93), inasmuch as the supplemental materials do not affect our review and disposition of this case.

3

EXHIBIT 11
Page 106 of 808

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**ROBERT A. KATZMANN**
CHIEF JUDGE

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

Date: August 19, 2014
Docket #: 13-2211cv
Short Title: Weissbrod v. Gonzalez

DC Docket #: 13-cv-2565
DC Court: SDNY (NEW YORK CITY)
DC Judge: Furman

## BILL OF COSTS INSTRUCTIONS

The requirements for filing a bill of costs are set forth in FRAP 39. A form for filing a bill of costs is on the Court's website.

The bill of costs must:
*   be filed within 14 days after the entry of judgment;
*   be verified;
*   be served on all adversaries;
*   not include charges for postage, delivery, service, overtime and the filers edits;
*   identify the number of copies which comprise the printer's unit;
*   include the printer's bills, which must state the minimum charge per printer's unit for a page, a cover, foot lines by the line, and an index and table of cases by the page;
*   state only the number of necessary copies inserted in enclosed form;
*   state actual costs at rates not higher than those generally charged for printing services in New York, New York; excessive charges are subject to reduction;
*   be filed via CM/ECF or if counsel is exempted with the original and two copies.

EXHIBIT 11
Page 107 of 808

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

ROBERT A. KATZMANN                                      CATHERINE O'HAGAN WOLFE
CHIEF JUDGE                                             CLERK OF COURT

Date: August 19, 2014                          DC Docket #: 13-cv-2565
Docket #: 13-2211cv                            DC Court: SDNY (NEW YORK CITY)
Short Title: Weissbrod v. Gonzalez             DC Judge: Furman

### VERIFIED ITEMIZED BILL OF COSTS

Counsel for

_____

respectfully submits, pursuant to FRAP 39 (c) the within bill of costs and requests the Clerk to
prepare an itemized statement of costs taxed against the

_____

and in favor of

_____

for insertion in the mandate.

Docketing Fee          _____

Costs of printing appendix (necessary copies _____ )  _____

Costs of printing brief (necessary copies _____ _____)  _____

Costs of printing reply brief (necessary copies _____ )  _____

**(VERIFICATION HERE)**

_____
Signature

EXHIBIT 11
Page 108 of 808

EXHIBIT 12

EXHIBIT 12

**Query    Reports ▾    Utilities ▾    Help    Log Out**

STAYED,CLOSED,CASREF,ECF,PRO-SE

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:06-cv-01202-LGS-HBP

| | |
|---|---|
| Gurvey v. Cowan, Liebowitz & Latman PC et al | Date Filed: 02/15/2006 |
| Assigned to: Judge Lorna G. Schofield | Date Terminated: 07/07/2017 |
| Referred to: Magistrate Judge Henry B. Pitman | Jury Demand: Plaintiff |
| Case in other court:  US Court of Appeals, Second Circuit, 09-02185-cv | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Diversity |

Case in other court:  US Court of Appeals, Second Circuit, 09-
                      02185-cv
                      US Court of Appeals,, Second Circuit, 10-
                      04111
                      U.S. Court of Appeals, 2nd Circ., 20-01986
                      USCA Federal Circuit, 22-01331
Cause: 28:1332bc Diversity-Breach of Contract

**Plaintiff**

**Amy R. Gurvey**                                     represented by     **Amy R. Gurvey**
                                                                        315 Highland Avenue
                                                                        Upper Monclair, NJ 07043
                                                                        (917) 733-9981
                                                                        Email: amyweissbrod@live-fio.com
                                                                        PRO SE

                                                                        **Brian Michael Dratch**
                                                                        Franzlau Dratch, P.C.
                                                                        354 Eisenhower Parkway, Plaza One
                                                                        Livingston, NJ 07039
                                                                        973-992-3700
                                                                        Fax: 973-992-7945
                                                                        Email: bdratch@njcounsel.com
                                                                        *TERMINATED: 09/14/2015*
                                                                        *LEAD ATTORNEY*

                                                                        **Amy Rebecca Weissbrod**
                                                                        Uspto Inventor Issued Us Patents
                                                                        315 Highland Avenue
                                                                        Montclair, NY 07043
                                                                        (973)-655-0991
                                                                        Fax: (973)-655-0992
                                                                        Email: amyweissbrod@verizon.net
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Olimpio Lee Squitieri**
                                                                        Squitieri & Fearon LLP
                                                                        32 East 57th Street, 12th Floor
                                                                        New York, NY 10022
                                                                        (212) 421-6492

Fax: (212)-421-6553
Email: lee@sfclasslaw.com
*TERMINATED: 09/21/2010*

V.

**Defendant**

**Cowan, Liebowitz & Lathman, PC**          represented by    **Andrew B. Cripe**
Hinshaw & Culbertson, L.L.P.
222 N. LaSalle Street
Chicago, IL 60601
(312) 704-3000
*LEAD ATTORNEY*

**John Richard Supple , Jr**
Nelson Mullins Riley Scarborough, LLP
280 Park Avenue
Floor 15 West
New York, NY 10017
212-471-6210
Fax: 212-935-1166
Email: rsupple@hinshawlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Schuyler Blake Kraus**
Nelson Mullins Riley Scarborough, LLP
280 Park Avenue
Floor 15 West
New York, NY 10017
212-471-6204
Fax: 212-935-1166
Email: skraus@hinshawlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Clear Channel Communications, Inc.**          represented by    **Eric Roman**
Arent Fox LLP (NYC)
1301 Avenue of Americas, Floor 42
New York, NY 10019
(212) 484-3900
Fax: (212) 484-3990
Email: eroman@orrick.com
*TERMINATED: 11/26/2007*
*LEAD ATTORNEY*

**Ian Hugh Hummel**
Maxim Group LLC
405 Lexington Avenue
New York, NY 10174
(212)-895-3500
Fax: (212) 895-3860

Email: ihummel@maximgrp.com
*ATTORNEY TO BE NOTICED*

**John Richard Supple , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan B. Rubenstein**
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, TX 75201
(214)-953-6500
Fax: (214)-661-4594
Email: jonathan.rubenstein@bakerbotts.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven Gregory Schortgen**
Sheppard Mullin Richter & Hampton LLP
2200 Ross Ave
Ste 20th Floor
Dallas, TX 75201
469-391-7409
Email: sschortgen@sheppardmullin.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Live Nation, Inc.**                    represented by   **Eric Roman**
(See above for address)
*TERMINATED: 11/26/2007*
*LEAD ATTORNEY*

**Ian Hugh Hummel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Richard Supple , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan B. Rubenstein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven Gregory Schortgen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Instant Live Concerts, LLC**          represented by   **Eric Roman**
(See above for address)
*TERMINATED: 11/26/2007*
*LEAD ATTORNEY*

EXHIBIT 12
Page 112 of 808

Ian Hugh Hummel
(See above for address)
*ATTORNEY TO BE NOTICED*

John Richard Supple , Jr
(See above for address)
*ATTORNEY TO BE NOTICED*

Jonathan B. Rubenstein
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Steven Gregory Schortgen
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1-X Inclusive*
*TERMINATED: 03/04/2008*

represented by John Richard Supple , Jr
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nexticketing, Inc.**

represented by Eric Roman
(See above for address)
*TERMINATED: 11/26/2007*
*LEAD ATTORNEY*

Ian Hugh Hummel
(See above for address)
*ATTORNEY TO BE NOTICED*

John Richard Supple , Jr
(See above for address)
*ATTORNEY TO BE NOTICED*

Jonathan B. Rubenstein
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Steven Gregory Schortgen
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**William Borchard**

represented by John Richard Supple , Jr
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Midge Hyman**

represented by **John Richard Supple , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Baila Celedonia**

represented by **John Richard Supple , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Christopher Jensen**

represented by **John Richard Supple , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dale Head**

represented by **John Richard Supple , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steve Simon**

represented by **John Richard Supple , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Gordon**
*TERMINATED: 08/19/2013*

represented by **Michael Arthur Berlin**
New York State Office of The Attorney
General
28 Liberty Street
New York, NY 10005
(212)-416-8085
Fax: (212) 416-6087
Email: berlinm@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Richard Supple , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Susan Schick**

represented by **Michael Arthur Berlin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Richard Supple , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |

| 02/15/2006 | 1 | COMPLAINT against Conwan, Liebowitz & Latman P.C., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, L.L.C., Does. (Filing Fee $ 250.00, Receipt Number 570216)Document filed by Amy R. Gurvey.(mbe, ) (jcs). (Entered: 02/16/2006) |
| 02/15/2006 | | SUMMONS ISSUED as to Conwan, Liebowitz & Latman P.C., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, L.L.C., Does. (mbe, ) (Entered: 02/16/2006) |
| 02/15/2006 | | Magistrate Judge Thoedore H. Katz is so designated. (mbe, ) (Entered: 02/16/2006) |
| 03/17/2006 | 2 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial. Referred to Magistrate Judge Theodore H. Katz. (Signed by Judge Barbara S. Jones on 3/13/06) Copies Mailed(sac, ) (Entered: 03/17/2006) |
| 06/05/2006 | 3 | AMENDED COMPLAINT amending 1 Complaint against Nextcketing, Inc., Cowan, Liebowitz & Lathman, PC, Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC, Does.Document filed by Amy R. Gurvey. Related document: 1 Complaint filed by Amy R. Gurvey.(db, ) (jcs). (Entered: 06/07/2006) |
| 06/05/2006 | | MEMORANDUM TO THE DOCKET CLERK: an amended summons was issued on 6/5/06. (dle, ) (Entered: 06/07/2006) |
| 06/16/2006 | 4 | AFFIDAVIT OF SERVICE of Summons and Amended Complaint. Cowan, Liebowitz & Lathman, PC served on 6/12/2006, answer due 7/3/2006. Service was accepted by Robert Gammel. Document filed by Amy R. Gurvey. (jar, ) (Entered: 06/20/2006) |
| 06/16/2006 | 5 | AFFIDAVIT OF SERVICE of Summons and Amended Complaint. Clear Channel Communications, Inc. served on 6/8/2006, answer due 6/28/2006. Service was accepted by Hamlet Newsom. Document filed by Amy R. Gurvey. (jar, ) (Entered: 06/20/2006) |
| 06/16/2006 | 6 | AFFIDAVIT OF SERVICE of Summons and Amended Complaint. Live Nation, Inc. served on 6/8/2006, answer due 6/28/2006. Service was accepted by Michael Rapino, Agent for Service of Process for Live Nation, Inc. Document filed by Amy R. Gurvey. (jar, ) (Entered: 06/20/2006) |
| 06/16/2006 | 7 | AFFIDAVIT OF SERVICE of Summons and Amended Complaint. Instant Live Concerts, LLC served on 6/8/2006, answer due 6/28/2006. Service was accepted by Michael Rapino, Agent for Service of Process for Instant Live Concerts, LLC. Document filed by Amy R. Gurvey. (jar, ) (Entered: 06/20/2006) |
| 06/16/2006 | 8 | AFFIDAVIT OF SERVICE of Summons and Amended Complaint. Nextcketing, Inc. served on 6/12/2006, answer due 7/3/2006. Service was accepted by Clear-Channel/Nextcketing. Document filed by Amy R. Gurvey. (jar, ) (Entered: 06/20/2006) |
| 06/28/2006 | 9 | MOTION for Jonathan B. Rubenstein to Appear Pro Hac Vice. Document filed by Nextcketing, Inc., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC. (cd, ) (Entered: 06/30/2006) |
| 06/28/2006 | 10 | MOTION for Steven G. Schortgen to Appear Pro Hac Vice. Document filed by Nextcketing, Inc., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC. (cd, ) (Entered: 06/30/2006) |
| 06/28/2006 | 11 | MOTION to Dismiss for Lack of Jurisdiction and subject to that motion, Clear Channel Communications, Inc. and Live Nation, Inc. will join InstantLive Concerts, LLC and Nextcketing Inc. in moving the Court to dismiss al of plaintiff's claims against each of the dfts pursuant to F.R.C.P.12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. Document filed by |

| | | Nexticketing, Inc., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC. (pl, ) (Entered: 07/06/2006) |
|---|---|---|
| 06/28/2006 | 12 | MEMORANDUM OF LAW in Support re: 11 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Nexticketing, Inc., Clear Channel Communications, Inc., Instant Live Concerts, LLC. (pl, ) (Entered: 07/06/2006) |
| 07/10/2006 | 13 | ENDORSED LETTER addressed to Judge Barbara S. Jones from Schuyler B. Kraus dated 6/30/06 re: a request for a two week extension of time nunc pro tunc to 7/14/2006 for Cowan to answer, answer or otherwise respond to the pro se plaintiffs complaint in the above-entitled action. ENDORSEMENT: Application granted. Defendant's response is due on or before 7/14/2006. (Signed by Judge Barbara S. Jones on 7/6/06) (kco, ) (Entered: 07/10/2006) |
| 07/14/2006 | | MEMO ENDORSEMENT on re: 9 MOTION for Jonathan B. Rubenstein to Appear Pro Hac Vice filed by Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC, Nexticketing, Inc. MOTION GRANTED. (Signed by Judge Barbara S. Jones on 7/3/06) (kco, ) (Entered: 07/14/2006) |
| 07/14/2006 | 14 | ORDER granting 10 Motion for Steven G. Schortgen to Appear Pro Hac Vice . (Signed by Judge Barbara S. Jones on 7/3/06) (jco, ) (Entered: 07/14/2006) |
| 07/14/2006 | | Transmission to Attorney Admissions Clerk. Transmitted re: 14 Order on Motion to Appear Pro Hac Vice, to the Attorney Admissions Clerk for updating of Attorney Information. (jco, ) (Entered: 07/14/2006) |
| 07/14/2006 | 15 | MOTION to Compel Plaintiff to Arbitrate the claims in her Amended Complaint. MOTION to Stay all proceedings in this matter pending the completion of arbitration. MOTION to Preserve all of CLL's rights pending the completion of arbitration, including by tolling any applicable time limitations for answering or otherwise responding to the Amended Complaint. Document filed by Cowan, Liebowitz & Lathman, PC. (jar, ) (jcs). (Entered: 07/17/2006) |
| 07/14/2006 | 16 | MEMORANDUM OF LAW in Support re: 15 MOTION to Compel Plaintiff to Arbitrate the claims in her Amended Complaint. MOTION to Stay all proceedings in this matter pending the completion of arbitration. MOTION to Preserve all of CLL's rights pending the completion of arbitration, including by tolling any applicable time limitations for answering or otherwise responding to the Amended Complaint. Document filed by Cowan, Liebowitz & Lathman, PC. (jar, ) (jcs). (Entered: 07/17/2006) |
| 07/14/2006 | 17 | DECLARATION of Simon Gerson in Support re: 15 MOTION to Compel Plaintiff to Arbitrate the claims in her Amended Complaint. MOTION to Stay all proceedings in this matter pending the completion of arbitration. MOTION to Preserve all of CLL's rights pending the completion of arbitration, including by tolling any applicable time limitations for answering or otherwise responding to the Amended Complaint. Document filed by Cowan, Liebowitz & Lathman, PC. (jar, ) (jcs). (Entered: 07/17/2006) |
| 07/14/2006 | | Motion Not Referred: re: 15 MOTION to Compel Arbitration, MOTION to Stay. MOTION Preserve all of CLL's rights pending the completion of arbitration filed by Cowan, Liebowitz & Lathman, PC. (dlw) (Entered: 02/16/2007) |
| 07/17/2006 | 18 | ENDORSED LETTER addressed to Judge Barbara S. Jones from Amy R. Gurvey dated 7/12/06 ENDORSEMENT: The plaintiff pro se shall have until 8/24/ to respond to defendants motion to dismiss. SO ORDERED. (Signed by Judge Barbara S. Jones on 7/13/06) (kco, ) (jcs). (Entered: 07/18/2006) |
| 08/21/2006 | 19 | ENDORSED LETTER addressed to Judge Barbara S. Jones from Amy R. Gurvey dated 8/18/2006 re: requesting a final extension of time of 6 weeks to file opposition papers to |

| | | both Clear Channel's 12b motion and Cowan's motion for arbitration. ENDORSEMENT: Application Granted. Plaintiff's opposition are due on or before 10/9/2006. (Signed by Judge Barbara S. Jones on 8/18/2006) (lb, ) (jcs). (Entered: 08/22/2006) |
|---|---|---|
| 10/10/2006 | 20 | MOTION for Leave to File and serve a second amended complaint., MOTION for Sanctions against defendants...; MOTION for Attorney Fees and costs. Attached is Affidavit in support Document filed by Amy R. Gurvey. (djc, ) (Additional attachment(s) added on 2/10/2017: # 1 Part 2, # 2 Part 3) (jcs). (Entered: 10/17/2006) |
| 10/10/2006 | 21 | LETTER addressed to Judge Jones from Amy R. Gurvey dated 10/10/06 re: plaintiff advises the Court that he has served his cross-motion and opposition papers upon defendants and will either deliver or clock-in cross motion and opposition papers today to the Court or overnight them both to Your Honor and the Pro Se Office...;. Document filed by Amy R. Gurvey.(docmt received in night dep. on 10/10/06 at 9:07 p.m.)(djc, ) (jcs). (Entered: 10/17/2006) |
| 10/10/2006 | | Motion Not Referred: re: 20 MOTION for Leave to File a second amended complaint MOTION for Sanctions. MOTION for Attorney Fees filed by Amy R. Gurvey. (dw) (Entered: 07/24/2007) |
| 11/01/2006 | 22 | ORDER that because of procedural defects in plaintiff's motion for Rule 11 sanctions, the motion is dismissed without further consideration. Dft's time to submit reply and opposition papers to plaintiff's motion is hereby extended to 11/3/06. . (Signed by Judge Barbara S. Jones on 10/26/06) (dle, ) (jcs). (Entered: 11/02/2006) |
| 11/03/2006 | 23 | MEMORANDUM OF LAW in Opposition re: 20 MOTION for Leave to File a second amended complaint. MOTION for Sanctions. MOTION for Attorney Fees. Document filed by Nexticketing, Inc., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC. (jco, ) (jcs). (Entered: 11/06/2006) |
| 11/03/2006 | 24 | MEMORANDUM OF LAW in Support re: 15 MOTION to Compel Arbitration. MOTION to Stay. MOTION Preserve all of CLL's rights pending the completion of arbitration. MOTION to Compel Arbitration. MOTION to Stay. MOTION Preserve all of CLL's rights pending the completion of arbitration. Document filed by Cowan, Liebowitz & Lathman, PC. (db, ) (jcs). (Entered: 11/07/2006) |
| 11/27/2006 | 25 | REPLY to Response to Motion re: 20 MOTION for Leave to File a second amended complai tn. MOTION for Sanctions. MOTION for Attorney Fees. Document filed by Amy R. Gurvey. (db, ) (Entered: 11/29/2006) |
| 11/29/2006 | 26 | ENDORSED LETTER addressed to Judge Barbara S. Jones from Amy r. Gurvey dated 11/13/06 re: plaintiff request an extension of time to 11/27/06 to file reply papers to dfts' opposition papers. (Signed by Judge Barbara S. Jones on 11/13/06) (pl, ) (Entered: 11/30/2006) |
| 03/05/2007 | 27 | FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE - NOTICE OF APPEARANCE by Olimpio Lee Squitieri on behalf of Amy R. Gurvey (Squitieri, Olimpio) Modified on 3/30/2007 (lb). (Entered: 03/05/2007) |
| 03/30/2007 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF CASE ERROR. Note to Attorney Olimpio Lee Squitieri to MANUALLY RE-FILE Document NOTICE OF APPEARANCE, Document No. 27. This case is not ECF. (lb) (Entered: 03/30/2007) |
| 04/04/2007 | 28 | NOTICE OF APPEARANCE by Olimpio Lee Squitieri on behalf of Amy R. Gurvey (mbe) (Entered: 04/05/2007) |
| 07/06/2007 | 29 | NOTICE OF APPEARANCE by Ian Hugh Hummel on behalf of Nexticketing, Inc., Clear Channel Communications, Inc., Instant Live Concerts, LLC (cd) (Entered: |

| | | 07/11/2007) |
|---|---|---|
| 08/06/2007 | 30 | FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE - MOTION for Leave to File AMENDED COMPLAINT. Document filed by Amy R. Gurvey.(Squitieri, Olimpio) Modified on 8/7/2007 (KA). (Entered: 08/06/2007) |
| 08/06/2007 | 31 | FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE - DECLARATION of LEE SQUITIERI IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT in Support re: 30 MOTION for Leave to File AMENDED COMPLAINT.. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit A)(Squitieri, Olimpio) Modified on 8/7/2007 (KA). (Entered: 08/06/2007) |
| 08/06/2007 | 32 | FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE - MEMORANDUM OF LAW in Support re: 30 MOTION for Leave to File AMENDED COMPLAINT.. Document filed by Amy R. Gurvey. (Squitieri, Olimpio) Modified on 8/7/2007 (KA). (Entered: 08/06/2007) |
| 08/07/2007 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF CASE ERROR. Note to Attorney Olimpio Lee Squitieri to MANUALLY RE-FILE Document Motion for leave to file Amended Complaint, Document No. 30. This case is not ECF. (KA) (Entered: 08/07/2007) |
| 08/07/2007 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF CASE ERROR. Note to Attorney Olimpio Lee Squitieri to MANUALLY RE-FILE Document Declaration in Support of Motion, Document No. 31. This case is not ECF. (KA) (Entered: 08/07/2007) |
| 08/07/2007 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF CASE ERROR. Note to Attorney Olimpio Lee Squitieri to MANUALLY RE-FILE Document Memorandum of Law in Support of Motion, Document No. 32. This case is not ECF. (KA) (Entered: 08/07/2007) |
| 08/16/2007 | 33 | STIPULATION AND ORDER the time for defendants to respond to plaintiff's motion to file a third amended complaint is hereby extended Responses due by 9/6/2007. Replies due by 10/9/2007. (Signed by Judge Barbara S. Jones on 8/16/07) (jco) (Entered: 08/17/2007) |
| 09/07/2007 | 34 | MEMORANDUM OF LAW in Opposition re: 20 MOTION for Leave to File a second amended complai tn. MOTION for Sanctions. MOTION for Attorney Fees.. Document filed by Cowan, Liebowitz & Lathman, PC. (djc) (Entered: 09/10/2007) |
| 09/07/2007 | 35 | Clear Channel Communications, Inc., Live Nation, Inc., Instantlive Concerts, LLC and Nexticketing, Inc.'s Opposition to Plaintiff's Motion for Leave to File and Serve a Third Amended Complaint. Document filed by Nexticketing, Inc., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC. (dle) (Entered: 09/11/2007) |
| 10/12/2007 | 36 | STIPULATION Set Deadlines/Hearing as to 20 MOTION for Leave to File a second amended complaint. MOTION for Sanctions. MOTION for Attorney Fees. The time for plaintiffs to submit a reply to defendants' opposition is hereby extended up to and including 10/23/07. So Ordered. Replies due by 10/23/2007. (Signed by Judge Barbara S. Jones on 10/10/07) (jco) (Entered: 10/12/2007) |
| 10/23/2007 | 37 | REPLY MEMORANDUM OF LAW in Support re: 30 MOTION for Leave to File AMENDED COMPLAINT.. Document filed by Amy R. Gurvey. (Squitieri, Olimpio) (Entered: 10/23/2007) |
| 10/23/2007 | 38 | CERTIFICATE OF SERVICE of MEMORANDUM OF LAW IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

| | | HER COMPLAINT served on DEFENDANTS on 10/23/2007. Service was made by MAIL. Document filed by Amy R. Gurvey. (Squitieri, Olimpio) (Entered: 10/23/2007) |
|---|---|---|
| 11/14/2007 | 39 | MOTION to Substitute Attorney. Old Attorney: Eric Roman, New Attorney: Ian H. Hummel of Baker Botts LLP. Document filed by Nexticketing, Inc., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC.(ae) (Entered: 11/19/2007) |
| 11/14/2007 | 42 | NOTICE OF APPEARANCE by Steven Gregory Schortgen on behalf of Nexticketing, Inc., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC (ae) (Entered: 01/24/2008) |
| 11/14/2007 | 43 | NOTICE OF APPEARANCE by Jonathan B. Rubenstein on behalf of Nexticketing, Inc., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC (ae) (Entered: 01/24/2008) |
| 11/26/2007 | 40 | ORDER granting 39 Motion to Substitute Attorney. Added attorney Ian Hugh Hummel for Nexticketing, Inc., Clear Channel Communications, Inc., Live Nation, Inc. and Instant Live Concerts, LLC. Attorney Eric Roman terminated. (Signed by Judge Barbara S. Jones on 11/25/07) (jco) (Entered: 11/28/2007) |
| 01/23/2008 | 41 | ORDER finding as moot 20 Motion for Leave to File Document. The Court grants leave to file the Third Amended Complaint; Plaintiff's motion for leave to file a Second Amended complaint is moot. Defendants are directed to notify the Court by Monday, 1/28/08, whether they intend to supplement, withdraw, or otherwise alter the scope of their pending motions in light of this ruling; otherwise, the Court will decide those motions based on all the submissions currently before it, guided by the Third Amended Complaint. So Ordered. "Copies Faxed By Chambers" (Signed by Judge Barbara S. Jones on 1/23/08) (Entered: 01/24/2008) |
| 01/30/2008 | 44 | ENDORSED LETTER addressed to Judge Barbara S. Jones from Steven G. Schortgen dated 1/28/2008 re: Defendants intend to withdraw their 6/28/2006 Motion to Dismiss, revise that motion, and file it to address the new allegations and causes contained in the Third Amended Complaint. Defendants request an additional sixty days until 3/28/2008 to file their Motion to Dismiss. ENDORSEMENT: Application Granted. The Clear Channel Defendants' application to withdraw their motion to dismiss (Docket #11) is GRANTED. Defendants are granted 60 days to file their motion to dismiss. (Signed by Judge Barbara S. Jones on 1/28/2008) (jar) (Entered: 01/30/2008) |
| 01/30/2008 | 45 | ENDORSED LETTER addressed to Judge Barbara S. Jones from J. Richard Supple, Jr dated 1/28/2008 re: In light of plaintiff's abandonment of her claims based on her employment agreement, Cowan intends to withdraw its current motion to compel arbitration. ENDORSEMENT: Application Granted. Cowan's application to withdraw its motion to compel arbitration (Docket #15) is GRANTED. The Cowan defendants are granted 60 days to file and serve their motions. (Signed by Judge Barbara S. Jones on 1/28/2008) (jar) (Entered: 01/30/2008) |
| 01/30/2008 | | ***Motion(s) terminated: 15 MOTION to Compel Arbitration filed by Cowan, Liebowitz & Lathman, PC. (jar) (Entered: 01/30/2008) |
| 02/11/2008 | 46 | ORDER: The court denies Plaintiff's motion for attorneys' fees and costs (Docket No. 20) as unripe. Copies Mailed By Chambers. (Signed by Judge Barbara S. Jones on 2/11/2008) (jpo) (Entered: 02/13/2008) |
| 03/04/2008 | 47 | THIRD AMENDED COMPLAINT against William Borchard, Midge Hyman, Baila Celedonia, Christopher Jensen, Dale Head, Steve Simon, Michael Gordon, Susan Schick, Nexticketing, Inc., Cowan, Liebowitz & Lathman, PC, Clear Channel Communications, |

| | | Inc., Live Nation, Inc., Instant Live Concerts, LLC.Document filed by Amy R. Gurvey. (dle) (Entered: 03/05/2008) |
|---|---|---|
| 03/10/2008 | 48 | FILING ERROR - ELECTRONIC FILING FOR NON-ECF DOCUMENT - MOTION for Extension of Time to File Answer. Document filed by Cowan, Liebowitz & Lathman, PC.(Kraus, Schuyler) Modified on 3/11/2008 (jar). (Entered: 03/10/2008) |
| 03/11/2008 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 48 HAS BEEN REJECTED. Note to Attorney Schuyler Kraus : THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (jar) (Entered: 03/11/2008) |
| 03/17/2008 | 49 | STIPULATION: It is hereby stipulated and agreed by and between the parties that The Clear Channel Defendants and Cowan Defendants have up to and including April 25, 2008 to file motions in response to Plaintiff's Third Amended Complaint. Plaintiff has up to and including May 28, 2008 to file any opposition to the motions filed by the Channel Defendants and Cowan Defendants. The Channel Defendants and Cowan Defendants have up to and including June 9, 2008 to file any reply to Plaintiff's opposition. (Signed by Judge Barbara S. Jones on 3/17/2008) (jpo) (Entered: 03/18/2008) |
| 04/24/2008 | 50 | ORDER: The Clerk's Office is directed to designate this case ECF. (Signed by Judge Barbara S. Jones on 4/23/08) (db) (Entered: 04/24/2008) |
| 04/24/2008 | | Case Designated ECF. (db) (Entered: 04/24/2008) |
| 04/25/2008 | 51 | MOTION to Dismiss for Lack of Jurisdiction. Document filed by Nexticketing, Inc., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC. (Attachments: # 1 Text of Proposed Order)(Schortgen, Steven) (Entered: 04/25/2008) |
| 04/25/2008 | 52 | MEMORANDUM OF LAW in Support re: 51 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Nexticketing, Inc., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC. (Schortgen, Steven) (Entered: 04/25/2008) |
| 04/25/2008 | 53 | DECLARATION of Hamlet T. Newsom, Jr. in Support re: 51 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Nexticketing, Inc., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC. (Schortgen, Steven) (Entered: 04/25/2008) |
| 04/25/2008 | 54 | DECLARATION of Richard A. Munisteri in Support re: 51 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Nexticketing, Inc., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC. (Schortgen, Steven) (Entered: 04/25/2008) |
| 04/25/2008 | 55 | MOTION to Dismiss *Third Amended Complaint*. Document filed by Cowan, Liebowitz & Lathman, PC.(Supple, John) (Entered: 04/25/2008) |
| 04/25/2008 | 56 | DECLARATION of Schuyler B. Kraus in Support re: 55 MOTION to Dismiss *Third Amended Complaint*.. Document filed by Cowan, Liebowitz & Lathman, PC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Supple, John) (Entered: 04/25/2008) |
| 04/25/2008 | 57 | MEMORANDUM OF LAW in Support re: 55 MOTION to Dismiss *Third Amended Complaint*.. Document filed by Cowan, Liebowitz & Lathman, PC. (Supple, John) (Entered: 04/25/2008) |
| 04/28/2008 | 58 | CERTIFICATE OF SERVICE of Notice of Motion to Dismiss, Declaration of Schuyler B. Kraus and Memorandum of Law served on All Attorneys of Record on 04/25/08. |

EXHIBIT 12

| | | Service was made by Email. Document filed by Cowan, Liebowitz & Lathman, PC. (Supple, John) (Entered: 04/28/2008) |
|---|---|---|
| 05/28/2008 | 59 | AMENDED SCHEDULING ORDER: defendant's filed their respective motions to dismiss on April 25, 2008. Plaintiff's shall file her oppositions to defendant's motions to dismiss on or before June 11, 2008. Defendant's shall file their reply briefs, if any, on or before June 30, 2008. (Signed by Judge Barbara S. Jones on 5/28/2008) Copies Mailed By Chambers.(jfe) (Entered: 05/28/2008) |
| 06/11/2008 | 60 | MEMORANDUM OF LAW in Opposition re: 55 MOTION to Dismiss *Third Amended Complaint*.. Document filed by Amy R. Gurvey. (Ciccia, Maria) (Entered: 06/11/2008) |
| 06/11/2008 | 61 | DECLARATION of Maria J. Ciccia in Opposition re: 51 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G) (Ciccia, Maria) (Entered: 06/11/2008) |
| 06/11/2008 | 62 | MEMORANDUM OF LAW in Opposition re: 51 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Amy R. Gurvey. (Ciccia, Maria) (Entered: 06/11/2008) |
| 06/30/2008 | 63 | REPLY MEMORANDUM OF LAW in Support re: 55 MOTION to Dismiss *Third Amended Complaint*.. Document filed by William Borchard, Midge Hyman, Baila Celedonia, Christopher Jensen, Cowan, Liebowitz & Lathman, PC. (Supple, John) (Entered: 06/30/2008) |
| 06/30/2008 | 64 | REPLY MEMORANDUM OF LAW in Support re: 51 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Nextcketing, Inc., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC. (Schortgen, Steven) (Entered: 06/30/2008) |
| 03/17/2009 | 65 | OPINION AND ORDER #97232: For the reasons set forth in this order, Defendants Clear Channel Communications, Inc. and Live Nation, Inc. motion to dismiss for lack of personal jurisdiction is hereby Granted. The Clerk of the Court is directed to terminate the following motion: Case No. 06 Civ. 1202, docket entry 51. (Signed by Judge Barbara S. Jones on 3/16/09) (mme) Modified on 3/18/2009 (mro). (Entered: 03/17/2009) |
| 04/23/2009 | | Minute Entry for proceedings held before Magistrate Judge Theodore H. Katz: Pretrial Conference held on 4/23/2009. (mro) (Entered: 04/24/2009) |
| 04/24/2009 | 66 | OPINION & ORDER #97453 that plaintiff's claims against all Defendants are hereby DISMISSED. The Clerk of Court is hereby directed to close this case. (Signed by Judge Barbara S. Jones on 4/23/09) (cd) Modified on 4/29/2009 (mro). (Entered: 04/24/2009) |
| 04/24/2009 | | Transmission to Judgments and Orders Clerk. Transmitted re: 66 Memorandum & Opinion, to the Judgments and Orders Clerk. (cd) (Entered: 04/24/2009) |
| 04/27/2009 | 67 | CLERK'S JUDGMENT That for the reasons stated in the Court's Opinion and Order dated April 23, 2009, plaintiff's claims against all Defendants are dismissed; accordingly, the case is closed. (Signed by J. Michael McMahon, clerk on 4/27/09) (Attachments: # 1 notice of right to appeal)(ml) (Entered: 04/27/2009) |
| 05/08/2009 | 68 | MOTION for Reargument *and Reconsideration Of Order And Opinion Entered April 24, 2009*. Document filed by Amy R. Gurvey.(Squitieri, Olimpio) (Entered: 05/08/2009) |
| 05/08/2009 | 69 | MEMORANDUM OF LAW in Support re: 68 MOTION for Reargument *and Reconsideration Of Order And Opinion Entered April 24, 2009*.. Document filed by Amy R. Gurvey. (Squitieri, Olimpio) (Entered: 05/08/2009) |
| 05/22/2009 | 70 | RESPONSE in Opposition re: 68 MOTION for Reargument *and Reconsideration Of Order And Opinion Entered April 24, 2009*.. Document filed by Nextcketing, Inc., |

| | | Instant Live Concerts, LLC. (Schortgen, Steven) (Entered: 05/22/2009) |
|---|---|---|
| 05/22/2009 | 71 | NOTICE OF APPEAL from 66 Memorandum & Opinion. Document filed by Amy R. Gurvey. Filing fee $ 455.00, receipt number E 688820. (nd) (Entered: 05/22/2009) |
| 05/26/2009 | 72 | MEMORANDUM OF LAW in Opposition re: 68 MOTION for Reargument *and Reconsideration Of Order And Opinion Entered April 24, 2009*.. Document filed by Cowan, Liebowitz & Lathman, PC. (Supple, John) (Entered: 05/26/2009) |
| 05/26/2009 | 73 | CERTIFICATE OF SERVICE. Document filed by Cowan, Liebowitz & Lathman, PC. (Supple, John) (Entered: 05/26/2009) |
| 06/08/2009 | | USCA Case Number 09-2185-cv from the US Court of Appeals, Second Circuit assigned to 71 Notice of Appeal filed by Amy R. Gurvey. (nd) (Entered: 06/08/2009) |
| 06/18/2009 | 74 | TRUE COPY ORDER of USCA as to 71 Notice of Appeal filed by Amy R. Gurvey USCA Case Number 09-2185-cv. A motion or motions of the type specified by Rule 4(a)4, 4(b), or 6(b)(2)(i) of the Federal Rules of Appellate Procedure having been filed in this matter, and now pending before the District Court, the above number and entitled appeal is hereby stayed to await final disposition of said motion(s).Movant below is hereby directed to inform this Court, in writing, as to the status of each such motion, at thirty_day interval from the date of filing and immediately upon final disposition of the last outstanding motion, and to provide the Court a copy of all dispositive orders. Parties are advised that appellate review of the lower courts disposition regarding any such motion requires a timely filed amended Notice of Appeal. Catherine O'Hagan Wolfe, Clerk USCA. Certified: 6/17/2009. (nd) (Entered: 06/18/2009) |
| 04/21/2010 | 75 | MOTION for Lee Squitieri to Withdraw as Attorney. Document filed by Amy R. Gurvey. (Squitieri, Olimpio) (Entered: 04/21/2010) |
| 04/21/2010 | 76 | MEMORANDUM OF LAW in Support re: 75 MOTION for Lee Squitieri to Withdraw as Attorney.. Document filed by Amy R. Gurvey. (Squitieri, Olimpio) (Entered: 04/21/2010) |
| 04/21/2010 | 77 | DECLARATION of Lee Squitieri in Support re: 75 MOTION for Lee Squitieri to Withdraw as Attorney.. Document filed by Amy R. Gurvey. (Squitieri, Olimpio) (Entered: 04/21/2010) |
| 04/21/2010 | 78 | CERTIFICATE OF SERVICE of Notice of Motion, Brief In Support and Declaration In Support served on Defendants on 04/21/2010. Document filed by Amy R. Gurvey. (Squitieri, Olimpio) (Entered: 04/21/2010) |
| 04/21/2010 | 79 | AMENDED MOTION to Amend/Correct 75 MOTION for Lee Squitieri to Withdraw as Attorney.. Document filed by Amy R. Gurvey. Return Date set for 5/10/2010 at 09:30 AM.(Squitieri, Olimpio) (Entered: 04/21/2010) |
| 09/20/2010 | 80 | ORDER: For the reasons provided above, Plaintiff's motion for reargument and reconsideration (Dkt. 68) is DENIED. (Signed by Judge Barbara S. Jones on 9/20/2010) (jfe) (Entered: 09/20/2010) |
| 09/21/2010 | 81 | ORDER: Plaintiff's attorney's amended motion to withdraw (Dkt. 79) as counsel is GRANTED. (Signed by Judge Barbara S. Jones on 9/21/2010) (jpo) (Entered: 09/21/2010) |
| 09/27/2010 | 83 | NOTICE OF APPEAL from 67 Clerk's Judgment, 80 Order on Motion for Reargument, 66 Memorandum & Opinion. Document filed by Amy R. Gurvey. (tp) (Entered: 10/07/2010) |
| 09/27/2010 | | Appeal Remark as to 83 Notice of Appeal filed by Amy R. Gurvey. $455.00 APPEAL FEE DUE. (tp) (Entered: 10/07/2010) |

| | | |
|---|---|---|
| 09/28/2010 | 82 | LETTER addressed to Judge Barbara S. Jones from Amy R. Gurvey dated 9/22/10 re: Plaintiff requests that the Court also issue an order updating and amending the case docket to include the arbitration award in plaintiff's favor rendered in August 2009. Document filed by Amy R. Gurvey.(mro) (Entered: 09/28/2010) |
| 10/07/2010 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 83 Notice of Appeal. (tp) (Entered: 10/07/2010) |
| 10/07/2010 | | Transmission of Notice of Appeal to the District Judge re: 83 Notice of Appeal. (tp) (Entered: 10/07/2010) |
| 10/07/2010 | 84 | Appeal Record Sent to USCA (Index). Notice that the Original index to the record on Appeal for 83 Notice of Appeal filed by Amy R. Gurvey 3 Copies of the index, Certified Clerk Certificate and Certified Docket Sheet were transmitted to the U.S. Court of Appeals. (tp) (nd). (Entered: 10/08/2010) |
| 10/08/2010 | | Appeal Record Sent to USCA (File). Indexed record on Appeal Files for 83 Notice of Appeal filed by Amy R. Gurvey were transmitted to the U.S. Court of Appeals. (tp) (Entered: 10/08/2010) |
| 10/14/2010 | 85 | ORDER: The Court no longer has jurisdiction, however, because the case is now before the Second Circuit Court of Appeals. Because Plaintiff's appeal divested the Court of jurisdiction, the Court also notes that the filing of any additional motions addressed to the Court while Plaintiff's appeal is pending is inappropriate. For the reasons provided above, Plaintiff's requests are DENIED. (Signed by Judge Barbara S. Jones on 10/14/2010) (jpo) (Entered: 10/14/2010) |
| 10/19/2010 | | USCA Case Number 10-4111 from the US Court of Appeals,, Second Circuit assigned to 83 Notice of Appeal filed by Amy R. Gurvey. (nd) (Entered: 10/19/2010) |
| 01/04/2011 | | USCA Appeal Fees received $ 455.00 receipt number E 924866 on 1/3/2011 at 3:41:31 PM re: 83 Notice of Appeal filed by Amy R. Gurvey. (tp) (Entered: 01/04/2011) |
| 01/04/2011 | | Transmission of Appeal Fee and Certified Copy of Docket Sheet to US Court of Appeals re: 83 Notice of Appeal. (tp) (Entered: 01/04/2011) |
| 02/23/2011 | 90 | MANDATE of USCA (Certified Copy) as to 71 Notice of Appeal filed by Amy R. Gurvey, 83 Notice of Appeal filed by Amy R. Gurvey USCA Case Number 10-3698-op, 09-2185-cv, 10-4111-cv. Petitioner, pro se, has filed a petition for a writ of mandamus and moves for a stay of her appeals in dockt nos. 09-2185-cv and 10-4111-cv pending disposition of the petition. Upon due consideration, it is hereby ORDERED that the mandamus petition is DENIED because Petitioner has not demonstrated that she lacks an adequate, alternative means of obtaining relief. It is further ORDERED that the motion for a stay pending appeals is DENIED as moot. It is further ORDERED that the appeals in Dockt Nos. 09-2185-cv and 10-4111-cv shall be consolidated. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 02/23/2011. (nd) (Entered: 02/23/2011) |
| 02/23/2011 | | Transmission of USCA Mandate/Order to the District Judge re: 90 USCA Mandate,,,. (nd) (Entered: 02/23/2011) |
| 03/12/2012 | 91 | MANDATE of USCA (Certified Copy) as to 71 Notice of Appeal filed by Amy R. Gurvey, 83 Notice of Appeal filed by Amy R. Gurvey USCA Case Number 09-2185-cv(L), 10-4111-cv(Con). Ordered, Adjudged and Decreed that the judgment of the District Court is AFFIRMED in part, and VACATED and REMANDED in part.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 03/12/2012. (nd) (Entered: 03/12/2012) |

| 03/12/2012 | | Transmission of USCA Mandate/Order to the District Judge re: 91 USCA Mandate,. (nd) (Entered: 03/12/2012) |
| 03/14/2012 | 92 | ORDER: This case has been remanded for further proceedings by mandate of the Court of Appeals. The parties are directed to appear in Courtroom 17C of the United States District Court, 500 Pearl Street, New York, NY 10007 on April 5, 2012 at 2:00 p.m. for a status conference., ( Status Conference set for 4/5/2012 at 02:00 PM in Courtroom 17C, 500 Pearl Street, New York, NY 10007 before Judge Barbara S. Jones.) (Signed by Judge Barbara S. Jones on 3/14/2012) (lmb) (Entered: 03/14/2012) |
| 04/04/2012 | 93 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement). Referred to Magistrate Judge Theodore H. Katz. (Signed by Judge Barbara S. Jones on 4/4/2012) (rjm) (Entered: 04/04/2012) |
| 04/04/2012 | 94 | ORDER. The status conference previously set for April 5, 2012 at 2:00 p.m. is adjourned. By separate order, the Court is referring the case to Magistrate Judge Katz to set a discovery schedule, and the parties will hear from him shortly. (Signed by Judge Barbara S. Jones on 4/4/2012) (rjm) (Entered: 04/04/2012) |
| 04/06/2012 | 95 | NOTICE OF REDESIGNATION TO ANOTHER MAGISTRATE JUDGE. The above entitled action has been redesignated to Magistrate Judge Henry B. Pitman. Please note that this is a reassignment of the designation only. (sjo) (Main Document 95 replaced on 4/6/2012) (sjo). (Entered: 04/06/2012) |
| 04/06/2012 | 96 | NOTICE OF REASSIGNMENT OF A REFERRAL TO ANOTHER MAGISTRATE JUDGE. The referral in the above entitled action has been reassigned to Magistrate Judge Henry B. Pitman, for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement). Magistrate Judge Theodore H. Katz no longer referred to the case. (sjo) (Entered: 04/06/2012) |
| 04/06/2012 | 97 | ENDORSED LETTER addressed to Judge Barbara S. Jones from J. Richard Supple, Jr. dated 4/4/2012 re: Counsel requests an extension of time until 4/27/2012 to serve and file an answer to plaintiff's Third Amended Complaint. ENDORSEMENT: So ordered. Cowan, Liebowitz & Lathman, PC answer due 4/27/2012. (Signed by Judge Barbara S. Jones on 4/5/2012) (tro) (Entered: 04/06/2012) |
| 04/06/2012 | 99 | Letter addressed to Judge Barbara S Jones from Amy R Gurvey dated 4/5/2012 re: Request for a 45 day stay. Document filed by Amy R. Gurvey.(cd) (Entered: 04/12/2012) |
| 04/16/2012 | 100 | ORDER. The Court is in receipt of Plaintiff's letter request of for a 45-day stay of the proceedings to allow her to retain patent malpractice trial counsel. (Letter dated Apr. 5, 2012.) In their letter response, Defendants oppose Plaintiff's request for a stay. For the reasons stated in this order, the Court grants Plaintiff's request, and as further set forth. (Signed by Judge Barbara S. Jones on 4/16/2012) (rjm) Modified on 4/16/2012 (rjm). (Entered: 04/16/2012) |
| 04/16/2012 | | Case Stayed. (rjm) (Entered: 04/16/2012) |
| 04/19/2012 | | Appeal Record Returned. Indexed record on Appeal Files for Appeal Record Sent to USCA - File USCA Case Number 10-4111, returned from the U.S. Court of Appeals. (nd) (Entered: 04/19/2012) |
| 06/05/2012 | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Amy R. Gurvey to E-MAIL the PDF for Document 3 Amended Complaint, 1 Complaint to: caseopenings@nysd.uscourts.gov. All pdfs must include case number and corresponding document number. (Chiappetta, Gina) (Entered: 06/05/2012) |

EXHIBIT 12

| 06/06/2012 | [105](#) | PLAINTIFF'S EX PARTE APPLICATION TO BE GRANTED EXPEDITED ECF PRIVILEGES; EXPEDITED PRELIMINARY DISCOVERY DOCUMENTS CONCERNING LEGEND FILMS; AND AN ORDER TO EXTEND STAY OF OTHER PROCEEDINGS FOR ADDITIONAL 45 DAYS TO COMPLETE RETENTION OF COUNSEL. Document filed by Amy R. Gurvey.(cd) Modified on 6/12/2012 (tro). (Entered: 06/12/2012) |
|---|---|---|
| 06/11/2012 | [102](#) | MOTION to Compel *Discovery on Legend Films and extension of 45 days to retain counsel and file 4th amended complaint*. Document filed by Amy R. Gurvey.(Weissbrod, Amy) (Entered: 06/11/2012) |
| 06/11/2012 | [103](#) | ORDER: Discovery in this action is limited to discovery relevant to the claims and defenses in this action. The papers currently before me fail to demonstrate how discovery from Legend Films bears on plaintiff's claims against the Cowan defendants for attorney malpractice and breach of fiduciary duty. Defendants' counsel is directed to respond to the remaining aspects of plaintiff's application no later than June 18, 2012. SO ORDERED. (Signed by Magistrate Judge Henry B. Pitman on 6/11/2012) Copies Sent By Chambers. (ama) (Entered: 06/11/2012) |
| 06/18/2012 | [106](#) | RESPONSE re: [105](#) MOTION to Compel. *Declaration of J. Richard Supple, Jr. in Response to Plaintiff Amy Gurvey's "Ex Parte" Application for an Additional Stay, for ECF Privileges and for Expedited Discovery*. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D, # [5](#) Exhibit E, # [6](#) Exhibit F, # [7](#) Exhibit G, # [8](#) Affidavit of Service)(Supple, John) (Entered: 06/18/2012) |
| 07/02/2012 | [107](#) | ORDER granting in part and denying in part [102](#) Motion to Compel. For the reasons set forth below, the motion is granted in part and denied in part. To the extent plaintiff is seeking ECF privileges, her application is granted. Plaintiff is directed to consult with the Clerk's Office and to attend whatever training is necessary to utilize the Court's ECF system. To the extent plaintiff is seeking expedited document discovery, her application was denied by my Order in this matter dated June 11, 2012 (Docket Item 103). Finally, plaintiff's application for an additional 45-day stay to seek counsel is granted. All proceedings are stayed until August 14, 2012 to permit plaintiff to retain counsel. IN THE ABSENCE OF EXTRAORDINARY CIRCUMSTANCES, THE STAY WILL NOT BE FURTHER EXTENDED. (Signed by Magistrate Judge Henry B. Pitman on 6/29/2012) Copies Sent By Chambers. (jfe) (Entered: 07/02/2012) |
| 07/13/2012 | [108](#) | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** MOTION to Amend/Correct *Plaintiff's Fourth Amended Complaint*. Document filed by Amy R. Gurvey. (Attachments: # [1](#) Supplement Plaintiff's Certification plus Signature Page)(Weissbrod, Amy) Modified on 7/16/2012 (db). (Entered: 07/13/2012) |
| 07/16/2012 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF DOCUMENT ERROR. Note to Attorney Amy Rebecca Weissbrod to MANUALLY RE-FILE Document No. [108](#) Amended Complaint. This document is not filed via ECF. \*\*\*REMINDER\*\*\* - Motion to Amend/Correct WAS NOT filed. (db)** (Entered: 07/16/2012) |
| 07/16/2012 | [109](#) | MOTION to Amend/Correct *Leave to File 4th Amended Complaint*. Document filed by Amy R. Gurvey. (Attachments: # [1](#) Exhibit 4th Amended Complaint, # [2](#) Exhibit Certified Signature Page, # [3](#) Exhibit Award of SDNY Arbitrator)(Weissbrod, Amy) (Entered: 07/16/2012) |
| 07/26/2012 | [110](#) | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** MOTION for Extension of Time to File Response/Reply as to [107](#) Order on Motion to Compel,,, [109](#) MOTION to Amend/Correct *Leave to File 4th Amended Complaint.*. |

EXHIBIT 12
Page 125 of 808

| | | |
|---|---|---|
| | | Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Affidavit of Service)(Supple, John) Modified on 7/26/2012 (db). (Entered: 07/26/2012) |
| 07/26/2012 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 110 HAS BEEN REJECTED. Note to Attorney John Richard Supple : THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (db) (Entered: 07/26/2012) |
| 08/02/2012 | 111 | ORDER: Since plaintiff has chosen to actively litigate this matter despite my issuance of a stay at plaintiff's request, the stay is hereby vacated and the matter is restored to the Court's active calendar. Accordingly, I conclude that the best way to address plaintiff's motion is for defendants to serve and file a formal response and for plaintiff to serve and file her reply. Defendants shall serve and file their opposition papers no later than September 12, 2012. Plaintiff shall serve and file her reply no later than September 28, 2012.( Responses due by 9/12/2012, Replies due by 9/28/2012.) (Signed by Magistrate Judge Henry B. Pitman on 8/2/2012) Copies Sent By Chambers. (ja) (Entered: 08/02/2012) |
| 09/12/2012 | 112 | DECLARATION of J. Richard Supple, Jr. in Opposition re: 109 MOTION to Amend/Correct *Leave to File 4th Amended Complaint*.. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X)(Supple, John) (Entered: 09/12/2012) |
| 09/12/2012 | 113 | MEMORANDUM OF LAW in Opposition re: 109 MOTION to Amend/Correct *Leave to File 4th Amended Complaint*.. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 09/12/2012) |
| 09/12/2012 | 114 | AFFIDAVIT OF SERVICE of Declaration of J. Richard Supple, Jr. in Opposition and Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Fourth Amended Complaint and for Other Relief served on Amy R. Gurvey on September 12, 2012. Service was made by Overnight Mail. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 09/12/2012) |
| 09/12/2012 | 115 | FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT - REPLY to Response to Motion re: 109 MOTION to Amend/Correct *Leave to File 4th Amended Complaint*., 110 MOTION for Extension of Time to File Response/Reply as to 107 Order on Motion to Compel,,, 109 MOTION to Amend/Correct *Leave to File 4th Amended Complaint*.. MOTION for Extension of Time to File Response/Reply as to 107 Order on Motion to Compel,,, 109 MOTION to Amend/Correct *Leave to File 4th Amended Complaint*.. MOTION for Extension of Time to File Response/Reply as to 107 Order on Motion to Compel,,, 109 MOTION to Amend/Correct *Leave to File 4th Amended Complaint*.. *Reply to Def Opp to Ps Amended Complaint and Motoin to Compel Discovery*. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit Order D Mass Upholding Complaint Cold Spring Harbor Labs v. Ropes & Gray 2012, # 2 Exhibit Order Compelling Discovery D Mass Cold Spring Harbor Labs v. Ropes & Gray 2011, # 3 Exhibit Ps Proposed 5th Amended Complaint, # 4 Exhibit Susan Schick Esq Email 1 to |

| | | Cowan Defs 2002, # 5 Exhibit Susan Schick Esq Email 2 to Cowan Defs 2002, # 6 Exhibit Christopher Jensen Esq Email 2002)(Weissbrod, Amy) Modified on 11/7/2012 (db). (Entered: 09/12/2012) |
|---|---|---|
| 09/28/2012 | 116 | REPLY MEMORANDUM OF LAW in Support re: 109 MOTION to Amend/Correct *Leave to File 4th Amended Complaint. Suppl Motion Docket #115 filed 9-12-12.* Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit Ps Proposed 5th Amended Complaint filed 9-12-12 with Docket #115, # 2 Exhibit Arbitration Transcript Excerpts March 23, 2009, # 3 Exhibit Def Christopher Jensen, Esq. E-Mail 2002, # 4 Exhibit Cowan Assoc Susan Schick, Esq. E-Mail 2002, # 5 Exhibit USDC Award of Arbitrator August 4, 2009, # 6 Exhibit Legend Films E-Mail 2002)(Weissbrod, Amy) (Entered: 09/28/2012) |
| 10/09/2012 | | Minute Entry for proceedings held before Magistrate Judge Henry B. Pitman: Status Conference held on 10/9/2012. Status Conference held, order to follow. (djc) (Entered: 10/10/2012) |
| 10/11/2012 | 117 | ORDER withdrawing 109 Motion to Amend/Correct. It is hereby ORDERED that: 1. Plaintiff's motion to file a Fourth Amended Complaint (Docket Item 109) is withdrawn and the Clerk of the Court is directed to mark the item closed. 2. Defendants' application to recover the legal fees it incurred in responding to plaintiff's motion to file a Fourth Amended Complaint is denied. 3. The submission plaintiff made in Docket Item 116 shall be deemed a motion to file a Fifth Amended Complaint. Defendants shall serve and file their opposition to the motion no later than November 6, 2012. Plaintiff shall serve her reply in support of her application no later than December 4, 2012. 4. No later than November 6, 2012, all parties shall make the disclosures required by Fed.R.Civ.P. 26 (a) (1) with respect to the malpractice and breach- of-fiduciary duty claims that were upheld by the United States Court of Appeals. 5. Non-deposition discovery may proceed with respect to the malpractice and breach- of-fiduciary duty claims that were upheld by the United States Court of Appeals. (Signed by Magistrate Judge Henry B. Pitman on 10/10/2012) Copies Sent By Chambers. (lmb) (Entered: 10/11/2012) |
| 10/11/2012 | | Set/Reset Deadlines: Responses due by 11/6/2012. Replies due by 12/4/2012. (lmb) (Entered: 10/11/2012) |
| 11/06/2012 | 118 | **FILING ERROR - DEFICIENT DOCKET ENTRY** - CROSS MOTION to Strike Document No. 116 *certain matter from the plaintiff's proposed Fifth Amended Complaint.* Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Declaration of J. Richard Supple in Opposition to Plaintiff's Motion for Leave to File Fifth Amended Complaint and for Other Relief, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X, # 26 Exhibit Y, # 27 Exhibit Z, # 28 Exhibit AA, # 29 Memorandum of Law, # 30 Affidavit of Service)(Supple, John) Modified on 11/7/2012 (db). (Entered: 11/06/2012) |
| 11/07/2012 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 115 HAS BEEN REJECTED. Note to Attorney Amy Rebecca Weissbrod : THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (db) (Entered: 11/07/2012) |
| 11/07/2012 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney John Richard Supple to RE-FILE Document 118 CROSS MOTION to Strike Document No. 116 *certain matter from the plaintiff's* |

EXHIBIT 12

| | | |
|---|---|---|
| | | *proposed Fifth Amended Complaint.* **CROSS MOTION to Strike Document No.** <u>116</u> *certain matter from the plaintiff's proposed Fifth Amended Complaint.* **CROSS MOTION to Strike Document No.** <u>116</u> *certain matter from the plaintiff's proposed Fifth Amended Complaint.* **CROSS MOTION to Strike Document No.** <u>116</u> *certain matter from the plaintiff's proposed Fifth Amended Complaint.* **CROSS MOTION to Strike Document No.** <u>116</u> *certain matter from the plaintiff's proposed Fifth Amended Complaint.* **ERROR(S): Opposing Documents are filed separately, each receiving their own document #. (db)** (Entered: 11/07/2012) |
| 11/07/2012 | <u>119</u> | CROSS MOTION to Strike Document No. <u>116</u> *certain matter from the plaintiff's proposed Fifth Amended Complaint*. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 11/07/2012) |
| 11/07/2012 | <u>120</u> | DECLARATION of J. Richard Supple, Jr. in Opposition re: <u>119</u> CROSS MOTION to Strike Document No. <u>116</u> *certain matter from the plaintiff's proposed Fifth Amended Complaint*.CROSS MOTION to Strike Document No. <u>116</u> *certain matter from the plaintiff's proposed Fifth Amended Complaint*.. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I, # <u>10</u> Exhibit J, # <u>11</u> Exhibit K, # <u>12</u> Exhibit L, # <u>13</u> Exhibit M, # <u>14</u> Exhibit N, # <u>15</u> Exhibit O, # <u>16</u> Exhibit P, # <u>17</u> Exhibit Q, # <u>18</u> Exhibit R, # <u>19</u> Exhibit S, # <u>20</u> Exhibit T, # <u>21</u> Exhibit U, # <u>22</u> Exhibit V, # <u>23</u> Exhibit W, # <u>24</u> Exhibit X, # <u>25</u> Exhibit Y, # <u>26</u> Exhibit Z, # <u>27</u> Exhibit AA)(Supple, John) (Entered: 11/07/2012) |
| 11/07/2012 | <u>121</u> | MEMORANDUM OF LAW in Opposition re: <u>119</u> CROSS MOTION to Strike Document No. <u>116</u> *certain matter from the plaintiff's proposed Fifth Amended Complaint*.CROSS MOTION to Strike Document No. <u>116</u> *certain matter from the plaintiff's proposed Fifth Amended Complaint*.. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 11/07/2012) |
| 11/07/2012 | <u>122</u> | AFFIDAVIT OF SERVICE of Notice of Cross-Motion, Declaration of J. Richard Supple, Jr. with exhibits and Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Fifth Amended Complaint and for Other Relief served on Amy R. Gurvey on 11-06-12. Service was made by ECF and Mail. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 11/07/2012) |
| 11/07/2012 | <u>123</u> | ENDORSED LETTER addressed to Magistrate Judge Henry B. Pitman from J. Richard Supple Jr. dated 11/6/2012 re: Defense counsel requests that the parties' time to make initial disclosure discovery disclosures be extended from today until November 9, 2012. ENDORSEMENT: Application granted nunc pro tunc. So Ordered., ( Discovery due by 11/9/2012.) (Signed by Magistrate Judge Henry B. Pitman on 11/7/2012) (ago) (Entered: 11/07/2012) |
| 11/09/2012 | <u>124</u> | RULE 26 DISCLOSURE.Document filed by Amy R. Gurvey. (Attachments: # <u>1</u> Exhibit cold Spring Order Compelling discovery in favor of P 2011 WL 2884893, # <u>2</u> Exhibit Cold Spring v Ropes & Gray D.Mass Order 2012, # <u>3</u> Exhibit Arbitration Transcript Def Cowan's Testimony March 23, 2009, # <u>4</u> Exhibit SDNY Award of Arbitrator August 4, 2009, # <u>5</u> Exhibit Gurvey v. Legend Films/Legnd 3D Reply Rule 60(b) and 59(e) October 26, 2012)(Weissbrod, Amy) (Entered: 11/09/2012) |
| 11/10/2012 | <u>125</u> | RULE 26 DISCLOSURE.Document filed by Amy R. Gurvey. (Attachments: # <u>1</u> Exhibit Cold Spring Labs v Ropes & Gray D Mass Order compelling discovery in favor of P-inventor 2011 WL 4882893, # <u>2</u> Exhibit Cold Spring Labs v Ropes & Gray D Mass Order |

| | | |
|---|---|---|
| | | upholding P-Inventor's Legal Imp, Breach of Fiduciary Duty and Fraud Complaint 840 F. Supp. 2d 473 (2012), # 3 Exhibit SDNY Gurvey v Cowan Arbitration Transcripts Excerpts Def Cowan's Testimony March 23, 2009, # 4 Exhibit SDNY Gurvey v Cowan August 4, 2009 Award of Arbitrator in P Gurvey's Favor, # 5 Exhibit Gurvey v. Legend Films SDCA Ps Reply To Rule 60(b) and 59(e) Motion 10-26-12)(Weissbrod, Amy) (Entered: 11/10/2012) |
| 11/28/2012 | | Request for Subpoena Received at the Pro Se Counter: Request for 10 subpoena(s) from Amy R. Gurvey received on 11/28/12. (sac) (Entered: 11/28/2012) |
| 12/04/2012 | 126 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** FIRST MOTION for Extension of Time *to Reply to Def's Opp to Plaintiff's 5AC, to Set Discovery Schedule per SDNY's order of Aprl 4, 2012; and for permission to compel discovery from Cowan defs*. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit Ps rule 26(a) Disclosures 11-9-12, # 2 Exhibit SDNY Arbitration Transcript Def Cowan's Testimony March 23, 2009, # 3 Exhibit Award of Arbitrator)(Weissbrod, Amy) Modified on 12/5/2012 (db). (Entered: 12/04/2012) |
| 12/05/2012 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 126 HAS BEEN REJECTED. Note to Attorney Amy Rebecca Weissbrod : THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (db)** (Entered: 12/05/2012) |
| 12/06/2012 | 127 | ORDER: Plaintiff's application for an extension of time to file a reply in further support of her application to file a fifth amended complaint is granted. Plaintiff shall serve and file her reply no later than January 2, 2013. The other matters raise in plaintiff's letters dated December 4, 2012 will be discussed at a conference that will be held on January 3, 2013 at 2:00 p.m. (Signed by Magistrate Judge Henry B. Pitman on 12/6/2012) Copies Sent By Chambers (djc) (Entered: 12/06/2012) |
| 12/06/2012 | | Set/Reset Deadlines: Replies due by 1/2/2013. Set/Reset Hearings: Status Conference set for 1/3/2013 at 02:00 PM before Magistrate Judge Henry B. Pitman. (djc) (Entered: 12/06/2012) |
| 12/18/2012 | 128 | TRUE COPY ORDER of USCA as to 71 Notice of Appeal filed by Amy R. Gurvey, 83 Notice of Appeal filed by Amy R. Gurvey USCA Case Number 09-2185(L), 10-4111(con).On February 10, 2012, the Court issued a Summary Order affirming the District Court's decision in part, vacating in part and remanding for further proceedings. Appellant filed a Bill of Costs, The application for costs is GRANTED in Part. Appellant is entitled to the sum of $377.36 in costs. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 12/18/2012. (nd) (Entered: 12/19/2012) |
| 01/02/2013 | 129 | REPLY MEMORANDUM OF LAW in Support re: 119 CROSS MOTION to Strike Document No. 116 *certain matter from the plaintiff's proposed Fifth Amended Complaint*.CROSS MOTION to Strike Document No. 116 *certain matter from the plaintiff's proposed Fifth Amended Complaint*. *Plaintiff's Reply Memorandum*. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit Cowan 1st doc production Dec 2012, # 2 Exhibit Ltr to Mag Pitman 12-4-12 Overdue Discovey Conference per April 2012 order, # 3 Exhibit Schick Cowan Email 2002, # 4 Exhibit Schick Cowan Email#2 2002, # 5 Exhibit Jensen Cowan Email 2002, # 6 Exhibit Ps Rule 26(a) Disclosures, # 7 Exhibit Ps Proposed 5AC)(Weissbrod, Amy) (Entered: 01/02/2013) |
| 01/03/2013 | | Minute Entry for proceedings held before Magistrate Judge Henry B. Pitman: Discovery Hearing held on 1/3/2013. (bh) (Entered: 01/08/2013) |

EXHIBIT 12
Page 129 of 808

| 01/14/2013 | [130](#) | ORDER: 1. Plaintiff shall respond to Cowan, Liebowitz & Latham's discovery requests by January 17, 2013. 2. No later than January 17, 2013, Plaintiff shall submit to me written explanations of how each of her discovery requests served upon Cowan, Liebowitz & Latham is relevant to the two claims -- attorney malpractice and breach of fiduciary duty. Plaintiff shall address each discovery request individually. No later than January 31, 2013, Cowan, Liebowitz & Latham shall submit to me its response to Plaintiff's submission.(Signed by Magistrate Judge Henry B. Pitman on 1/14/2013) Copies Sent By Chambers. (djc) (Entered: 01/14/2013) |
|---|---|---|
| 01/16/2013 | [131](#) | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** FIRST MOTION for Extension of Time to Complete Discovery *Hospitalization and Plaintiff's previous atty's unlawful withholding of client files.* Document filed by Amy R. Gurvey. (Attachments: # [1](#) Exhibit Email confirming unlawful withholding of Plaintiff's client files, # [2](#) Exhibit Squitieri & Fearon e-mails confirming improper withholding of Plaintiff's client files, # [3](#) Exhibit Appl to compel Plaintiff's client files, # [4](#) Exhibit Cowan's first unresponsible production inconsistent with 2003 CD Rom sent to Plaintiff, # [5](#) Exhibit NY Supreme Court order of August, 1998 confirming HUD landlords' attorney's unilateral and material forgery of Housing Part documents, # [6](#) Exhibit SDCA Rule 60(b) Motion in Gurvey v. Legend Films 09-042-cv, # [7](#) Exhibit SDCA Rule 60(b) Gurvey v. Legend Films 09-0942-cv Memo of Law)(Weissbrod, Amy) Modified on 1/16/2013 (db). (Entered: 01/16/2013) |
| 01/16/2013 | | **\*\*\*NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 131 HAS BEEN REJECTED. Note to Attorney Amy Rebecca Weissbrod : THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (db)** (Entered: 01/16/2013) |
| 02/22/2013 | [132](#) | MOTION to Dismiss *the Third Amended Complaint.* Document filed by Michael Gordon, Susan Schick. Responses due by 3/8/2013 Return Date set for 3/22/2013 at 09:30 AM. (Berlin, Michael) (Entered: 02/22/2013) |
| 02/22/2013 | [133](#) | DECLARATION of Michael A. Berlin in Support re: [132](#) MOTION to Dismiss *the Third Amended Complaint..* Document filed by Michael Gordon, Susan Schick. (Berlin, Michael) (Entered: 02/22/2013) |
| 02/22/2013 | [134](#) | MEMORANDUM OF LAW in Support re: [132](#) MOTION to Dismiss *the Third Amended Complaint..* Document filed by Michael Gordon, Susan Schick. (Berlin, Michael) (Entered: 02/22/2013) |
| 02/22/2013 | [135](#) | AFFIDAVIT of Michael Gordon in Support re: [132](#) MOTION to Dismiss *the Third Amended Complaint..* Document filed by Michael Gordon, Susan Schick. (Berlin, Michael) (Entered: 02/22/2013) |
| 02/22/2013 | [136](#) | AFFIDAVIT of Susan Gordon in Support re: [132](#) MOTION to Dismiss *the Third Amended Complaint..* Document filed by Michael Gordon, Susan Schick. (Berlin, Michael) (Entered: 02/22/2013) |
| 02/22/2013 | [137](#) | CERTIFICATE OF SERVICE of Notice of Motion to Dismiss and Supporting Documents served on All Parties/Attorneys of Record on 02/22/2013. Service was made by ECF and MAIL. Document filed by Michael Gordon, Susan Schick. (Berlin, Michael) (Entered: 02/22/2013) |
| 03/11/2013 | [138](#) | NOTICE OF CASE REASSIGNMENT to Judge Lorna Gail Schofield. Judge Barbara S. Jones is no longer assigned to the case. (pgu) (Entered: 03/11/2013) |
| 03/19/2013 | [139](#) | ORDER: This case has been assigned to me for all purposes. A status conference with the Court will be held at the time and place listed below. Any party proceeding pro se |

(without an attorney) must appear in person. Any party who has retained counsel prior to the conference need not personally attend and should instead have their attorney attend on their behalf. The parties are also directed to review and comply with the Courts Individual Rules of Practice in Pro Se Cases (Pro Se Rules), which are attached to this order. The parties are further directed to submit a joint status letter to the Court no later than April 5, 2013. The parties should append the most recent complaint and the most recent scheduling order to the status letter. The letter should be sent to the pro se office in accordance with the Pro Se Rules. The status letter should not exceed 5 pages and should include the following listed herein. Unless notified otherwise by the Court, the parties should presume that any Scheduling Order or Case Management Plan remains in effect notwithstanding the cases transfer. Any request for an extension or adjournment shall be made by letter as provided in Pro Se Rule 1.C and must be received at least 48 hours before the deadline or conference. The clerk is directed to mail a copy of this order to the pro se Plaintiff. Status Conference set for 4/11/2013 at 11:00 AM in Courtroom 1106 of the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse at 40 Foley Square, New York, New York before Judge Lorna G. Schofield. (Signed by Judge Lorna G. Schofield on 3/19/2013) (ft) (Entered: 03/19/2013)

| 03/19/2013 | | Transmission to Docket Assistant Clerk. Transmitted re: 139 Scheduling Order to the Docket Assistant Clerk for case processing. (ft) (Entered: 03/19/2013) |
|---|---|---|
| 03/23/2013 | 140 | **FILING ERROR - DEFICIENT DOCKET ENTRY** - CROSS MOTION to Disqualify Counsel *Extend Time to Effect Service and Compel Retained Client Files from Previous Attorney*. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit USPTO Solicitor and OEM Office Ltr Requested of Plaintiff March, 2013, # 2 Exhibit Def Schick Cowan E-mail 2002, # 3 Exhibit Def Schick Cowan Email2 2002, # 4 Exhibit 2d Cir Order Feb 10 2012, # 5 Exhibit Award of SDNY Arbitrator August 2009, # 6 Exhibit Cowan Arbitration Transcripts March 23 2009 pp 212-213, # 7 Exhibit Medical ARGurvey Injuires re Asbestos Exposure since 2009, # 8 Exhibit Super Court NJ Gurvey v State Farm Asbestos Property Damage and INjury Litigation Case No. 2010-L-10711) (Weissbrod, Amy) Modified on 3/25/2013 (ldi). (Entered: 03/23/2013) |
| 03/23/2013 | 141 | **FILING ERROR - DEFICIENT DOCKET ENTRY** - CROSS MOTION for Extension of Time to File *and Disqualify Counsel*. Document filed by Amy R. Gurvey. Return Date set for 4/11/2013 at 10:00 AM. (Attachments: # 1 Exhibit Memorandum of Law, # 2 Exhibit Def Schick Cowan Email 2002, # 3 Exhibit Schick Cowan Email 2002, # 4 Exhibit Squiteri Client Boxes, # 5 Exhibit 2d Cir Order Feb 10 2012, # 6 Exhibit Award of SDNY Arbitrator August 4 2009, # 7 Exhibit Cowan Arbitration Transcript March 23 2009 pp 212-213, # 8 Exhibit USPTO Solicitor March 2013, # 9 Exhibit Asbestos Disaster Gurvey Medical, # 10 Exhibit Super Court NJ Asbestos Property damages and Personal Injuries Complaint 2010-L-10711; L-7554)(Weissbrod, Amy) Modified on 3/25/2013 (ldi). (Entered: 03/23/2013) |
| 03/23/2013 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document 140 CROSS MOTION to Disqualify Counsel *Extend Time to Effect Service and Compel Retained Client Files from Previous Attorney.*, 141 CROSS MOTION for Extension of Time to File *and Disqualify Counsel*. ERROR(S): Supporting documents must be filed separately, each receiving their own document number. Declaration in Support of Motion and Memorandum of Law in Support of Motion are both found under the event list Replies, Opposition and Supporting Documents. (ldi)** (Entered: 03/25/2013) |
| 03/23/2013 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document** |

EXHIBIT 12
Page 131 of 808

22/69

| | | **141** CROSS MOTION for Extension of Time to File *and Disqualify Counsel*. **ERROR(S): No signature or s/. NOTE: The signature or s/ is missing on both the Motion and Declaration. (ldi)** (Entered: 03/25/2013) |
|---|---|---|
| 03/26/2013 | 142 | **FILING ERROR - DEFICIENT DOCKET ENTRY** - CROSS MOTION to Disqualify Counsel *Extend Time To Effect Service and for Writ of Replevin to Order Return of Hard and Electronic Client Files*. Document filed by Amy R. Gurvey. Return Date set for 4/11/2013 at 11:00 PM. (Attachments: # 1 Exhibit Memorandum of Law, # 2 Exhibit Schick Cowan Email 2002, # 3 Exhibit Schick Cowan Email2 2002, # 4 Exhibit Squitieri Email Client Boxes Jan 2013, # 5 Exhibit 2d Cir Order Feb 10 2012, # 6 Exhibit Award of SDNY Arbitrator August 4 2009, # 7 Exhibit Cowan Arbitration Transcript March 23 2009 pp 212-213, # 8 Exhibit USPTO Solicitor March 2013, # 9 Exhibit Asbestos Disaster Medical, # 10 Exhibit Super Court NJ Asbestos Contamination Proper Damages and Personal Injuries Complaint)(Weissbrod, Amy) Modified on 3/27/2013 (db). (Entered: 03/26/2013) |
| 03/27/2013 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document 142 CROSS MOTION to Disqualify Counsel *Extend Time To Effect Service and for Writ of Replevin to Order Return of Hard and Electronic Client Files*. ERROR(S): Supporting Documents are filed separately, each receivingt their own document #. (db)** (Entered: 03/27/2013) |
| 03/27/2013 | 143 | **FILING ERROR - DEFICIENT DOCKET ENTRY** - CROSS MOTION to Disqualify Counsel *to Disqualify Counsel for defs Susan Schick and Michael Gordon; to Extend Time to Effect Service and for an Order of Replevin to Order Unlawfully Withheld Client Files from Plaintiff's Former Attorney*. Document filed by Amy R. Gurvey. Return Date set for 4/11/2013 at 11:00 AM. (Attachments: # 1 Exhibit USPTO Solicitor March 2013, # 2 Exhibit Def Schick Cowan Email1 2002, # 3 Exhibit Def Schick Cowan Email2 2002, # 4 Exhibit Squitieri Former Atty Withholding Client Files, # 5 Exhibit 2d Cir Order Feb 10 2012, # 6 Exhibit Award of SDNY Arbitrator August 4 2009, # 7 Exhibit Def Cowan Testiimony Arbitration Transcript March 23, 2009, # 8 Exhibit Asbestos Disaster Gurvey Medical, # 9 Exhibit Super Court NJ Asbestos Property Damages and Personal Injuries Complaint)(Weissbrod, Amy) Modified on 3/27/2013 (db). (Entered: 03/27/2013) |
| 03/27/2013 | 144 | **FILING ERROR - DEFICIENT DOCKET ENTRY** - COUNTER MEMORANDUM OF LAW in Support re: 143 CROSS MOTION to Disqualify Counsel *to Disqualify Counsel for defs Susan Schick and Michael Gordon; to Extend Time to Effect Service and for an Order of Replevin to Order Unlawfully Withheld Client Files from Plaintiff's Former Attorney. and in Opposition to Def Schick and Gordon's Motion for Dismissal Based on Alleged Improper Service*. Document filed by Amy R. Gurvey. (Weissbrod, Amy) Modified on 3/27/2013 (db). (Entered: 03/27/2013) |
| 03/27/2013 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document 143 CROSS MOTION to Disqualify Counsel *to Disqualify Counsel for defs Susan Schick and Michael Gordon; to Extend Time to Effect Service and for an Order of Replevin to Order Unlawfully Withheld Client Files from Plaintiff's Former Attorney*. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db)** (Entered: 03/27/2013) |
| 03/27/2013 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document 144 Memorandum of Law in Support of Motion. ERROR(S): Document linked to filing error. (db)** (Entered: 03/27/2013) |

| 03/27/2013 | 145 | MOTION for Sanctions *Pursuant to Fed.R.Civ.P.37 (b)(2) and (c)(1)*. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen.(Supple, John) (Entered: 03/27/2013) |
|---|---|---|
| 03/27/2013 | 146 | DECLARATION of J. Richard Supple, Jr. in Support re: 145 MOTION for Sanctions *Pursuant to Fed.R.Civ.P.37 (b)(2) and (c)(1)*.. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O)(Supple, John) (Entered: 03/27/2013) |
| 03/27/2013 | 147 | MEMORANDUM OF LAW in Support re: 145 MOTION for Sanctions *Pursuant to Fed.R.Civ.P.37 (b)(2) and (c)(1)*.. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 03/27/2013) |
| 03/27/2013 | 148 | AFFIDAVIT OF SERVICE of Notice of Motion for Sanctions Pursuant to Fed.R.Civ.P. 37 (b)(2) and (c)(1); Declaration of J. Richard Supple, Jr. in Support of Motion for Discovery Sanctions with annexed Exhibits A-O; Memorandum of Law in Support of Motion and Unpublished Decisions served on Amy R. Gurvey on March 27, 2013. Service was made by ECF and Overnight Mail. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 03/27/2013) |
| 04/01/2013 | 149 | **FILING ERROR - DEFICIENT DOCKET ENTRY** - CROSS MOTION to Appoint., MOTION to Disqualify Counsel *Extend Time to Effect Service and for a Writ of Mandamus to Compel Return of Plaintiff's Former Electronic Files from Squitieri & Fearon, LLP*.( Return Date set for 4/11/2013 at 11:00 AM., Return Date set for 4/11/2103 at 11:00 AM.) Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit Plaintiff's Declaration in Support, # 2 Exhibit Memorandum of Law, # 3 Exhibit Def Schick Cowan Email1 2002, # 4 Exhibit Schick Cowan Email2 2002, # 5 Exhibit Squtieri Client Boxes, # 6 Exhibit 2d Cir Order February 10 2102, # 7 Exhibit Award of SDNY Arbitrator August 4 2009, # 8 Exhibit Cowan Arbitration Transcript March 23 2009 pp 212-213, # 9 Exhibit USPTO Solicitor March 2013, # 10 Exhibit Asbestos Disaster Gurvey Medical, # 11 Exhibit Super Court NJ Asbestos Property Damages and Personal Injuries Complaint)(Weissbrod, Amy) Modified on 4/2/2013 (db). (Entered: 04/01/2013) |
| 04/02/2013 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document 149 CROSS MOTION to Appoint. MOTION to Disqualify Counsel *Extend Time to Effect Service and for a Writ of Mandamus to Compel Return of Electronic Files from Plaintiff's Former Attorney Squitieri & Fearon, LLP*. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db)** (Entered: 04/02/2013) |
| 04/02/2013 | 150 | CROSS MOTION to Disqualify Counsel *Extend Time to Effect Service and for a Writ of Replevin to Mandate Return of Electronic Files from Previous Attorneys Squitieri & Fearon, LLP*. Document filed by Amy R. Gurvey. Return Date set for 4/11/2013 at 11:00 AM.(Weissbrod, Amy) (Entered: 04/02/2013) |
| 04/02/2013 | 151 | DECLARATION of Amy R. Gurvey Plaintiff in Support re: 150 CROSS MOTION to Disqualify Counsel *Extend Time to Effect Service and for a Writ of Replevin to Mandate Return of Electronic Files from Previous Attorneys Squitieri & Fearon, LLP*.. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit USPTO Solicitor March 2013, # 2 |

EXHIBIT 12
Page 133 of 808
24/69

| | | |
|---|---|---|
| | | Exhibit Def Schick Cowan Email1 2002, # 3 Exhibit Def Schick Cowan Email2 2002, # 4 Exhibit Squitieri Ps Withholding Client Boxes and Efiles, # 5 Exhibit 2d Cir Order February 10 2012, # 6 Exhibit Award of Arbitrator, # 7 Exhibit Cowan Arbitration Testimony March 23 2009, # 8 Exhibit asbestos Evacuation Gurvey Medical Injuries, # 9 Exhibit NJ Super Court ASdbestos Preoperty Damages and Personal Injuries Complaint) (Weissbrod, Amy) (Entered: 04/02/2013) |
| 04/02/2013 | 152 | MEMORANDUM OF LAW in Support re: 150 CROSS MOTION to Disqualify Counsel *Extend Time to Effect Service and for a Writ of Replevin to Mandate Return of Electronic Files from Previous Attorneys Squitieri & Fearon, LLP. Memo of Law in Support of Writ of Replevin to Mandate Return of Ps Electronic Files from Squitieri & Fearon, LLP.* Document filed by Amy R. Gurvey. (Weissbrod, Amy) (Entered: 04/02/2013) |
| 04/02/2013 | 153 | MEMORANDUM OF LAW in Opposition re: 150 CROSS MOTION to Disqualify Counsel *Extend Time to Effect Service and for a Writ of Replevin to Mandate Return of Electronic Files from Previous Attorneys Squitieri & Fearon, LLP. Memorandum to Disqualify Greenberg & Traurig and Extend Rime to Effect Service.* Document filed by Amy R. Gurvey. (Weissbrod, Amy) (Entered: 04/02/2013) |
| 04/04/2013 | 154 | MOTION for Extension of Time *To Comply with Def Cowan's Request for Docs, to Further Respond to Court's Jan 14 2013 Order and Respond to Def Cowan's Motion for Rule 37 Sanctions.* Document filed by Amy R. Gurvey. Return Date set for 4/11/2103 at 11:00 AM.(Weissbrod, Amy) (Entered: 04/04/2013) |
| 04/04/2013 | 155 | DECLARATION of Amy R. Gurvey in Support re: 154 MOTION for Extension of Time *To Comply with Def Cowan's Request for Docs, to Further Respond to Court's Jan 14 2013 Order and Respond to Def Cowan's Motion for Rule 37 Sanctions..* Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit Plaintiff's Previous Motion for Ext of Time Based on Emergent Hospitalization Not Adjudicated, # 2 Exhibit USPTO Solicitor Production December 2012-March 2013, # 3 Exhibit NJ Super Court Asbetsos Property Damages and Personal Injuries Complaint, # 4 Exhibit Asbestos Confirm Plaintiff's Medical Injuries, # 5 Exhibit Squitieri & Fearon Confirmation of Withholding Plaintiff's Files, # 6 Exhibit Memo Law Writ of Replevin Ps Files, # 7 Exhibit Cowan Unresponsive 1st Production Nov 2012, # 8 Exhibit Ps Hurricane Sandy Evacuatino Rule 26(a) Disclosures, # 9 Exhibit Ps Previous Letter to Magistrate Requesting Extension of Time) (Weissbrod, Amy) (Entered: 04/04/2013) |
| 04/04/2013 | 156 | DECLARATION of J. Richard Supple, Jr. in Opposition re: 154 MOTION for Extension of Time *To Comply with Def Cowan's Request for Docs, to Further Respond to Court's Jan 14 2013 Order and Respond to Def Cowan's Motion for Rule 37 Sanctions..* Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Supple, John) (Entered: 04/04/2013) |
| 04/04/2013 | 157 | AFFIDAVIT OF SERVICE of Declaration of J. Richard Supple, Jr. in Opposition to Motion for Extension of Time with Annexed Exhibits served on Amy Gurvey on April 4, 2013. Service was made by Overnight mail and ECF. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 04/04/2013) |
| 04/05/2013 | 158 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** STATUS REPORT. Document filed by Amy R. Gurvey.(Weissbrod, Amy) Modified on 4/8/2013 (ka). (Entered: 04/05/2013) |
| 04/05/2013 | 159 | LETTER addressed to Honorable Lorna Schofield from Amy R. Gurvey dated April 4, 2013; re: Plaintiff writes this letter giving the status of the case; and contests the status |

| | | report submitted by defendant's attorney, Richard Supple, Esq. with her comments herein. Document filed by Amy R. Gurvey.(sc) Modified on 4/9/2013 (sc). (Entered: 04/09/2013) |
|---|---|---|
| 04/08/2013 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 158 HAS BEEN REJECTED. Note to Attorney Amy Rebecca Weissbrod : THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (ka) (Entered: 04/08/2013) |
| 04/10/2013 | 160 | RESPONSE in Opposition re: 150 CROSS MOTION to Disqualify Counsel *Extend Time to Effect Service and for a Writ of Replevin to Mandate Return of Electronic Files from Previous Attorneys Squitieri & Fearon, LLP. and in Further Support re: 132 MOTION TO DISMISS.* Document filed by Michael Gordon, Susan Schick. (Berlin, Michael) (Entered: 04/10/2013) |
| 04/10/2013 | 161 | DECLARATION of Michael A. Berlin in Opposition re: 150 CROSS MOTION to Disqualify Counsel *Extend Time to Effect Service and for a Writ of Replevin to Mandate Return of Electronic Files from Previous Attorneys Squitieri & Fearon, LLP..* Document filed by Michael Gordon, Susan Schick. (Berlin, Michael) (Entered: 04/10/2013) |
| 04/10/2013 | 162 | DECLARATION of Michael I. Wolfson in Opposition re: 150 CROSS MOTION to Disqualify Counsel *Extend Time to Effect Service and for a Writ of Replevin to Mandate Return of Electronic Files from Previous Attorneys Squitieri & Fearon, LLP..* Document filed by Michael Gordon, Susan Schick. (Berlin, Michael) (Entered: 04/10/2013) |
| 04/10/2013 | 163 | DECLARATION of Marisol Rivera in Opposition re: 150 CROSS MOTION to Disqualify Counsel *Extend Time to Effect Service and for a Writ of Replevin to Mandate Return of Electronic Files from Previous Attorneys Squitieri & Fearon, LLP..* Document filed by Michael Gordon, Susan Schick. (Berlin, Michael) (Entered: 04/10/2013) |
| 04/10/2013 | 164 | AFFIDAVIT OF SERVICE of Declaration of Michael A. Berlin in Support of the Gordons' Response and in Further Support of their Motion to Dismiss the Complaint, Memorandum of Law, and Declarations of Marisol Rivera and Michael I. Wolfson served on all parties of record via ECF and regular mail upon Plaintiff on 04/10/13. Document filed by Michael Gordon, Susan Schick. (Berlin, Michael) (Entered: 04/10/2013) |
| 04/10/2013 | 165 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** STATUS REPORT. *Writ of Replevin of Plaintiff's files from former attorneys Squitieri & Fearon, LLP and Extension of Time to Comply With Def Cowan's Discovery Requests* Document filed by Amy R. Gurvey.(Weissbrod, Amy) Modified on 4/11/2013 (ka). (Entered: 04/10/2013) |
| 04/10/2013 | 166 | Letter addressed to Judge Lorna G. Schofield, from Richard Supple, dated 4/5/2013, re: In accordance with your order, dated March 19, 2013, the defendants, as listed herein, hereby submit their joint letter advising as to the status of this case. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Michael Gordon, Midge Hyman, Christopher Jensen, Susan Schick.(ja) (Entered: 04/11/2013) |
| 04/10/2013 | 167 | Letter addressed to Judge Lorna G. Schofield, from Amy R. Gurvey, dated 4/4/2013, re: Pursuant to the District Court's scheduling order - status letter and comments to the status document submitted by Cowan Liebowitz & Latman, P.C.'s attorney Richard Supple, Esq. Plaintiff contests Cowan's report on several grounds. Document filed by Amy R. Gurvey. (ja) (Entered: 04/11/2013) |
| 04/10/2013 | 168 | ORDER: The conference previously scheduled for April 11, 2013 is hereby adjourned. The parties shall submit a joint status letter to this Court by June 11, 2013. The clerk is directed to mail a copy of this order to the pro se Plaintiff. (Signed by Judge Lorna G. Schofield on 4/10/2012) (ja) (Entered: 04/11/2013) |

EXHIBIT 12

| 04/10/2013 | | Transmission to Docket Assistant Clerk. Transmitted re: 168 Order, Set Hearings to the Docket Assistant Clerk for case processing. (ja) (Entered: 04/11/2013) |
| --- | --- | --- |
| 04/11/2013 | | Mailed a copy of 168 Order, Set Hearings, to Amy R. Gurvey 315 Highland Avenue Montclair, NY 07043 (sdi) (Entered: 04/11/2013) |
| 04/11/2013 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 165 HAS BEEN REJECTED. Note to Attorney Amy Rebecca Weissbrod : THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (ka) (Entered: 04/11/2013) |
| 06/11/2013 | 170 | Letter addressed to Judge Lorna G. Schofield from Amy R. Gurvey dated 6/11/13 re: Plaintiff's 2nd Status Letter. Document filed by Amy R. Gurvey. (Attachments: # 1 letter, # 2 letter, # 3 letter, # 4 letter, # 5 letter)(sc) Modified on 6/14/2013 (jcs). (Entered: 06/12/2013) |
| 06/18/2013 | 171 | DECLARATION of J. Richard Supple, Jr. in Support re: 145 MOTION for Sanctions *Pursuant to Fed.R.Civ.P.37 (b)(2) and (c)(1)*.. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Supple, John) (Entered: 06/18/2013) |
| 06/18/2013 | 172 | AFFIDAVIT OF SERVICE of Declaration of J. Richard Supple, Jr. with annexed Exhibits A-J served on Amy Gurvey on June 18, 2013. Service was made by ECF; First Class Mail and Overnight Mail. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 06/18/2013) |
| 06/18/2013 | 173 | LETTER addressed to Judge Lorna G. Schofield from Richard Supple dated 6/11/2013 re: In accordance with your order, dated April 11, 2013, defendants Cowan Liebowitz & Latman, P.C. ("Cowan Firm"), William Borchard, Midge Hyman, Baila Celedonia, Christopher Jensen (altogether, the "Cowan Defendants"), Michael Gordon ("Gordon") and Susan Schick (Schick") hereby submit their joint letter advising as to the status of this case. The Cowan Defendants are represented by Richard Supple of Hinshaw & Culbertson LLP. Gordon and Schick are represented by Michael Berlin of Greenberg Traurig LLP.. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen.(rsh) (Entered: 06/19/2013) |
| 06/18/2013 | 174 | LETTER addressed to Judge Lorna G. Schofield from Richard Supple dated 6/12/2013 re: This firm represents the defendant group in this case known as the Cowan Defendants. We have received plaintiff Amy Gurvey's "status" letter to the Court, dated yesterday, and respectfully request that the Court schedule a conference to discuss moving this matter forward. The Cowan Defendants dispute virtually everything in Gurvey's letter, which was not responsive to the Court's order. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen.(rsh) (Entered: 06/19/2013) |
| 06/19/2013 | 175 | LETTER addressed to Judge Lorna G. Schofield and Magistrate Judge Henry B. Pitman from Amy R. Gurvey dated 6/11/2013 re: Plaintiff prays that his Status Letter be accepted, that Plaintiffs proposed 5AC be authorized for service, that Plaintiffs motion for Rule 37 sanctions, be denied, and that a scheduling order be issued to compel production of all Cowan's outstanding discovery and depositions, discovery to include but not be limited to, all work and correspondence for Cowan clients in the field of Plaintiffs inventions since 2001, disciplinary proceedings, adverse orders in other litigation's, and all communications hard and electronic with Plaintiffs previous attorneys at S&F. |

EXHIBIT 12
Page 136 of 808

| | | |
|---|---|---|
| | | Plaintiff also seeks four additional weeks prior to scheduling conference to complete review of S&F's electronic files and submit appellants briefs to the Ninth Circuit. Document filed by Amy R. Gurvey.(rsh) (Entered: 06/19/2013) |
| 07/15/2013 | 176 | OPINION AND ORDER #103404 re: 154 MOTION for Extension of Time To Comply with Def Cowan's Request for Docs, to Further Respond to Court's Jan 14, 2013 Order and Respond to Def Cowan's Motion for Rule 37 Sanctions filed by Amy R. Gurvey, 119 CROSS MOTION to Strike Document No. 116 certain matter from the plaintiff's proposed Fifth Amended Complaint CROSS MOTION to Strike Document No. 116 certain matter from the plaintiff's proposed Fifth Amended Complaint filed by Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen, William Borchard, 150 CROSS MOTION to Disqualify Counsel Extend Time to Effect Service and for a Writ of Replevin to Mandate Return of Electronic Files from Previous Attorneys Squitieri & Fearon, LLP filed by Amy R. Gurvey. Accordingly, for all the foregoing reasons, plaintiff's motion for leave to amend (Docket Item 116) is denied, defendants' cross-motion to strike (Docket Item 119) is denied, plaintiff's motion to disqualify (Docket Item 150) is denied, plaintiff's motion for leave to serve defendants Michael Gordon and Susan Gordon and to compel discovery (Docket Item 150) is denied l plaintiff's motion for an extension of time to respond to defendants' discovery requests I my January 14, 2013 Order and defendants' motion for sanctions (Docket Item 154) is denied, and plaintiff's motion for sanctions (Docket Item 169) is denied. By no later than August 5, 2013, plaintiff is ordered to show cause why sanctions should not be imposed on her for her improper Rule 26(a)(1) disclosures and her failure to comply with my Orders of October 10, 2012 and January 14, 2013. Finally by no later than August 5, 2013, defendants are directed to answer plaintiff's Third Amended Complaint. SO ORDERED. (Signed by Magistrate Judge Henry B. Pitman on 7/15/2013) Copies Sent By Chambers. (rsh) Modified on 7/26/2013 (sdi). (Entered: 07/16/2013) |
| 07/15/2013 | | Set/Reset Deadlines: William Borchard answer due 8/5/2013; Baila Celedonia answer due 8/5/2013; Clear Channel Communications, Inc. answer due 8/5/2013; Michael Gordon answer due 8/5/2013; Dale Head answer due 8/5/2013; Midge Hyman answer due 8/5/2013; Instant Live Concerts, LLC answer due 8/5/2013; Christopher Jensen answer due 8/5/2013; Live Nation, Inc. answer due 8/5/2013; Nexticketing, Inc. answer due 8/5/2013; Susan Schick answer due 8/5/2013; Steve Simon answer due 8/5/2013. (rsh) (Entered: 07/16/2013) |
| 07/30/2013 | 177 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for Reconsideration *of Docket Orders 176, 177.* Document filed by Amy R. Gurvey. (Attachments: # 1 Affidavit Declaration Legal Memorandum, # 2 Supplement)(Weissbrod, Amy) Modified on 7/31/2013 (db). (Entered: 07/30/2013) |
| 07/31/2013 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document 177 MOTION for Reconsideration *of Docket Orders 176, 177.* ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db)** (Entered: 07/31/2013) |
| 07/31/2013 | 178 | REPORT AND RECOMMENDATION re: 132 MOTION to Dismiss *the Third Amended Complaint* filed by Susan Schick, Michael Gordon. For all the foregoing reasons, I respectfully recommend that the Gordons' motion to dismiss (Docket Item 132) be granted and that plaintiff's cross-motion for an extension of time to complete service on the Gordons (Docket Item 150) be denied. Objections to R&R due by 8/19/2013. (Signed by Magistrate Judge Henry B. Pitman on 7/31/2013) Copies Mailed By Chambers. (ft) Modified on 7/31/2013 (ft). (Entered: 07/31/2013) |

EXHIBIT 12
Page 137 of 808                     28/69

| 08/01/2013 | 179 | NOTICE OF CHANGE OF ADDRESS by John Richard Supple, Jr on behalf of William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. New Address: Hinshaw & Culbertson LLP, 800 Third Avenue, 13th Floor, New York, New York, USA 10022, (212) 471-6200. (Supple, John) (Entered: 08/01/2013) |
|---|---|---|
| 08/01/2013 | 180 | ANSWER to 47 Amended Complaint,. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 08/01/2013) |
| 08/01/2013 | 181 | AFFIDAVIT OF SERVICE of Answer to Third Amended Complaint and Notice of Address Change served on Amy Gurvey on 08/01/13. Service was made by ECF, First Class Mail and Overnight mail. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 08/01/2013) |
| 08/01/2013 | 182 | MOTION for Reconsideration *to Magistrate's Docket Order #176*. Document filed by Amy R. Gurvey.(Weissbrod, Amy) (Entered: 08/01/2013) |
| 08/01/2013 | 183 | DECLARATION in Support re: 182 MOTION for Reconsideration *to Magistrate's Docket Order #176.*. Document filed by Amy R. Gurvey. (Attachments: # 1 Supplement Nith Cir Brief of Plaintiff Appellant Gurvey v. Legend Films et al., 12-57268 (9th Cir)) (Weissbrod, Amy) (Entered: 08/01/2013) |
| 08/05/2013 | 184 | DECLARATION in Support re: 182 MOTION for Reconsideration *to Magistrate's Docket Order #176.*. Document filed by Amy R. Gurvey. (Weissbrod, Amy) (Entered: 08/05/2013) |
| 08/08/2013 | 185 | ENDORSED LETTER addressed to Magistrate Judge Henry B. Pitman from Richard Supple dated 8/6/2013 re: Counsel requests that they be granted until August 21, 2013 to respond to Plaintiffs Declaration and Legal Memorandum, in Further Support of Reconsideration and Excusable Delay in Discovery, dated August 5, 2013, as well as her Notice of Motion for Reconsideration, dated August 1, 2013. ENDORSEMENT: APPLICATION GRANTED. (Responses due by 8/21/2013.) (Signed by Magistrate Judge Henry B. Pitman on 8/7/2013) (ft) Modified on 8/8/2013 (ft). (Entered: 08/08/2013) |
| 08/19/2013 | 186 | OPINION AND ORDER re: 132 MOTION to Dismiss *the Third Amended Complaint* filed by Susan Schick, Michael Gordon. The Court has carefully reviewed Magistrate Judge Pitman's thorough and well reasoned Report, to which no objections were made, and finds no clear error on the face of the record. Dismissal of Michael Gordon and Susan Gordon from this action is appropriate. Accordingly, the Court AFFIRMS Magistrate Judge Pitman's Report and ADOPTS it in its entirety. The Clerk of Court is directed to close the motion at Docket Number 132 and to terminate Michael Gordon and Susan Gordon from this action., Michael Gordon terminated. (Signed by Judge Lorna G. Schofield on 8/19/2013) (lmb) (Entered: 08/19/2013) |
| 08/21/2013 | 187 | RESPONSE in Opposition to 182 MOTION for Reconsideration *to Magistrate's Docket Order #176.*. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Supple, John) (Entered: 08/21/2013) |
| 08/21/2013 | 188 | AFFIDAVIT OF SERVICE of Declaration of J. Richard Supple, Jr. in Response to Plaintiff Amy Gurvey's Notice of Motion for Reconsideration and "Excusable Delay in Discovery" served on Amy R. Gurvey on 08/21/13. Service was made by ECF and overnight mail. Document filed by William Borchard, Baila Celedonia, Cowan, |

EXHIBIT 12
Page 138 of 808

| | | |
|---|---|---|
| | | Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 08/21/2013) |
| 08/22/2013 | 189 | LETTER addressed to Judge Lorna G. Schofield from Richard Supple dated 8/22/2013 re: I write in response to plaintiff Amy Gurvey's letter of this date. Her application should be denied. Document filed by William Borchard, Baila Celedonia, Clear Channel Communications, Inc., Cowan, Liebowitz & Lathman, PC, Dale Head, Midge Hyman, Instant Live Concerts, LLC, Christopher Jensen, Live Nation, Inc., Nexticketing, Inc., Susan Schick, Steve Simon.(lmb) (Entered: 08/23/2013) |
| 08/23/2013 | 190 | ENDORSED LETTER addressed to Judge Lorna G. Schofield from Amy R. Gurvey dated 8/22/2013 re: Plaintiff now requests a stay of 45 days to retain trial and legal ethics counsel to reply to defendants' opposition to Plaintiff's sub judice motion for reconsideration. Defendants have cross-moved for Rule 37 sanction that is ludicrous under these circumstances. ENDORSEMENT: APPLICATION DENIED. Because this case is referred to the Honorable Magistrate Judge Henry Pitman for general pretrial supervision, any request for an extension of time with respect to the motion for reconsideration currently pending before him, must be directed to him. (Signed by Judge Lorna G. Schofield on 8/22/2013) (lmb) (Entered: 08/23/2013) |
| 08/23/2013 | 191 | LETTER addressed to Judge Lorna G. Schofield from Amy Gurvey, dated 8/22/13 re: Plaintiff requests a stay of forty-five(45) days in which to retain trial and legal ethics counsel to reply to defendants' opposition to Plaintiff's sub judice motion for reconsideration.. Document filed by Amy R. Gurvey.(sc) (Entered: 08/26/2013) |
| 08/28/2013 | 192 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** MOTION for Extension of Time *to file Reply to Plaintiff's Motino for Reconsider and for the Court to Issue Subpoenas Against Plaintiff's Patent Attorneys.* Document filed by Amy R. Gurvey.(Weissbrod, Amy) Modified on 8/29/2013 (db). (Entered: 08/28/2013) |
| 08/29/2013 | | **\*\*\*NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 192 HAS BEEN REJECTED. Note to Attorney Amy Rebecca Weissbrod : THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (db)** (Entered: 08/29/2013) |
| 08/29/2013 | 193 | ENDORSED LETTER addressed to Magistrate Judge Henry B. Pitman, from Amy R. Gurvey, dated 8/27/2013, re: Plaintiff's herein applies for a 30-day extension of time to submit a formal Reply to Plaintiff's reconsideration motion concerning her proposed 5AC for damages post patent issuance and for Cowan's spoliation of Plaintiff's patent-related files in anticipation of litigation... ENDORSEMENT: Application denied. New factual material cannot be submitted in connection with a motion for reconsideration. (Signed by Magistrate Judge Henry B. Pitman on 8/29/2013) (ja) (Entered: 08/30/2013) |
| 08/30/2013 | 194 | LETTER addressed to Magistrate Judge Henry B. Pitman from Amy Gurvey, dated 8/27/13 re: Plaintiff applies for a 30-day extension of time to submit a formal Reply to Plaintiff 's reconsideration motion concerning her proposed 5AC for damages post patent issance and for Cowan's spoliation of Plaintiff's patent-related files in anticipation of litigation. Document filed by Amy R. Gurvey.(sc) Modified on 9/5/2013 (mj). (Entered: 09/03/2013) |
| 08/30/2013 | 195 | LETTER addressed to Magistrate Judge Henry B. Pitman from Amy R. Weissbrod dated 8/30/13 re: "Plaintiff's Application for Signed Subpoenas and Extension of Time" in response to the letter to the Court by Richard Supple, Esq. Document filed by Amy R. Gurvey.(sc) Modified on 9/5/2013 (mj). (Entered: 09/03/2013) |

| 01/04/2014 | 196 | LETTER addressed to Magistrate Judge Henry B. Pitman from Amy Weissbrod Gurvey, Plaintiff dated Jan 3 2014 re: Response to Magistrate's Order that Plaintiff explain how her amended complaint pertains to claims upheld by the Second Circuit. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit P's Ulcerative Colitis Scan)(Weissbrod, Amy) (Entered: 01/04/2014) |
| 01/04/2014 | 197 | REPLY MEMORANDUM OF LAW in Support re: 182 MOTION for Reconsideration *to Magistrate's Docket Order #176*.. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit Certification of Service, # 2 Exhibit Plaintiff's Medical Report Ulcerative Colitis, # 3 Exhibit 9th Cir Case No 12/57268 Plaintiff's Reply Brief Gurvey v. Legend Films) (Weissbrod, Amy) (Entered: 01/04/2014) |
| 01/07/2014 | 198 | MEMO ENDORSEMENT on re: 196 Letter, filed by Amy R. Gurvey. ENDORSEMENT: I have never issued any Order in this matter directing plaintiff "to explain how [the] Cowan defendants' [alleged] breach of fiduciary duty, patent malpractice, breach of attorney client privilege and fraud... pertain to Plaintiff's claims" or why plaintiff is entitled to further amend her complaint. In short, the factual predicate for the letter asserted in its first paragraph does not exist. Because I have not requested the attached letter and the attached letter does not constitute any kind of cognizable motion or request for relief, I am taking no action concerning the attached letter. (Signed by Magistrate Judge Henry B. Pitman on 1/7/2014) Copies Sent By Chambers. (tro) (Entered: 01/07/2014) |
| 01/23/2014 | 199 | LETTER addressed to Magistrate Judge Henry B. Pitman from Amy R. Gurvey dated 1/22/14 re: PLAINTIFF'S SUB JUDICE MOTION FOR RECONSIDERATION. Document filed by Amy R. Gurvey.(sc) (Entered: 01/24/2014) |
| 02/25/2014 | 200 | OPINION AND ORDER 104017 re: 182 MOTION for Reconsideration *to Magistrate's Docket Order #176*, filed by Amy R. Gurvey. By notice of motion dated July 30, 2013, Plaintiff moves for reconsideration of both my July Order and an Order issued by the Honorable Barbara Jones, United States District Judge, now retired, on April 5, 2012 (Docket Item 182). Accordingly, for all the foregoing reasons, plaintiff's motion for reconsideration is denied (Docket Item 182). Additionally, defendants' motion for sanctions is granted (Docket Item 147) to the extent that it seeks (1) forfeiture of plaintiff's right to seek enforcement of her discovery requests that were the subject of my January 2013 Order and (2) attorney's fees and costs defendants incurred in making their motion. Defendants are directed to submit contemporaneous billing records and the information necessary to evaluate the reasonableness of their attorneys' billing rates, along with invoices for any costs they have incurred, within twenty-one (21) days of this Order. Plaintiff is directed to submit her response no later than twenty-one (21) days thereafter. Plaintiff is also directed to amend its initial disclosures in compliance with Rule 26(a)(1) no later than twenty-one (21) days of this Order. Plaintiff's failure to comply with these deadlines will result in forfeiture of her right to serve future document requests and may preclude plaintiff from offering any evidence not yet produced at trial or in connection with any motion. The parties are also directed to appear for a follow-up conference in this matter on March 19, 2014 at 9:30 a.m. so that a discovery schedule may be set. Finally, future conduct by plaintiff will not be tolerated. PLAINTIFF IS HEREBY WARNED THAT ANY FURTHER NONCOMPLIANCE WITH THIS ORDER, PAYMENT OF EXPENSES OR ATTORNEY'S FEES IN CONNECTION WITH THIS MOTION OR OTHER OBLIGATIONS IMPOSED BY THE FEDERAL RULES OF CIVIL PROCEDURE OR LOCAL RULES OF THIS COURT MAY RESULT IN SANCTIONS INCLUDING DISMISSAL OF THIS ACTION. SO ORDERED. (Signed by Magistrate Judge Henry B. Pitman on 2/25/2014) Copies Mailed By Chambers. (ja) Modified on 3/5/2014 (nt). (Entered: 02/25/2014) |

| 02/25/2014 | | Set/Reset Hearings: Status Conference set for 3/19/2014 at 09:30 AM before Magistrate Judge Henry B. Pitman. (ja) (Entered: 02/25/2014) |
|---|---|---|
| 02/28/2014 | [201](#) | MOTION to Remand to State Court. Document filed by Amy R. Gurvey. Return Date set for 3/19/2014 at 09:30 AM.(Weissbrod, Amy) (Entered: 02/28/2014) |
| 02/28/2014 | [202](#) | DECLARATION of Amy R. Weissbrod Gurvey in Support re: [201](#) MOTION to Remand to State Court.. Document filed by Amy R. Gurvey. (Attachments: # [1](#) Exhibit 2d Cir Order Feb 10 2012, # [2](#) Exhibit Award of SDNY Arbitrator Aug 4 2009, # [3](#) Exhibit Medical Rept John Penek MD Feb 21 2014, # [4](#) Exhibit Ps SSA Disability 2013, # [5](#) Exhibit Reply Ps Motion for Reconsideration to July 2013 Order (Docket #176), # [6](#) Exhibit Ps Letter Response to Order, # [7](#) Exhibit Ps Resume, # [8](#) Exhibit Ps Appl for Subpoenas from Patent Attorneys)(Weissbrod, Amy) (Entered: 02/28/2014) |
| 03/01/2014 | [203](#) | MOTION re: to remand to Supreme Court of NY, NY County. Document filed by Amy R. Gurvey. (Attachments: # [1](#) Main Document)(sac) (Entered: 03/03/2014) |
| 03/03/2014 | [204](#) | ORDER: It is hereby ORDERED that Plaintiff shall file her memorandum of law, if any, by March 17, 2014; it is further ORDERED that Defendants shall file their opposition, if any, by March 31, 2014; it is further ORDERED that Plaintiff shall file her reply, if any, by April 7, 2014. The clerk is directed to mail a copy of this order to the pro se Plaintiff. Responses due by 3/31/2014. Replies due by 4/7/2014. (Signed by Judge Lorna G. Schofield on 3/3/2014) (ft) (Entered: 03/04/2014) |
| 03/03/2014 | | Transmission to Docket Assistant Clerk. Transmitted re: [204](#) Scheduling Order to the Docket Assistant Clerk for case processing. (ft) (Entered: 03/04/2014) |
| 03/04/2014 | | Mailed a copy of [204](#) Scheduling Order, to Amy R. Gurvey 315 Highland Avenue Upper Monclair, NJ 07043 (nt) (Entered: 03/04/2014) |
| 03/05/2014 | [205](#) | DECLARATION of J. Richard Supple, Jr. re: [200](#) Memorandum & Opinion,,,,,,,,. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Affidavit of Service)(Supple, John) (Entered: 03/05/2014) |
| 03/12/2014 | [206](#) | **FILING ERROR - DEFICIENT DOCKET ENTRY** - FIRST MOTION to Amend/Correct *3AC and to File and Serve 6AC based on Defendants' First Document Production*. Document filed by Amy R. Gurvey. Return Date set for 3/19/2014 at 09:30 AM. (Attachments: # [1](#) Exhibit Ps Declaration in Support of Motion, # [2](#) Exhibit 2d Cir Order Feb 10 2012, # [3](#) Exhibit SDNY Award of Arbitrator Aug 4, 2009, # [4](#) Exhibit Cowan Emails re Legend, # [5](#) Exhibit Schick Cowan 2002 Email1, # [6](#) Exhibit Schick Cowan 2002 Email2, # [7](#) Exhibit Legend Exec Sum June 2001, # [8](#) Exhibit legend Financial Press Release, # [9](#) Exhibit Sandrew Short USPTO Patent List)(Weissbrod, Amy) Modified on 3/13/2014 (db). (Entered: 03/12/2014) |
| 03/12/2014 | [207](#) | PLAINTIFF PRO SE'S NOTICE OF MOTION TO FILE & SERVE A SIXTH AMENDED COMPLAINT("6AC") BASED ON COWAN DEFENDANTS' FIRST DOCUMENT PRODUCTION. Document filed by Amy R. Gurvey. (Attachments: # [1](#) Notice of Motion, # [2](#) Notice of Motion, # [3](#) Notice of Motion, # [4](#) Notice of Motion, # [5](#) Notice of Motion)(sc) (Entered: 03/13/2014) |
| 03/13/2014 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document 206 FIRST MOTION to Amend/Correct *3AC and to File and Serve 6AC based on Defendants' First Document Production*. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db)** (Entered: 03/13/2014) |

| 03/17/2014 | 208 | MEMORANDUM OF LAW in Support re: 203 MOTION to Remand to State Court. *Ordered by Hon. Lorna Schofield (Docket #204)*. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit Ps Certification of Service)(Weissbrod, Amy) (Entered: 03/17/2014) |
|---|---|---|
| 03/17/2014 | 209 | RULE 26 DISCLOSURE.Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit Ps Previous rule 26(a)(1) disclosures filed in November 9, 2012 (that it does not appear were previously considered))(Weissbrod, Amy) (Entered: 03/17/2014) |
| 03/17/2014 | 210 | RULE 26 DISCLOSURE.Document filed by Amy R. Gurvey.(Weissbrod, Amy) (Entered: 03/17/2014) |
| 03/19/2014 | | Minute Entry for proceedings held before Magistrate Judge Henry B. Pitman: Status Conference held on 3/19/2014. Order to follow. (bh) (Entered: 03/19/2014) |
| 03/21/2014 | 211 | ORDER: that Defendants shall serve and file their opposition to plaintiff's motion to file a Sixth Amended Complaint (Docket Item 207) no later than 5/5/2014. Plaintiff shall serve and file her reply no later than 5/26/2014. Fact Discovery due by 9/19/2014. If plaintiff intends to rely on expert testimony, she shall make all disclosures required by Fed.R.Civ.P. 26(a)(2) no later than 10/20/2014. If defendants intend to rely on expert testimony, they shall make all disclosures required by Fed.R.Civ.P. 26(a)(2) no later than 11/21/2014. Expert Discovery due by 12/22/2014. Additional dispositive motions, if any, due by 1/23/2015. Set Deadlines/Hearing as to 207 MOTION for Leave to File Sixth Amended Complaint: Responses due by 5/5/2014, Replies due by 5/26/2014. (Signed by Magistrate Judge Henry B. Pitman on 3/21/2014) Copies Transmitted By Chambers. (tn) (Entered: 03/21/2014) |
| 03/23/2014 | 212 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** FIRST MOTION for Reconsideration *of Magistrate's Order Entered 2/25/14*. Document filed by Amy R. Gurvey. Return Date set for 4/9/2014 at 09:30 AM. (Attachments: # 1 Exhibit Amended rule 26(a) Disclosure Filed 3-17-14, # 2 Errata Orig Rule 26(a) Disclosure 11-9-12) (Weissbrod, Amy) Modified on 3/24/2014 (db). (Entered: 03/23/2014) |
| 03/24/2014 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document 212 FIRST MOTION for Reconsideration of Magistrate's Order Entered 2/25/14. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db)** (Entered: 03/24/2014) |
| 03/24/2014 | 213 | PLAINTIFF PRO SE'S NOTICE OF MOTION FOR RECONSIDERATION OF THE DISTRICT MAGISTRATE'S 2/25/14 ORDER GRANTING DISCOVERY SANCTIONS; re: 200 Memorandum & Opinion. Document filed by Amy R. Gurvey.(sc) (Entered: 03/24/2014) |
| 03/26/2014 | 214 | NOTICE OF INTERLOCUTORY APPEAL from 176 Memorandum & Opinion,,,,,,, 200 Memorandum & Opinion,,,,,,,. Document filed by Amy R. Gurvey. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Weissbrod, Amy) (Entered: 03/26/2014) |
| 03/26/2014 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 214 Notice of Interlocutory Appeal. (tp) (Entered: 03/26/2014) |
| 03/26/2014 | | Appeal Fee Due: for 214 Notice of Interlocutory Appeal. Appeal fee due by 4/9/2014. (tp) (Entered: 03/26/2014) |
| 03/26/2014 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files *(ONLY)* for 214 Notice of Interlocutory Appeal filed by Amy R. Gurvey were transmitted to the U.S. Court of Appeals. *(APPELLANT'S COUNSEL IS* |

|  |  |  |
|---|---|---|
|  |  | **RESPONSIBLE FOR THE PHYSICAL SUPPLEMENTAL INDEX FOR ANY AND ALL NON-ECF DOCUMENTS, ONCE THE CASE IS OPENED IN THE SECOND CIRCUIT)** (tp) (Entered: 03/26/2014) |
| 03/28/2014 | 215 | NOTICE OF ECF DOCKETING ERROR. Document filed by Amy R. Gurvey. (sc) (Entered: 03/28/2014) |
| 03/31/2014 | 216 | DECLARATION of J. Richard Supple, Jr. in Opposition re: 201 MOTION to Remand to State Court.. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Supple, John) (Entered: 03/31/2014) |
| 03/31/2014 | 217 | MEMORANDUM OF LAW in Opposition re: 201 MOTION to Remand to State Court.. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 03/31/2014) |
| 03/31/2014 | 218 | AFFIDAVIT OF SERVICE of Declaration of J. Richard Supple, Jr. with Exhibits A-L and Memorandum of Law in Opposition to Plaintiff's Motion to Remand served on Amy R. Gurvey on 03/31/2014. Service was made by Overnight Mail and ECF. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 03/31/2014) |
| 04/07/2014 | 219 | REPLY MEMORANDUM OF LAW in Support re: 203 MOTION to Remand to State Court.. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit Rule 11 Ltr Reiterating Discovery Document Requests, # 2 Exhibit Notice Letter to Magistrate that Cowan defs will not comply with discovery April 4, 2014)(Weissbrod, Amy) (Entered: 04/07/2014) |
| 04/09/2014 | 220 | LETTER addressed to Judge Lorna G. Schofield from J. Richard Supple, Esq. dated 04/09/2014 re: setting a schedule for Plaintiff Amy Gurvey's appeal of Magistrate Judge Henry Pitman's Order sanctioning Plaintiff and to Object to Plaintiff's improper reply in support of her motion to remand. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Affidavit of Service)(Supple, John) (Entered: 04/09/2014) |
| 04/09/2014 | 221 | LETTER addressed to Magistrate Judge Henry B. Pitman from Amy Gurvey, dated 4/4/14 re: MAGISTRATE'S 3/19/14 CONFERENCE INSTRUCTIONS/COWAN DEFENDANTS' NOTICE REFUSING TO PRODUCE DISCOVERY DOCUMENTS. Document filed by Amy R. Gurvey.(sc) (Entered: 04/11/2014) |
| 04/24/2014 | 222 | NOTICE OF STAY OF APPEAL re: 214 Notice of Interlocutory Appeal. A notice of appeal was filed in this case on 3/26/2014. Since at least one motion cited in F.R.A.P. 4(a)(4) has been filed in the district court, this appeal is stayed pending resolution of the motion(s). **USCA Case No. 14-0960-cv.**] (nd) (Entered: 04/25/2014) |
| 04/28/2014 | 223 | MOTION for Sanctions *Federal Rule of Procedure Rule 11(b)(1) and (2)*. Document filed by William Borchard, Baila Celedonia, Clear Channel Communications, Inc., Cowan, Liebowitz & Lathman, PC, Does, Michael Gordon, Dale Head, Midge Hyman, Instant Live Concerts, LLC, Christopher Jensen, Live Nation, Inc., Nexticketing, Inc., Susan Schick, Steve Simon.(Supple, John) (Entered: 04/28/2014) |
| 04/28/2014 | 224 | MOTION for Sanctions *Fed. R. Civ. P. 11(b)(1), (2) and (3)*. Document filed by William Borchard, Baila Celedonia, Clear Channel Communications, Inc., Cowan, Liebowitz & Lathman, PC, Does, Michael Gordon, Dale Head, Midge Hyman, Instant Live Concerts, LLC, Christopher Jensen, Live Nation, Inc., Nexticketing, Inc., Susan Schick, Steve Simon.(Supple, John) (Entered: 04/28/2014) |

| 04/28/2014 | 225 | DECLARATION of J. Richard Supple, Jr., Esq. in Support re: 224 MOTION for Sanctions *Fed. R. Civ. P. 11(b)(1), (2) and (3).*, 223 MOTION for Sanctions *Federal Rule of Procedure Rule 11(b)(1) and (2)..* Document filed by William Borchard, Baila Celedonia, Clear Channel Communications, Inc., Cowan, Liebowitz & Lathman, PC, Does, Michael Gordon, Dale Head, Midge Hyman, Instant Live Concerts, LLC, Christopher Jensen, Live Nation, Inc., Nexticketing, Inc., Susan Schick, Steve Simon. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q)(Supple, John) (Entered: 04/28/2014) |
| 04/28/2014 | 226 | MEMORANDUM OF LAW in Support re: 224 MOTION for Sanctions *Fed. R. Civ. P. 11(b)(1), (2) and (3).*, 223 MOTION for Sanctions *Federal Rule of Procedure Rule 11(b)(1) and (2).* . Document filed by William Borchard, Baila Celedonia, Clear Channel Communications, Inc., Cowan, Liebowitz & Lathman, PC, Does, Michael Gordon, Dale Head, Midge Hyman, Instant Live Concerts, LLC, Christopher Jensen, Live Nation, Inc., Nexticketing, Inc., Susan Schick, Steve Simon. (Supple, John) (Entered: 04/28/2014) |
| 04/28/2014 | 227 | AFFIDAVIT OF SERVICE of Notice of Motion for Sanctions Pursuant to Fed.R.Civ.P. 11(b)(1) and 11(b)(2), Notice of Motion for Sanctions Pursuant to Fed.R.Civ.P. 11(b)(1), (2) and (3), Declaration of J. Richard Supple, Jr., Esq., in Support of Defendants' Motions for Sanctions with Exhibits A-Q, and Memorandum of Law in Support of Rule 11 Motions for Sanctions Against Plaintiff served on Amy R. Gurvey on April 25, 2014. Service was made by Mail. Document filed by William Borchard, Baila Celedonia, Clear Channel Communications, Inc., Cowan, Liebowitz & Lathman, PC, Does, Michael Gordon, Dale Head, Midge Hyman, Instant Live Concerts, LLC, Christopher Jensen, Live Nation, Inc., Nexticketing, Inc., Susan Schick, Steve Simon. (Supple, John) (Entered: 04/28/2014) |
| 04/28/2014 | 228 | ORDER: It is hereby ORDERED that Plaintiff's appeal of the February 25, 2014 Order, which will be considered as an objection under Rule 72 of the Federal Rules of Civil Procedure, is hereby stayed pending the decision of Magistrate Judge Pitman on the Motion for Reconsideration. SO ORDERED. (Signed by Judge Lorna G. Schofield on 4/28/2014) (kgo) (Entered: 04/28/2014) |
| 05/05/2014 | 229 | DECLARATION of J. Richard Supple in Opposition re: 213 MOTION for Reconsideration re; 200 Memorandum & Opinion,,,,,,,,.. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Exhibit A)(Supple, John) (Entered: 05/05/2014) |
| 05/05/2014 | 230 | MEMORANDUM OF LAW in Opposition re: 213 MOTION for Reconsideration re; 200 Memorandum & Opinion,,,,,,,,. . Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 05/05/2014) |
| 05/05/2014 | 231 | DECLARATION of J. Richard Supple in Opposition re: 207 MOTION for Leave to File Sixth Amended Complaint.. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Supple, John) (Entered: 05/05/2014) |
| 05/05/2014 | 232 | MEMORANDUM OF LAW in Opposition re: 207 MOTION for Leave to File Sixth Amended Complaint. . Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 05/05/2014) |

| 05/12/2014 | 233 | MOTION to Disqualify Counsel . Document filed by Amy R. Gurvey.(Weissbrod, Amy) (Entered: 05/12/2014) |
| 05/12/2014 | 234 | DECLARATION of Amy R. Weissbrod Gurvey in Support re: 233 MOTION to Disqualify Counsel .. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit Order Supreme NY August 7 1998 Hon Sheila Abdus-Salaam Index No 118826/97, # 2 Exhibit 2d Cir Case No 13-2211-cv Ps Reply Brief, # 3 Exhibit 2d Cir. Case No. 13-2211-cv Ps Opening Brief, # 4 Exhibit 2d Cir Order 462 Fed Appx. 26 Feb 10 2012, # 5 Exhibit Award of SDNY Arbitrator August 4 2009)(Weissbrod, Amy) (Entered: 05/12/2014) |
| 05/12/2014 | 235 | **FILING ERROR - DEFICIENT DOCKET ENTRY** - DECLARATION of Amy R. Weissbrod Gurvey in Support re: 233 MOTION to Disqualify Counsel .. Document filed by Amy R. Gurvey. (Weissbrod, Amy) Modified on 5/13/2014 (db). (Entered: 05/12/2014) |
| 05/12/2014 | 236 | MEMORANDUM OF LAW in Support re: 233 MOTION to Disqualify Counsel . . Document filed by Amy R. Gurvey. (Weissbrod, Amy) (Entered: 05/12/2014) |
| 05/13/2014 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document 235 Declaration in Support of Motion. ERROR(S): (1) Incomplete Document (i.e. No Court Type, No Parties, No Case Number). (2) Use Event Certificate of Service Other located under the Event Type - Service of Process. (db)** (Entered: 05/13/2014) |
| 05/15/2014 | 237 | CERTIFICATE OF SERVICE of notice of Motion, Declaration and Memo of Law Disqualification served on Richard Supple, Esq. on 5/12/2014. Document filed by Amy R. Gurvey. (Weissbrod, Amy) (Entered: 05/15/2014) |
| 05/16/2014 | 238 | LETTER addressed to Magistrate Judge Henry B. Pitman from Amy R. Weissbrod-Gurvey dated 5/13/14 re: Plaintiff submits this letter to the Court in response to Richard Supple's letter to the Court which stated that the plaintiff refused to sit for deposition; and the plaintiff states that this is a lie; that she cannot sit for deposition until June due to asbestos contamination of her home. Document filed by Amy R. Gurvey.(sc) (Entered: 05/19/2014) |
| 05/21/2014 | 239 | DECLARATION of J. Richard Supple in Support re: 224 MOTION for Sanctions *Fed. R. Civ. P. 11(b)(1), (2) and (3).*, 233 MOTION to Disqualify Counsel ., 223 MOTION for Sanctions *Federal Rule of Procedure Rule 11(b)(1) and (2)*.. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Supple, John) (Entered: 05/21/2014) |
| 05/21/2014 | 240 | REPLY MEMORANDUM OF LAW in Support re: 224 MOTION for Sanctions *Fed. R. Civ. P. 11(b)(1), (2) and (3).*, 233 MOTION to Disqualify Counsel ., 223 MOTION for Sanctions *Federal Rule of Procedure Rule 11(b)(1) and (2)*. . Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 05/21/2014) |
| 05/21/2014 | 241 | AFFIDAVIT OF SERVICE of Declaration of J. Richard Supple and Reply Memorandum of Law served on Amy R. Gurvey on 05/21/2014. Service was made by ECF and Overnight Mail. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 05/21/2014) |
| 05/26/2014 | 242 | LETTER addressed to Magistrate Judge Henry B. Pitman from Amy Weissbrod Gurvey dated 5/25/2014 re: Plaintiff therefore submits this letter and attachments in further support of her motion for reconsideration and as a Reply to her cross-motion. Document |

|  |  |  |
|---|---|---|
|  |  | filed by Amy R. Gurvey. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(sac) (Entered: 05/29/2014) |
| 05/29/2014 | 243 | REPLY MEMORANDUM OF LAW in Support re: 233 MOTION to Disqualify Counsel . . Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit Rule 26(a) Disclosures, # 2 Exhibit Defs Works in Progress 2002, # 3 Exhibit May 23 2014 J. Caher NYLJ Supple 2013 Ltr as Chair NYC Bar Comm Ethics and Discipline DDC NYU Law Survey, # 4 Exhibit Cowan Defs Discovered Email May 2003, # 5 Exhibit Cowan Def Schick Emails Feb 2002 Re-formatted October 14, 2002, # 6 Exhibit 2d Cir 462 Fed Appx 26 Feb 10 2012, # 7 Exhibit Ps Notice of Rule 11 Sanctions Outstanding Discovery Items March 31 2014, # 8 Exhibit Award of SDNY Arbitrator Aug 4 209, # 9 Exhibit Legend Films 2001 Executive Summary, # 10 Exhibit Gurvey 1-15-02 Principal Contract Date Stamped by Cowan Defs 4-17-02, # 11 Exhibit Cowan Defs Altered Contract Rider Date Stamped May 8, 2002, # 12 Exhibit Cowan USPTO Applications filed for P 5-24-02; 5-22-02, # 13 Exhibit Cowan Ltr to P April 28 2003, # 14 Exhibit Cowan USPTO Withdrawal Form for 1 Appl; Wt Proof of Svc 2003, # 15 Exhibit Ps Reconsid Reply, # 16 Exhibit 13-2211-cv Ps Parallal 2d Cir Reply Brief)(Weissbrod, Amy) (Entered: 05/29/2014) |
| 05/29/2014 | 244 | CERTIFICATE OF SERVICE of Ps Reply Cross Motion served on Richard Supple, Esq. on 5/29-2014. Document filed by Amy R. Gurvey. (Weissbrod, Amy) (Entered: 05/29/2014) |
| 07/08/2014 | 245 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** FINAL MOTION for Certificate of Appealability . Document filed by Amy R. Gurvey. Return Date set for 7/23/2014 at 11:30 PM. (Attachments: # 1 Exhibit 2d Cir July 7 2014 Motion to Consolidate Appeals Interloc Appl 14-960-cv& 13-2211-cv, # 2 Exhibit T-1080, # 3 Exhibit SDNY Gen Counsel FOIA June 19, 2014, # 4 Exhibit SDNY 1902-cv Docket, # 5 Exhibit 2d Cir Order Feb 10 2012, # 6 Exhibit Award of SDNY Arbitrator August 4 2009, # 7 Exhibit NYLJ May 27 2014)(Weissbrod, Amy) Modified on 7/9/2014 (db). (Entered: 07/08/2014) |
| 07/09/2014 |  | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF DOCUMENT ERROR. Note to Attorney Amy Rebecca Weissbrod. Document No. 245 Letter. This document is not filed via ECF. The Court permits the filing of letters including certain types of letter motions, a Motion for Certificate of Appealability must be formally filed. (db)** (Entered: 07/09/2014) |
| 07/10/2014 | 246 | FINAL MOTION for Certificate of Appealability . Document filed by Amy R. Gurvey. Return Date set for 7/23/2014 at 11:30 PM. (Attachments: # 1 Exhibit Ltr Appl to Hon. Lorna Schofield seeking Certification for Interlocutory Appeal 14-960-cv July 7 2014, # 2 Exhibit 2d Motion to Consolidate Appeals 13-2211-cv 14-906-cv July 7 2014, # 3 Exhibit Form T-1080, # 4 Exhibit USPTO Gen Counsel FOIA June 19 2014 and P's USPTO Response, # 5 Exhibit, # 6 Exhibit SDNY Docket, # 7 Exhibit Cerification of Re-Service per ECF)(Weissbrod, Amy) (Entered: 07/10/2014) |
| 07/10/2014 | 247 | CERTIFICATE OF SERVICE. Amy R. Gurvey served on 7/8/2014, answer due 9/8/2014. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit Reservice Motion to Certify Appealability)(Weissbrod, Amy) (Entered: 07/10/2014) |
| 07/18/2014 | 248 | CROSS MOTION for Filing Injunction . Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 07/18/2014) |
| 07/18/2014 | 249 | DECLARATION of J. Richard Supple, Jr. in Opposition re: 246 FINAL MOTION for Certificate of Appealability .. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # |

EXHIBIT 12
Page 146 of 808

| | | Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (Supple, John) (Entered: 07/18/2014) |
|---|---|---|
| 07/18/2014 | 250 | MEMORANDUM OF LAW in Opposition re: 246 FINAL MOTION for Certificate of Appealability . *and In Support of Defendants' Cross-Motion For A Filing Injunction 248* . Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 07/18/2014) |
| 07/18/2014 | 251 | AFFIDAVIT OF SERVICE of Notice of Cross-Motion for Filing Injunction; Declaration of J. Richard Supple, Jr. in Opposition to Plaintiff's Motion to Certify Interlocutory Orders for Appeal and In Support of Defendants' Cross-Motion For A Filing Injunction and Memorandum of Law served on Amy Gurvey on 07/18/2014. Service was made by ECF and Overnight Mail. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 07/18/2014) |
| 07/27/2014 | 252 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** FIRST MOTION to Stay *Defs Deposition Notice of Aug 5 2014 and Reply to Certify Orders and Adjudicate Motions for Interlocutory Appeal 14/960-cv*. Document filed by Amy R. Gurvey. Return Date set for 8/4/2014 at 11:30 PM. (Attachments: # 1 Exhibit Ps Declaration in Support of Motion, # 2 Exhibit Ps Letter to SDNY Withdrawing Reconsideration Motion and Noticing 2d Cir Update on Interlocutory Appeal 14-960-cv, # 3 Exhibit USPTO General Counsel Updated Notice July 21 2014, # 4 Exhibit USPTO General Counsel Notice June 19, 2014, # 5 Exhibit 9th Cir 12-57268 FRAP 10(e) Motion Supp Record on Appeal July 24, 2014, # 6 Exhibit Ps and D's Rule 26(a) Disclosures 2012, # 7 Exhibit Supple's 2013 Ltr to Presiding Justices in NYS Advocating Suspenion and Disbarment for Ethics Violations, # 8 Exhibit 2d Cir Order Feb 10 2012, # 9 Exhibit Award of SDNY Arbitrator Aug 4 2009, # 10 Exhibit Legend's 2001 Exec Sum, # 11 Exhibit Emails Cowan Production Dec 2012, # 12 Exhibit Legend Sandrew AFT Patent filings, # 13 Exhibit Squitieri & Fearon Jan 2013 Notice of Retention of 4CDs and 6 boxes Supreme NY 102516-2012, # 14 Exhibit Cert of Svc Motion to Stay Deps and Reply to Certify Orders for Interloc Appeal 14-960-cv)(Weissbrod, Amy) Modified on 7/28/2014 (db). (Entered: 07/27/2014) |
| 07/28/2014 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document 252 FIRST MOTION to Stay *Defs Deposition Notice of Aug 5 2014 and Reply to Certify Orders and Adjudicate Motions for Interlocutory Appeal 14/960-cv*. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db)** (Entered: 07/28/2014) |
| 07/30/2014 | 258 | LETTER addressed to Judge Lorna G. Schofield from Amy R. Gurvey dated 7/14/14 re: NOTICE OF REQUIRED CASE STATUS UPDATE, from the U.S.C.A. for the Second Circuit. Document filed by Amy R. Gurvey.(sc) (Entered: 08/06/2014) |
| 07/31/2014 | 253 | FIRST MOTION to Stay *of Deposition Notice*. Document filed by Amy R. Gurvey. Return Date set for 8/4/2014 at 11:30 PM.(Weissbrod, Amy) (Entered: 07/31/2014) |
| 07/31/2014 | 254 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** FIRST MOTION to Stay *Ps Declaration in Support*. Document filed by Amy R. Gurvey. Return Date set for 8/4/2014 at 11:30 PM. (Attachments: # 1 Exhibit Ps Ltr Withdrawing Motion for Recons, # 2 Exhibit USPTO Gen Counsel Notce July 21 2014, # 3 Exhibit USPTO Gen Counsel Notice June 19 2014, # 4 Exhibit 9th Cir 12-57268 Motion Suppl Record on Appeal, # 5 Exhibit Ps and Ds Rule 26(a) Disclosures 2012, # 6 Exhibit Hinshaw & Culbertson Atty Supple 2013 Ltr to Presiding NYS Justices Advocating Suspension NYU Ethics Survey June 2014, # 7 Exhibit 2d Cir Order Feb 10 2012, # 8 Exhibit SDNY Arbitration Award in Ps Favor August 4 2009, # 9 Exhibit Legend Films Exec Sum 2001, # 10 Exhibit Legend Emails Cowan Production Dec 2012, # 11 Exhibit Legend's Sandrew |

| | | AFT Patent Filings, # 12 Exhibit Squitieri Notice of Retention of 4CDs and 6 Boxes, # 13 Exhibit Cert of Svc)(Weissbrod, Amy) Modified on 7/31/2014 (db). (Entered: 07/31/2014) |
|---|---|---|
| 07/31/2014 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document 254 FIRST MOTION to Stay *Ps Declaration in Support*. Use the event type Declaration in Support of Motion found under the event list Replies, Opposition and Supporting Documents. (db)** (Entered: 07/31/2014) |
| 08/01/2014 | 255 | UNSIGNED ORDER TO SHOW CAUSE filed by Amy R. Gurvey. (Attachments: # 1 Main Document, # 2 Main Document)(vn) (Entered: 08/01/2014) |
| 08/01/2014 | 256 | LETTER from Amy Gurvey dated 7/31/14 re: Plaintiff states that it is her position that the Cowan defendants cannot proceed with depositions and that the jurisdictional and amended complaint issues are paramount; that this letter is a notice of the plaintiff's objections; and that, noting these objections(as indicated) and the change in the law, the plaintiff will rely on the Court to decide if the Cowan defendants have the right to take additional depositions at this time or if an interlocutory appeal is properly adjudicated first. Document filed by Amy R. Gurvey.(sc) (Entered: 08/04/2014) |
| 08/04/2014 | 257 | MEMO ENDORSEMENT denying 253 Motion to Stay. ENDORSEMENT: TO THE EXTENT PLAINTIFF IS SEEKING TO STAY HER DEPOSITION, THE MOTION IS DENIED. PLAINTIFF IS DIRECTED TO APPEAR FOR HER DEPOSITION ON 8-5-14 AT 9:30 AM (Signed by Magistrate Judge Henry B. Pitman on 8/4/2014) (kgo) Modified on 8/8/2014 (kgo). (Entered: 08/04/2014) |
| 08/04/2014 | | Set/Reset Deadlines: Deposition due by 8/5/2014. (kgo) (Entered: 08/04/2014) |
| 08/07/2014 | 259 | ORDER AND OPINION re: 246 FINAL MOTION for Certificate of Appealability . filed by Amy R. Gurvey, 201 MOTION to Remand to State Court. filed by Amy R. Gurvey, 213 MOTION for Reconsideration re; 200 Memorandum & Opinion, filed by Amy R. Gurvey, 233 MOTION to Disqualify Counsel . filed by Amy R. Gurvey, 203 MOTION to Remand to State Court. filed by Amy R. Gurvey, 207 MOTION for Leave to File Sixth Amended Complaint. filed by Amy R. Gurvey. It is hereby ORDERED that the motions listed herein are denied as moot. ORDERED that, to the extent Plaintiff seeks to withdraw other pending motions, including the motion to remand (Docket Nos. 201, 203) and the motion to file and serve a 6th Amended Complaint (Docket No. 207); they are denied as moot. The Clerk of Court is directed to close the motions at Docket Nos. 213, 246 and 233, and at Docket No. 201, 203 and 207. The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff. (Signed by Judge Lorna G. Schofield on 8/7/2014) (kgo) Modified on 8/7/2014 (kgo). (Entered: 08/07/2014) |
| 08/07/2014 | | Transmission to Docket Assistant Clerk. Transmitted re: 259 Memorandum & Opinion, to the Docket Assistant Clerk for case processing. (kgo) (Entered: 08/07/2014) |
| 08/07/2014 | | Mailed a copy of 259 Memorandum & Opinion, to Amy R. Gurvey 315 Highland Avenue Upper Monclair, NJ 07043. (ca) (Entered: 08/07/2014) |
| 08/08/2014 | 260 | LETTER addressed to Judge Lorna G. Schofield from Amy R. Weissbrod Gurvey dated 8/8/2014 re: Plaintiff's Notice withdrawing July 25 2014 letter withdrawing reconsideration of Magistrate Pitman's orders since 2012. Document filed by Amy R. Gurvey.(sac) (Entered: 08/08/2014) |
| 08/08/2014 | 262 | LETTER addressed to Judge Lorna G. Schofield from Amy Gurvey dated 8/8/14 re: 2ND CIRCUIT INTERLOCUTORY APPEAL. Document filed by Amy R. Gurvey.(sc) (Entered: 08/11/2014) |

| 08/09/2014 | 261 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU** - LETTER MOTION for Conference re: 259 Memorandum & Opinion,,,, addressed to Judge Lorna G. Schofield from Amy R. Weissbrod Gurvey dated August 8 2014. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit 9th Cir Order 12-57268 August 1 2014, # 2 Exhibit 9th Cir Parallel Motion Gurvey v Legend Films 12-57268, # 3 Exhibit USPTO Gen Counsel Notice July 21 2014, # 4 Exhibit USPTO Gen Counsel Notice June 19, 2014, # 5 Exhibit 2d Cir Order Feb 10 2012, # 6 Exhibit Award of Arbitrator August 4 2009)(Weissbrod, Amy) Modified on 8/11/2014 (db). (Entered: 08/09/2014) |
|---|---|---|
| 08/10/2014 | 263 | LETTER addressed to Judge Lorna G. Schofield from Amy R. Gurvey dated 8/8/2014 re: This is a letter requesting a conference. Document filed by Amy R. Gurvey. (Attachments: # 1 Main Document, # 2 Main Document, # 3 Main Document, # 4 Main Document)(sac) (Entered: 08/12/2014) |
| 08/11/2014 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document 261 LETTER MOTION for Conference re: 259 Memorandum & Opinion, addressed to Judge Lorna G. Schofield from Amy R. Weissbrod Gurvey dated August 8 2014. Use the event type Letter found under the event list Other Documents. (db)** (Entered: 08/11/2014) |
| 08/11/2014 | 264 | ORDER: It is hereby ORDERED that the motions herein are reinstated. The Clerk of Court is directed to reopen the motions at Docket Nos. 213, 246, 233, 201, 203 and 207. The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff. SO ORDERED. (Signed by Judge Lorna G. Schofield on 8/11/2014) (kgo) Modified on 8/12/2014 (kgo). (Entered: 08/12/2014) |
| 08/11/2014 | | Transmission to Docket Assistant Clerk. Transmitted re: 264 Order, to the Docket Assistant Clerk for case processing. (kgo) (Entered: 08/12/2014) |
| 08/12/2014 | | Mailed a copy of 264 Order, to Amy R. Gurvey 315 Highland Avenue Upper Monclair, NJ 07043. (ca) (Entered: 08/12/2014) |
| 08/13/2014 | 265 | ORDER AND OPINION: WHEREAS, by letter dated August 8, 2014 (Docket No. 263), Plaintiff requested a conference before the Court; it is hereby ORDERED that the parties shall appear for a conference on September 2, 2014, at 11:40 a.m. to address the parties' outstanding motions. The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff. (Signed by Judge Lorna G. Schofield on 8/13/2014) (kgo) (Entered: 08/14/2014) |
| 08/13/2014 | | Set/Reset Hearings: Status Conference set for 9/2/2014 at 11:40 AM before Judge Lorna G. Schofield. (kgo) (Entered: 08/14/2014) |
| 08/13/2014 | | Transmission to Docket Assistant Clerk. Transmitted re: 265 Memorandum & Opinion, to the Docket Assistant Clerk for case processing. (kgo) (Entered: 08/14/2014) |
| 08/14/2014 | | Mailed a copy of 265 Memorandum & Opinion, to Amy R. Gurvey 315 Highland Avenue Upper Monclair, NJ 07043. (ca) (Entered: 08/14/2014) |
| 08/18/2014 | 266 | LETTER addressed to Magistrate Judge Henry B. Pitman and Judge Lorna G. Schofield from Amy R. Gurvey dated 8/16/2014 re: Plaintiff respectfully requests that in preparation for the status conference, the Court order Mr. Supple to produce all exhibits and Plaintiff's transcript from the deposition; and originals of these exhibits. Mr. Supple has been contacted and has ignored Plaintiff's emails. Document filed by Amy R. Gurvey. (sac) (Entered: 08/20/2014) |
| 08/26/2014 | 267 | LETTER addressed to Judge Lorna G. Schofield from Amy R. Gurvey dated 8/25/14 re: SUB JUDICE SDNY MOTIONS FOR RECONSIDERATION OF MAGISTRATE'S |

EXHIBIT 12
Page 149 of 808

| | | DISCOVERY ORDER OF JULY 2013, TO FILE AND SERVE A 6AC, FOR REMAND & FOR DISQUALIFICATON OF HINSHAW & CULBERSON LLP. Document filed by Amy R. Gurvey.(sc) (Entered: 08/27/2014) |
|---|---|---|
| 08/29/2014 | 268 | **FILING ERROR - DEFICIENT DOCKET ENTRY** - MOTION to Compel Cowan defendants to Produce *Discovery Documents*. Document filed by Amy R. Gurvey. Return Date set for 9/2/2014 at 09:30 AM. (Attachments: # 1 Exhibit Ps rule 26(a) Disclosures Nov 2012, # 2 Exhibit Defs rule 26(a) Disclosures Dec 2012, # 3 Exhibit 2d Cir Order Feb 2012, # 4 Exhibit Legend Exec Summary 2001-2, # 5 Exhibit Legend 2002 Emails produced by Cowan Dec 2012, # 6 Exhibit USPTO Gen Counsel Notice June 2014, # 7 Exhibit USPTO Gen Counse Notice July 2014, # 8 Exhibit Discovery document, # 9 Exhibit Supple's Notice to Hon Luis Gonzalez advocating uniform standards of suspension and disbarment for certain breaches of the ethics rules in NYS)(Weissbrod, Amy) Modified on 9/2/2014 (db). (Entered: 08/29/2014) |
| 09/02/2014 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document 268 MOTION to Compel Cowan defendants to Produce *Discovery Documents*. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db)** (Entered: 09/02/2014) |
| 09/02/2014 | | Minute Entry for proceedings held before Judge Lorna G. Schofield: Status Conference held on 9/2/2014. (See Order) (Court Reporter Steve Greenblum) (jcs) (Entered: 09/03/2014) |
| 09/03/2014 | 269 | ORDER denying 201 Motion to Remand to State Court; denying 203 Motion to Remand to State Court; denying 246 Motion for Certificate of Appealability. ORDERED that for the reasons stated on the record, Plaintiff's Motion to Remand (Docket Nos. 201 and 203) is DENIED; it is further ORDERED that Plaintiff's Motion for a Certificate of Appealability (Docket No. 246) is DENIED. The Clerk of Court is directed to terminate the motions at Docket Nos. 201, 203 and 246.The Clerk of Court is further directed to mail a copy of this order to the pro se Plaintiff.(Signed by Judge Lorna G. Schofield on 9/03/2014) (ama) (Entered: 09/03/2014) |
| 09/03/2014 | | Transmission to Docket Assistant Clerk. Transmitted re: 269 Order on Motion to Remand to State Court,, Order on Motion for Certificate of Appealability to the Docket Assistant Clerk for case processing. (ama) (Entered: 09/03/2014) |
| 09/03/2014 | | Mailed a copy of 269 Order on Motion to Remand to State Court, Order on Motion for Certificate of Appealability, to Amy R. Gurvey 315 Highland Avenue Upper Monclair, NJ 07043. (ca) (Entered: 09/03/2014) |
| 09/04/2014 | 270 | Plaintiff Pro Se's Notice of MOTION to Compel Discovery and Patent Discovery and Award Plaintiff Rule 37 Sanctions. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(rdz) (Entered: 09/05/2014) |
| 09/15/2014 | 271 | CROSS MOTION for Sanctions *Pursuant to Fed.R.Civ.P.37(b)(2)*. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen.(Supple, John) (Entered: 09/15/2014) |
| 09/15/2014 | 272 | DECLARATION of J. Richard Supple, Jr. in Opposition re: 270 MOTION to Compel., 271 CROSS MOTION for Sanctions *Pursuant to Fed.R.Civ.P.37(b)(2)*.. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Supple, John) (Entered: 09/15/2014) |

| 09/15/2014 | 273 | MEMORANDUM OF LAW in Opposition re: 270 MOTION to Compel. *and in Support of Defendants' Cross-Motion for Rule 37 Sanctions 271* . Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Affidavit of Service)(Supple, John) (Entered: 09/15/2014) |
| --- | --- | --- |
| 09/16/2014 | 274 | LETTER addressed to Judge Lorna G. Schofield from Amy R. Gurvey, dated 9/16/14 re: 9/2/14 STATUS HEARING TRANSCRIPT INCOMPLETE: NOTICE TO THE COURT. Document filed by Amy R. Gurvey.(sc) (Entered: 09/17/2014) |
| 09/17/2014 | 275 | TRANSCRIPT of Proceedings re: conference held on 9/2/2014 before Judge Lorna G. Schofield. Court Reporter/Transcriber: Steven Greenblum, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/14/2014. Redacted Transcript Deadline set for 10/23/2014. Release of Transcript Restriction set for 12/19/2014.(McGuirk, Kelly) (Entered: 09/17/2014) |
| 09/17/2014 | 276 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a conference proceeding held on 9/2/2014 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 09/17/2014) |
| 09/29/2014 | 277 | PLAINTIFF PRO SE'S NOTICE OF MOTION FOR RECONSIDERATION OF THE 9/2/14 ORDER DENYING CERTIFICATION FOR INTERLOCUTORY APPEAL; REMAND OR TRANSFERW WITHOUT PREJUDICE; AND FRCP 60(b)(6) MOTION TO REINSTATE CLEAR CHANNEL & LIVE NATION DEFENDANTS; re: 269 Order on Motion to Remand to State Court,, Order on Motion for Certificate of Appealability,,,,,,.. Document filed by Amy R. Gurvey.(sc) (Entered: 09/30/2014) |
| 09/30/2014 | 278 | DECLARATION of Amy R. Gurvey in Support re: 277 MOTION for Reconsideration re; 269 Order on Motion to Remand to State Court,, Order on Motion for Certificate of Appealability,,,,,,.. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit 2010-2020 Consent Decree DC District Court ag Live Nation, # 2 Exhibit 2010-2020 Competitive Impact Statement DC District Court ag Live Nation)(Weissbrod, Amy) (Entered: 09/30/2014) |
| 11/05/2014 | 279 | OPINION AND ORDER #104951 re: 213 MOTION for Reconsideration re; 200 Memorandum & Opinion filed by Amy R. Gurvey. Accordingly, plaintiff has not offered any valid reason to revisit the conclusions reached in my February Order, and her motion for reargument of that Order (Docket Item 213) is denied in all respects. The Clerk of the Court is directed to mark Docket Item 213 closed. (Signed by Magistrate Judge Henry B. Pitman on 11/5/2014) Copies Sent By Chambers. (lmb) Modified on 11/6/2014 (lmb). Modified on 11/12/2014 (ca). (Entered: 11/05/2014) |
| 11/10/2014 | 280 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** FIRST MOTION to Disqualify *Pitman*. Document filed by Amy R. Gurvey. Return Date set for 11/18/2014 at 11:30 PM. (Attachments: # 1 Exhibit Ps Decl in Support of Motion w/Cert of ECF Svc, # 2 Exhibit Ps Article 78 Index No 2011/110774 Motion sub Nov 7 2014, # 3 Exhibit 2d Cir Update Case No 14-960-cv Sept 2014, # 4 Exhibit 2d Cir Mandate 13-2211-cv Oct 25 2014, # 5 Exhibit Ps Motion Recons and to Reinstaate Clear Channel and Live Nation defs, # 6 Exhibit DOJ US v Ticketmaster&Live Nation Consent Decree 2010, # 7 Exhibit US v, Ticketmaster&LiveNation Competitive Impact Stmt 2010, # 8 Exhibit Ps Transcript Notice Sept 2 2014 Conf, # 9 Exhibit USPTO Gen Counsel FOIA Notice July 2014, # 10 |

| | | Exhibit 2d Cir Order 462 FedAppx 26 Feb 10 2012, # 11 Exhibit Cowan produx Dec 2012 Legend Emails, # 12 Exhibit Squtieri Ltr Admitting to Withholding Ps Files, # 13 Exhibit Award SDNy Arbitrator Aug 4 2009)(Weissbrod, Amy) Modified on 11/10/2014 (db). (Entered: 11/10/2014) |
|---|---|---|
| 11/10/2014 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document 280 FIRST MOTION to Disqualify Judge *Pitman*. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db)** (Entered: 11/10/2014) |
| 11/11/2014 | 281 | FIRST MOTION to Disqualify Judge . Document filed by Amy R. Gurvey. Return Date set for 11/18/2104 at 11:30 PM.(Weissbrod, Amy) (Entered: 11/11/2014) |
| 11/11/2014 | 282 | **FILING ERROR - DUPLICATE DOCKET ENTRY -** DECLARATION of Amy Gurvey in Support re: 281 FIRST MOTION to Disqualify Judge .. Document filed by Amy R. Gurvey. (Weissbrod, Amy) Modified on 11/12/2014 (db). (Entered: 11/11/2014) |
| 11/11/2014 | 283 | DECLARATION of AmyGurvey in Support re: 281 FIRST MOTION to Disqualify Judge ., 280 FIRST MOTION to Disqualify Judge *Pitman*.. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit Ps Article 78 filed 2011 naming Supple&Lieberman as Respondents, # 2 Exhibit 2d Cir Mandate Oct 25 2014, # 3 Exhibit DOJ 2010 Consent Decree US vTicketmasterLive Nation, # 4 Exhibit DOJ Competitive Impact Stmt US v TicketmasterLive Nation, # 5 Exhibit 9th Cir 12-57268 Suppl Record on Appeal, # 6 Exhibit 9th Cir 12-57268 Order Aug 1 2014, # 7 Exhibit 2dCir 14-960-cv Update, # 8 Exhibit Ps Motion Disqual Def Counsel, # 9 Exhibit Disqual Counsel& Outstanding Discovery, # 10 Exhibit Discovery Motion, # 11 Exhibit NYC Ethics Board DR Violation List, # 12 Exhibit Exh XMotion disqualfication Hinshaw & Culbertson, # 13 Exhibit XMotion Disqual Hinshaw & Culbertson, # 14 Exhibit XMotion Disqualif Hinshaw&Culbertson, # 15 Exhibit XMotion Disquali H&C, # 16 Exhibit 2d Cir Motion to Consolidate Appeals 13-2211-cv 14-960-cv, # 17 Exhibit Motion Consol Appeals 13-2211-cv 14-960-cv, # 18 Exhibit Exh Motion to Disqual H&C, # 19 Exhibit Exh Motion to Disqual H&C, # 20 Exhibit Exh Discovery Order Consold 13-2211 14-960, # 21 Exhibit Ehx Motion to Disqual H&C, # 22 Exhibit Exh Mot to Disqual H&C, # 23 Exhibit Exh Mot to Disqual H&C, # 24 Exhibit Exh Mot to disqual H&C, # 25 Exhibit Exh Mot to Disqual H&C, # 26 Exhibit xh Mot to Disqual L&C, # 27 Exhibit Exh gug 2014 Ltr Req Conf, # 28 Exhibit Exh Ltr re Lack Jx Stay Depos, # 29 Exhibit Ps Motion to File 6AC, # 30 Exhibit Ps Decl in Support 6AC, # 31 Exhibit PsProposed 6AC, # 32 Exhibit USPTO Gen Counsel July 2014, # 33 Exhibit Cowan Emails produced Dec 2012 re Legend, # 34 Exhibit 2d cir Order Feb 102012, # 35 Exhibit Squitieri 2013 Notice Retaining Case files, # 36 Exhibit SDNY Order Granting Stay to REtain New Atty, # 37 Exhibit SDNY Award of Arbitrator Aug 4 2009, # 38 Exhibit USPTO Gen Counsel Payne, # 39 Exhibit USPTO Gen Counsel OED, # 40 Exhibit Ps Motoin Compel Discovery)(Weissbrod, Amy) (Entered: 11/11/2014) |
| 11/12/2014 | 284 | LETTER MOTION for Conference *(pre-motion)* addressed to Judge Lorna G. Schofield from J. Richard Supple, Jr. dated 11/12/2014. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Affidavit of Service)(Supple, John) (Entered: 11/12/2014) |
| 11/17/2014 | 285 | ORDER denying 284 Letter Motion for Conference. APPLICATION DENIED without prejudice to renewal upon disposition of Plaintiff's pending Motion to File a Sixth Amended Complaint. The Clerk of Court is directed to send a copy of this Order to the pro se Plaintiff. (Signed by Judge Lorna G. Schofield on 11/17/2014) (ajs) (Entered: 11/17/2014) |

| 11/17/2014 | | Transmission to Docket Assistant Clerk. Transmitted re: 285 Order on Motion for Conference, to the Docket Assistant Clerk for case processing. (ajs) (Entered: 11/17/2014) |
|---|---|---|
| 11/17/2014 | | Mailed a copy of 285 Order on Motion for Conference, to Amy R. Gurvey 315 Highland Avenue Upper Monclair, NJ 07043. (ca) (Entered: 11/17/2014) |
| 11/17/2014 | 286 | ENDORSED LETTER addressed to Magistrate Judge Henry B. Pitman from J. Richard Supple, Jr. dated 11/13/2014 re: Defendants respectfully request that their time to answer Gurvey's motion be extended to December 23, 2014 so they can have the time required under Fed. R. Civ. P. ("Rule") 11 to first demand that Gurvey withdraw her motion. ENDORSEMENT: Application granted. (Signed by Magistrate Judge Henry B. Pitman on 11/14/2014) (lmb) Modified on 11/17/2014 (lmb). (Entered: 11/17/2014) |
| 11/17/2014 | | Set/Reset Deadlines: Responses due by 12/23/2014. (lmb) (Entered: 11/17/2014) |
| 11/20/2014 | 287 | OPINION AND ORDER #105003 re: 233 MOTION to Disqualify Counsel filed by Amy R. Gurvey: Accordingly, for all the foregoing reasons, plaintiff's motion to stay defendants' motions for Rule 11 sanctions and plaintiff's cross-motions (1) to disqualify H&C as counsel for defendants, (2) to award damages pursuant to New York Judiciary Law § 487 and (3) to impose Rule 11 sanctions are denied (Docket Item 233). As to plaintiff's cross-motion to compel payment of outstanding appeals fees, if defendants have not already paid the costs awarded by the Court of Appeals (Docket Item 128), the defendants are ordered to pay plaintiff $377.36 within fourteen (14) days from the date of this Opinion and Order. To the extent plaintiff requests that defendants pay the legal fees and costs associated with this motion, that motion is denied (Pl.'s Notice of Cross-Motion, 10). I shall address plaintiff's cross-motions for the imposition of Rule 37 sanctions and to compel discovery in a separate order which will also address plaintiff's subsequent, nearly-identical motion (see Docket Item 270). Finally, plaintiff is directed to cease listing Simon Gerson, Mark Montague and R. Lewis Gable as defendants in future filings in this matter. These individuals were neither named in the Third Amended Complaint nor served with the complaint, and they are not parties to this action. (Signed by Magistrate Judge Henry B. Pitman on 11/20/2014) Copies Transmitted By Chambers. (tn) Modified on 11/24/2014 (soh). (Entered: 11/20/2014) |
| 11/24/2014 | 288 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU** - FIRST MOTION to Amend/Correct *6AC sub judice*. Document filed by Amy R. Gurvey. Return Date set for 12/23/2014 at 09:30 AM.(Weissbrod, Amy) Modified on 11/25/2014 (db). (Entered: 11/24/2014) |
| 11/24/2014 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document 288 FIRST MOTION to Amend/Correct *6AC sub judice*. Use the event type Letter found under the event list Other Documents. (db)** (Entered: 11/25/2014) |
| 11/25/2014 | 289 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU** - FIRST MOTION to Amend/Correct *6AC sub judice*. Document filed by Amy R. Gurvey. Return Date set for 12/23/2014 at 09:30 AM.(Weissbrod, Amy) Modified on 11/25/2014 (db). (Entered: 11/25/2014) |
| 11/25/2014 | 290 | FIRST LETTER addressed to Judge Lorna G. Schofield from Amy Weissbrod Gurvey pro se dated 11/23/2104 re: 6AC sub judice amend claims. Document filed by Amy R. Gurvey.(Weissbrod, Amy) (Entered: 11/25/2014) |
| 12/04/2014 | 291 | MOTION for Leave to Proceed *In Forma Pauperis* On Appeal. Document filed by Amy R. Gurvey.(tp) (Entered: 12/05/2014) |

EXHIBIT 12
Page 153 of 808

| 12/19/2014 | 292 | NOTICE RE: PENDING MOTION TO PROCEED IN FORMA PAUPERIS. An appeal in the above-referenced case has been docketed in the Court of Appeals. According to the district court docket sheet or other available information, appellant has moved for leave to proceed in forma pauperis in district court on December 04, 2014. and that motion is pending. The appeal may not move forward until the motion is determined. Please direct the motion to the appropriate judge for determination. Upon the grant or denial of the motion, please enter the order and transmit it to the Court of Appeals.(nd) (Entered: 12/19/2014) |
|---|---|---|
| 12/23/2014 | 293 | FIRST LETTER addressed to Judge Lorna G. Schofield from Amy R. Gurvey Pro se dated 12/23/2014 re: 6AC sub judice 22 months. Document filed by Amy R. Gurvey. (Weissbrod, Amy) (Entered: 12/23/2014) |
| 12/23/2014 | 294 | MOTION for Sanctions *Pursuant to Fed. R. Civ.P.11(b)(1), (2) and (3)*. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen.(Supple, John) (Entered: 12/23/2014) |
| 12/23/2014 | 295 | DECLARATION of J. Richard Supple, Jr. in Opposition re: 281 FIRST MOTION to Disqualify Judge ., 294 MOTION for Sanctions *Pursuant to Fed. R. Civ.P.11(b)(1), (2) and (3)*.. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Supple, John) (Entered: 12/23/2014) |
| 12/23/2014 | 296 | MEMORANDUM OF LAW in Opposition re: 281 FIRST MOTION to Disqualify Judge ., 294 MOTION for Sanctions *Pursuant to Fed. R. Civ.P.11(b)(1), (2) and (3). in Support*. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 12/23/2014) |
| 12/23/2014 | 297 | AFFIDAVIT OF SERVICE of Notice of Motion for Sanctions Pursuant to Fed.R.Civ.P.11(b)(1), (2) and (3), Declaration of J. Richard Supple in Opposition to Plaintiff's Motion to Disqualify Judge and In Support of Motion for Sanctions and Memorandum of Law in Opposition to Plaintiff's Motion to Disqualify Judge and In Support of Motion for Sanction served on Amy R. Gurvey on 12/23/14. Service was made by ECF and Overnight Mail. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 12/23/2014) |
| 01/07/2015 | 298 | ENDORSED LETTER addressed to Magistrate Judge Henry B. Pitman from J. Richard Supple, Jr. dated 12/15/2014 re: The parties' time to make dispositive motions expires on January 23, 2015. I write to request that this date be extended to February 23, 2015. ENDORSEMENT: Application granted., ( Motions due by 2/23/2015.) (Signed by Magistrate Judge Henry B. Pitman on 1/7/2015) (lmb) (Entered: 01/07/2015) |
| 01/10/2015 | 299 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** FIRST MOTION to Stay *Pending Adjudication of Plaintiffs 6AC and Motion to Compel Cowan Defendants' Production of Documents*. Document filed by Amy R. Gurvey.(Weissbrod, Amy) Modified on 1/12/2015 (db). (Entered: 01/10/2015) |
| 01/12/2015 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Note to Attorney Amy Rebecca Weissbrod to RE-FILE Document 299 FIRST MOTION to Stay *Pending Adjudication of Plaintiffs 6AC and Motion to Compel Cowan Defendants' Production of Documents*. Use the event type Letter found under the event list Other Documents. (db)** (Entered: 01/12/2015) |
| 01/13/2015 | 300 | FIRST LETTER addressed to Judge Lorna G. Schofield from Amy Gurvey Plaintiff pro se dated January 11 2015 re: Stay. Document filed by Amy R. Gurvey.(Weissbrod, Amy) (Entered: 01/13/2015) |

EXHIBIT 12
Page 154 of 808
45/69

| 01/21/2015 | 301 | MEMO ENDORSEMENT denying 291 Motion for Leave to Appeal in forma pauperis. ENDORSEMENT: APPLICATION DENIED. Plaintiff seeks to appeal the Court's Order dated September 3, 2014 (Docket No. 269), various orders and actions of Judge Pitman, and various actions of Defendants and their counsel. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). (Signed by Judge Lorna G. Schofield on 1/21/2015) (mro) (Entered: 01/21/2015) |
|---|---|---|
| 01/28/2015 | 302 | OPINION AND ORDER re: 277 MOTION for Reconsideration re; 269 Order on Motion to Remand to State Court,, Order on Motion for Certificate of Appealability,. filed by Amy R. Gurvey. For the foregoing reasons herein, Plaintiff's Motion is DENIED. The Clerk of Court is directed to close the motion at Docket No. 277. (Signed by Judge Lorna G. Schofield on 1/28/2015) (kgo) (Entered: 01/28/2015) |
| 02/02/2015 | 303 | FIRST NOTICE OF APPEAL from 302 Memorandum & Opinion, 301 Order on Motion for Leave to Appeal in forma pauperis,,. Document filed by Amy R. Gurvey. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Weissbrod, Amy) (Entered: 02/02/2015) |
| 02/02/2015 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 303 Notice of Appeal. (tp) (Entered: 02/02/2015) |
| 02/02/2015 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 303 Notice of Appeal, filed by Amy R. Gurvey were transmitted to the U.S. Court of Appeals. (tp) (Entered: 02/02/2015) |
| 02/03/2015 | 304 | **FILING ERROR - DUPLICATE DOCKET ENTRY -** FIRST NOTICE OF INTERLOCUTORY APPEAL from 301 Order on Motion for Leave to Appeal in forma pauperis,, 302 Memorandum & Opinion,. Document filed by Amy R. Gurvey. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Exhibit Notice of Interlocutory Appeal Docket Nos. 310 302, # 2 Exhibit 2d Cir Motion to Appear In forma Pauperis, # 3 Exhibit Supreme NY Index No 100163-2015, # 4 Exhibit Exhibits Supreme NY Index No. 100163-2015)(Weissbrod, Amy) Modified on 2/3/2015 (tp). (Entered: 02/03/2015) |
| 02/03/2015 | | **\*\*\*NOTE TO ATTORNEY REGARDING DEFICIENT APPEAL. Note to Attorney We issbrod, Amy to RE-FILE Document No. 304 Notice of Interlocutory Appeal. Duplicate Filing. Ignore or Re-file the document and select the appropriate Appeal event. (tp)** (Entered: 02/03/2015) |
| 02/20/2015 | 305 | ENDORSED LETTER addressed to Magistrate Judge Henry B. Pitman from J. Richard Supple, Jr. dated 2/19/2014 re: Counsel to defendants request that the time to make dispositive motions be extended to 4/30/2015. ENDORSEMENT: APPLICATION GRANTED. (Motions due by 4/30/2015.) (Signed by Magistrate Judge Henry B. Pitman on 2/20/2015) (tn) (Entered: 02/20/2015) |
| 02/27/2015 | 306 | LETTER from Amy Gurvey dated 2/25/15 re: Plaintiff informs the Court that, in spite of Judge Schofield's October, 2014 Order, no adjudication of Plaintiff's 6AC has yet been forthcoming from the Magistrate Judge; and that Magistrate Judge Pitman is thereby contended to be defying a Second Circuit order that reversed sua sponte dismissal of Cowan defendants in the first half of the case. Document filed by Amy R. Gurvey.(sc) (Entered: 03/04/2015) |
| 03/24/2015 | 307 | LETTER addressed to Magistrate Judge Henry B. Pitman from Brian M. Dratch, Esq. dated 3/24/15 re: Status Conference/Notice of Appearance. Document filed by Amy R. Gurvey.(Dratch, Brian) (Entered: 03/24/2015) |

| 03/25/2015 | 308 | MEMO ENDORSEMENT on re: 307 Letter re: Status Conference/Notice of Appearance, filed by Amy R. Gurvey. ENDORSEMENT: Unless and until counsel enter an appearance he has no standing to seek any relief. (Signed by Magistrate Judge Henry B. Pitman on 3/25/2015) (kko) (Entered: 03/25/2015) |
|---|---|---|
| 04/07/2015 | 309 | NOTICE OF APPEARANCE by Brian Michael Dratch on behalf of Amy R. Gurvey. (Dratch, Brian) (Entered: 04/07/2015) |
| 04/14/2015 | 310 | LETTER MOTION for Conference addressed to Magistrate Judge Henry B. Pitman from Brian M. Dratch, Esq. dated 4/14/15. Document filed by Amy R. Gurvey.(Dratch, Brian) (Entered: 04/14/2015) |
| 04/15/2015 | | A status conference is set for 4/29/2015 at 02:30 PM in Courtroom 18A, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Henry B. Pitman. (bh) (Entered: 04/15/2015) |
| 04/29/2015 | | Minute Entry for proceedings held before Magistrate Judge Henry B. Pitman: Status Conference held on 4/29/2015. (bh) (Entered: 04/29/2015) |
| 04/30/2015 | 311 | ORDER: A conference having been held in this matter on April, 29, 2015, during which discovery and scheduling matters were discussed, for the reasons stated on the record in open court, it is hereby ORDERED that: 1. Plaintiff's motion to reopen discovery is denied. 2. The deadline for initiating the procedures required by Judge Schofield's rules to make a dispositive motion is extended to July 30, 2015. (Signed by Magistrate Judge Henry B. Pitman on 4/30/2015) Copies Sent By Chambers. (lmb) (Entered: 04/30/2015) |
| 05/06/2015 | 312 | MANDATE of USCA (Certified Copy) as to 303 Notice of Appeal, filed by Amy R. Gurvey, 214 Notice of Interlocutory Appeal filed by Amy R. Gurvey. USCA Case Number 14-0960(L); 15-0285(con). Appellant, pro se, moves for *in forma pauperis* status and to stay the appeals pending adjudication of her pending motions in district court. This Court has determined sua sponte that it lacks jurisdiction over these appeals because a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467 (1978). Upon due consideration, it is hereby ORDERED that the appeals are DISMISSED. It is further ORDERED that Appellant's motions are DENIED as moot. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 05/06/2015. (nd) (Entered: 05/06/2015) |
| 07/21/2015 | 313 | OPINION AND ORDER #105712 re: 207 MOTION for Leave to File Sixth Amended Complaint filed by Amy R. Gurvey. Accordingly, for all the foregoing reasons, plaintiff's motion to file a Sixth Amended Complaint (Docket Item 207) is denied in all respects. (As further set forth in this Order) (Signed by Magistrate Judge Henry B. Pitman on 7/21/2015) Copies Sent By Chambers. (lmb) Modified on 7/29/2015 (soh). (Entered: 07/21/2015) |
| 07/21/2015 | 314 | OPINION AND ORDER #105711 re: 281 FIRST MOTION to Disqualify Judge . filed by Amy R. Gurvey. Accordingly, for all the foregoing motions, plaintiff's motion to have me recuse myself from this matter (Docket Item 281) is denied in all respects. (As further set forth in this Order) (Signed by Magistrate Judge Henry B. Pitman on 7/21/2015) Copies Sent By Chambers. (lmb) Modified on 7/29/2015 (soh). (Entered: 07/21/2015) |
| 07/22/2015 | 315 | LETTER MOTION for Conference *pre-motion* addressed to Judge Lorna G. Schofield from J. Richard Supple, Jr. dated July 22, 2015. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 07/22/2015) |
| 07/23/2015 | 316 | ORDER denying 315 Letter Motion for Conference. Application DENIED without prejudice to renewal after orders have issued regarding the above-referenced motions for |

| | | sanctions. (Signed by Judge Lorna G. Schofield on 7/23/2015) (kl) (Entered: 07/23/2015) |
|---|---|---|
| 07/23/2015 | 317 | ENDORSED LETTER addressed to Magistrate Judge Henry B. Pitman from J. Richard Supple, Jr. dated 7/21/2015 re: Defendants respectfully request that their time to request the above-referenced motion conference be extended until August 31, 2015. ENDORSEMENT: Application granted. (Signed by Magistrate Judge Henry B. Pitman on 7/23/2015) (lmb) (Entered: 07/23/2015) |
| 07/24/2015 | 318 | REPORT AND RECOMMENDATION re: 224 MOTION for Sanctions *Fed. R. Civ. P. 11(b)(1), (2) and (3).* filed by Clear Channel Communications, Inc., Baila Celedonia, Midge Hyman, Nexticketing, Inc., Instant Live Concerts, LLC, Christopher Jensen, Dale Head, Does, Steve Simon, Cowan, Liebowitz & Lathman, PC, Susan Schick, Michael Gordon, Live Nation, Inc., William Borchard, 294 MOTION for Sanctions *Pursuant to Fed. R. Civ.P.11(b)(1), (2) and (3).* filed by Baila Celedonia, Midge Hyman, Christopher Jensen, Cowan, Liebowitz & Lathman, PC, William Borchard, 223 MOTION for Sanctions *Federal Rule of Procedure Rule 11(b)(1) and (2).* filed by Clear Channel Communications, Inc., Baila Celedonia, Midge Hyman, Nexticketing, Inc., Instant Live Concerts, LLC, Christopher Jensen, Dale Head, Does, Steve Simon, Cowan, Liebowitz & Lathman, PC, Susan Schick, Michael Gordon, Live Nation, Inc., William Borchard. Accordingly, I respectfully recommend that defendants' motions for sanctions (Docket Items 223, 224 and 294) be granted to the extent that a sanction of $20,000 be imposed on plaintiff, payable to the Clerk of the Court and that this action be stayed until plaintiff pays the sanction. I further recommend that if plaintiff fails to pay the sanction within one year, the action be dismissed with prejudice. Objections to R&R due by 8/10/2015. (Signed by Magistrate Judge Henry B. Pitman on 7/24/2015) Copies Sent By Chambers. (lmb) (Entered: 07/24/2015) |
| 07/24/2015 | 347 | INTERNET CITATION NOTE: Material from decision with Internet citation re: 318 Report and Recommendations. (Attachments: # 1 internet citation) (fk) (Entered: 01/05/2016) |
| 07/24/2015 | 348 | INTERNET CITATION NOTE: Material from decision with Internet citation re: 318 Report and Recommendations. (Attachments: # 1 internet citation) (fk) (Entered: 01/05/2016) |
| 08/07/2015 | 319 | NOTICE of Objections to Report and Recommendation of Judge Pitman dated July 24, 2015 re: 318 Report and Recommendations,,,,,,,. Document filed by Amy R. Gurvey. (Dratch, Brian) (Entered: 08/07/2015) |
| 08/10/2015 | 320 | LETTER addressed to Judge Lorna G. Schofield from Brian M. Dratch, Esq. dated 8-10-15 re: status conference and/or briefing schedule. Document filed by Amy R. Gurvey. (Dratch, Brian) (Entered: 08/10/2015) |
| 08/10/2015 | 321 | LETTER addressed to Judge Lorna G. Schofield from J. Richard Supple, Jr. dated August 10, 2015 re: response to plaintiff's letter requesting a "briefing schedule" Docket Entry 320 . Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen.(Supple, John) (Entered: 08/10/2015) |
| 08/10/2015 | 322 | MEMO ENDORSEMENT on re: 320 Letter filed by Amy R. Gurvey. ENDORSEMENT: By August 17, 2015, Plaintiff shall file a letter brief not to exceed four pages explaining the legal and other grounds for the motion / appeals. By August 24, 2015, Defendants shall file a response in the form of a letter brief not to exceed four pages. A premotion conference will be held Sept 1, 2015 at 10:50 AM. (Pre-Motion Conference set for 9/1/2015 at 10:50 AM before Judge Lorna G. Schofield.) (Signed by Judge Lorna G. Schofield on 8/10/2015) (kgo) (Entered: 08/11/2015) |

| 08/17/2015 | 323 | LETTER addressed to Judge Lorna G. Schofield from Brian M. Dratch, Esq. dated 8/17/15 re: Request to File Motions. Document filed by Amy R. Gurvey.(Dratch, Brian) (Entered: 08/17/2015) |
| 08/20/2015 | 324 | OPPOSITION BRIEF re: 319 Notice (Other) . Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 08/20/2015) |
| 08/20/2015 | 325 | ORDER denying 270 Motion to Compel; denying 271 Motion for Sanctions; denying 248 Motion. Accordingly, Docket Items 248, 270 and 271 are all denied without prejudice to renewal if Judge Schofield rejects my July 24, 2015 Report and Recommendation or if plaintiff otherwise retains the right to pursue her remaining claims. If renewal is appropriate, the parties can renew their motions by simply filing a letter expressing such an intent. (As further set forth in this Order) (Signed by Magistrate Judge Henry B. Pitman on 8/20/2015) Copies Sent By Chambers. (lmb) (Entered: 08/20/2015) |
| 08/24/2015 | 326 | LETTER addressed to Judge Lorna G. Schofield from J. Richard Supple, Jr. dated August 24, 2015 re: response to plaintiff's letter dated August 17, 2015 323 . Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen.(Supple, John) (Entered: 08/24/2015) |
| 08/24/2015 | 327 | NOTICE OF INTERLOCUTORY APPEAL from 313 Memorandum & Opinion, 314 Memorandum & Opinion,. Document filed by Amy R. Gurvey. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Supplement Combined 2d Cir Petition& Notice Interloc Appeal SDNY Docket 313, 314, # 2 Exhibit Writ of Replevin Sup NY 102516/2012 May 6 2013, # 3 Exhibit SDNY Decision of Arbitrator Aug 4 2009, # 4 Exhibit Def counsel Supple Ex Parte Appl Withdrawing Arbitration Jan 30 2008, # 5 Exhibit Sup NY OSC Disqual Hinshaw & Culbertson Pending Sig Aug 24 2015)(Weissbrod, Amy) (Entered: 08/24/2015) |
| 08/24/2015 | | Appeal Fee Due: for 327 Notice of Interlocutory Appeal,,.$505.00 Appeal fee due by 9/8/2015. (nd) (Entered: 08/24/2015) |
| 08/24/2015 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 327 Notice of Interlocutory Appeal,,. (nd) (Entered: 08/24/2015) |
| 08/24/2015 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 327 Notice of Interlocutory Appeal,, filed by Amy R. Gurvey were transmitted to the U.S. Court of Appeals. (nd) (Entered: 08/24/2015) |
| 08/25/2015 | 328 | LETTER addressed to Judge Lorna G. Schofield from J. Richard Supple, Jr. dated August 25, 2015 re: Court's permission to move for a filing injunction. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen.(Supple, John) (Entered: 08/25/2015) |
| 08/25/2015 | 329 | MEMO ENDORSEMENT on re: 328 Letter Court's permission to move for a filing injunction, filed by Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen, William Borchard. ENDORSEMENT: Any response shall be filed by counsel only no later than August 27, 2015, and shall be in the form of a letter brief not to exceed three pages. This contemplated motion will be addressed at the conference scheduled for September 1, 2015. (Signed by Judge Lorna G. Schofield on 8/25/2015) (spo) (Entered: 08/26/2015) |
| 08/26/2015 | 330 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** FIRST LETTER MOTION for Extension of Time to File *Response to Def App for Injunction and to Adjourn Conf of Sept 1* addressed to Judge Lorna G. Schofield from Amy R.WeissbrodGurvey dated |

| | | August 25 2015. Document filed by Amy R. Gurvey. Return Date set for 8/27/2015 at 11:59 PM.(Weissbrod, Amy) Modified on 8/27/2015 (ldi). (Entered: 08/26/2015) |
|---|---|---|
| 08/27/2015 | [331](#) | LETTER RESPONSE in Opposition to Motion addressed to Judge Lorna G. Schofield from J. Richard Supple, Jr. dated August 27, 2015 re: [330](#) FIRST LETTER MOTION for Extension of Time to File *Response to Def App for Injunction and to Adjourn Conf of Sept 1* addressed to Judge Lorna G. Schofield from Amy R.WeissbrodGurvey dated August 25 2015. . Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 08/27/2015) |
| 08/27/2015 | [332](#) | ORDER granting [330](#) Letter Motion for Extension of Time to File Response to Def App for Injunction and to Adjourn Conf of Sept 1. Application GRANTED. Plaintiff's response to Defendants' letter brief dated August 25, 2015 (Dkt. No. 328) is hereby extended to September 10, 2015. Plaintiff's response shall be in the form of a letter brief not to exceed three pages. The conference scheduled for September 1, 2015, is hereby adjourned to September 29, 2015, at 11:10 a.m. Any request to withdraw as attorney of record shall comply with Local Civil Rule 1.4. (Signed by Judge Lorna G. Schofield on 8/27/2015) (kgo) (Entered: 08/27/2015) |
| 08/27/2015 | | Set/Reset Hearings: Pre-Motion Conference set for 9/29/2015 at 11:10 AM before Judge Lorna G. Schofield. (kgo) (Entered: 08/27/2015) |
| 08/28/2015 | [333](#) | FIRST LETTER addressed to Judge Lorna G. Schofield from Amy R. WeissbrodGurvey dated August 28 2015 re: Discharge Franzblau Dratch. Document filed by Amy R. Gurvey.(Weissbrod, Amy) (Entered: 08/28/2015) |
| 09/11/2015 | [334](#) | FIRST LETTER addressed to Judge Lorna G. Schofield from Amy R. Gurvey Plaintiff pro se dated 9/10/2015 re: Opp to Def Preclusion Order. Document filed by Amy R. Gurvey.(Weissbrod, Amy) (Entered: 09/11/2015) |
| 09/11/2015 | [335](#) | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** LETTER MOTION to Substitute Attorney. Old Attorney: Brian M. Dratch, New Attorney: Amy Gurvey, Pro se addressed to Judge Lorna G. Schofield from Brian M. Dratch, Esq. dated 9/11/15. Document filed by Amy R. Gurvey. (Attachments: # [1](#) Text of Proposed Order) (Dratch, Brian) Modified on 9/14/2015 (db). (Entered: 09/11/2015) |
| 09/14/2015 | [336](#) | ORDER PERMITTING FRANZBLAU DRATCH, P.C. TO WITHDRAW AS COUNSEL FOR PLAINTIFF granting [335](#) Letter Motion to Substitute Attorney. It is hereby ORDERED that FRANZBLAU DRATCH, P.C. be and is hereby discharged as counsel for plaintiff; and it is further ORDERED that plaintiff, Amy R. Gurvey will appear pro se as of the date of this Order. (As further set forth in this Order.) Attorney Brian Michael Dratch terminated. (Signed by Judge Lorna G. Schofield on 9/14/2015) (kgo) (Entered: 09/14/2015) |
| 09/14/2015 | [337](#) | MEMO ENDORSEMENT on re: [334](#) Letter filed by Amy R. Gurvey. ENDORSEMENT: This letter is not responsive to Defendants' letter brief dated August 25, 2015, which seeks an injunction against Plaintiff, and exceeds the three-page limit set by the August 27, 2015, Order. Accordingly, it will not be considered by this Court. To the extent Plaintiff attempts to raise new motions, Plaintiff shall direct those motions to Judge Pitman in the first instance. (Signed by Judge Lorna G. Schofield on 9/14/2015) (kgo) (Entered: 09/14/2015) |
| 09/17/2015 | [338](#) | OPINION AND ORDER re: [224](#) MOTION for Sanctions *Fed. R. Civ. P. 11(b)(1), (2) and (3).* filed by Clear Channel Communications, Inc., Baila Celedonia, Midge Hyman, Nexticketing, Inc., Instant Live Concerts, LLC, Christopher Jensen, Dale Head, Does, Steve Simon, Cowan, Liebowitz & Lathman, PC, Susan Schick, Michael Gordon, Live |

| | | |
|---|---|---|
| | | Nation, Inc., William Borchard, 294 MOTION for Sanctions *Pursuant to Fed. R. Civ.P.11(b)(1), (2) and (3).* filed by Baila Celedonia, Midge Hyman, Christopher Jensen, Cowan, Liebowitz & Lathman, PC, William Borchard, 223 MOTION for Sanctions *Federal Rule of Procedure Rule 11(b)(1) and (2).* filed by Clear Channel Communications, Inc., Baila Celedonia, Midge Hyman, Nexticketing, Inc., Instant Live Concerts, LLC, Christopher Jensen, Dale Head, Does, Steve Simon, Cowan, Liebowitz & Lathman, PC, Susan Schick, Michael Gordon, Live Nation, Inc., William Borchard. For the foregoing reasons, the Report's recommendation that Plaintiff be sanctioned by requiring her to pay $20,000 to the Clerk of Court is REJECTED, and the sanctions outlined in numbered paragraphs 1 through 10 above are imposed. The remainder of the Report is ADOPTED. The Clerk of Court is respectfully directed to close Docket Numbers 223, 224 and 294. (As further set forth in this Opinion.) (Signed by Judge Lorna G. Schofield on 9/17/2015) (kgo) (Entered: 09/17/2015) |
| 09/17/2015 | | Case Stayed. (rjm) (Entered: 09/23/2015) |
| 09/18/2015 | 339 | ORDER: WHEREAS, a pre-motion conference has been scheduled for September 29, 2015. It is hereby ORDERED that, in light of the Order and Opinion dated September 17, 2015, the conference is canceled, and the pre-motion letters are construed as motions and denied as moot. (As further set forth in this Order.) (Signed by Judge Lorna G. Schofield on 9/18/2015) (kgo) (Entered: 09/18/2015) |
| 09/18/2015 | 340 | ORDER: In light of Judge Schofield's Order dated September 17, 2015 (Docket Item 338), plaintiff is ORDERED not to make any submissions directly to my chambers either by fax, mail, courier or in any other manner that does not comply with Judge Schofield's Order. Any submissions delivered to my chambers that have not been approved for filing by the special master and have not been filed through the Pro Se Office will not be considered and will be discarded. (Signed by Magistrate Judge Henry B. Pitman on 9/18/2015) Copies Sent By Chambers. (spo) (Entered: 09/18/2015) |
| 09/18/2015 | 341 | LETTER addressed to Judge Lorna G. Schofield from Amy R. Gurvey, dated 9/17/15 re: Plaintiff advises the Court that the plaintiff moves for a stay of the instant proceedings pending adjudication before the state courts of New York as to whether there existed collusion between the plaintiff's previous lawyer, Lee Squitieri Esq., and defense counsel who were partners at Hinshaw & Culbertson, LLP, and previously held NYS executive DDC and ethics positions. Document filed by Amy R. Gurvey.(sc) (Entered: 09/21/2015) |
| 09/23/2015 | 342 | MEMO ENDORSEMENT on re: 341 LETTER addressed to Judge Lorna G. Schofield from Amy R. Gurvey, dated 9/17/15 re: Plaintiff advises the Court that the plaintiff moves for a stay of the instant proceedings pending adjudication before the state courts of New York as to whether ther e existed collusion between the plaintiff's previous lawyer, Lee Squitieri Esq., and defense counsel who were partners at Hinshaw & Culbertson, LLP, and previously held NYS executive DDC and ethics positions. Document filed by Amy R. Gurvey. ENDORSEMENT: As this case is stayed by the Opinion and Order dated September 17, 2015 ("September 17 Opinion"), this filing will not be considered. Plaintiff is directed to review and comply with the September 17 Opinion. (Signed by Judge Lorna G. Schofield on 9/23/2015) (rjm) (Entered: 09/23/2015) |
| 09/29/2015 | 343 | NOTICE OF APPEAL from 338 Memorandum & Opinion. Document filed by Amy R. Gurvey. Filing fee $ 505.00, receipt number 465401135865. Form D-P is due within 14 days to the Court of Appeals, Second Circuit. (tp) (Entered: 09/29/2015) |
| 09/29/2015 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 343 Notice of Appeal. (tp) (Entered: 09/29/2015) |
| 09/29/2015 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 343 Notice of Appeal filed by Amy R. Gurvey were transmitted to the |

EXHIBIT 12
Page 160 of 808

U.S. Court of Appeals. (tp) (Entered: 09/29/2015)

| 10/05/2015 | 344 | MANDATE of USCA (Certified Copy) as to 327 Notice of Interlocutory Appeal,, filed by Amy R. Gurvey. USCA Case Number 15-2703. Appellant moves to withdraw her appeal pursuant to FRAP 42(b). IT IS HEREBY ORDERED that the motion is GRANTED.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 10/05/2015. (nd) (Entered: 10/06/2015) |
|---|---|---|
| 01/21/2016 | 349 | MANDATE of USCA (Certified Copy) USCA Case Number 15-2724. Petitioner, pro se, has filed a petition for a writ of mandamus and moves to consolidate this proceeding with the appeal in *Gurvey v. Cowan, Liebowitz & Latman PC,* 2d Cir. 15-3049. Upon due consideration, it is hereby ORDERED that the mandamus petition is DENIED because Petitioner has not demonstrated a judicial usurpation of power or clear abuse of discretion to justify issuance of the writ. *See In re Zyprexa Prods. Liab. Litig.,* 594 F.3d 113, 118-19 (2d Cir. 2010). It is further ORDERED that the motion to consolidate is DENIED as moot.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 01/21/2016. (nd) (Entered: 01/21/2016) |
| 01/21/2016 | 350 | MANDATE of USCA (Certified Copy) as to 343 Notice of Appeal filed by Amy R. Gurvey. USCA Case Number 15-3049. Appellant, pro se, moves to consolidate this appeal with *In re Amy R. Gurvey,* 2d Cir. 15-2724. This Court has determined sua sponte that it lacks jurisdiction over this appeal because a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291, and the orderappealed from does not fall within the collateral order doctrine. *See Securities & Exch. Comm'n v. Smith,* 710 F.3d 87, 96 (2d Cir. 2013) (holding that an order imposing sanctions under Fed. R. Civ. P. 11 does not fall within the collateral order doctrine). Upon due consideration, it is hereby ORDERED that the appeal is DISMISSED. It is further ORDERED that Appellant's motion is DENIED as moot.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 01/21/2016. (nd) (Entered: 01/21/2016) |
| 02/10/2016 | 351 | LETTER MOTION to Reopen Case addressed to Judge Lorna G. Schofield from Amy Gurvey Plaintiff pro se dated FEb 9 2016. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit Governors Chamber & AD #5775, # 2 Exhibit USPTO Gen Counsel Cowan Investigation 2014, # 3 Exhibit Supreme NY Order Compelling Squitieri's files 102516/2013, # 4 Exhibit Squitieri withholding emails Jan 2013, # 5 Exhibit Arbitration Award ag Cowan 2009, # 6 Exhibit 2d Cir order 2-10-12)(Weissbrod, Amy) (Entered: 02/10/2016) |
| 02/11/2016 | 352 | ORDER denying 351 Letter Motion to Reopen Case. Application DENIED. To the extent Plaintiff seeks reconsideration of the Opinion and Order dated September 17, 2015 ("September Opinion"), that motion is untimely. Local Rule 6.3 states that "a notice of motion for reconsideration...shall be served within fourteen (14) days after the entry of the Court's determination...." Plaintiff's letter also does not present any meritorious argument for vacating the September Opinion. Plaintiff's remaining requests are denied as this case is stayed until Plaintiff complies with the September Opinion. Plaintiff is directed to review and comply with the September Opinion. Among other things, the September Opinion revokes Plaintiff's ECF filing privileges and requires her to make all filings through the Pro Se Office. (Signed by Judge Lorna G. Schofield on 2/11/2016) (mro) (Entered: 02/11/2016) |
| 03/15/2016 | 353 | NOTICE OF MOTION; re: to Remand Case to State Court etc. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit)(sc) (Entered: 03/16/2016) |
| 03/18/2016 | 354 | ORDER denying 353 Motion to Remand to State Court. It is hereby ORDERED that Plaintiff's motion filed on March 15, 2016 is DENIED. In filing this motion, Plaintiff has failed to comply with the procedures outlined in the September Order. Plaintiff is again |

| | | |
|---|---|---|
| | | directed to review and comply with the September Opinion. Plaintiff is warned that continued failure to comply with Court Orders may result in additional sanctions or other prejudice. The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff and to terminate docket number 353. (As further set forth in this Order.) (Signed by Judge Lorna G. Schofield on 3/18/2016) (kgo) (Entered: 03/18/2016) |
| 03/18/2016 | | Transmission to Docket Assistant Clerk. Transmitted re: 354 Order on Motion to Remand to State Court,,, to the Docket Assistant Clerk for case processing. (kgo) (Entered: 03/18/2016) |
| 03/21/2016 | | Mailed a copy of 354 Order on Motion to Remand to State Court, to Amy R. Gurvey 315 Highland Avenue Upper Montclair, NJ 07043. (ca) (Entered: 03/21/2016) |
| 03/21/2016 | 355 | LETTER addressed to Judge Lorna G. Schofield from Amy Gurvey, dated 3/21/16 re: Plaintiff writes in response to docket entry #354; that the plaintiff contends that there are no grounds for the Court to attempt to enforce a previous motion after jurisdiction of the Court was already lacking; and that there are no grounds to charge the plaintiff for the Court's reversible error in not remanding this case 2 1/2 years ago. Document filed by Amy R. Gurvey.(sc) Modified on 3/22/2016 (sc). (Entered: 03/22/2016) |
| 03/22/2016 | 356 | LETTER addressed to Judge Lorna G. Schofield from J. Richard Supple, Jr. dated 03/22/2016 Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen.(Supple, John) (Entered: 03/22/2016) |
| 03/23/2016 | 357 | LETTER addressed to Judge Lorna G. Schofield from Amy Gurvey dated 3/23/16 re: REPLY TO COWAN AND RICHARD SUPPLE, ESQ. LETTER OPPOSITION(DKT #356). Document filed by Amy R. Gurvey.(sc) (Entered: 03/23/2016) |
| 03/23/2016 | 358 | ORDER. It is hereby ORDERED that Defendants March 22 application is DENIED. Pursuant to the September Order, this case will be dismissed if Plaintiff fails to deposit $10,000 by September 17, 2016. It is further ORDERED that in light of the September Opinion barring Plaintiff from filing submissions without approval by the special master, any submission to the Court that does not comply with the September Opinion will be disregarded. Defendants need not respond to any filings that fail to comply with the September Order. The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff. (Signed by Judge Lorna G. Schofield on 3/23/2016) (rjm) (Entered: 03/24/2016) |
| 03/23/2016 | | Transmission to Docket Assistant Clerk. Transmitted re: 358 Order to the Docket Assistant Clerk for case processing. (rjm) (Entered: 03/24/2016) |
| 03/24/2016 | | Mailed a copy of 358 Order, to Amy R. Gurvey 315 Highland Avenue Upper Montclair, NJ 07043. (ca) (Entered: 03/24/2016) |
| 05/31/2016 | | ***DELETED DOCUMENT. Deleted document number 359 Motion for Leave to Appeal. The document was incorrectly filed in this case. (sc) (Entered: 06/23/2016) |
| 09/19/2016 | 359 | LETTER addressed to Judge Lorna G. Schofield from J. Richard Supple dated 09/19/2016 re: Plaintiff's failure to comply with the September 17, 2015 Sanctions Order. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen.(Supple, John) (Entered: 09/19/2016) |
| 09/21/2016 | | CASHIERS OFFICE CRIS DEPOSIT dated 9/17/15, from Judge Judge Lorna G. Schofield, $10,000.00 from AMY WEISSBROD deposited on 9/16/16, Receipt Number 465401162237 and placed into CRIS on 9/21/16. (dig) (Entered: 09/21/2016) |
| 10/13/2016 | 360 | LETTER addressed to Judge Lorna G. Schofield from Richard Supple dated October 13, 2016 re: Requesting that the Court schedule a pre-motion conference. Document filed by William Borchard, Baila Celedonia, Clear Channel Communications, Inc., Cowan, Liebowitz & Lathman, PC, Does, Michael Gordon, Dale Head, Midge Hyman, Instant |

EXHIBIT 12

| | | Live Concerts, LLC, Christopher Jensen, Live Nation, Inc., Nexticketing, Inc., Susan Schick, Steve Simon.(Supple, John) (Entered: 10/13/2016) |
|---|---|---|
| 10/13/2016 | 361 | AFFIDAVIT OF SERVICE of Letter to the Honorable Lorna G. Schofield from J. Richard Supple, Jr. dated October 13, 2016 served on Amy R. Gurvey, Plaintiff Pro Se on October 13, 2016. Service was made by Overnight Mail. Document filed by William Borchard, Baila Celedonia, Clear Channel Communications, Inc., Cowan, Liebowitz & Lathman, PC, Does, Michael Gordon, Dale Head, Midge Hyman, Instant Live Concerts, LLC, Christopher Jensen, Live Nation, Inc., Nexticketing, Inc., Susan Schick, Steve Simon. (Supple, John) (Entered: 10/13/2016) |
| 10/17/2016 | 362 | ORDER: ORDERED that the Opinion is hereby amended to provide that Plaintiff may file (i) a responsive submission, (ii) any request for additional time or for an adjournment, or (iii) any submission specifically ordered by the Court, without submitting it to the special master. ORDERED that Plaintiff shall file a response to Defendant's pre-motion letter no later than November 7, 2016, which shall comply with the Court's Individual Rule III.A.1, and which shall include a description of any cross-motion for summary judgment that Plaintiff may seek to file (which cross-motion, if any, shall be deemed a responsive filing). ORDERED that a pre-motion conference shall be held on November 15, 2016, at 5:00 p.m. In accordance with Federal Rule of Civil Procedure 53(b)(1), the Court hereby GIVES NOTICE of its intent to appoint a Special Master who, after becoming familiar with the case, will review any proposed motions or other submissions by Plaintiff not excluded by the amendment to the Opinion above and will determine whether such submissions are frivolous or otherwise patently improper. ORDERED that the parties shall file any suggestion of candidates who are willing to be appointed and any other comment regarding this notice of intent no later than November 7, 2016. The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff and to deliver a copy to the Pro Se Intake Unit in Room 200 at the Daniel Patrick Moynihan United States Courthouse. (As further set forth in this Order) (Pre-Motion Conference set for 11/15/2016 at 05:00 PM before Judge Lorna G. Schofield.) (Signed by Judge Lorna G. Schofield on 10/17/2016) (kl) (Entered: 10/17/2016) |
| 10/17/2016 | | Transmission to Docket Assistant Clerk. Transmitted re: 362 Order, Set Hearings, to the Docket Assistant Clerk for case processing. (kl) (Entered: 10/17/2016) |
| 10/18/2016 | | Mailed a copy of 362 Order, Set Hearings, to Amy R. Gurvey 315 Highland Avenue Upper Montclair, NJ 07043. (ca) (Entered: 10/18/2016) |
| 11/04/2016 | 363 | LETTER addressed to Judge Lorna G. Schofield from J. Richard Supple, Jr. dated November 4, 2016 re: Pursuant to Your Honor's order of 10-17-16. Document filed by William Borchard, Baila Celedonia, Clear Channel Communications, Inc., Cowan, Liebowitz & Lathman, PC, Does, Michael Gordon, Dale Head, Midge Hyman, Instant Live Concerts, LLC, Christopher Jensen, Live Nation, Inc., Nexticketing, Inc., Susan Schick, Steve Simon.(Supple, John) (Entered: 11/04/2016) |
| 11/04/2016 | 364 | LETTER addressed to Judge Lorna G. Schofield from Amy Gurvey dated 11/4/16 re: Plaintiff requests that the Court grant her a one week adjournment of both the 11/7/16 letter response date and 11/15/16 conference date on Defense Attorney Richard Supple's letter that he intends to move for summary judgment; and that Mr. Supple's letter states that he is available 11/14/16, 11/15/16, and 11/21/16-11/23/16 or any day during the week of 11/28/16 etc. Document filed by Amy R. Gurvey.(sc) (Entered: 11/07/2016) |
| 11/07/2016 | 365 | LETTER addressed to Judge Lorna G. Schofield from J. Richard Supple, Jr. dated November 7, 2016 re: Response to Plaintiff's Request for a one week adjournment of time to respond to defendants' letter request for permission to make a summary judgment motion and further request to postpone the now-scheduled 11-15-16 hearing. Document filed by William Borchard, Baila Celedonia, Clear Channel Communications, Inc., |

EXHIBIT 12
Page 163 of 808

| | | |
|---|---|---|
| | | Cowan, Liebowitz & Lathman, PC, Does, Michael Gordon, Dale Head, Midge Hyman, Instant Live Concerts, LLC, Christopher Jensen, Live Nation, Inc., Nexticketing, Inc., Susan Schick, Steve Simon.(Supple, John) (Entered: 11/07/2016) |
| 11/08/2016 | 366 | LETTER addressed to Judge Lorna G. Schofield from Amy Weissbrod Gurvey re: Plaintiff requests that the Court, based on the foregoing(as indicated), deny the defendants' application to move for summary judgment; that the plaintiff's application to move for summary judgment be granted; and that the defendants' choices for special master be rejected. Document filed by Amy R. Gurvey.(sc) (Entered: 11/09/2016) |
| 11/10/2016 | 367 | ORDER: It is hereby ORDERED that Plaintiff's letter received by the Court on November 8, 2016, is accepted even though it was received one day late, and her request to adjourn the due date for said letter is therefore GRANTED nunc pro tunc. It is further ORDERED that the conference currently scheduled for November 15, 2016, is adjourned to November 29, 2016, at 5:00 p.m. It is further ORDERED that Defendants shall email a copy of this Order to the pro se Plaintiff. The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff. Pre-Motion Conference set for 11/29/2016 at 05:00 PM before Judge Lorna G. Schofield. (Signed by Judge Lorna G. Schofield on 11/10/2016) (kgo) (Entered: 11/10/2016) |
| 11/10/2016 | | Transmission to Docket Assistant Clerk. Transmitted re: 367 Scheduling Order,,, to the Docket Assistant Clerk for case processing. (kgo) (Entered: 11/10/2016) |
| 11/10/2016 | | Mailed a copy of 367 Scheduling Order, to Amy Weissbrod Gurvey.(sbr) (Entered: 11/10/2016) |
| 11/29/2016 | | Minute Entry for proceedings held before Judge Lorna G. Schofield: Pre-Motion Conference held on 11/29/2016. (Court Reporter Khris Sellin) (Lewis, Barton) (Entered: 12/12/2016) |
| 12/01/2016 | 368 | ORDER: Defendants shall file any motion for summary judgment, not to exceed thirty (30) pages, by January 4, 2017. Plaintiff shall file her opposition and cross-motion for summary judgment, not to exceed thirty-five (35) pages, by February 17, 2017. Defendants shall file their reply and opposition to Plaintiff's cross-motion for summary judgment, not to exceed ten (10) pages, by March 3, 2017. Plaintiff shall file her reply in support of its cross-motion, not to exceed five (5) pages, by March 17, 2017, and as further set forth in this order. The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff. (Cross Motions due by 2/17/2017. Motions due by 1/4/2017. Responses due by 3/3/2017. Replies due by 3/17/2017.) (Signed by Judge Lorna G. Schofield on 12/1/2016) (tn) (Entered: 12/01/2016) |
| 12/01/2016 | | Transmission to Docket Assistant Clerk. Transmitted re: 368 Order, to the Docket Assistant Clerk for case processing. (tn) (Entered: 12/01/2016) |
| 12/21/2016 | 369 | LETTER MOTION for Leave to File Excess Pages *requesting permission to submit nine total declarations and twenty-five total exhibits in support of defendants' summary judgment motion, due to be filed on or before January 4, 2017.* addressed to Judge Lorna G. Schofield from J. Richard Supple, Jr., Esq. dated December 20, 2016. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen.(Supple, John) (Entered: 12/21/2016) |
| 12/21/2016 | 370 | MEMO ENDORSEMENT with respect to 369 Letter Motion for Leave to File Excess Pages. ENDORSEMENT: Plaintiff shall file any response to this letter no later than December 27, 2016. The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff. (Signed by Judge Lorna G. Schofield on 12/21/2016) (kgo) (Entered: 12/21/2016) |

EXHIBIT 12
Page 164 of 808                55/69

| 12/23/2016 | [371](#) | LETTER addressed to Judge Lorna G. Schofield from Amy Weissbrod Gurvey, dated 12/23/16 re: RESPONSE TO RICHARD SUPPLE'S LETTER APPLICATION RE EXPANDED EXHIBITS, AD ORDER ENTERED 4/21/16 & SUPREME NY INDEX NO. 100163-2015. Document filed by Amy R. Gurvey.(sc) (Entered: 12/26/2016) |
|---|---|---|
| 01/03/2017 | [372](#) | ORDER granting [369](#) Letter Motion for Leave to File Excess Pages. It is hereby ORDERED that Defendants application submitted on December 21, 2016, is GRANTED. Defendants -- and Plaintiff -- each may submit up to nine (9) declarations. Each declaration shall not to exceed ten (10) double-spaced pages. Defendants -- and Plaintiff -- each may submit up to twenty-five (25) exhibits provided that the exhibits collectively per side do not exceed 225 pages in total. Plaintiff will have the opportunity to respond to the merits of the Defendants' submissions in her opposition and cross-motion for summary judgment. The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff. (Signed by Judge Lorna G. Schofield on 1/3/2017) (kgo) (Entered: 01/04/2017) |
| 01/03/2017 | | Transmission to Docket Assistant Clerk. Transmitted re: [372](#) Order on Motion for Leave to File Excess Pages,,,, to the Docket Assistant Clerk for case processing. (kgo) (Entered: 01/04/2017) |
| 01/04/2017 | | Mailed a copy of [372](#) Order on Motion for Leave to File Excess Pages, to Amy R. Gurvey. (vj) (Entered: 01/04/2017) |
| 01/04/2017 | [373](#) | TRANSCRIPT of Proceedings re: Hearing held on 4/29/2015 before Magistrate Judge Henry B. Pitman. Court Reporter/Transcriber: Shari Riemer, (518) 581-8973. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/25/2017. Redacted Transcript Deadline set for 2/6/2017. Release of Transcript Restriction set for 4/4/2017. (jwh) Modified on 4/12/2017 (anc). (Entered: 01/04/2017) |
| 01/04/2017 | [374](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Hearing proceeding held on 4/29/2015 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(jwh) (Entered: 01/04/2017) |
| 01/04/2017 | [375](#) | MOTION for Summary Judgment . Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 01/04/2017) |
| 01/04/2017 | [376](#) | DECLARATION of J. Richard Supple, Jr. in Support re: [375](#) MOTION for Summary Judgment .. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6, # [7](#) Exhibit 7, # [8](#) Exhibit 8, # [9](#) Exhibit 9, # [10](#) Exhibit 10, # [11](#) Exhibit 11)(Supple, John) (Entered: 01/04/2017) |
| 01/04/2017 | [377](#) | DECLARATION of Mark Montague in Support re: [375](#) MOTION for Summary Judgment .. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2)(Supple, John) (Entered: 01/04/2017) |
| 01/04/2017 | [378](#) | DECLARATION of J. Christopher Jensen in Support re: [375](#) MOTION for Summary Judgment .. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # [1](#) Exhibit 1, # [2](#) |

EXHIBIT 12
Page 165 of 808

| | | Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6)(Supple, John) (Entered: 01/04/2017) |
|---|---|---|
| 01/04/2017 | [379](#) | DECLARATION of Midge Hyman in Support re: [375](#) MOTION for Summary Judgment .. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 01/04/2017) |
| 01/04/2017 | [380](#) | DECLARATION of Baila Celedonia in Support re: [375](#) MOTION for Summary Judgment .. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 01/04/2017) |
| 01/04/2017 | [381](#) | DECLARATION of William Borchard in Support re: [375](#) MOTION for Summary Judgment .. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 01/04/2017) |
| 01/04/2017 | [382](#) | AFFIDAVIT of Susan Gordan in Support re: [375](#) MOTION for Summary Judgment .. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 01/04/2017) |
| 01/04/2017 | [383](#) | RULE 56.1 STATEMENT. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 01/04/2017) |
| 01/04/2017 | [384](#) | MEMORANDUM OF LAW in Support re: [375](#) MOTION for Summary Judgment . . Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Supple, John) (Entered: 01/04/2017) |
| 01/09/2017 | [385](#) | LETTER addressed to Judge Lorna G. Schofield from Amy Weissbrod Gurvey dated 1/8/2017 re: Plaintiff respectfully submits the instant addendum based on the governing change in the Judiciary Law 1240 relevant to the issues discussed at the conference in the lawsuit held on November 29, 2016. Document filed by Amy R. Gurvey.(rdz) (Entered: 01/10/2017) |
| 01/11/2017 | [386](#) | MEMO ENDORSEMENT on re: [385](#) Letter, filed by Amy R. Gurvey. ENDORSEMENT: This letter will be disregarded because it does not comply with the Court's previous Orders. During the conference on November 29, 2016, Plaintiff raised the issue of whether counsel for Defendants must be disqualified. Plaintiff was informed that if she wanted to file a motion to disqualify, the Court would appoint a special master, which would begin to use the $10,000 in funds that Plaintiff was required to deposit, as set forth in the Orders dated September 17, 2015, and October 17, 2016. At the conference, Plaintiff represented that she only sought to file a response to Defendants' motion for summary judgment and file cross-motion for summary judgment. Consequently, the Court did not appoint a special master. If Plaintiff seeks to file additional motions, Plaintiff shall seek permission from the Court so that the Court may appoint a special master. Plaintiff is warned that continued failure to comply with the Court's Orders may result in prejudice or additional sanctions. (Signed by Judge Lorna G. Schofield on 1/11/2017) (kgo) (Entered: 01/11/2017) |
| 01/16/2017 | [387](#) | LETTER addressed to Judge Lorna G. Schofield from Amy Gurvey, dated 1/16/17 re: (SUMMARY JUDGMENT SCHEDULING ORDER) - Plaintiff requests a four-week extension to research and submit the State Briefs and file her Cross-Motion for Summary Judgment and opposition to the Cowan defendants' moving papers. Document filed by Amy R. Gurvey.(sc) (Entered: 01/17/2017) |
| 01/18/2017 | [388](#) | LETTER addressed to Judge Lorna G. Schofield from J. Richard Supple, Jr. dated 01/18/2017 re: in response to Plaintiff's Letter dated 01/16/2017. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen.(Supple, John) (Entered: 01/18/2017) |

| 01/19/2017 | 389 | LETTER addressed to Judge Lorna G. Schofield from Amy Weissbrod Gurvey, dated 1/19/17 re: SUMMARY JUDGMENT SCHEDULING ORDER/ RESPONSE TO SUPPLE'S EMAIL LETTER RESPONSE - DOCKET #388. Document filed by Amy R. Gurvey.(sc) (Entered: 01/19/2017) |
|---|---|---|
| 01/19/2017 | 390 | ORDER: It is hereby ORDERED that Plaintiff's request to extend her deadline to file her opposition and cross-motion for summary judgment is DENIED. The briefing schedule so ordered on December 1, 2016, established a generous briefing period and gives Plaintiff more than six weeks to prepare and file her opposition and cross-motion for summary judgment. The briefing deadlines shall be adhered to strictly. ORDERED that Defendants' request to sanction Plaintiff is DENIED. Plaintiff's request is for an extension to her briefing deadline, not a request to file a motion to disqualify, and sanctions are not warranted at this time. The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff. (Signed by Judge Lorna G. Schofield on 1/19/2017) (kgo) (Entered: 01/19/2017) |
| 01/19/2017 | | Transmission to Docket Assistant Clerk. Transmitted re: 390 Order,,,, to the Docket Assistant Clerk for case processing. (kgo) (Entered: 01/19/2017) |
| 01/20/2017 | | Mailed a copy of 390 Order to Amy R. Gurvey 315 Highland Avenue Upper Montclair, NJ 07043 with Return Receipt Requested. (rro) (Entered: 01/20/2017) |
| 01/20/2017 | 391 | LETTER addressed to Judge Lorna G. Schofield from Amy Weissbrod Gurvey dated 1/19/17 re: MOTION TO RECONSTRUCT/ CORRECT RECORD FRAP RULE 10(e). Document filed by Amy R. Gurvey.(sc) (Entered: 01/23/2017) |
| 01/31/2017 | 392 | ORDER: that Plaintiff's motion to correct the record is DENIED as moot. The majority of the documents that Plaintiff raised in her letter were located and will be scanned and placed on the docket in electronic form. The remaining documents do not appear to be material to the remaining claims at issue in this case -- attorney malpractice and breach of fiduciary duty -- or should not be filed. For example, the arbitration documents mentioned, the pre-arbitration and post-hearing briefs, are not typically filed on the docket because they are submitted to the arbitrator and not to this Court. It is further ORDERED that if there are specific documents cited by Defendants in their motion for summary judgment for which there is a docket entry but which are not available on the docket, Plaintiff may submit a letter, no longer than one page, listing those documents and the citation to the document in Defendants' summary judgment papers. The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff. SO ORDERED. (Signed by Judge Lorna G. Schofield on 1/31/2017) (anc) (Entered: 01/31/2017) |
| 01/31/2017 | | Transmission to Docket Assistant Clerk. Transmitted re: 392 Order to the Docket Assistant Clerk for case processing. (anc) (Entered: 01/31/2017) |
| 01/31/2017 | | Mailed a copy of 392 Order to Amy R. Gurvey 315 Highland Avenue Upper Montclair, NJ 07043. (rro) (Entered: 01/31/2017) |
| 02/07/2017 | 393 | LETTER addressed to Judge Lorna G. Schofield from Amy Gurvey, dated 2/6/17 re: Plaintiff informs the Court that it has still not replaced Docket ##15-25 per the Court's Order #392, impeding the plaintiff's ability to prepare her case; and that these entries are empirically relevant to the patent retainer agreement made by the Cowan defendants in December of 2001 etc. Document filed by Amy R. Gurvey.(sc) (Entered: 02/08/2017) |
| 02/13/2017 | 394 | MEMO ENDORSEMENT on re: 393 Letter, filed by Amy R. Gurvey. ENDORSEMENT: Docket numbers 15-24 were scanned and links were placed on the docket last week. Docket number 25 has not been located, but was originally filed by Plaintiff. (Signed by Judge Lorna G. Schofield on 2/13/2017) (mro) (Entered: 02/13/2017) |

EXHIBIT 12
Page 167 of 808

| 02/17/2017 | 396 | PLAINTIFF PRO SE'S MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT & IN OPPOSITION TO DEFENDANTS' MOTION-IN-CHIEF. Document filed by Amy R. Gurvey. (sc) (Entered: 02/21/2017) |
|---|---|---|
| 02/17/2017 | 397 | PLAINTIFF'S RULE 56.1 STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT. Document filed by Amy R. Gurvey. (sc) (Entered: 02/21/2017) |
| 02/17/2017 | 398 | (Affirmation)PLAINTIFF'S OPPOSITION TO DEFENDANTS' RULE 56.1 STATEMENT; re: 383 Rule 56.1 Statement. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(sc) (Entered: 02/21/2017) |
| 02/21/2017 | 395 | LETTER addressed to Judge Lorna G. Schofield from J. Richard Supple, Jr., Esq. dated February 21, 2017 re: plaintiff's deadline to file opposition to defendants summary judgment motion, and cross-motion for summary judgment. Document filed by William Borchard, Baila Celedonia, Clear Channel Communications, Inc., Cowan, Liebowitz & Lathman, PC, Michael Gordon, Dale Head, Midge Hyman, Instant Live Concerts, LLC, Christopher Jensen, Live Nation, Inc., Nexticketing, Inc., Susan Schick, Steve Simon. (Supple, John) (Entered: 02/21/2017) |
| 02/22/2017 | 399 | MEMO ENDORSEMENT on re: 395 Letter re: plaintiff's deadline to file opposition to defendants summary judgment motion, and cross-motion for summary judgment, filed by Clear Channel Communications, Inc., Baila Celedonia, Midge Hyman, Nexticketing, Inc., Instant Live Concerts, LLC, Christopher Jensen, Dale Head, Steve Simon, Cowan, Liebowitz & Lathman, PC, Susan Schick, Michael Gordon, Live Nation, Inc., William Borchard. ENDORSEMENT: Application DENIED as MOOT in light of Plaintiff's memorandum of law in opposition and in support of her cross-motion for summary judgment filed on February 17, 2017, and docketed on February 21, 2017. (Signed by Judge Lorna G. Schofield on 2/22/2017) (cla) (Entered: 02/22/2017) |
| 03/03/2017 | 400 | MEMORANDUM OF LAW in Support re: 375 MOTION for Summary Judgment . *and In Opposition to Plaintiff's Cross-Motion for Summary Judgment*. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen. (Attachments: # 1 Declaration of J. Richard Supple, Jr. in Opposition to Plaintiff's Cross-Motion for Summary Judgment and In Further Support of Defendants' Motion for Summary Judgment, # 2 Exhibit 1 to Declaration, # 3 Exhibit 2 to Declaration, # 4 Exhibit 3 to Declaration, # 5 Exhibit 4 to Declaration, # 6 Exhibit 5 to Declaration, # 7 Defendants' Response to Plaintiff's Rule 56.1 Statement, # 8 Affidavit of Service)(Supple, John) (Entered: 03/03/2017) |
| 03/17/2017 | 401 | PLAINTIFF PRO SE'S AFFIDAVIT REPLY of Amy R. Gurvey IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION; re: 375 MOTION for Summary Judgment . Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(sc) (Entered: 03/20/2017) |
| 03/23/2017 | 402 | LETTER addressed to Judge Lorna G. Schofield from J. Richard Supple, Jr., Esq. dated March 23, 2017 re: Objection to Plaintiff's Affidavit Reply in Further Support of Plaintiff's Motion for Summary Judgment and in Response to Defendants' Opposition to Plaintiff's Motion dated 3-17-17. Document filed by William Borchard, Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen.(Supple, John) (Entered: 03/23/2017) |
| 03/27/2017 | 403 | LETTER addressed to Judge Lorna G. Schofield from Amy R. Weisbrod Gurvey, dated 3/24/17 re: Plaintiff responds to a post-submission summary judgment letter from Richard Supple, attorney for Cowan defendants; and she writes that this case |

| | | |
|---|---|---|
| | | demonstrates how, with advents in technology, the public will not be able to switch gears and make a living in the current market until the Court mandates complete loyalty and confidentiality by patent attorneys. Document filed by Amy R. Gurvey.(sc) (Entered: 03/28/2017) |
| 04/06/2017 | 404 | LETTER addressed to Judge Lorna G. Schofield from Amy R. Weissbrod Gurvey, dated 3/24/17 re: Plaintiff writes in response to a post-submission summary judgment letter from Richard Supple, attorney for the Cowan defendants; and she writes that Mr. Supple has no right to a post submission letter, because he was improperly granted the right to submit expanded affirmations from the Cowan defendants' individual partners and attorneys who did not appear to give testimony at the arbitration in 2009 in defiance of served subpoenas. Document filed by Amy R. Gurvey.(sc) (Entered: 04/06/2017) |
| 04/09/2017 | 405 | LETTER addressed to Judge Lorna G. Schofield from Amy Weissbrod Gurvey dated 4/8/17 re: Plaintiff's Opposition and Motion for Summary Judgment. Document filed by Amy R. Gurvey.(sac) (Entered: 04/10/2017) |
| 04/12/2017 | | Terminate Transcript Deadlines re: 373 . (anc) (Entered: 04/12/2017) |
| 04/30/2017 | 406 | LETTER addressed to Judge Lorna G. Schofield from Amy Weissbrod Gurvey, dated 4/20/17 re: PLAINTIFF'S OPPOSITION AND MOTION FOR SUMMARY JUDGMENT. Document filed by Amy R. Gurvey.(sc) (Entered: 05/01/2017) |
| 06/25/2017 | 407 | LETTER from Amy Weissbrod Gurvey, dated 6/24/17 re: NOTICE OF CHANGE OF EMAIL ADDRESS - Pro Se Investor/Pqtentee Amy Gurvey informs the Court of her new email address as follows: amyg@livefio.com. Document filed by Amy R. Gurvey.(sc) (sc). (Entered: 06/26/2017) |
| 07/06/2017 | 408 | OPINION AND ORDER re: 375 MOTION for Summary Judgment . filed by Baila Celedonia, Cowan, Liebowitz & Lathman, PC, Midge Hyman, Christopher Jensen, William Borchard. Defendants move for summary judgment on the remaining claims of attorney malpractice and breach of fiduciary duty. Plaintiff cross-moves for summary judgment as to a number of claims that are not pending in this case. (As further set forth in this Order.) For the foregoing reasons, Defendants' motion for summary judgment is GRANTED, and Plaintiff's cross-motions are DENIED. Any of Plaintiff's claims or arguments not addressed herein have been considered and rejected. The Clerk of Court is directed to close the motion at Docket No. 375 and close this case. (Signed by Judge Lorna G. Schofield on 7/6/2017) (cf) (Entered: 07/06/2017) |
| 07/06/2017 | | Transmission to Judgments and Orders Clerk. Transmitted re: 408 Memorandum & Opinion to the Judgments and Orders Clerk. (cf) (Entered: 07/06/2017) |
| 07/07/2017 | 409 | CLERK'S JUDGMENT: It is, ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated July 6, 2017, Defendants' motion for summary judgment is granted and Plaintiff's cross-motions are denied. Any of Plaintiff's claims or arguments not addressed have been considered and rejected; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 7/7/2017) (Attachments: # 1 Right to Appeal, # 2 Right to Appeal) The Clerks Office Has Mailed Copies. (km) (Entered: 07/07/2017) |
| 07/07/2017 | | Terminate Transcript Deadlines (km) (Entered: 07/07/2017) |
| 07/07/2017 | | Transmission to Docket Assistant Clerk. Transmitted re: 409 Clerk's Judgment to the Docket Assistant Clerk for case processing. (km) (Entered: 07/07/2017) |
| 07/07/2017 | | Mailed a copy of 409 Clerk's Judgment 408 Memorandum & Opinion to Amy R. Gurvey, 315 Highland Avenue, Upper Monclair, NJ 07043. (rro) (Entered: 07/07/2017) |

| | | |
|---|---|---|
| 07/07/2017 | 410 | OPINION AND ORDER: It is hereby ORDERED that pro se Plaintiff Amy R. Gurvey shall not call or contact Chambers directly, but instead shall communicate with the Court solely through the Pro Se Office. Plaintiff is reminded that, per the Order dated September 17, 2015, "Plaintiff will receive the balance of the funds she deposited [with the Court], if any, after this case is closed and all appeals have been exhausted." If Plaintiff requires further assistance, she may contact the Legal Assistance Clinic, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in the Southern District of New York. Additional information about the Legal Assistance Clinic is available on the Southern District of New Yorks website: http://www.nysd.uscourts.gov/prose?clinic. (Signed by Judge Lorna G. Schofield on 7/7/2017) (ras) (Entered: 07/07/2017) |
| 07/10/2017 | 411 | LETTER addressed to Judge Lorna G. Schofield from Amy Gurvey, dated 7/7/17 re: (ORDER OF REFUND OF PLAINTIFF'S $10,000.00 FUNDS) - The plaintiff requests that the $10,000.00 placed in an interest-bearing account be ordered returned etc. Document filed by Amy R. Gurvey.(sc) (Entered: 07/11/2017) |
| 07/11/2017 | 412 | LETTER addressed to Judge Lorna G. Schofield from J. Richard Supple, Jr., Esq. dated July 11, 2017 re: in opposition to plaintiff Amy R. Gurvey's request that the Court modify its order, dated September 17, 2015 [Docket No. 338]. Document filed by Cowan, Liebowitz & Lathman, PC, Christopher Jensen.(Supple, John) (Entered: 07/11/2017) |
| 07/14/2017 | 413 | LETTER addressed to Judge Lorna G. Schofield from Amy Weisbrod Gurvey dated 7/7/17 re: (HEARING 11/29/16 - REFUND OF PLAINTIFF'S $10,000.00 FUNDS/ RECONSIDERATION) - Plaintiff requests that the Court advise if this Court will require a special master to entertain a motion for reconsideration of its summary judgment order entered on 7/6/17. Plaintiff. Document filed by Amy R. Gurvey.(sc) (Entered: 07/17/2017) |
| 07/18/2017 | 414 | ORDER: It is hereby ORDERED that Plaintiff's motion for reconsideration need not be reviewed prior to filing by a special master; ORDERED that, no later than August 1, 2017, Plaintiff may file either a motion for reconsideration of the July 6th Order, or a letter stating that she would like the Court to deem her letter filed July 14, 2017 as such a motion. If Plaintiff elects the former, the motion may be made as a formal motion with a memorandum of law not to exceed eight double-spaced pages, or may be made as a letter motion not to exceed 4 single spaced pages. Pro se Plaintiff shall file her motion or letter through the Pro Se Intake Office. ORDERED that Plaintiff's application to modify the Courts' September 17, 2015, Order is denied. Motions due by 8/1/2017. (Signed by Judge Lorna G. Schofield on 7/18/2017) (kgo) (Entered: 07/18/2017) |
| 08/01/2017 | 415 | LETTER addressed to Judge Lorna G. Schofield from Amy R. Gurvey, dated 7/31/17 re: 1)RECONSIDERATION OF 7/6/17 -SJ DECISION & ORDER 2) REFUND OF PLAINTIFF'S $10,000.00 DEPOSIT BECAUSE NO SPECIAL MASTER WAS HIRED. Document filed by Amy R. Gurvey.(sc) (Entered: 08/02/2017) |
| 08/01/2017 | 416 | AFFIDAVIT of Amy R. Gurvey IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND RELIEF FROM JUDGMENT(Local Rule 6.3, FRCP RULE 60(b)) re: 415 Letter. Document filed by Amy R. Gurvey. (sc) (Entered: 08/02/2017) |
| 08/09/2017 | 417 | ORDER: WHEREAS, on August 1, 2017, Plaintiff moved for reconsideration of the Order. It is hereby ORDERED that Plaintiff's motion is DENIED. The Court disregards the motion and accompanying affidavit to the extent that they contradict the factual allegations in the Complaint and Plaintiff's own prior sworn statements. See Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 106 (2d Cir. 2011); Moll v. Telesector Res. Grp., Inc., 760 F.3d 198, 205 (2d Cir. 2014). (Signed by Judge Lorna G. Schofield on 8/9/2017) (kgo) (Entered: 08/09/2017) |

| 08/09/2017 | [418](#) | MEMO ENDORSEMENT on re: [411](#) Letter request that the $10,000.00 placed in an interest-bearing account be ordered returned, filed by Amy R. Gurvey. ENDORSEMENT: Application GRANTED. Judgment for Defendants having been entered, and pro se Plaintiff's motion for reconsideration having been denied, the Clerk of Court is directed to return the $10,000 plus interest, if any, to pro se Plaintiff. (Signed by Judge Lorna G. Schofield on 8/9/17) (yv) (Entered: 08/10/2017) |
| --- | --- | --- |
| 08/28/2017 | | CASHIERS OFFICE REGISTRY DISBURSEMENT as per [418](#) Memo Endorsement, dated 8/9/2017, from Judge Judge Lorna G. Schofield, on 8/8/2017 disbursed to pay Amy Weissbrod Gurvey $10,040.00 Check No. 01070415 dated 8/18/2017 FEDEX# 810306522762 (cla) (Entered: 08/28/2017) |
| 09/01/2017 | [419](#) | NOTICE OF APPEAL from [417](#) Order, [418](#) Memo Endorsement and the final and interlocutory orders entered since 2/10/2012 Mandate (See pdf). Document filed by Amy R. Gurvey. Filing fee $ 505.00, receipt number 465401189944. Form D-P is due within 14 days to the Court of Appeals, Second Circuit. (tp) (Entered: 09/05/2017) |
| 09/05/2017 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: [419](#) Notice of Appeal. (tp) (Entered: 09/05/2017) |
| 09/05/2017 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for [419](#) Notice of Appeal, filed by Amy R. Gurvey were transmitted to the U.S. Court of Appeals. (tp) (Entered: 09/05/2017) |
| 11/28/2017 | [420](#) | TRANSCRIPT of Proceedings re: CONFERENCE held on 11/29/2016 before Judge Lorna G. Schofield. Court Reporter/Transcriber: Khristine Sellin, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/19/2017. Redacted Transcript Deadline set for 12/29/2017. Release of Transcript Restriction set for 2/26/2018.(McGuirk, Kelly) (Entered: 11/28/2017) |
| 11/28/2017 | [421](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 11/29/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 11/28/2017) |
| 06/13/2018 | [422](#) | LETTER from Amy Weissbrod Gurvey, dated 3/27/17 re: DISQUALIFICATION MOTION OPPOSING COUNSEL. Document filed by Amy R. Gurvey.(sc) (Entered: 06/14/2018) |
| 11/26/2018 | 423 | MOTION & MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AN INDICATIVE RULING BASED ON NEW EVIDENCE AND CONTROLLING CHANGE IN THE LAW UNDER FED.R.CIV.P. 60,62.1. Document filed by Amy R. Gurvey. (sc) (Entered: 11/26/2018) |
| 01/25/2019 | [424](#) | MANDATE of USCA (Certified Copy) as to [419](#) Notice of Appeal, filed by Amy R. Gurvey. USCA Case Number 17-2760. Ordered, Adjudged and Decreed that the judgment of the District Court is AFFIRMED. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 01/25/2019. (nd) (Entered: 01/25/2019) |
| 01/25/2019 | | Transmission of USCA Mandate to the District Judge re: [424](#) USCA Mandate,. (nd) (Entered: 01/25/2019) |

| 01/29/2019 | 425 | ORDER: It is hereby ORDERED that the motion for an indicative ruling is DENIED as moot. The Clerk of Court is directed to mail a copy of this Order to pro se Plaintiff. (Signed by Judge Lorna G. Schofield on 1/29/2019) (ne) Transmission to Docket Assistant Clerk for processing. (Entered: 01/29/2019) |
|---|---|---|
| 01/30/2019 | | Mailed a copy of 425 Order, to Amy R. Gurvey 315 Highland Avenue Upper Monclair, NJ 07043. (aea) (Entered: 01/30/2019) |
| 03/11/2019 | 426 | Costs Taxed as to 424 USCA Mandate, USCA Case Number 17-2760. in the amount of $1415.10. on 3/11/2019 in favor of Cowan, Liebowitz & Latman, P.C., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC, Nexticketing, Incorporated, William Borchard, Midge Hyman, Baila Celedonia, Christopher Jensen, Dale Head, Steve Simon, Nicole Ann Gordon, Susan Schick, Defendants Appellees against Amy Rebecca Gurvey, Plaintiff - Appellant,. (nd) (Entered: 03/11/2019) |
| 02/06/2020 | 427 | NOTICE OF MOTION TO VACATE SDNY ORDERS AS TO DEFENDANT LIVE NATION[FRCP 60(b)(6)][NOTE: Plaintiff's previous motion filed 4/22/10 to vacate 3/17/09 order dismissing the defendant, Live Nation, Inc. was never adjudicated] RETURN DATE: 2/21/20. Document filed by Amy R. Gurvey. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit).(sc) (Entered: 02/07/2020) |
| 02/13/2020 | 428 | MEMO ENDORSEMENT denying 427 Motion to Vacate. ENDORSEMENT: This motion to vacate is DENIED. There is no April 22, 2010, motion on the docket. In any case, this motion to vacate is untimely. Federal Rule of Civil Procedure 60(c)(1) requires that any motion to vacate, under Rule 60(b)(6), "be made within a reasonable time." It's been over a decade since the March 17, 2009, order was entered. Even if the April 22, 2010, motion to vacate were filed, that motion was also not reasonably prompt, because it would have been filed over a year after the March 17, 2009, Order. Cf. Fed. R. Civ. P. 60(c)(1) (Rule 60 motions generally should not be made "more than a year after the entry of the... order" being challenged.) This action has been appealed several times to the Second Circuit, and has been resolved and closed. The Clerk of Court is respectfully directed to close Dkt. No. 427, and to mail a copy of this Order to Plaintiff. (Signed by Judge Lorna G. Schofield on 2/13/2020) (cf) Transmission to Docket Assistant Clerk for processing. (Entered: 02/13/2020) |
| 02/13/2020 | | Mailed a copy of 428 Order on Motion to Vacate, to Amy R. Gurvey 315 Highland Avenue Upper Monclair, NJ 07043..(vba) (Entered: 02/13/2020) |
| 03/04/2020 | 429 | NOTICE OF MOTION TO RECONSIDER DENIAL OF U.S. PATENTEE/PLAINTIFF'S MOTION TO VACATE SDNY ORDERS BASED ON FAILURE TO ADJUDICATE THE APRIL 2010 AMENDED COMPLAINT STATING DAMAGES FOR PATENT INFRINGEMENT, AIDING & ABETTING INFRINGEMENT & CLAYTON ANTITRUST VIOLATIONS [35:271, 271(b),285, 286; 15:18], re; 428 Order on Motion to Vacate. Document filed by Amy R. Gurvey.(sc) (Entered: 03/04/2020) |
| 03/09/2020 | 430 | ORDER denying 429 Motion for Reconsideration. Application for reconsideration DENIED. Plaintiff does not raise any new information compelling a different result on her Motion to Vacate the March 17, 2009, Order dismissing Defendant Live Nation (Dkt. No. 65): 1. Contrary to Plaintiff's claim that the Order dismissing Live Nation -- which she is now challenging -- was dated April 24, 2009, the dismissal Order was dated March 17, 2009 (Dkt. No. 65). Accordingly, as this Court's February 13, 2020, Order explains: even if Plaintiff had filed an April 22, 2010, motion to vacate the March 17, 2009, order, any such motion would "not [have been] reasonably prompt, because it would have been filed over a year after the March 17, 2009, Order. Cf. Fed. R. Civ. P. 60(c)(1) (Rule 60 motions generally should not be made "more than a year after the entry of the... order" |

being challenged.)" 2. Any appeal of the March 17, 2009 Order is not timely. See Fed. R. App. P. 4; Gurvey v. Cowan, Liebowitz & Latman, P.C., 462 F. App'x 26, 30 n.5 (2d Cir. 2012) ("Gurvey I") (finding that Second Circuit did not have jurisdiction to consider appeal of the March 17, 2009, Order, because Plaintiff did not timely include the Order in her notice of appeal). The issues in this action have been fully adjudicated and appealed twice. See Gurvey I, 462 F. App'x 26; Gurvey v. Cowan, Liebowitz & Latman, P.C., 757 F. App'x 62 (2d Cir. 2018), cert. denied, 140 S. Ct. 161, 205 L. Ed. 2d 52 (2019), reh'g denied, No. 18-8930, 2019 WL 6257536 (U.S. Nov. 25, 2019). 3. None of the documents Plaintiff attaches below are the April 22, 2010 filings she references. Among the attachments, the one closest in time is a May 10, 2010, notice of motion to vacate the April 24, 2009, Order. Both Judge Jones in a reconsideration Order (Dkt. No. 80) and the Second Circuit conclusively reviewed the April 24, 2009, Order. 4. The January 28, 2020, Amended Final Judgment and Consent Decree, in the Department of Justice's antitrust action against Live Nation Entertainment, Inc. (available at https://www.justice.gov/atr/case-document/file/1241016/download),does not bear on the issues below or warrant vacatur of Orders in this action. Accordingly, reconsideration of the February 13, 2020, Order (Dkt. No. 428) -- denying Plaintiff's untimely motion to vacate -- is DENIED. If Plaintiff files frivolous materials, an injunction may be imposed, requiring Plaintiff seek permission first before filing anything further on the docket. The Clerk of Court is respectfully directed to close Dkt. No. 429, and to mail a copy of this Order to Plaintiff. (Signed by Judge Lorna G. Schofield on 3/9/2020) (cf) Transmission to Docket Assistant Clerk for processing. (Entered: 03/09/2020)

| | | |
|---|---|---|
| 03/09/2020 | | Mailed a copy of 430 Order on Motion for Reconsideration,to Amy R. Gurvey 315 Highland Avenue Upper Monclair, NJ 07043. (aea) (Entered: 03/09/2020) |
| 03/19/2020 | 431 | NOTICE OF APPEAL TO THE FEDERAL CIRCUIT from all Orders through 430 Order on Motion for Reconsideration. Form 7 and Form 22 are due within 14 days. Document filed by Amy R. Gurvey. (tp) (Entered: 03/23/2020) |
| 03/19/2020 | | Appeal Fee Due: for 431 Notice of Appeal to the Federal Circuit. Appeal fee due by 4/2/2020. (tp) (Entered: 03/23/2020) |
| 03/23/2020 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals for the Federal Circuit re: 431 Notice of Appeal to the Federal Circuit. (tp) (Entered: 03/23/2020) |
| 03/23/2020 | | Appeal Record Sent to USCA Federal Circuit (Electronic File). Certified Indexed record on Appeal Electronic Files for 431 Notice of Appeal to the Federal Circuit filed by Amy R. Gurvey were transmitted to the U.S. Court of Appeals for the Federal Circuit. (tp) (Entered: 03/23/2020) |
| 03/30/2020 | | USCA Case Number 20-1620 from the USCA Federal Circuit assigned to 431 Notice of Appeal to the Federal Circuit filed by Amy R. Gurvey. (tp) (Entered: 03/30/2020) |
| 04/15/2020 | | USCA Appeal Fees received $ 505.00 receipt number 465401257531 on 4/14/2020 re: 431 Notice of Appeal to the Federal Circuit filed by Amy R. Gurvey. (tp) (Entered: 04/21/2020) |
| 06/23/2020 | 432 | ORDER of USCA (Certified Copy) as to 431 Notice of Appeal to the Federal Circuit filed by Amy R. Gurvey. USCA Case Number 2020-1620. Accordingly, IT IS ORDERED THAT: (1) The court accepts Ms. Gurvey's reply (ECF No. 29) for filing. (2) The appeal and all filings are transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. Peter R. Marksteiner, Clerk USCA for the Federal Circuit. Certified: 06/23/2020..(nd) (Entered: 06/23/2020) |

| 09/02/2020 | 433 | ORDER of USCA (Certified Copy) as to 431 Notice of Appeal to the Federal Circuit filed by Amy R. Gurvey. USCA Case Number 2020-1620. Appellant Amy R. Gurvey filed a petition for rehearing en banc. The petition was first referred as a petition for rehearing to the panel that heard the appeal, and thereafter the petition for rehearing en banc was referred to the circuit judges who are in regular active service. Upon consideration thereof, IT IS ORDERED THAT: The petition for panel rehearing is denied. The petition for rehearing en banc is denied. Peter R. Marksteiner, Clerk USCA for the Federal Circuit. Certified: 09/02/2020..(nd) (Entered: 09/02/2020) |
|---|---|---|
| 09/30/2020 | | USCA Case Number 20-1986 from the U.S. Court of Appeals, 2nd Circ. assigned to 431 Notice of Appeal to the Federal Circuit filed by Amy R. Gurvey..(nd) (Entered: 09/30/2020) |
| 09/30/2020 | | Appeal Record Sent to USCA (Electronic File). USCA Case Number 20-1986, Certified Indexed record on Appeal Electronic Files for 431 Notice of Appeal to the Federal Circuit filed by Amy R. Gurvey were transmitted to the U.S. Court of Appeals..(nd) (Entered: 09/30/2020) |
| 04/01/2021 | 434 | MANDATE of USCA (Certified Copy) as to 431 Notice of Appeal to the Federal Circuit filed by Amy R. Gurvey. USCA Case Number 20-1986. Appellees move to dismiss the appeal and for sanctions. Upon due consideration, it is hereby ORDERED that Appellees' motion is DENIED. It is further ORDERED that the appeal is DISMISSED because it "lacks an arguable basis either in law or in fact". Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Pillay v. INS, 45 F.3d 14, 17 (2d Cir. 1995) (holding Court has inherent authority to dismiss an appeal that lacks an arguable basis in law or fact). Appellants mandamus petition, which was transferred to this Court as part of this appeal from the United States Court of Appeals for the Federal Circuit, is DENIED because mandamus may not be used as a substitute for an appeal... Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 04/01/2021..(nd) (Entered: 04/01/2021) |
| 11/22/2021 | 435 | MOTION UNDER FRCP RULES 60(b)(6) & 15 TO VACATE JUDGMENT & REPLEAD AN AMENDED COMPLAINT POST JUDGMENT, re: for Reconsideration of re; 409 Clerk's Judgment. Document filed by Amy R. Gurvey.(sc) (Entered: 11/22/2021) |
| 12/02/2021 | 436 | MEMO ENDORSED ORDER denying 435 MOTION for Reconsideration re; 409 Clerk's Judgment filed by Amy R. Gurvey. ENDORSEMENT: Application DENIED as untimely. Plaintiff seeks to vacate the judgment entered on July 7, 2017, under Rule 60(b). Plaintiff's motion is based largely on new evidence, the evidence of a patent. Rule 60(c)(1) provides that a motion under Rule 60(b) for reasons of newly discovered evidence must be filed "no more than a year after the entry of the judgment." Here, Plaintiff filed the motion more than four years after the entry of judgment. To the extent Plaintiff's motion is based on other reasons under Rule 60(b)(6)'s catch-all provision, it still must be "made within a reasonable time." Fed. Rule. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time...."). Plaintiff's motion is devoid of facts or argument to support finding that it was made within a reasonable time. Because Plaintiff's Rule 60(b) motion to vacate is denied as untimely, Plaintiff's motion for leave to amend is also denied. "It is well established that a party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc., 970 F.3d 133, 142 (2d Cir. 2020) (internal quotation marks omitted). The Clerk of Court is respectfully directed to close the motion at Dkt. No. 435 and to mail a copy of this Order to Plaintiff. (Signed by Judge Lorna G. Schofield on 12/2/2021) (mml) Transmission to Docket Assistant Clerk for processing. (Entered: 12/02/2021) |

| 12/02/2021 | | Mailed a copy of 436 Order on Motion for Reconsideration to Amy R. Gurvey at 315 Highland Avenue, Upper Monclair, NJ 07043. (kh) (Entered: 12/02/2021) |
|---|---|---|
| 12/22/2021 | 437 | LETTER addressed to Judge Lorna G. Schofield from Amy Gurvey, dated 12/21/21 re: "MOTION FOR RECONSIDERATION" -Plaintiff has been hospitalized since early December 2020(please see doctor's note attached) and requests that the Court accept this motion for reconsideration of the Court's order entered 12/2/21 as within time etc. Please be advised that Plaintiff was represented by counsel early in the litigation and is not pro se by choice. Based on the now established liaison between Cowan's attorney, Mr Supple, and the plaintiff's attorney, Lee Squitieri Esq., the plaintiff was forced to continue the case pro se after Mr. Squitieri was somehow granted unilateral withdrawl in 2010 suspiciously within six months after the first US patent issued. There can be no prejudice to the defendants if Plaintiff's motion is granted. Document filed by Amy R. Gurvey.(sc) (Entered: 12/28/2021) |
| 12/29/2021 | 438 | MEMO ENDORSEMENT on re: 437 Letter,,, filed by Amy R. Gurvey. ENDORSEMENT: Application DENIED as untimely for the reasons stated in the Order at Dkt. No. 436 as to the Rule 60(b) request, untimely under Rule 59 because more than twenty-eight days have passed since the entry of judgment as explained in the Order at Dkt. No. 436 and untimely under Local Rule 6.3 because more than fourteen days have passed since the order sought to be reconsidered was entered. Plaintiff offers no explanation why her hospitalization, which took place for less than half of the fourteen days, left her unable to respond within the fourteen-day period. In any event, Plaintiff's letter is a request for reconsideration of an Order denying a request for reconsideration, and there is no basis for requesting reconsideration ad infinitum. If Plaintiff files frivolous materials, an injunction may be imposed, requiring Plaintiff to seek permission first before filing anything further on the docket. The Clerk of Court is respectfully directed to mail this Order to pro se Plaintiff. So Ordered. (Signed by Judge Lorna G. Schofield on 12/29/2021) (js) Transmission to Docket Assistant Clerk for processing. (Entered: 01/03/2022) |
| 12/31/2021 | 439 | NOTICE OF APPEAL TO THE FEDERAL CIRCUIT from 436 Order on Motion for Reconsideration. Document filed by Amy R. Gurvey. (tp) (Entered: 01/04/2022) |
| 01/03/2022 | | Mailed a copy of 438 Memo Endorsement to Amy R. Gurvey at 315 Highland Avenue, Upper Monclair, NJ 07043. (kh) (Entered: 01/03/2022) |
| 01/04/2022 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals Federal Circuit re: 439 Notice of Appeal to the Federal Circuit. (tp) (Entered: 01/04/2022) |
| 01/04/2022 | | Appeal Record Sent to USCA Federal Circuit(Electronic File). Certified Indexed record on Appeal Electronic Files for 439 Notice of Appeal to the Federal Circuit filed by Amy R. Gurvey were emailed to the U.S. Court of Appeals for the Federal Circuit. (tp) (Entered: 01/04/2022) |
| 01/05/2022 | | Deficient Pro Se Payment of Fee Received: Incorrect Payment Type received by the Finance Department on 01/04/2022, in the amount of $505.00. Payment will be held by the Finance Office pending further order of the Court. (stt) (Entered: 01/05/2022) |
| 01/06/2022 | 440 | NOTICE OF DOCKETING & USCA Case Number 2022-1331 from the U.S. Court of Appeals for the Federal Circuit assigned to 439 Notice of Appeal to the Federal Circuit filed by Amy R. Gurvey. (tp) (Entered: 01/06/2022) |
| 01/06/2022 | | USCA Case Number 2022-1331 from the USCA Federal Circuit assigned to 439 Notice of Appeal to the Federal Circuit filed by Amy R. Gurvey. (tp) (Entered: 01/06/2022) |

EXHIBIT 12
Page 175 of 808

| 02/18/2022 | 441 | ORDER: It is hereby ORDERED that the Clerk of Court shall return the improper payment. Plaintiff is advised that to cure the improper payment, Plaintiff shall make the payment using one of the appropriate payment methods listed on the Court's website. The Clerk of Court is respectfully directed to mail this Order to pro se Plaintiff. (Signed by Judge Lorna G. Schofield on 2/18/2022) (mml) Transmission to Docket Assistant Clerk for processing. Transmission to Finance Unit (Cashiers) for processing. (Entered: 02/18/2022) |
| --- | --- | --- |
| 02/18/2022 | | Mailed a copy of 441 Order to Amy R. Gurvey at 315 Highland Avenue, Upper Monclair, NJ 07043. (kh) (Entered: 02/18/2022) |
| 03/09/2022 | | USCA Appeal Fees received $ 505.00 receipt number 465401294868 on 3/9/2022 re: 439 Notice of Appeal to the Federal Circuit filed by Amy R. Gurvey..(wb) (Entered: 03/09/2022) |
| 03/09/2022 | 442 | *** STRICKEN DOCUMENT. Document number 442 has been stricken from the case record. The document was stricken from this case pursuant to 444 Order. LETTER addressed to Judge Lorna G. Schofield from Amy Gurvey, dated 3/6/22 re: MOTION TO VACATE OR RECONSIDER ORDER ENTERED 12/2/21 DENYING A REPLEADED AMENDED COMPLAINT POST JUDGMENT AND PATENT ISSUANCE, TO RECUSE JUDGE & VACATE ORDERS RETROACTIVE TO 2016. Document filed by Amy R. Gurvey.(sc) Modified on 3/10/2022 (tg). (Entered: 03/09/2022) |
| 03/09/2022 | 443 | *** STRICKEN DOCUMENT. Document number 443 has been stricken from the case record. The document was stricken from this case pursuant to 444 Order. LETTER addressed to Judge P. Kevin Castel from A. Gurvey, dated 3/7/22 re: I have just discovered that without notice to me or any opportunity to be heard, my name was removed from the roster of SDNY attorneys sometime during the pendency of this 13-year patent and anti-trust litigation to prejudice my strict liability infringement rights and my absolute right to amend my Complaint post patent issuance during the lawsuit. 06cv1202 etc. I am sending a copy of this letter to the new Chief Judge of the SDNY, Hon. Laura Taylor Swain, to the 2nd Circuit Disciplinary Board, to the U.S. Attorney for the SDNY, and appending it with relevant documents to Judge Loran Schofield with a motion to replead etc. Document filed by Amy R. Gurvey.(sc) Modified on 3/10/2022 (tg). (Entered: 03/09/2022) |
| 03/09/2022 | | Supplemental ROA Sent to USCA (Electronic File). Certified Supplemental Indexed record on Appeal Electronic Files for 443 Letter, filed by Amy R. Gurvey, 442 Letter, filed by Amy R. Gurvey, 440 Notice (Other) filed by Amy R. Gurvey, 441 Order, USCA Case Number 2022-1331, were transmitted to the U.S. Court of Appeals. (tp) (Entered: 03/09/2022) |
| 03/10/2022 | 444 | ORDER: It is hereby ORDERED that the letter is stricken from the docket because it pertains to an attorney disciplinary matter handled by the Grievance Committee. The Clerk of Court is respectfully directed to (1) strike the entries and letters at Dkt. Nos. 442 and 443 from the record and (2) ensure the letter reaches the Grievance Committee, if it has not already. (Signed by Judge Lorna G. Schofield on 3/10/2022) (tg) Transmission to Attorney Services/Help Desk. Transmission to Office of the Clerk of Court for processing. (Entered: 03/10/2022) |
| 03/15/2022 | 445 | LETTER addressed to Judge Lorna G. Schofield from A. Gurvey, dated 3/6/22 re: "MOTION TO VACATE OR RECONSIDER ORDER ENTERED 12/2/21 DENYING A REPLEADED AMENDED COMPLAINT POST JUDGMENT & PATENT ISSUANCE, TO RECUSE JUDGE AND VACATE ORDERS RETROACTIVE TO 2016." Document filed by Amy R. Gurvey.(sc) (Entered: 03/16/2022) |

EXHIBIT 12
Page 176 of 808

| 03/17/2022 | 446 | MEMO ENDORSEMENT on re: 445 Letter, filed by Amy R. Gurvey ENDORSEMENT: Plaintiff's application for reconsideration of the Court's December 2, 2021, Order denying Plaintiff's prior motion for reconsideration is denied for the reasons stated in the December 29, 2021, Order. Plaintiff was advised that there is no basis for requesting reconsideration ad infinitum. The remainder of Plaintiff's arguments in this application are without merit. The December 29, 2021, Order advised Plaintiff for the second time that if Plaintiff files baseless materials, an injunction may be imposed, requiring Plaintiff to seek permission first before filing anything further on the docket. The Second Circuit has identified five factors relevant to the decision to impose a filing injunction: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation," including whether the litigant has "an objective good faith expectation of prevailing[]; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." Vassel v. Firststorm Props. 2 LLC, 750 F. App'x 50, 52 (2d Cir. 2018) (summary order) (quoting Safir v. U.S. Lines Inc., 792 F.2d 19, 24 (2d Cir. 1986) (internal quotation marks omitted)). Though the Court is reluctant to impose an injunction, each factor counsels in favor of imposing a filing bar. Plaintiff has a history of meritless litigation, in this case and others. See Gurvey v. DiFiore, No. 19 Civ. 4739, 2021 WL 4480553, at *6 (E.D.N.Y. Sept. 30, 2021). Second, Plaintiff has already been instructed not to file motions for reconsideration of orders denying a motion for reconsideration. Third, Plaintiff, an attorney, is not entitled to any special solicitude as a pro se litigant. See id. Fourth, Plaintiff's repeated meritless lawsuits are a needless imposition on defendants and burden on the courts. Fifth, other sanctions cannot adequately protect the courts and the other parties. Plaintiff is barred from filing without prior leave of the Court (1) any further documents in this case except for those captioned for the Second Circuit and (2) any further actions in the Southern District of New York against the Defendants arising out of the events alleged in the Third Amended Complaint. (Signed by Judge Lorna G. Schofield on 3/17/2022) (ks) (Entered: 03/17/2022) |
| 04/15/2022 | 447 | ORDER of USCA (Certified Copy) as to 439 Notice of Appeal to the Federal Circuit filed by Amy R. Gurvey. USCA Case Number 2022-1331. IT IS ORDERED THAT: The appeal and all filings are transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631 Peter R. Marksteiner, Clerk USCA for the Federal Circuit. Certified: 04/15/2022..(nd) (Entered: 04/15/2022) |
| 05/10/2022 | | Appeal Record Sent to USCA (Electronic File). USCA Case Number 22-840, Certified Indexed record on Appeal Electronic Files for 439 Notice of Appeal to the Federal Circuit filed by Amy R. Gurvey were transmitted to the U.S. Court of Appeals..(nd) (Entered: 05/10/2022) |
| 05/25/2022 | 448 | ORDER of USCA (Certified Copy) as to 439 Notice of Appeal to the Federal Circuit filed by Amy R. Gurvey USCA Case Number 2022-1331. Amy R. Gurvey filed a petition for panel rehearing and a document construed as a supplement to the petition [ECF No. 24]. Upon consideration thereof, IT IS ORDERED THAT: The petition for panel rehearing is denied. Peter R. Marksteiner, Clerk USCA for the Federal Circuit. Certified: 5/25/2022. (tp) (Entered: 05/25/2022) |
| 08/18/2022 | 449 | MANDATE of USCA (Certified Copy) as to 439 Notice of Appeal to the Federal Circuit filed by Amy R. Gurvey. CAFC Case Number 22-1331; USCA Case Number 22-0840. A notice of appeal was filed on April 15, 2022. Appellant's Form D-P was due May 3, 2022. The case is deemed in default. IT IS HEREBY ORDERED that the appeal will be dismissed effective June 1, 2022 if the form is not filed by that date. Catherine O'Hagan |

| | | Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 8/18/2022. (tp) (Entered: 08/18/2022) |
|---|---|---|
| 08/18/2022 | | Transmission of USCA Mandate/Order to the District Judge re: <u>449</u> USCA Mandate. (tp) (Entered: 08/18/2022) |
| 04/28/2023 | <u>450</u> | LETTER addressed to Judge Lorna G. Schofield from A. Gurvey, dated 4/25/23 re: "LETTER REQUESTING PERMISSION"- I enclose a letter requested by the Appellate Division Third Department addressed to Attorney Membership Office Anthony Moore, Esq. that establishes that the preclusion order issued by the Court in March 2022 was unwarranted, and again targeted the wrong parties in this action. Document filed by Amy R. Gurvey. (Attachments: # <u>1</u>Letter Part 2, # <u>2</u> Letter Part 3)(sc) (Entered: 05/01/2023) |
| 05/01/2023 | <u>451</u> | LETTER addressed to Judge Lorna G. Schofield from A. W. Gurvey, dated 4/25/23 re: "LETTER REQUESTING PERMISSION" - There is not one attorney I have contacted who disputes that I have been treated abominably by this Court. Almost all have conflicts with infringers, making it more urgent that I get a hearing of my patents and on the unfair competition and continuing antitrust violations by defendant Live Nation. Document filed by Amy R. W. Gurvey.(sc) (Entered: 05/01/2023) |
| 05/01/2023 | <u>452</u> | LETTER addressed to Judge Lorna G. Schofield from A. Gurvey, dated 4/25/23 re: "LETTER REQUESTING PERMISSION"- I am constitutionally entitled to a hearing on my patents under the Fifth Amendment by the SDNY. Even if I was admitted in NYS and had been legitimately sanctioned for six months as an attorney in a HUD housing case, which I was not etc., that has nothing to do with denying me a hearing on my patents in defiance of the 5th Amendment for thirteen years. Document filed by Amy R. Gurvey.(sc) (Entered: 05/02/2023) |
| 06/05/2023 | <u>453</u> | NOTICE OF DOCKETING. USCA Case No. 2023-134. A petition for writ of mandamus has been filed and assigned the above Federal Circuit case number. The court's official caption is included as an attachment to this notice. Unless otherwise noted in the court's rules, the assigned docket number and official caption or short caption must be included on all documents filed with this Court. It is the responsibility of all parties to review the Rules for critical due dates. The assigned deputy clerk is noted below and all case questions should be directed to the Case Management section at (202) 275-8055..(nd) (Entered: 06/05/2023) |
| 08/16/2023 | <u>454</u> | ORDER of USCA (Certified Copy) USCA Case Number 2023-0134. Amy R. Gurvey petitions for a writ of mandamus to "disqualif[y]" the magistrate judge and district court judge, vacate the district court's orders "retroactive to 2012," and direct that her case be transferred. ECF No. 2-1 at 21-22. IT IS ORDERED THAT: The petition is dismissed. Jarrett B. Perlow, Clerk USCA for the Federal Circuit. Certified: 08/16/2023..(nd) (Entered: 08/16/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/22/2023 17:55:04 | | |
| **PACER Login:** | rslittle | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:06-cv-01202-LGS-HBP |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

# EXHIBIT 13

# EXHIBIT 13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

AMY  WEISSBROD-GURVEY,

|  | CIVIL RIGHTS COMPLAINT |
|--|--|

CIVIL RIGHTS COMPLAINT
FOR DAMAGES [42 USC §§ 1983,
1988], INJUNCTIVE RELIEF
UNDER FOIA[ 5 USCA§ 552]
DECLARATORY RELIEF AND
DEMAND FOR A JURY TRIAL

Plaintiff *pro se,*

Index No.  $100163 - 15$

-v-

STATE OF NEW YORK, CITY OF NEW YORK,
Appellate Division First Dept., Appellate Division First
Dept. Disciplinary Committee ("DDC"), NYC/NYS Ethics
Boards for Attorney Discipline, NYS Commission on Judicial
Conduct ("Commission"), NYS Office of Court Administration ("OCA"),
Hon(s). Jonathan Lippman, Luis Gonzalez, Robert Tembeckjian,
Thomas Cahill, Alan Friedberg, Hal Lieberman, Richard Supple,
Mary Jo Hamilton, James T. Shed,  Paul Curran (deceased),
Jorge Do Pico, Naomi Goldstein, Sherry Cohen,
Halliburton Fales, Raymond Vallejo, Orlando Reyes,
DDC Hearing Panel IV), and DOES I-X, Inclusive,

Defendants.

-------------------------------------------------------------------x


I.      **STATEMENT OF THE CASE**

1.      This civil rights lawsuit is being filed by Plaintiff *pro se* Amy Weissbrod-Gurvey,

a USPTO inventor and resident of NJ who has been issued US patents in premium expanded

ticketing operations, apparatuses and digital editing, conversion and authenticated real time

distribution of event content [1].   Plaintiff's first patents were delayed for USPTO prosecution for

an unprecedented 7 years, i.e., from 2002- 2009,  because of the inequitable patent misconduct,

---

[1] Gurvey US Patent Nos. 7, 603, 321;D 610947S.  Plaintiff has been on inactive attorney status
in CA since 1996 and formally retired from the Third Dept. in NYS as of 2001, before times
relevant to this lawsuit.

EXHIBIT 13
Page 180 of 808

fraud, breach of fiduciary duty and conspiracy to commit patent theft with other clients undertaken by her NY patent attorneys and managing partners at Cowan Liebowitz & Latman, PC. Plaintiff's ongoing DR violations against the Cowan firm that were filed as proper grievances with defendants starting in 2004, were consistently whitewashed in contended violation of Equal Protection and DDC's standard disciplinary protocols [NY's Judiciary Law § 487, 22 NYCRR 600, et seq., 22 NYCRR 1200 et seq.]

2.    Cowan's USPTO withdrawal form seeking unilateral withdrawal from Plaintiff's patent representation was allegedly filed in 2003 conceding to an *admitted "conflict of interest"* as the grounds, but there is no proof of service at the USPTO and Cowan did not serve Plaintiff with that notice. This is a per DR violation. At this time, Cowan had done virtually zero patent work over 17 months and was withholding what Cowan knew to be essential services to protect Plaintiff's inventions and valuable priority dates such as filing timely follow-up applications for expedited prosecution. Had these applications been filed as is the proper standard of care to protect an inventor's rights, it would have resulted in Plaintiff getting at least the same and possibly more comprehensive issued US and PCT patent claims by no later 2004. Instead, Plaintiff patent enforcement rights were also unduly delayed for 7 years, demonstrating the huge damages that Plaintiff and her technology company suffered and continue to sustain based on Cowan's inequitable patent misconduct.

3.    Plaintiff had in fact given Cowan her long form drafts, schematics, drawings, specification and draft claims to edit and file early in 2002 after Cowan accepted Plaintiff's $50,000 retainer in December, 2001. But Cowan never did virtually any work and instead gave the detailed contents of Plaintiff's patent drafts and ideas to others. Cowan also improperly never sent Plaintiff a formal retainer agreement as is required in NYS and kept delaying after

2

EXHIBIT 13
Page 181 of 808

promise a retainer would be sent.    In essence, Cowan thereafter unlawfully abandoned Plaintiff after stealing her patent retainer and ideas under false pretenses, use the delay time to assist other clients,  and delay Plaintiff's enforcement rights against them.

4    At the time Cowan's withdrawal form was allegedly filed in 2003, Plaintiff's two provisional applications that Cowan had filed in May 2002 were about to lapse into the public domain.  These provisional applications were in the form of text summaries only and did not include the contents of Plaintiff's 50-page drafts, demonstrating that Cowan had done virtually no work worth more than $1,500.   The incriminating evidence is demonstrating by the fact that a week later, on May 5, 2003, excerpts from Plaintiff's confidential inventions, novel terms of art created by Plaintiff, and long-form patent drafts that had been at the firm for 17 months, were published in the *New York Times* Business Section with Cowan's other client Clear Channel taking credit for Plaintiff's ideas in introducing a new company, Instant Live Concerts, LLC.  A second subsidiary outsourcing Plaintiff's ticketing inventions was also enabled  through Cowan fraud and tortious misconduct.  NexTicketing, Inc. was subsequently formed by Clear Channel in 2005, and then used to feed outsourced ticketing systems integrating Plaintiff's inventions to Instant Live after it was acquired by Live Nation.  Live Nation then precluded Plaintiff and other companies from entering its dominant share of live event venues

5.    Verbatim terms of such as "to capture otherwise lost live content" taken directly from Plaintiff's confidential files and draft applications at the firm were printed in the *New York Times* article and another Cowan client, Phish, had its interview sound bites also printed.  The *New York Times* is another trademark client of the Cowan firm; and Plaintiff's calls to the free-

3

EXHIBIT 13
Page 182 of 808

lance reporter, Matthew Mirapol, were never returned. [2] Plaintiff then discovered that Cowan was in dire financial condition and its two rainmaking patent partners, Michael Wolfson, Esq. and William Dippert, Esq. had exited the firm. Plaintiff also discovered that a Cowan senior associate, Susan Schick, had been unlawfully disseminating emails that Plaintiff's inventions "*were a Cowan patent project*", in essence breaching Plaintiff's attorney client-privilege. At times relevant, Schick was engaged to the bass guitarist of Phish, Michael Gordon, and is now married to him. Schick has since left the firm.

6.     The nature and source of Cowan's *admitted conflict* as stated on its attempted USPTO 2003 withdrawal form was never thereafter disclosed by Cowan or compelled by defendants in response to Plaintiff's otherwise proper DR grievances that were filed starting in 2004. This demonstrates defendants' per se violations of equal protection and deviations from its standard disciplinary protocols.

7.     As ultimately confirmed by the USPTO, Cowan, in fact, inserted non-existent attorney customer numbers and a Washington DC address on the federal withdrawal form, thereby engaging in federal fraud as defined under the False Claims Act, 31 USC §3729. Cowan also did not completely withdraw and filed no withdrawal from a second patent application filed for Plaintiff in her sole name, thereby causing the USPTO Commissioner to take Plaintiff's applications for prosecution in due course until the matters pertaining to Cowan's improper withdrawal tactics were resolved to USPTO's satisfaction.

8.     A USPTO investigation thereafter ensued and in fact continues, per a 2014 notice Plaintiff received from the USPTO General Counsel. To this date, defendants never even cited Cowan for DR violations, never compelled return Plaintiff's non-public patent files or her

---

[2] Cowan's written notes and orders pertaining to issuance and placement the article remain outstanding in SDNY discovery.

EXHIBIT 13
Page 183 of 808

unearned retainer of $50,000, or even offered Plaintiff's fee mediation which is defendants' standard practice.    Plaintiff has no idea when the USPTO OED investigation was formally opened.

9.    Cowan's misconduct by both its patent attorneys and managing partners was the subject of ongoing grievances filed by Plaintiff at defendant DDC including documentary proof that Cowan intentionally purged relevant patent files from Plaintiff's e-directories and altered patent evidence between 2002-09 in violation of *Micron Technology v. Rambus*, 645 F. 3d 1311 (D. Del 2013).  Cowan and its defense attorney, defendant Richard Supple, herein, also unlawfully submitted altered patent evidence to SDNY for more than 5 years, engaging in further DR violations.  In 2013, Plaintiff discovered that Cowan altered and withheld patent files between 2002-2004 were purged *"at other client's instructions"*; and  Cowan had integrated the contents of Plaintiff's digital conversion algorithms into a PCT application filed on May 6, 2002 for but another client, Legend Films of San Diego.

10.    Because the Legend PCT was filed prior to the two provisionals Cowan filed for Plaintiff later in May, 2002, Plaintiff lost patent claims to Legend.  In 2014, the USPTO General Counsel noticed that Cowan lawyers are under ongoing investigation for *potentially criminal misconduct* in connection with Plaintiff's patent retainer.

11.    Plaintiff's previous attorney, Squitieri & Fearon, LLP, retained to prosecute all Plaintiff's damage claims against Cowan,  in 2009, in fact got some of these incriminating emails that Cowan had purged in 2002-4.  Squitieri got the emails from defendant Richard Supple.  However, the versions that Squitieri got proved that Cowan and Supple had unilaterally altered certain of the the documents and made photocopies with changes self-serving to Cowan.  An

EXHIBIT 13
Page 184 of 808

example is a rider that was date stamped by Cowan as found by SDNY Arbitrator on April 17, 2002 when Plaintiff also signed it, ,but the date stamp was thereafter changed to May 8, 2002.

12.     In addition, after Squitieri assisted Plaintiff in winning binding SDNY arbitration both he and defendant Supple refused to docket the Arbitration Award in Plaintiff's favor on all counts. Thereafter Cowan and Supple removed the date stamped copy of Plaintiff's 4AC complaint from the SDNY file room. The date stamp of April 22, 2010 on the 4AC now amended to recover for the lost claims in Plaintiff's first issued US patent after 8 years was suspiciously one day after Squitieri moved to unilaterally withdraw.

13.     Thereafter and further suspiciously, Squitieri refused to return Plaintiff's SDNY Case files inclusive of the altered patent documents created by Cowan and Supple. This required Plaintiff to enter Supreme Court of NY, NY County in 2012 to get a writ of replevin that was granted on April 30, 2013 (Index No. 2012/102516). In the meantime, Plaintiff's DR grievances against Squitieri seeking return of her case files were also whitewashed by defendants.

14.     Upon information and belief, the State and City of NY are currently outsourcing certain of Plaintiff's inventions that are the subject of Plaintiff's issued US patent claims for the City's updated MetroCard technology, and at the new Performing Arts Center at the World Trade Center site.

15.     Moreover, Cowan's former client, Live Nation Entertainment, Inc. (now merged with Ticketmaster pursuant to the conditional DOJ mandates issued before DC District Court in 2010) continue to outsource Plaintiff's inventions including in NY and the merged entity is unlawfully excluding Plaintiff 's inventions from their dominant share of live event venues in direct violation of the DOJ mandates. Plaintiff's inventions were improperly excluded from the

EXHIBIT 13
Page 185 of 808

Meadowlands in NJ to manage the 2012 Superbowl. [3]  All this misconduct traces back to Cowan's inequitable patent torts.

16.    Live Nation and its lawyers at Baker Botts, LLP, defrauded SDNY in 2009 by falsely contending that Live Nation and Clear Channel have no NY contacts to confer jurisdiction, after they used their Cowan NY lawyers to defraud Plaintiff and get access to Plaintiff's confidential inventions.  Live Nation and Baker Botts' untruthful motions, are ludicrous.  As is common knowledge and verifiable from their 10Ks, Live Nation and Clear Channel (now reorganized as Clear Channel Radio) own and operate 146 live events venues in the tri-state area and  25 major FM radio stations including WLTW 106.7 Lite FM and Z 100, both in NYC.  However, their two  new subsidiaries, Instant Live Concerts and NexTicketing were noticed as dissolved in 2011 after Plaintiff got her first issued US patents and Live Nation's merger with Ticketmaster was completed.  Defendants that were sent the SDNY motion papers and Supple's ex parte application to retired Judge Barbara Jones falsely contended that Plaintiff had agreed to withdraw her claims against Cowan and therefore Plaintiff should be denied arbitration and discovery, was in fact granted the same day on January 30, 2008.   Plaintiff never agreed to withdraw any claims.

17.    SDNY Arbitration was thereby delayed for another 16 until the case was closed, Plaintiff's award was entered 4 months after case closing, had findings inconsistent with the ruling of law closing the case, sending Plaintiff's pro se appeal to the Merit Panel of Second Circuit after Squitieri withdrew and retained Plaintiff's files.  Plaintiff got no discovery documents until December, 2012 on remand, 7 years after the patent misconduct case was filed.

_____

[3] The NJAG was one of the 18 state parties to the DOJ proceedings concerning the merger of Live Nation and Ticketmaster and the NYAG was not.

EXHIBIT 13
Page 186 of 808

## II.  PARTIES

18.    Plaintiff,  a USPTO inventor and resident of NJ,  is appearing *pro se* in this civil rights lawsuit by necessity because more than 30 law firms have expressed conflicts of interest with the Cowan firm, its defense lawyers defendants Richard Supple and  Hal Lieberman herein, and potential infringers of Plaintiff's inventions and patents, precluding their legal ability to accept Plaintiff's retainer.  Plaintiff is therefore entitled to recover her attorneys' fees pursuant to 42 USC §1988, 5 USC §552.  *Wilson v. Montana Dept. of Corrections*, 2012 WL 1031498.

19.     Plaintiff submits this lawsuit on her behalf and on behalf of other innocent victims of attorney fraud, federal fraud and DR violations including but not limited to fraud undertaken by attorneys against patent inventors.  Plaintiff and others have had their otherwise proper DR grievances thereafter whitewashed by named defendants herein, and others have had the unfortunate experience of having their federal lawsuits dismissed or transferred.  SDNY's decisions and orders are unanimous that state courts have sole jurisdiction over matters of attorney misconduct and that *Rooker-Feldman* abstention bars a federal lawsuit even based on defendants' transgressions of constitutional rights and whitewashing proper attorney DR grievances in violation of equal protection.  *See, e.g., Esposito v. State and City of NY*, 2007WL 3523910 (SDNY); *Bernstein v. State of NY and AD First Dept. Disciplinary Committee*, 07-cv-11196 (SDNY); *Anderson v. State and City of NY and the AD First Dept. Disciplinary Committee*, 07-cv-9599 (SDNY); see *Cold Spring Harbor Laboratories v. Ropes & Gray*, 2011 WL 2884893, 840 F. Supp. 2d 473 (D. Mass.) (Transferred from EDNY because the State of MA disciplined the patent attorneys and NYS did not).

20.     In this lawsuit, Plaintiff now claims the benefit of the US Supreme Court's 2013 decision and order in *Gunn v. Minton*, 133 S. Ct. 1059 (USSC Tex. 2013) (Roberts. J.) in filing

8

EXHIBIT 13
Page 187 of 808

for damages against defendants pursuant to 42 USC §§ 1983, 1988. Justice Roberts' decision and order mandates change in NYS's prevailing attorney discipline protocols; and Plaintiff is entitled to the benefit of the law as revised. The US High Court held that attorney misconduct claims including DR violations in the patent field that "*do not require resolution of a significant issue of federal patent law*" can no longer be filed in the federal courts and are the state's principal responsibility. Justice Roberts went further to emphasize that the states are now deemed to have a compelling interest in protecting the rights of inventors, which in NY would include defendants' taking mandatory disciplinary action at the Board and DDC levels consistent with Equal Protection.

21.    Plaintiff now rightfully seeks compensatory and consequential damages; injunctive relief in the form of a writ of replevin under the Freedom of Information Act, 5 USCA § 552 ("FOIA") to compel all relevant files pertaining to Cowan lawyers and agents defendants Richard Supple and Hal Lieberman, Esq., Plaintiff's other NY lawyers involved in the prosecution of her patents and Cowan lawyers (Squitieri & Fearon, LLP, Ted Weisz, Esq. Allan Chan, Esq. Charles Ruggiero, Esq. and David Aker, Esq. ) and to Plaintiff's personally; declaratory determinations of violations of Plaintiff's constitutional rights; attorneys' fees and costs pursuant to 42 USC§§ 1983, 1988, and punitive damages in the Court's discretion against those defendants, in their individual capacities, who are found to have engaged in malicious and reprehensive misconduct against Plaintiff's interests.

22.    At times relevant, defendants were presiding judges at New York State's Appellate Division ("AD") for the First Judicial Department, presiding supervisory judicial officers and quasi-judicial officers on staff at the AD First Dept. Disciplinary Committee ("DDC"), judicial and quasi-judicial officers on staff at the NYS and NYC's attorney

EXHIBIT 13
Page 188 of 808

disciplinary boards (collectively the "Boards"), the NYS Commission on Judicial Conduct ("Commission") and at the NYS Office of Court Administration ("OCA") [4] [5].

23.    At times relevant, defendants consistently violated Plaintiff's rights under the FOIA and improperly failed to turn over all of Plaintiff's relevant DDC files against Cowan, against her previous NY attorney at Squitieri & Fearon, LLP who were retained to prosecute the Cowan lawyers, against Allan Chan and Charles Ruggiero, Esq. who were retained to mitigate Plaintiff's patent damages, and ended up being called by defendants behind Plaintiff's back and told false and disparaging information about Plaintiff unrelated to the case.

24.    Plaintiff also seeks by FOIA all documents from disciplinary proceedings and matters handled by Cowan's defense attorneys, defendants Richard Supple and Hal Lieberman herein.  These latter files are material because defendants Supple and Lieberman in fact make their money by doubling as partners in malpractice insurance defense law firms, but hold themselves out as public fiduciaries policing bad attorneys for the public.  As concerns Plaintiff, defendants Supple and Lieberman as partners at Hinshaw & Culbertson, LLP jointly and severally are contended to have violated the ethics rules by failing to make mandatory disclosures of their innate conflicts of financial interest when assuming Cowan's defense before SDNY in 2006.  Defendants accepting a heft ongoing retainer from Cowan's insurance carrier and are the only individual making money after 12 years of serious prejudice caused to Plaintiff's patents, business and person.

25.    Plaintiff further contends that starting in 2007 certain defendants in consort with defendants Supple and Lieberman and under the administrative auspices of defendant Luis

---

[4] At times relevant, defendant Hon. Jonathan Lippman was chief counsel of OCA.

[5] Since 2008, OCA databases have been consolidated for all of NYS within the First Dept.

EXHIBIT 13
Page 189 of 808

Gonzalez breached their administrative/non-judicial duties by retaliating and abusing process against Plaintiff in violation of the First Amendment without jurisdiction or statutory authority. Plaintiff somehow found herself the subject of a disciplinary proceeding filed by defendants, proscribed by NY law, and without any jurisdiction over Plaintiff.

26.    Upon information and belief, defendant Supple thereafter collaborated with defendants Sherry Cohen, Naomi Goldstein, James T. Shed and others [6]in an attempt to falsely discredit Plaintiff to get Cowan defendants litigation advantages before SDNY when no meritorious defense exists for what they did.   Defendants, in fact, have a history of retaliating against other supposed "attorneys" who properly report other NY attorneys for violating the DRs, as is their ethical obligation under the ABA Model Rules and NY's Constitution, when it suits their personal financial or political interests. [*See, e.g.*, *Anderson v. State of NY and First Dept. Disciplinary Committee*, 07-cv-9599 (SDNY)][

27.    At all relevant times herein,  named judicial and quasi-judicial DDC and Board defendants herein were bequeathed with both statutory authority and non-delegable constitutional obligations under 22 NYCRR 600, e seq., 1200 et seq. and NY's Judiciary Law § 487, *inter alia:*

*(a)* to discipline NY attorneys for breaching Disciplinary Rules ("DRs") and ethics rules contrary to the interests of a client;

*(b)* to discipline attorneys within their jurisdiction according to governing rules in an equal and non-arbitrary manner;

---

[6] defendant Paul Curran (now deceased)

EXHIBIT 13
Page 190 of 808

*(c )* to timely compel return of unlawfully withheld client files and privileged documents particularly after an attorney's unlawful abandonment of a client to minimize any further prejudice or damages to the client;

*(d)* to offer fee mediation when unearned retainer monies are being unlawfully withheld;

*(e )* to comply with governing FOIA requirements  and turn over DDC and NYS's complete files on any aggrieved client's particular attorney's disciplinary case or investigation;

*(f )* to ensure that jurisdiction and statutory authority exist to discipline a reported or targeted attorney [*Bradley v. Fisher*, 13 Wall. 335, 20  L.Ed. 646 (1872)];

*(g)* to offer verbatim original transcripts from relevant hearings [*Cleavinger v. Saxner,* 474 US, 193 106 S. Ct. 496, 88 L. Ed. 2d 507, 54 USLW 4048 (1985)];

*(h)* to propose ongoing reform measures for attorney discipline throughout NYS; and as concerns defendants who are DDC and Board NYS attorneys and judge administrators,

*(i)* to comply with all governing statutes and ethics rules at all times and in all capacities including, without limitation, to disclose known conflicts of interest that exist or may arise between their public responsibilities and any other outside jobs or posts defendants undertake; and

(j) to recuse or disqualify themselves when the circumstances require.

28.    At all times relevant, Plaintiff was continuously and unlawfully denied all statutory and standard state redress rights offered by defendants to others as set forth in 27. above, and defendants improperly continue to withhold all assistance owing to Plaintiff under equal protection through the present date.

29.    Defendants' disciplinary jurisdiction over Cowan lawyers continues especially in the face of Cowan's established patent fraud, conspiracy to steal Plaintiff's inventions with other

EXHIBIT 13
Page 191 of 808

clients and purging files. But still, defendants have taken zero disciplinary or remedial action to assist Plaintiff's cause or even help her mitigate damages. *Hatch v. Ooms*, 338 US 318 (1993)

30.      Under the US Constitution, NY's Constitution and decisions from the US Supreme Court, defendants are under unanimous mandates to discharge their administrative duties and non-discretionary functions to Plaintiff and other citizens consistent with Fourteenth Amendment and all relevant constitutional guarantees. Quasi-judicial immunity is only available to those defendants who properly undertake judicial/purely discretionary tasks and not when performing supervisory or administrative functions. There is no Eleventh Amendment immunity available to either judicial or quasi-judicial defendants whatsoever for breaching purely administrative duties such as failing to record proceedings, withholding verbatim transcripts, continuing to preside over a case when jurisdiction is lacking;  or engaging in harassment or abuse of process of an attorney of citizen without jurisdiction or statutory authority. [*Bradley v. Fisher*, 13 Wall. 335, 20  L.Ed. 646 (1872); *Cleavinger v. Saxner,* 474 US, 193 106 S. Ct. 496, 88 L. Ed. 2d 507, 54 USLW 4048 (1985); *see also*, *Pierson v. Ray* 386 US 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967)].  This is because the US Supreme Court has unanimously held that immunity attaches to the function and not the office. *Forrester v. White* 484 US 219, 108 S. Ct. 538 (1988) (O'Connor J.)

31.      In the face of *Gunn v. Minton*, 133 S. Ct. 1059 (USSC Tex. 2013), defendants' duty to assess discipline against patent attorneys in compliance with equal protection is now mandatory and not discretionary.

32.      Defendants' disciplinary jurisdiction at the DDC and Board levels is qualified and limited.  Jurisdiction extends only over NY attorneys who have (i) represented a client before the Courts of the First Dept., (ii) are admitted to the First Dept., (iii) have their law offices

EXHIBIT 13
Page 192 of 808

in the First Dept., and/or (iv) commit acts of moral turpitude.   This places Plaintiff's patent

lawyers at Cowan Liebowitz & Latman, PC ("Cowan") squarely within the purview of

defendants' police power; but Plaintiff is not.

33.    Conversely, because the proper exercise of defendants' disciplinary jurisdiction

requires that an attorney client relationship existed during the time that DR violations were

committed [See, _Kay v. Ehler_, 499 US 423 (1992); _see also_, _Lefemine v. Wideman_, 758 F. 3d 551

(4th Cir. 2014) (_and cased cited therein_)], an aggrieved client who is the victim of attorney DR

violations who happens to have a legal background, went to law school or is an attorney, is not

subject to defendants' jurisdiction because the aggrieved citizen is not by definition the "attorney"

in the relevant attorney client relationship.

34.    In 2014, NY ethics experts including NYU Law professor Stephen Gillers

proposed reform measures [7] for NY's state-wide attorney disciplinary system conceding that the

rules are not uniform in the eleven AD departments, and the disparities often result in unfair

constitutional notice problems to attorneys who represent clients in other departments.

Currently, all Eleven Departments of the AD in NYS  have their own DDC Boards and

governing disciplinary protocols 22NYCRR 600, 800 et seq., 1200 et seq.  According to

Professor Gillers, several attorneys have been unfairly and improperly disciplined.

35.    In addition, because the NY Court of Appeals is a Court of limited jurisdiction

and attorney discipline proceedings originate in the AD,  there is no guaranteed means for appeal

or recourse against a biased AD or kangaroo court.

---

[7] See NYU Ethics Law Professor Stephen Gillers' Survey published in the June 2014 issue of the
NYU Journal of Legislation and Ethics.

EXHIBIT 13
Page 193 of 808

36.    In 2013, the Chair of NYC Ethics Board, who is ironically none other than defendant Richard Supple herein, presented to presiding judicial defendants herein Hon(s). Luis Gonzalez and Jonathan Lippman his own list of what he considers to be the most serious attorney ethics violations.  In his appended letter, Supple and NYS Ethics Board Chair Mary Jo Hamilton, jointly advocated mandatory suspension or disbarment in all NY Depts. when any of the violations on their "no-no-list" were undertaken against a client.  That list and the relevant letter are appended to this complaint.

37.    The irony and hypocrisy of the current NYS disciplinary system, is demonstrated from Supple's own ethics violations contrary to his own "no-no" list while representing Cowan defendants in Plaintiff's SDNY lawsuit. [8].

38.    It is contended herein defendant Supple and his partner defendant Hal Lieberman, a former DDC Chief Counsel, got superior access to Plaintiff's confidential grievance information, and as Cowan's agent, also got additional access to privileged information Plaintiff gave to Cowan lawyers as part of her attorney-client relationship.  It is further contended that Supple and Lieberman unlawfully misused Plaintiffs confidential and privileged information, breached Plaintiff's attorney-client privilege as Cowan's agent, and abused litigation privilege before SDNY since 2006 by altering material patent evidence and divulging false and defamation information, some of it privileged, unrelated to the case to outside attorneys and judge defendants herein to gain unfair litigation advantages for his clients.[9]  Supple has done

_____

[8] 06-cv-1202 (SDNY); 09-2185;10-4111; 14-960-cv (2d Cir.), decision and order at 462 Fed. Appx. 26 (Feb. 10, 2012)

[9] An example is that as part of attorney client privilege, Plaintiff told Cowan partners William Borchard and Arthur Greenbaum that her HUD tenant attorney since 1999 had suffered a

EXHIBIT 13
Page 194 of 808

nothing for 9 years but lie to the Court, engaging in frivolous litigation and false swearing in

support of 14 sanctions motions to prevent Plaintiff's discovery of further incriminating

documents from coming to the forefront.  In actuality,  defendant Supple and his Cowan clients

have zero case or defense to Plaintiff's claims.

    39.    For close to 9 years now, Lieberman and Supple, failed to disclose their own

inherent conflicts of financial interest since taking up Cowan's defense in 2006 after misusing

their public posts to get inside information and collaborate with defendants herein who

whitewashing Plaintiff's DDC grievances.

    40.    Before SDNY, defendant Supple falsely swore ex parte to retired Judge Barbara

Jones that Plaintiff had agreed to withdraw her claims so that he could delay discovery on tort

claims and an evidentiary hearing on contract claims through arbitration.[10]  This is a major "no-

no" on Supple's own mandatory disciplinary action list.

---

nervous breakdown, that Supreme NY had already found that the HUD landlords' attorneys
materially forged documents after Plaintiff and her attorney had signed them, that Plaintiff's
attorney was moving to vacate the landlords' forged judgment of possession in the Housing Part,
but that Plaintiff was concerned  that her attorney had already failed to file a note of issue in
Supreme Court; and did not append all the relevant documents to his motion to vacate in the
Housing Part.

[10] Plaintiff won arbitration against the Cowan firm on all contract counts on August 4, 2009,
SDNY Arbitrator found facts relevant to Cowan's conspiracy with other clients to alter
documents and steal Plaintiff's inventions, but the Arbitration Award in Plaintiff's favor was not
entered until after Judge Jones had improperly closed the case on April 27, 2009, sending
Plaintiff's pro se appeal to the Merit Panel of Second Circuit in 2011 and mandating reversal of
the order.  (462 Fed. Appx. 26. Feb 10, 2012)(2d Cir.).  That patent issued to Plaintiff after the
case was closed meant that an independent grounds for jurisdiction existed to sue Cowan's
clients Clear Channel and Live Nation based on their unauthorized and unlawful use of

EXHIBIT 13
Page 195 of 808

41.     The hypocrisy of NY's disciplinary system and those who administer it should not be clear, that when the financial or political interests of defendants are at stake, that the current system operates to protect attorneys and not the public, particularly. In addition, it defies the US Supreme Court mandates and does not special allowances to protect patent inventors, as is now the law.

42.     There is the additional constitutional problem in NYS that the presiding justice of the AD doubles as the supervising administrator of the DDC, such that if defendants improperly whitewash a client's grievances, the same justice will preside over an appeal to the legal malpractice lawsuit that must now, under *Gunn v. Minton, supra,* be adjudicated in the state court.  This is precisely why in California and most other states, the judicial appeals functions that govern the court system, are kept separate from the attorney disciplinary system.

43.     Declaratory determination of Supple and Lieberman's per se violations of Plaintiff's constitutional rights are sought in this lawsuit and their failure to disclose financial conflicts of interest and abusing litigation privilege in violation of the DRs.  Other Hinshaw partners were in fact already held personally liable to opposing attorneys in complex litigation for abusing litigation privilege, dissemination untruthful and confidential information not related to the case. *Edelman Combs & Latturner v. Hinshaw & Culbertson, LLP*, 338 Ill. App. 3d 156, 798 NE 2d 740 (2003); *US Express Lines v. Higgins,* 281 F. 3d 383 (3d Cir. 2002); *Antonelli* v. *Westville Holdings,* 2012 WL 280722 (Bkrtcy DNJ 2012).

---

Plaintiff's inventions after Cowan's dissemination of Plaintiff's trade secrets to them before her patents issued.

EXHIBIT 13
Page 196 of 808

44.    Plaintiff has been the subject of defamation, untruthful ridicule, and the sine qua non, abuse of process from defendants but suspiciously instituted only after she filed the Cowan lawsuit in 2006.

45.    As emphasized by Justice Roberts in *Gunn v. Minton, supra*, the inventor is in a precarious Catch 22 situation that must be considered by the State.   This is because in order to win damages in an attorney malpractice lawsuit, the client must show case within a case liability, *i.e.,* but for the attorney's misconduct, the client would have won the underlying lawsuit, or in this case, would have gotten issued patents.  Ergo, until a patent inventor has an issued US patent, the attorney can always contend that the subject matter of the invention was not patentable and therefore, proffer a defense that could result in premature dismissal of the case. Moreover, by the time a patent may issue to prove the attorneys' misconduct, the statute of limitation may have already run.

46.    In the instant case, however, Plaintiff got her first patent based on the inventions Cowan was given to protect after an unprecedented 8 years.  That patent was missing claims owing to Plaintiff and priority dates,  proving damages directly attributable to Cowan's misconduct and breach of duty.   The misconduct has spiraled to reveal more serious culpability and criminal fraud than Plaintiff could have imagined.   Plaintiff had the wherewithal, however, to file her lawsuit to maintain statutes of limitation and expressly stipulate that an amendment would be allowed after patent claims issued to Plaintiff, when she would be able to show concrete damages causally related to the attorneys' misconduct.

47.    Had defendants complied with Plaintiff's constitutional rights, Plaintiff's SDNY might have been avoided altogether; as her damages could have been remediated at an earlier time.

EXHIBIT 13
Page 197 of 808

48.    Ergo, Plaintiff's damages, for which defendants are contended jointly and severally liable, are at minimum 7-10 years of lost patent royalties, rights of patent enforcement, customization contract and service retainers from Cowan's clients and others such as Apple, who are using and continuing to outsource Plaintiff's inventions by virtue of Cowan's early and inequitable torts and dissemination of her inventions, trade secrets and ideas.

49.    Plaintiff contends that defendants are also unlawfully using Plaintiff's issued US patent claims without payment.

50.    Plaintiff now incorporates by reference the Docket from her lawsuit against the Cowan firm by reference as if fully set forth in full hereat.  The Dockets include SDNY Case Nos. 06-cv-1202; and Second Circuit Appeals Nos. 9-2195; 10-4111, 14-960 –cv. [11]

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

51.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" with the same force and effect as if fully set forth herein.

52.    All of the aforementioned acts of defendants, their supervisors, agents, servants and employees, were carried out under the color of state law.

---

[11] In its November, 2014 decision and order in response to Plaintiff's Petition for Rehearing (13-221-cv) Second Circuit also held that Plaintiff's ethics damage claims against defendants Richard Supple and Hal Lieberman herein that allege serious DR violations, defamation and abuse of litigation privilege while they were defending Cowan lawyers before SDNY since 2006 , is properly the subject of a separate appeal (14-906-cv) (pending)

EXHIBIT 13
Page 198 of 808

53.     All of the aforementioned acts deprived Plaintiff WEISSBROD of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

54.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as judicial officers and quasi-judicial officers, with all of the actual and/or apparent authority attendant thereto.

55.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as judicial and quasi-judicial officers, all under the supervision of presiding justices of the AD First Judicial Dept..

56.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that is forbidden by the Constitution of the United States and the Constitution of the State of NY, and decisions and orders from the US Supreme Court that have interpreted them.

### SECOND CLAIM FOR RELIEF
### RESPONDEAT SUPERIOR LIABILITY OF THE STATE AND CITY OF NEW YORK

57.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs 1-56 as if fully set forth herein.

58.     The conduct of individual defendants and each of them, occurred while they were judicial and quasi-judicial officers of the State of NY and City of NY, and defendants State of NY and City of NY are  liable to Plaintiff pursuant to the state common law doctrine of respondeat superior for the acts and omissions of defendants herein complaint of.

20

EXHIBIT 13
Page 199 of 808

59.    As a result of the acts and omissions of defendant, Plaintiff was damaged in her

patent intellectual property rights, business rights, professional reputation, career and personal

rights, and emotional injury, costs and expenses, and is entitled to recover compensatory and

consequential damages, attorneys' fees and costs pursuant to 42 USC§§1983, 1988, and punitive

damages for defendants egregious and reprehensible retaliatory misconduct in the form of abuse

of process in the absence of jurisdiction and statutory authority in the discretion of this Court.

## THIRD CLAIM
## DECLARATORY DETERMINATIONS

60.    Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs 1-59 as if fully set forth hereat.

61.    Plaintiff contends that the protocols used by defendants and each of them by

whitewashing Plaintiff's otherwise proper DR grievances, applying arbitrary and not equal

protocols to her DR grievances against the Cowan firm, withholding standard disciplinary action,

retaliating against Plaintiff for filing otherwise proper DR grievances, and abusing process

against Plaintiff without jurisdiction or statutory authority, jointly and severally violated

Plaintiff's rights and immunities under the Constitution of the United States and New York State

and Plaintiff seeks declaratory findings from this Court that her constitutional rights were

violated by defendants.

62.    Plaintiff seeks further declaratory determinations that judicial and quasi-judicial

officers who fail to disclose their quasi-judicial assignments and/or voluntary posts as public

fiduciaries and hold conflicting jobs in the private setor, violate the DRs when they fail to make

proper disclosures of inherent conflicts of financial interest.

EXHIBIT 13
Page 200 of 808

63.    Plaintiff seeks further declaratory determinations that a system that positions the
Presiding Justice over the Appellate Division of the NYS Court Systems and dually positions the
same Presiding  Justice as a supervisory over the DDC in that Dept. violates a the Fifth and
Fourteenth Amendment rights of any citizen who if the victim of attorney DR violations and is
then forced to file suit to recover damages.

64.    Plaintiff seeks further declaratory determinations that as a patent inventor she has
specific DR recourse rights before the State including having her non-public patent files
immediately returned with any unearned portion of a patent retainer.

### FOURTH CLAIM
### INJUNCTIVE RELIEF/ FOIA

65.    Plaintiff restates the allegations of paras. 1-64 as if fully set forth hereat.

66.    Plaintiff seeks an order under FOIA against defendants to produce all her DDC and
State files pertaining to her personally, and to the following attorneys:   Cowan Liebowitz &
Latman attorneys, past and present; Squitieri & Fearon attorneys, past and present; Allan Chan,
Esq., Ted Weisz, Esq., Charles Ruggiero, Esq., Ohlandt Greeley Ruggiero and Perle, Richard
Supple, Hal Lieberman, Hinshaw &  Culbertson, LLP and all its attorneys past and present.

### FIFTH CLAIM
### NEGLIGENCE
### UNDER THE LAWS OF THE STATE OF NEW YORK

67.    Plaintiff incorporates by reference the allegations set forth in all preceding
paragraphs 1-66 as if fully set forth herein.

68.    Defendants owed Ms. WEISSBROD a duty of care to ensure she be given equal
protection of NY's Judiciary Law and that she be free from retaliation for filing otherwise proper
DR grievances against NY attorneys.

EXHIBIT 13
Page 201 of 808

69.    Defendants breached the duty of care, when, inter alia, they whitewashed her ongoing grievances, defied the prevailing law and change of the law mandated by the US Supreme Court.

70.    The acts and conduct of the defendants were the direct and proximate cause of injury and damages to Plaintiff's patents, business, professional reputation and career and violated her statutory and common law rights as guaranteed by the laws and Constitutions of the United State and the State of New York.

71.    As a result of the foregoing, Plaintiff was otherwise damaged and injured in her proprietary intellectual property rights, business interest, professional reputation and career.

## SIXTH CLAIM
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER THE LAWS OF THE STATE OF NEW YORK

72.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs 1-71 as if fully set forth herein.

73.    By the actions described above, defendants' malicious and reprehensible misconduct intentionally and/or negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitutions of the United States and State of New York.

## SIXTH CLAIM
## PUNITIVE DAMAGES

74.  Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs 1-73 as if fully set forth hereat.

EXHIBIT 13
Page 202 of 808

75.  As a result of defendant's abuse of process starting in 2007 by filing a formal DR proceeding against Plaintiff without jurisdiction or statutory authority, Plaintiff suffered specific and serious damages to her patents and intellectual property, business, professional reputation, career and person.

76. Defendants misconduct was reprehensible, malicious and egregious by any objective standard and warrants punitive damages as well as a mandatory retraction.

77.  Plaintiff is entitled to an award of punitive damages in the maximum amount allowable by law against defendants in their official and individual capacities.

## SIXTH CAUSE OF ACTION
## MISAPPROPRIATION PATENT INFRINGEMENT DAMAGES

78. Plaintiff realleges the allegations set forth in paras. 1-77 as if fully set forth hereat.

79.  To the extent that defendants are found be unlawfully using any of Plaintiff inventions, trade secrets or ideas, based on misuse or redirection of Plaintiff's confidential DDC information or infringing any of Plaintiff's issued patents Plaintiff must be awarded damages from defendants for their unlawful uses, plus attorneys' fees and costs and costs of suit.

## JURY DEMAND

80     Plaintiff demands a trial by jury in this action on each and every one of her damage claims.

**WHEREFORE,** Plaintiff demands judgment against the defendants individually and jointly in their official and individual capacities and prays for relief as follows:

a.     That she be compensated for defendants' violation of her constitutional rights, compensatory and consequential damages to her patents, business, professional reputation, career, mental anguish and humiliation and judgment

24

EXHIBIT 13
Page 203 of 808

be rendered against defendants in their official and individual capacities as appropriate;

b.     That she be awarded injunctive relief and a writ of replevin for her personal files and all attorney files sought in this action that are related to Plaintiff's declaratory and damage claims herein;

c.     That she be awarded declaratory determinations of defendants' violations of her constitutional rights;

d.     That  she be awarded punitive damages against  individual defendants; and

e.     That she be compensated for attorneys' fees and the costs and disbursements of this action; and

f.     That Plaintiff be granted such other further and different relief as the Court may seem just and proper.


Dated:          Montclair, NJ                      Respectfully submitted,
                January 29, 2015



                                                AMY WEISSBROD-GURVEY



25

EXHIBIT 13
Page 204 of 808

# EXHIBIT 14

# EXHIBIT 14

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (3/2011)

Supreme **NY** COURT, COUNTY OF **NY**,

Index No: **10126P-15** Date Index Issued: **7-14-15.**

| | For Court Clerk Use Only: |
|---|---|
| | IAS Entry Date |
| | Judge Assigned |
| | RJI Date |

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

**AMY R. WEISSBROD- GURVEY**
**PLAINTIFF=USPTO INVENTOR PROSE**

Plaintiff(s)/Petitioner(s)

-against-

**COWAN LIEBOWITZ & LATMAN, PC**
**LEGEND FILMS/LEGEND3D INC**
**BARRY SANDREW, LAWRENCE HUSICK,**
**JEFFREY B YAPP, DAVID M MARTIN,**
**AMERICAN FILM TECHNOLOGIES, INC, SQUITIERI & FEARON, LLP**
**DOES I-X INCLUSIVE**

*FILED AND FEE PAID*
*JUL 14 2015*
*COUNTY CLERK'S OFFICE*
*NEW YORK*

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING:**

## MATRIMONIAL
- ○ Contested
- ○ Uncontested

**NOTE:** For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum.**

## TORTS
- ○ Asbestos
- ○ Breast Implant
- ○ Environmental _____
- ○ Medical, Dental, or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability _____
- ○ Other Negligence: _____
- ○ Other Professional Malpractice: _____
- ○ Other Tort: _____

*MANDAMUS ENTER CONTEMPT ORDER*
*MANDAMUS TO COMPEL*
*RJI FOR PRODUCTION PATENT FILES*
*DAMAGES FOR ATTORNEY*
*THEFT OF US PATENT CLAIMS AND*
*UNLAWFUL AG TO QUIT PLAINTIFF'S*
*NAME AS CO-INVENTOR*
*37 CFR 1.48*

## OTHER MATTERS  *AND NOT DISCLOSE CONFLICTS*
- ○ Certificate of Incorporation/Dissolution   [see **NOTE** under Commercial]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other: _____

*OF INTEREST*
*DAMAGES JUDICIARY*
*LAW § 487*

## COMMERCIAL
- ○ Business Entity (including corporations, partnerships, LLCs, etc.)
- ○ Contract
- ○ Insurance (where insurer is a party, except arbitration)
- ○ UCC (including sales, negotiable instruments)
- ○ Other Commercial: _____   (specify)

**NOTE:** For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the **COMMERCIAL DIV RJI Addendum.**

## REAL PROPERTY:  How many properties does the application include? _____
- ○ Condemnation
- ○ Foreclosure
- ○ Property Address: _____
  Street Address   City   State   Zip

**NOTE:** For Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI Addendum.**
- ○ Tax Certiorari - Section: _____ Block: _____ Lot: _____
- ○ Other Real Property: _____   (specify)

## SPECIAL PROCEEDINGS
- ○ CPLR Article 75 (Arbitration)   [see **NOTE** under Commercial]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene: _____   (specify)
- ○ Other Special Proceeding: _____   (specify)

**STATUS OF ACTION OR PROCEEDING:**  Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ○ | ○ | If yes, date filed: *OSC WITH NEW COMPLAINT* |
| Is this action/proceeding being filed post-judgment? | ○ | ○ | If yes, judgment date: _____ |

EXHIBIT 14
Page 206 of 808



Credit                                    $95.00

Total:                                    $95.00
, PC, ET AL
R. vs. COWAN, LIEBOWITZ & LATMAN
101264/2015 WEISSBROD-GURVEY, AMY
-----311271
                                          RJI
------------------------------
Tr.192730                                 $95.00

Cashier KLTURNER Register # 7
Paym 143919 07/14/2015 11:55a
New York County Clerk's Office

Supreme Court Records OnLine Library -  page 2 of 3

EXHIBIT 14
Page 207 of 808

**NATURE OF JUDICIAL INTERVENTION** — Check ONE box only AND enter additional information where indicated.

- ○ Infant's Compromise
- ○ Note of Issue and/or Certificate of Readiness
- ○ Notice of Medical, Dental, or Podiatric Malpractice — Date Issue Joined: _____
- ○ Notice of Motion — Relief Sought: _____ Return Date: _____
- ○ Notice of Petition — Relief Sought: _____ Return Date: _____
- ⊗ Order to Show Cause — Relief Sought: _____ Return Date: _____
- ○ Other Ex Parte Application — Relief Sought: _____

  *MANDAMUS TO COMPEL CLIENTS USPTO PATENT FILES (Consolidation before Sup NY Index #100163-15 (PJW)    Part 7*
- ○ Poor Person Application
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify):

**RELATED CASES:** List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases. If additional space is required, complete and attach the RJI Addendum. If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if any) | Relationship to Instant Case |
|---|---|---|---|---|
| Weissbrod-Gurvey v. State + City NY | Indx 100163-15 | Part 7 | P. Wooten | Mandamus to compel clients patent files attys |
| Weissbrod v. Cowan Lieb + Latman | 06-CV-1202 ESB NY | SDNY | Hon. Leonard 2012 + SUP | Damages |
| Weissbrod v. Squitieri + Fearon | | | 100017 - NY | Damages Part 6 atty |

**PARTIES:** If additional space is required, complete and attach the RJI Addendum. For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in "Attorneys" space.

| Un-Rep | Parties: List parties in caption and indicate party role(s) (e.g. defendant; 3rd-party plaintiff) | Attorneys: Provide name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ⊠ | WEISSBROD-GURVEY (Last Name) AMY (First Name) USPTO INVENTOR (Primary Role) PLAINTIFF PRO SE (Secondary Role) | USPTO INVENTOR (Last Name) (First Name) PLAINTIFF PRO SE (Firm Name) 315 HIGHLAND AVENUE (Street Address) UPPER MONTCLAIR, NJ (City) (State) - (Zip) 973 - 733 - 9981 (Phone) 07043 (e-mail) | ○YES ⊗NO | |
| ⊠ | (Last Name) DEFENDANT (First Name) (Primary Role) (Secondary Role) | COWAN LIEBOWITZ (Last Name) (First Name) LATMAN, P.C. (Firm Name) 1133 AVE OF AMERICAS (Street Address) NEW YORK, NY 10036 (City) (State) (Zip) 212 (Phone) (Fax) (e-mail) | ○YES ○NO | |
| ⊠ | LEGEND FILMS (Last Name) DEFENDANT (First Name) (Primary Role) (Secondary Role) | LEGEND FILMS, INC (Last Name) (First Name) (Firm Name) 8370 CLAREMONT MESA BLVD (Street Address) SAN DIEGO, CA 92111 (City) (State) (Zip) BARRY SANDREW, PRES. (Phone) (Fax) (e-mail) | ○YES ○NO | |
| ⊠ | SQUITIERI & FEARON LLP (Last Name) (First Name) (Firm Name) Defendant (Primary Role) (Secondary Role) | Squitieri + Fearon LLP (Last Name) (First Name) (Firm Name) 32 E 57 ST #1200 (Street Address) NY NY 10022 (City) (State) (Zip) (212) 421-6492 (Phone) (Fax) (e-mail) | ○YES ○NO | |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: *July 14 2015*

_____
**ATTORNEY REGISTRATION NUMBER**

_____
**SIGNATURE**

*Amy Weissbrod*
**PRINT OR TYPE NAME**

EXHIBIT

# EXHIBIT 15

# EXHIBIT 15

EA
2/10/16
E

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

### HON. MICHAEL L. KATZ
J.S.C.

PRESENT: _____                              PART _58_
                                    _Justice_

WEISSBROD-GUNVAY, AMY R.                      INDEX NO. _101264/15_
                    -v-                        MOTION DATE _____
COWAN, LIEBOWITZ + LATMAN, P.C.,               MOTION SEQ. NO. _02_
            ET AL

The following papers, numbered 1 to _____ , were read on this motion to/for _____

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _____

Answering Affidavits — Exhibits _____ | No(s). _____

Replying Affidavits _____ | No(s). _____

Upon the foregoing papers, it is ordered that this motion *and cross-motion are decided in accordance with the accompanying Decision/Order.*

**FILED**
FEB 10 2016
COUNTY CLERK'S OFFICE
NEW YORK

**RECEIVED**
FEB 10 2016
GENERAL CLERK'S OFFICE
NYS SUPREME COURT - CIVIL

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE _____
FOR THE FOLLOWING REASON(S):

Dated: _2/4/16_                                    _____, J.S.C.
                                        **HON. MICHAEL L. KATZ**
                                                J.S.C.

1. CHECK ONE: ................................... ☑ CASE DISPOSED          ☐ NON-FINAL DISPOSITION

2. CHECK AS APPROPRIATE: .....................MOTION IS: ☐ GRANTED  ☑ DENIED  ☐ GRANTED IN PART  ☐ OTHER

3. CHECK IF APPROPRIATE: ................................ ☐ SETTLE ORDER          ☐ SUBMIT ORDER

                                    ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

EXHIBIT 15   Printed: 2/11/2016
Page 210 of 808



EA
2/10/16
E

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY
### HON. MICHAEL L. KATZ
#### J.S.C.

PRESENT: _____

_____
*Justice*

PART __58__

INDEX NO. __101264/15__

MOTION DATE _____

MOTION SEQ. NO. __3__

AMY WEISSBROD-CONROY
-v-
CAVAR, LIEBOWITZ & LATMAN

The following papers, numbered 1 to _____, were read on this motion to/for _____

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _____

Answering Affidavits — Exhibits _____ | No(s). _____

Replying Affidavits _____ | No(s). _____

Upon the foregoing papers, it is ordered that this motion is decided in accordance with the Decision/Order ~~is~~ ~~accompanies the decision/order on the~~ accompanying motion sequence number 002.





RECEIVED
FEB 10 16
GENERAL CLERK'S OFFICE
NYS SUPREME COURT - CIVIL

FILED
FEB 10 2016
COUNTY CLERK'S OFFICE
NEW YORK

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: __2/4/16__

_____, J.S.C.
HON. MICHAEL L. KATZ
J.S.C.

1. CHECK ONE: .................................... ☑ CASE DISPOSED        ☐ NON-FINAL DISPOSITION

2. CHECK AS APPROPRIATE: ..................MOTION IS: ☐ GRANTED  ☑ DENIED  ☐ GRANTED IN PART  ☐ OTHER

3. CHECK IF APPROPRIATE: ........................ ☐ SETTLE ORDER         ☐ SUBMIT ORDER

☐ DO NOT POST    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

EXHIBIT 15    Printed: 2/11/2016

Page 211 of 808

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 58
-----------------------------------------x
AMY R. WEISSBROD-GURVEY,

                Plaintiff,         **DECISION/ORDER**
                           Index No. 101264/2015
   -against-                  Motion Seq. Nos.
                           002 & 003

COWAN, LIEBOWITZ & LATMAN, P.C., LEGEND
FILMS/LEGEND 3D, INC., BARRY SANDREW,
LAWRENCE HUSICK, JEFFREY YAPP, DAVID
MARTIN, AMERICAN FILM TECHNOLOGIES, INC.,
SQUITIERI AND FEARON LLP, and DOES 1-X,
inclusive,



              Defendants.
-----------------------------------------x
**MICHAEL L. KATZ, J.:**

    Motion sequence numbers 002 and 003 are consolidated for disposition.

    The order to show cause by plaintiff (submitted under motion sequence number 002) to disqualify the law firm of Hinshaw & Culbertson, LLP, from further representing defendant Cowan, Liebowitz & Latman, P.C., is denied as moot, since this action (Index No. 101264/15) was dismissed by Decision/Order of the Hon. Donna M. Mills dated October 15, 2015.

    The order to show cause by plaintiff (submitted under motion sequence number 003) to consolidate the instant action with the action, <u>Weisbrod-Gurvey v State of New York</u>, Index No. 100163/15, is also denied as moot. Moreover, a prior motion by plaintiff for the same relief was denied by Judge Mills in her October 15, 2015 Decision.

EXHIBIT 15   Printed: 2/11/2016
Page 212 of 808

The cross-motion(s) by defendant Cowan, Liebowitz, & Latman, P.C., seeking the imposition of sanctions against plaintiff are granted <u>only</u> to the extent of directing plaintiff to forward payment of $1,500.00 costs to said defendant within 10 days of service of a copy of this order with notice of entry.

This constitutes the decision and order of this Court.

Dated: February 4, 2016



Hon. Michael L. Katz
J.S.C.

HON. MICHAEL L. KATZ
J.S.C.

FILED

FEB 1 0 2016

COUNTY CLERK'S OFFICE
NEW YORK

2

EXHIBIT 15    Printed: 2/11/2016
Page 213 of 808

# EXHIBIT 16

# EXHIBIT 16

                    At a Term of the Appellate Division of the Supreme
                    Court held in and for the First Judicial Department in
                    the County of New York on April 21, 2016.

Present - Hon. Peter Tom,                       Justice Presiding,
               David Friedman
               David B. Saxe
               Rosalyn H. Richter
               Sallie Manzanet-Daniels,         Justices.

---------------------------------------x
In the Matter of Amy R. Gurvey
(admitted as Amy Rebecca Weissbrod),
a suspended attorney:

     Departmental Disciplinary Committee
     for the First Judicial Department,              M-5775
                 Petitioner,

                                                     **FILED**
     Amy R. Gurvey,
     (OCA Atty. Reg. No. 1994516),                   APR 2 1 2016
                 Respondent.
---------------------------------------x             SUP COURT, APP. DIV.
                                                     FIRST DEPT.

     An order of this Court having been entered on
December 4, 2012 (M-667/M-1340), inter alia, suspending
respondent (who, as Amy Rebecca Weissbrod, was admitted to
practice as an attorney and counselor-at-law in the State of New
York at a Term of the Appellate Division of the Supreme Court for
the Third Judicial Department on June 4, 1985) from the practice
of law in the State of New York for a period of six months,
effective January 3, 2013, and until further order of this Court,

     And respondent pro se having moved this Court on
December 17, 2015 (M-5775), for an order vacating the order of
suspension entered December 4, 2012, directing that a retraction
order be published in relevant legal publications, compelling the
Committee to make certain files available to her, and for other
relief,

     And the Departmental Disciplinary Committee for the First
Judicial Department, by Jorge Dopico, its Chief Counsel (Orlando
Reyes, of counsel), having submitted an affirmation in opposition
to the motion, and requesting that this Court grant further
relief as it deems just and proper,

     And Hinshaw & Culbertson, LLP (Richard Supple, of counsel),
having submitted an affirmation in opposition to the motion,

EXHIBIT 16
Page 215 of 808

(M-5775)                        -2-                    April 21, 2016

  And Squitieri & Fearon, LLP (Olimpio Lee Squitieri, of counsel), having submitted an affirmation in opposition to the motion,

  And respondent having submitted a reply affirmation,

  Now, upon reading and filing the papers with respect to the motion, and due deliberation having been had thereon, it is unanimously,

  Ordered that the motion is denied.  It is further directed, sua sponte, that the Clerk of the Court not accept further filings from respondent without prior leave of this Court.

      ENTER:


                 CLERK


APPELLATE DIVISION SUPREME COURT FIRST DEPARTMENT
STATE OF NEW YORK

I, SUSANNA ROJAS, Clerk of the Appellate Division of the Supreme Court First Judicial Department, do hereby certify that I have compared this copy with the original thereof filed in said office on __4/21/16__ and that the same is a correct transcript thereof, and of the whole of said original.
IN WITNESS WHEREOF I have hereunto set my hand and affixed the seal of this Court on __5/12/16__.

            CLERK

EXHIBIT 16
Page 216 of 808

# EXHIBIT 17

# EXHIBIT 17

In re Gurvey, 27 N.Y.3d 1052 (2016)

53 N.E.3d 752, 33 N.Y.S.3d 873, 2016 N.Y. Slip Op. 76108

27 N.Y.3d 1052
Court of Appeals of New York.

In the Matter of Amy R. GURVEY (admitted as
Amy Rebecca Weissbrod), an Attorney and
Counselor–at–Law. Departmental Disciplinary
Committee for the First Judicial Department,
Respondent,
Amy R. Gurvey, Appellant.

June 9, 2016.

**Opinion**

Reported below, 2016 N.Y. Slip Op. 71048(U), 2016 WL 1590343.

**\*1053** Motion for leave to appeal dismissed for failure to establish timeliness as required by section 500.22(b)(2) of the Rule of Practice of the Court of Appeals (22 NYCRR 500.22[b][2] ).

Judge ABDUS–SALAAM took no part.

**All Citations**

27 N.Y.3d 1052, 53 N.E.3d 752, 33 N.Y.S.3d 873 (Mem), 2016 N.Y. Slip Op. 76108

End of Document

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 17
Page 218 of 808

# EXHIBIT 18

# EXHIBIT 18


EA
8/29/16
FS

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

## HON. GERALD LEBOVITS
J.S.C.

PRESENT: _____    PART __7__
                                  *Justice*

Index Number : 100163/2015                INDEX NO. _____
WEISSBROD-GURVEY, AMY                      MOTION DATE _____
vs
STATE OF NEW YORK                          MOTION SEQ. NO. _____
Sequence Number : 005
DISMISS

The following papers, numbered 1 to __7__ , were read on this motion to/for _____
Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _1-5_
Answering Affidavits — Exhibits _____ | No(s). _____
Replying Affidavits _____ | No(s). _6-7_

Upon the foregoing papers, it is ordered that this motion is DECIDED for the
ATTACHED MEMORANDUM DECISION.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE _____
FOR THE FOLLOWING REASON(S):

FILED
AUG 29 2016
COUNTY CLERK'S OFFICE
NEW YORK

Dated: _8/25/16_

HON. GERALD LEBOVITS , J.S.C.

1. CHECK ONE: ............................................. ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ...........................MOTION IS: ☒ GRANTED  ☐ DENIED  ☒ GRANTED IN PART  ☐ OTHER
3. CHECK IF APPROPRIATE: ............................................. ☐ SETTLE ORDER    ☐ SUBMIT ORDER
                                                    ☐ DO NOT POST  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

EXHIBIT 18
Page 220 of 808

**NEW YORK STATE SUPREME COURT**
**NEW YORK COUNTY: PART 7**

---

AMY WEISSBROD-GURVEY,

                 Plaintiff,

         - against -

STATE OF NEW YORK, CITY OF NEW YORK,
Appellate Division First Dept., Appellate Division First Dept.
Disciplinary Committee ("DDC"), NYC/NYS Ethics Boards for
Attorney Discipline, NYS Commission on Judicial Conduct
("Commission"), NYS Office of Court Administration ("OCA"),
Hon(s). Jonathan Lippman, Luis Gonzalez, Robert Tembeckjian,
Thomas Cahill, Alan Friedberg, Hal Lieberman, Richard Supple,
Mary Jo Hamilton, James T. Shed, Paul Curran (deceased), Jorge
Do Pico, Naomi Goldstein, Sherry Cohen, Halliburton Fales,
Raymond Vallejo, Orlando Reyes, DDC Hearing Panel (IV),
DOES I-X, Inclusive, Hinshaw & Culbertson, L.L.P., and
Hon. Gail Prudenti, Chief Counsel of the NYS Office of
Court Administration

                 Defendants.

---

Index No. 100163/15
**DECISION/ORDER**

**FILED**

AUG 2 9 2016

COUNTY CLERK'S OFFICE
NEW YORK

Gerald Lebovits, J.

      This court consolidates for disposition motion sequence numbers 005, 006, 007, 008, 010, and 012.

      In motion 005, defendants the State of New York (State); the New York Supreme Court; Appellate Division, First Department; the Departmental Disciplinary Committee (DDC); and the New York State Commission on Judicial Conduct (collectively, State Defendants) move to dismiss this action.

      In motion 006, defendants J. Richard Supple, Hal R. Lieberman, and Hinshaw & Culbertson, L.L.P. (H&C) move, under CPLR 3211 (a) (1), (a) (5), and (a) (7), to dismiss the complaint and for an injunction preventing plaintiff Amy Weissbrod-Gurvey from filing further claims against them without leave of court.

      Plaintiff cross-moves for the following relief:
      (1) a default judgment against defendant City of New York (City), awarding her damages for unfair competition and unauthorized use and outsourcing of patented and patent-pending technology;

      (2) a default judgment against the City and State for allegedly misappropriating plaintiff's

EXHIBIT 18
Page 221 of 808

patents and proprietary technology through the "DDC defendants"[1] who allegedly aided and abetted notice of plaintiff's Judiciary Law § 487 treble-damage claims against her New York attorneys by breaching her constitutional rights to equal protection remedies under Judiciary Law §§ 90 and 487 in matters pertaining to plaintiff's federally protected property rights and not timely compelling return of plaintiff's client files;

(3) a default judgment against the State and the DDC defendants for mandamus and declaratory relief, because Attorney General (AG) notices that it is representing only certain New York agency defendants. Plaintiff seeks mandamus and declaratory relief to compel the State Defendants to comply with plaintiff's mandatory right to equal protection under the United States Constitution;

(4) a default judgment on mandamus claims against all DDC defendants to compel plaintiff's New York patent attorneys to offer standard remedial protocols, guaranteed under Judiciary Law §§ 90 and 487, to return her files and order mediation on plaintiff's $50,000 stolen retainers; and to produce all internal communications pertaining to plaintiff's Disciplinary Rule (DR) grievances, all communications among defendants herein, and verbatim audio transcripts from a June 22, 2011, hearing as required by the United States Supreme Court;

(5) a default judgment against the individual DDC defendants Jorge DoPico, James T. Shed, Thomas Cahill, Naomi Goldstein, Alan Friedberg, Sherry Cohen, Halliburton Fales, Raymond Vallejo, and Orlando Reyes in their official and individual capacities for all mandamus and 42 USC §§ 1983 and 1988 damage claims, attorney fees and costs stated in plaintiff's complaint, because defendants are in default, they are not represented by the AG, and they do not dispute that they breached mandatory and non-discretionary constitutional duties owing to plaintiff while acting under color of state law;

(6) a default judgment against former DDC chief counsel Supple and Lieberman on the same claims as in item 5 above because they did not address their individual breaches of constitutional duty when they were DDC chief counsel and state employees at times relevant and because Supple falsely averred under oath that he was not a public servant at times relevant when public records are clear that he was and still is, and because he comes to this case with unclean hands, including for not disclosing conflicts of financial interest;

(7) denying the motion of Supple, Lieberman, H&C, and State to dismiss the complaint and for sanctions;

(8) awarding plaintiff sanctions against Supple, Lieberman, and H&C for engaging in frivolous litigation and continuing defense of the Cowan Liebowitz & Latman, PC, law firm (Cowan) before the Southern District of New York for nine years without merit, for engaging in unprivileged communications with plaintiff's lawyer, and for filing untruthful ex parte motion

---

[1]Plaintiff does not identify the so-called "DDC defendants."

2

EXHIBIT 18
Page 222 of 808

papers; and

(9) awarding plaintiff attorneys' fees and costs under 42 USC § 1988 because she has standing to represent the public interest in matters pertaining to mandatory relief that the State must offer when citizens are victims of attorney misconduct.

In motion 007, plaintiff seeks (1) a default judgment against the City and setting this matter down for inquest on unfair competition damages and wrongful patent use damages stated in plaintiff's amended complaint;

(2) a default judgment against the City because it continues to engage in unfair patent and trade secrets competition with plaintiff, has outsourced plaintiff's patented and patent-pending secondary ticketing inventions for DMV/TVB, MetroCard, distribution of city hospital records and voting systems without authorization, license or payment; and failed to answer either plaintiff's original complaint or amended complaint after proper service on January 30, 2015 and April 24, 2015;

(3) a default judgment against the City because, having been served with plaintiff's additional cross-motion noticing intent to enter default on July 1, 2015, the City still did not serve and file an answer, and, on July 15, 2015, during a hearing before a Referee in Room 130, it did not deny plaintiff's proper service of the summons and amended complaint and made no submission of any kind in this lawsuit for the past six months;

(4) a default judgment against the City because it obtained unlawful access and lead time to outsource plaintiff's patents and proprietary technology from ongoing torts and equal protection violations undertaken by other state DDC employee co-defendants Supple, Lieberman, Cahill, Shed, Goldstein, DoPico, Cohen, Fales, Vallejo, and Reyes and because, in defiance of equal protection of the Judiciary Law, the DDC defendants have still not compelled production of plaintiff's patents files from her lawyers at Cowan and Squitieri & Fearon, LLP (S&F) since 2003. Defendants supposedly have also not ordered mediation to adjudicate return of plaintiff's stolen $50,000 patent retainer, and defendants have not ordered the New York firms under their jurisdiction to resurrect what they admit are plaintiff's purged and altered client files in a patent case;

(5) entering default against the State and DDC defendants on the issue of mandamus and defendants' mandatory duty immediately to compel the return of plaintiff's patent and client files from New York attorneys under their jurisdiction under the Judiciary Law to prevent any further prejudice to plaintiff's enforcement rights and to order mediation on the issue of plaintiff's stolen $50,000 patent retainer;

(6) entering sanctions against the City and its attorney, Corporation Counsel, under 22 NYCRR 130-1.1 *et seq.* for unlawfully threatening DDC disciplinary action against plaintiff in March 2015 for pursuing her redress rights in this lawsuit because threatening DDC prosecution is itself a DR violation and plaintiff is an inventor/entrepreneur and not a practicing attorney; and

3

EXHIBIT 18
Page 223 of 808

(7) ordering that defendants pay plaintiff attorney fees and costs.

The City cross-moves to dismiss this action.

In motion 008, plaintiff seeks (1) a default judgment against New York State Office of Court Administration (OCA), then-Chief Administrative Judge Hon. Gail Prudenti, and individual DDC defendants Cahill, Shed, Friedberg, DoPico, Goldstein, Cohen, Fales, Vallejo, and Reyes for mandamus and declaratory determination in plaintiff's amended complaint and as to individual DDC defendants, granting plaintiff 42 USC §§ 1983 and 1998 damages, attorney fees, and costs against defendants in their official and individual capacities;

(2) a default judgment against OCA and DDC individual defendants and ordering that defendants immediately produce in hard and electronic format all of plaintiff's OCA files, attorney-membership files, attorney-retirement files, and computer files from the Third Department, First Department DDC, files, notes, memoranda, admonition notice, petitions, motions, documents and correspondence, attorney grievances filed by plaintiff as a citizen at DDC First Department responses to plaintiff's grievances, actions taken on plaintiff's grievances, grievances filed against plaintiff, if any, documents surrounding DDC individual defendants preparing and mailing of an admonition notice to plaintiff in 2005, and the names of all DDC employees, chief counsel and attorney volunteers who took part in preparation and prosecution of the admonition, and a subsequent petition based on the admonition that was mailed and never served according to the CPLR to plaintiff c/o a PO Box two years later in 2007, and documents, internal correspondence and communications that pertain to the preparation of the petition, and all documents that pertain to plaintiff and contain the names of at least one of defendants, now deceased Paul Curran, Lieberman, Supple, H&C, Cowan, S&F, the Lawyers' Fund, Jay Stuart Dankberg, Eliot Cherson, Harold McGuire, Hearing Panel IV, and Ubiqus Transcription Services of NY (Ubiqus);

(3) compelling that DDC individual defendants produce: (a) the original signature copy of an affirmation allegedly signed by Curran, an alleged photocopy of which was submitted in support of DDC defendants' 2007 petition mailed to a PO Box, and all Curran and DDC files surrounding preparation of the alleged affirmation, (b) all documents and investigations on which individual DDC and OCA defendants premise DDC First Department's jurisdiction over plaintiff, including State of California inactive status membership files; and (c) all documents pertaining to previous HUD housing proceedings before the City's Housing Part (L&T Index No 60941/97) and Supreme Court, New York County (Index No. 118826/97) and plaintiff's attorney's documents and transcripts therein; and a HUD's previous prosecution of plaintiff's HUD landlords Hudson Towers Housing and owner Lefrak Organization between 1985-1986 in other federal and state proceedings 10 years before plaintiff was offered a Medicare-approved lease to attend medical school;

(4) a default judgment on plaintiff's declaratory determination causes of action and finding that DDC individual defendants acting under color of state law violated plaintiff's

4

EXHIBIT 18
Page 224 of 808

constitutional rights to equal protection of Judiciary Law §§ 90 and 487 and a United States Supreme Court's decision in *Gunn v Minton* for failing timely to compel plaintiff's attorneys Cowan and S&F to return plaintiff's files and non-public patent files and order mediation on the Cowan law firm's DR violations, theft of plaintiff's $50,000 patent retainer, failing to disclose known conflicts of interest with other clients; and unlawful unilateral abandonment of plaintiff's patent representation in 2003 for an admitted "conflict of interest" and never disclosing the source and nature of its conflict; and purging, erasing the relevant files "at other clients' instructions";

(5) determinations against OCA and DDC individual defendants that their joint and several targeting of plaintiff without jurisdiction or statutory authority establishes that the disciplinary protocols used by the State, DDC, OCA, and individual DDC defendants are arbitrary and not equally applied as the Equal Protection Clause requires and that plaintiff is entitled to recover 42 USC §§ 1983 and 1988 damages and attorney fees and costs for defendants' violations of her constitutional rights;

(6) a default judgment on plaintiff's declaratory determination causes of action and finding that the DDC defendants acting under color of state law deprived plaintiff of her First Amendment right to petition and have her DR grievances against New York attorneys processed according to equal protection of the Judiciary Law, particularly because the attorneys caused undue forfeiture of plaintiff's federally protected property rights in and to her patents and in and to continued HUD Medicare disability housing and wait list procedures;

(7) a default judgment on plaintiff's declaratory determination causes of action and finding that the DDC individual defendants had an improper motive to harass plaintiff because the State, City, and AG have outsourced and continue to use plaintiff's patents and delayed patentable disclosures at the USPTO without authorization, license, or payment;

(8) a default judgment on plaintiff's declaratory determination causes of action and finding that the individual DDC defendants denied plaintiff due process of law by forging and photocopying a signature allegedly belonging to Curran; and, in violation of the best-evidence rule, refused to produce the original signature copy between 2007-2012, and thereby owe plaintiff damages under 42 USC § 1983 for abuse of process, fraud, and deceit, engaging in frivolous litigation, and forging court documents;

(9) a default judgment on plaintiff's declaratory determination causes of action and finding that the DDC individual defendants acting under color of state law violated plaintiff's right to due process and the United States Supreme Court's decision in *Cleavinser v Saxner* and owe plaintiff 42 USC §§ 1983 and 1988 damages for failing to produce the original audiotapes from a DDC Panel IV hearing conducted on June 22, 2001, and instructing its transcription service, Ubiqus, to allow plaintiff access only to edited written transcripts and to withhold the original audio recordings;

(10) a default judgment against the DDC individual defendants because other co-DDC

5

EXHIBIT 18
Page 225 of 808

defendants Supple and Lieberman who were State employees and DDC chief counsel at times relevant and supervised other individual DDC defendants herein, harbored irreconcilable conflicts of financial interest as a matter of law, when in 2007, in violation of the DRs, defendants assumed the defense of the same Cowan lawyers whom plaintiff properly reported for DR violations starting in 2003, did not disclose their known conflicts of financial interest, and misused plaintiff's confidential DDC information they had superior access to, to engage in frivolous litigation before SDNY, abuse litigation privilege, continue defense of a frivolous lawsuit without merit, collect ongoing stable legal fees for 10 years, and to get the Cowan defendants unfair litigation advantages that do not exist in law;

(11) a default judgment because the State, being the employer of the individual OCA and DDC defendants herein, had and still have an interest in the subject matter of plaintiff's patents, outsourced them, and therefore had an ulterior motive to get OCA and the individual DDC defendants to harass plaintiff to jeopardize her enforcement rights before the federal and state courts;

(12) mandamus that individual DDC defendants comply with equal protection of the Judiciary Law and compel immediate production of plaintiff's files and non-public patent files in both hard and electronic format from both the Cowan and S&F law firms for the period December 2001 to 2014, and also order resurrection of any files purged or erased, withdraw the unlawful and frivolous petition mailed to plaintiff in 2007, and enter a formal written apology in the New York Law Journal and the New York Times;

(13) finding that the State is liable under respondeat superior for the misconduct of individual DDC and OCA defendants under 42 USC §§ 1983 and 1988 for breaches of plaintiff's constitutional rights to equal protection, due process and the right to petition under the First Amendment, defamation, and abusing litigation privilege on matters unrelated to the case at bar;

(14) ordering that defendants pay plaintiff's attorney fees and costs and that an inquest on damages for which the State is liable be transferred to the New York Court of Claims; and

(15) ordering withdrawal of defendants' 2007 petition and vacatur of state orders improperly procured based on individual DDC defendants' and OCA's misconduct and constitutional violations.

In motion 010, defendants Friedberg, Dopico, Goldstein, Vallejo, and Reyes (collectively, State Attorneys) move under CPLR 3211 (a) (2), (5), (7), and (8) to dismiss the action on the grounds of lack of personal jurisdiction based on insufficient service of process, lack of subject-matter jurisdiction, collateral estoppel, res judicata, statute of limitations, and failure to state a cause of action.

Defendants Supple, Lieberman, and H&C cross-move for an order (1) denying plaintiff's motion for leave to file an amended complaint; (2) granting movants' sanctions against plaintiff; and (3) granting movants an injunction preventing plaintiff from filing further claims against

6

EXHIBIT 18
Page 226 of 808

them without leave of court.

In motion 012, plaintiff seeks an order (1) granting her leave to serve an amended complaint to add additional civil-rights damage claims against defendants based on a change of the law mandated by the Federal Circuit in *NeuroRepair, Inc. v Nath Law Group*;

(2) granting plaintiff leave to file and serve an amended complaint for the DDC defendants engaging in plaintiff's retaliatory harassment in violation of the First Amendment through recently confirmed unilateral and unnoticed falsification and forgery of plaintiff's Third Department state bar retirement records without jurisdiction or statutory grounds over plaintiff;

(3) granting plaintiff leave to file and serve an amended complaint to add claims for mandamus relief compelling defendants to comply with plaintiff's right to equal protection of the Judiciary Law and the United States Supreme Court and Federal Circuit decisions, and order mediation against plaintiff's patent attorneys on the stolen portion of plaintiff's $50,000 retainer and compel the return and resurrection of plaintiff's unlawfully withheld and purged client patent and litigation files;

(4) granting plaintiff leave to file an amended complaint against DDC defendants to add claims for special damages to plaintiff's business, career, and professional reputation, claims for intentional infliction of emotional distress and punitive damages because certain DDC defendants did not disclose their state executive and supervisory posts over DDC staff attorneys and, without making mandatory disclosures of conflicts of financial interest, were representing plaintiff's patent attorneys in the District Court for the Southern District of New York for nine years on retainer from the malpractice-insurance carrier;

(5) granting plaintiff an extension of time to serve personally individual DDC staff attorney defendants based on defendants' falsification and forgery of documents placed into plaintiff's Third Department state bar files;

(6) entering damages against the DDC staff defendants who remain in default and are not noticed as represented by the AG;

(7) converting the instant lawsuit to an e-filing case; and

(8) awarding plaintiff civil rights attorneys' fees and costs under 42 USC § 1988 to bring this motion.

**Discussion**

In her complaint, plaintiff seeks (1) compensation for defendants' violation of her constitutional rights, compensatory and consequential damages to her patents, business, professional reputation, and career, mental anguish and humiliation, and judgment against defendants in their official and individual capacities as appropriate; (2) injunctive relief and a

7

EXHIBIT 18
Page 227 of 808

writ of replevin for her personal files and all attorney files sought in this action that are related to plaintiff's declaratory and damage claims herein; (3) declaratory determinations of defendants' violations of her constitutional rights; (4) punitive damages against individual defendants; and (5) attorneys' fees and the costs and disbursements of this action.

**Motion 005**

The State Defendants' motion to dismiss the complaint is granted. "It is well settled that the Court of Claims has exclusive jurisdiction over actions for money damages against the State, State agencies, or State officials acting in their official capacities in the exercise of governmental functions." (*Bertoldi v State of New York*, 275 AD2d 227, 228 [1st Dept 2000], *lv denied* 96 NY2d 706 [2001]; *accord Morell v Balasubramanian*, 70 NY2d 297, 300 [1987] ["Since the adoption of the Court of Claims Act (L 1929, ch 467) the State has been subject to suit for damages, but only in the Court of Claims"].)

Moreover, because the resolution of plaintiff's allegations "revolve[s] around analysis and application of patent law, subject matter jurisdiction lies exclusively in the federal courts." (*Graf von Kageneck v Cohen, Pontani, Lieberman & Pavane*, 301 AD2d 363, 363 [1st Dept 2003] [citing 28 USC § 1338 [a].)

**Motion 006**

The motion by Supple, Lieberman, and H&C to dismiss the complaint and for an injunction preventing plaintiff from filing further claims against them without leave of court is granted.

Movants have demonstrated entitlement to judgment based on the doctrine of collateral estoppel. The claims here have been addressed in other proceedings. (*See Matter of Gurvey*, 102 AD3d 197, 200 [1st Dept 2012], *lv dismissed* 20 NY3d 1085, *reconsideration denied* 21 NY3d 968 [2013].) In *Matter of Gurvey*, the Court found that plaintiff's tenancy litigation resulted in two Civil Court decisions and one Supreme Court decision imposing monetary sanctions. Her conduct was "indicative of harassment and an abuse of the judicial process" and "mean spirited and vexatious," and that her "inappropriate use of the courts" resulted in "needless expense in the defense of a frivolous lawsuit." She was sanctioned for "years of vituperative litigation," frivolous motion practice, and intentional misrepresentations to the court. In April 2005, the Departmental Disciplinary Committee (DDC) issued a letter of admonition based on one of the sanction decisions. When she demanded that the admonition be vacated, the DDC commenced a collateral-estoppel proceeding based on all three sanction decisions. (102 AD3d at 198.)

On March 18, 2008, the Appellate Division granted the DDC's collateral-estoppel petition and remanded the matter to the DDC for a sanctions hearing. Plaintiff moved for reconsideration and leave to appeal to the Court of Appeals, and the Appellate Division denied both motions. On September 14, 2010, the Court of Appeals denied her motion for leave to appeal.

8

EXHIBIT 18
Page 228 of 808

At the sanctions hearing, plaintiff challenged the jurisdiction of the Court and the DDC on the grounds that she has never maintained a law office within the First Department, that she has not practiced law since 2002, and that the sanctions imposed against her arose from her conduct as a party-litigant, not as an attorney. On December 15, 2011, the hearing panel issued a report recommending that plaintiff be publicly censured. The DDC sought an order to disaffirm the Panel's recommendation and suspend plaintiff for one year. The Appellate Division agreed with the DDC, finding that her pursuit of frivolous and vexatious litigation, as well as her misrepresentations to the court, warranted suspension. She was given a six-month suspension. Plaintiff appealed to the Court of Appeals, which dismissed her appeal upon the ground that no substantial constitutional question was directly involved. (20 NY3d 1085 [2013]).

Plaintiff's claims were also addressed in *Weissbrod v Gonzalez* (13 Civ 2565) (*see* exhibit W to affirmation of Marian C. Rice, Esq.), which was affirmed (576 Fed Appx 18 [2d Cir 2014]) for substantially the reasons set forth by the District Court in its May 2, 2013 order, finding that the claims against the defendants in their individual and official capacities were properly dismissed on the ground of absolute and sovereign immunity.

The request for an injunction against filing claims without leave of court is granted. (*See Dimery v Ulster Sav. Bank*, 82 AD3d 1034, 1035 [2d Dept] [observing that record reflects that the plaintiff abused the judicial process through vexatious litigation and that it was proper for the Supreme Court to enjoin the plaintiff from bringing any further motions regarding the subject matter of the instant action without its permission], *appeal dismissed* 17 NY3d 774 [2011]; *see also Matter of Marion C.W. [Lisa K.]*, 135 AD3d 777, 779-780 [2d Dept 2016] ["[C]ourt properly determined that the petitioners forfeited the right to free access to the courts by abusing the judicial process with repeated motions seeking to relitigate matters previously decided against them, and, therefore, required them to obtain leave of the court before filing further motions or commencing new proceedings regarding Marion C.W. or the trust."].)

This litigation is consistent with plaintiff's past practice of engaging in the "pursuit of frivolous and vexatious litigation." (*See Matter of Gurvey*, 102 AD3d at 200). For example, among numerous other things, plaintiff seeks (1) all internal communications pertaining to plaintiff's DR grievances and all communications among defendants in this action; (2) a default judgment against OCA and DDC individual defendants and ordering that defendants immediately produce in hard and electronic format all of plaintiff's OCA files, attorney membership files, attorney retirement files and computer files from the Third Department, First Department DDC, files, notes, memoranda, admonition notice, petitions, motions, documents and correspondence, attorney grievances filed by plaintiff as a citizen at DDC First Department, responses to plaintiff's grievances; actions taken on plaintiff's grievances, grievances filed against plaintiff, if any, documents surrounding the DDC individual defendants preparing and mailing of an admonition notice to plaintiff in 2005, and the names of all DDC employees, chief counsels and attorney volunteers who took part in preparation and prosecution of the admonition, and a subsequent petition based on the admonition that was mailed and never served according to the CPLR to plaintiff c/o a PO Box two years later in 2007, and documents, internal

EXHIBIT 18
Page 229 of 808

correspondence and communications that pertain to the preparation of the petition; and all documents that pertain to plaintiff and contain the names of at least one of defendants Curran, Lieberman, Supple, H&C, and Cowan, S&F, the Lawyers' Fund, Jay Stuart Dankberg, Eliot Cherson, Harold McGuire, Hearing Panel IV and Ubiqus.

Additionally, the claims in this action are largely the same as in the federal action entitled *Gurvey v Cowan, Leibowitz & Latman, et al.* (2015 WL 5472893, 2015 US Dist LEXIS 124920 [SD NY 2015]). In that action, as here, plaintiff sued Cowan and various other defendants alleging claims for misappropriation of trade secrets, unfair competition, breach of fiduciary duty, attorney malpractice, and violations of the Lanham Act. The court noted that since 2012, plaintiff failed to comply with discovery orders, resisted taking her own deposition, and filed a multitude of meritless motions and applications.

The Southern District also noted that rather than pursuing her claims, plaintiff has made the following applications, among others: (1) permission to file proposed fourth, fifth, and sixth amended complaints; (2) disqualification of defendants' counsel; (3) an extension of time to effect service even though plaintiff commenced the action in 2006; (4) reconsideration of orders and opinions; (5) remand to state court; (6) purported interlocutory review of Judge Henry Pitman's decisions directly by the Second Circuit; (7) sanctions against defendants; and (8) judicial recusal. The docket sheet grew by more than 200 entries since the Second Circuit remanded the action.

A report recommended sanctions of $20,000 payable to the Clerk of the Court, reasoning that sanctions were appropriate because plaintiff's conduct was willful; plaintiff had engaged in a pattern of frivolous motion practice both in this case and in other unrelated cases; and sanctions of $8783 and $5700 imposed in unrelated actions had not dissuaded plaintiff from continuing to engage in sanctionable conduct. The Southern District cited two decisions equally applicable here: (*Patterson v Aiken* (841 F2d 386, 387 [11th Cir 1988] ["[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."] [internal quotation marks and citation omitted]) and *Fox v Boucher* (794 F2d 34, 38 [2d Cir 1986] ["When the litigant is an attorney sanctions are particularly appropriate"].)

**Motion 007**

The City's cross-motion to dismiss the complaint is granted. The City argues persuasively that the complaint should be dismissed on procedural grounds because plaintiff failed to serve the summons on it and that the time within which to do so has expired.

The City is also entitled to dismissal because the complaint fails to state a cause of action against it. The only specific allegation in the complaint as against the City is in paragraph 14, which alleges that "[u]pon information and belief, the State and City of NY are currently outsourcing certain of Plaintiffs inventions that are the subject of Plaintiffs issued US patent claims for the City's updated MetroCard technology, and at the new Performing Arts Center at

10

EXHIBIT 18
Page 230 of 808

the World Trade Center site." The City has demonstrated that the Metrocard and Performing Arts Center are under the auspices of entities that are not City agencies and that the City is not liable for their acts. (*See Brennan v City of New York*, 59 NY2d 791, 792 [1983].)

Based on the foregoing, plaintiff's motion is denied. The claims against the defendants other than the City are addressed elsewhere in this decision.

## Motion 008

Plaintiff's motion is denied. To the extent that it is directed against the State Attorneys, the issue is addressed in motion 010. As for the OCA Defendants, the claim that they are liable for failing to discipline Cowan is unsubstantiated.

## Motion 010

The State Attorneys move for dismissal on the grounds of lack of personal jurisdiction based on insufficient service of process, lack of subject-matter jurisdiction, collateral estoppel, res judicata, statute of limitations, and failure to state a cause of action.

The motion is granted. Service of process was insufficient because the affidavit of service failed to comply with the requirements of CPLR 306 (b), which provides that

> "Whenever service is made pursuant to this article by delivery of the summons to an individual, proof of service shall also include, in addition to any other requirement, a description of the person to whom it was so delivered including, but not limited to, sex, color of skin, hair color, approximate age, approximate weight and height, and other identifying features."

Paragraph four of the process server's affidavit states: "Staff attorneys of the Appellate Division Disciplinary Committee First Dept. Jorge DoPico, Naomi Goldstein, Sherty Cohen, James T. Shed, Thomas Cahill, Orlando Reyes, Raymond Vallejo and Halliburton Fales served May 29, 2015 on Ms. Gloria identified as authorized to accept personal service for all DDC attorneys." It lacks a description of "Gloria."

## Cross-Motion

Defendants Supple, Lieberman, and H&C cross-move for an order (1) denying plaintiff's motion for leave to file a second amended complaint; (2) granting movants sanctions against plaintiff; and (3) granting movants an injunction preventing plaintiff from filing further claims against them without leave of court.

Although movants request sanctions and a filing injunction, they seek only a filing injunction. They state that monetary sanctions are ineffective because "Plaintiff has never paid a

11

EXHIBIT 18
Page 231 of 808

single one of them" (memorandum of law at 6) and that "[o]nly a filing injunction will prevent further harassment against the H&C parties and abuse of the judicial system" (*id.* at 9).

The cross-motion is denied as academic because the relief sought is covered by other motions decided herewith.

**Motion 012**

Plaintiff's motion is denied on the ground of futility. (*See Altman v New York Bd. of Trade, Inc.*, 52 AD3d 396, 397 [1st Dept 2008], *lv dismissed* 11 NY3d 912, *rearg denied* 12 NY3d 808 [2009].) Citing *NeuroRepair, Inc. v Nath Law Group* (781 F3d 1340 [Fed Cir 2015]), plaintiff seeks leave to amend the complaint based on an alleged change in law, although plaintiff has not demonstrated that the purported change in the law would have any bearing in this action. The stated issue in *NeuroRepair* — whether a California state court malpractice case involving patent law representation was properly removed to a federal court (*id.* at 1342) — is inapplicable here. Moreover, the proposed amended complaint would not cure the jurisdictional defects of the original complaint. The new allegation that employees of the Appellate Division, First Department, conspired to forge documents in plaintiff's confidential file in the Appellate Division, Third Department, is based on speculation and not adequately supported with evidence.

Plaintiff fails to demonstrate entitlement to the other requests in motion 012. For example, concerning request number five, plaintiff states that "[i]n 2015, the NYS Governor's Chamber requested Plaintiff's report on this matter." (Plaintiff's aff, ¶ 32.) In support, plaintiff cites exhibit 2 to her affidavit. However, that exhibit is a letter from plaintiff and does not substantiate her claims. In request number eight, plaintiff seeks civil-rights attorney fees and costs under 42 USC § 1988 in bringing this motion. But plaintiff is not entitled to attorney fees; she is not a prevailing party (*Matter of Wittlinger v Wing*, 289 AD2d 171, 171 [1st Dept 2001], *affd* 99 NY2d 425 [2003]), and she appeared pro se.

The court has considered plaintiff's other arguments and find them without merit.

Accordingly, it is

ORDERED that motion 005 by the State of New York, the New York Supreme Court, Appellate Division, First Department, the Departmental Disciplinary Committee, and the New York State Commission on Judicial Conduct for dismissal of the complaint is granted, and, as against these defendants, the complaint is dismissed with costs and disbursements as taxed by the Clerk; and it is further

ORDERED that motion 006 by defendants J. Richard Supple, Hal R. Lieberman, and Hinshaw & Culbertson, L.L.P. for dismissal of the complaint, and for an injunction preventing plaintiff Amy Weissbrod-Gurvey from filing further claims against them without leave of court is granted, and, as against these defendants, the complaint is dismissed with costs and disbursements as taxed by the Clerk; and it is further

12

EXHIBIT 18
Page 232 of 808

ORDERED that plaintiff is hereby enjoined from filing any new claims against defendants J. Richard Supple, Hal R. Lieberman, and Hinshaw & Culbertson, L.L.P. without first obtaining leave of the Administrative Judge of the Supreme Court, Civil Branch, New York County; and it is further

ORDERED that plaintiff's cross-motion is denied; and it is further

ORDERED that motion 007 by plaintiff is denied; and it is further

ORDERED that the cross-motion by the City of New York for dismissal of the complaint is granted and the complaint is dismissed as against the City with costs and disbursements as taxed by the Clerk; and it is further

ORDERED that motion 008 by plaintiff is denied; and it is further

ORDERED that motion 010 by defendants Alan W. Friedberg, Jorge Dopico, Naomi F. Goldstein, Raymond Vallejo, and Orlando Reyes for dismissal of the complaint is granted and the complaint is dismissed as against these defendants with costs and disbursements as taxed by the Clerk; and it is further

ORDERED that the cross-motion by defendants J. Richard Supple, Hal R. Lieberman, and Hinshaw & Culbertson, L.L.P. is denied as academic; and it is further

ORDERED that motion 012 by plaintiff is denied; and it is further

ORDERED that defendants shall serve a copy of this decision and order with notice of entry on plaintiff and the County Clerk's Office, which is directed to enter judgment accordingly; and it is further

ORDERED that the parties appear for a preliminary conference on September 28, 2016, at 10 a.m., in Part 7, room 731, at 111 Centre Street.

Dated:   August 25, 2016

**FILED**

AUG 2 9 2016

COUNTY CLERK'S OFFICE
NEW YORK

J.S.C.

**HON. GERALD LEBOVITS**
**J.S.C.**

13

EXHIBIT 18
Page 233 of 808

# EXHIBIT 19

# EXHIBIT 19

EX PARTE MOTION OFFICE

APPROVED
FOR THE PAYMENT
OF MOTION FEE
ONLY

SUPREME COURT OF NEW YORK
NEW YORK COUNTY

AMY R. WEISSBROD-GURVEY,

USPTO Inventor *pro se*,

v.

COWAN, LIEBOWITZ & LATMAN,
PC, LEGEND FILMS/LEGEND 3D,
INC., BARRY SANDREW,
LAWRENCE HUSICK, JEFFREY B.
YAPP, DAVID MARTIN,
AMERICAN FILM
TECHNOLOGIES, INC. ;
SQUITIERI AND FEARON, LLP;
and DOES I-X, Inclusive,

Defendants.

At I.A.S. Part _____ of the Supreme Court of the State of New York, held in and for the County of New York, at the County Court House, on the _____ day of _____ 20 ___

Present: _____

Hon. _____
                              Justice

INDEX NO.   101264/2015

HON. DONNA MILLS
PART 58

ORDER TO SHOW CAUSE

FILED
AND FEE PAID
AUG 1 9 2015
COUNTY CLERK'S OFFICE
NEW YORK

MS: 02
DC

FILED
FEB 1 0 2016
COUNTY CLERK'S OFFICE
NEW YORK



Upon reading the affidavit of plaintiff sworn to

~~PLEASE TAKE NOTICE~~ ~~that on the~~ ~~day of August, 2015 or as~~
on August 14th, 2015 along with all the attached exhibits
~~soon thereafter the parties can be heard on or~~ ~~after the 25th day of August, 2015[1]~~ ,

---

[1] **Plaintiff requests OSC hearing during the week of August 25 2015 because of sudden death of Plaintiff's father-in-law on August 12.  Plaintiff will be attending family funeral services in Chicago during most of the week of August 17.**

1

EXHIBIT 19
Page 235 of 808

New Y
Paym
Cash

Tr.21

Notic
-311
1012
peob

Supreme Court Records OnLine Library - page 2 of 69

EXHIBIT 19
Page 236 of 808

let Plaintiff's patent prosecution and litigation attorneys defendants Cowan

Liebowitz & Latman, PC ("Cowan") and Squitieri & Fearon, LLP ("Squitieri") *appear and* *on September 3, 2015*
show cause before an IAS Part 58 of the Supreme Court of NY, New York, NY *@ 111 Centre St, Rm 574*
County, why an order should not be issued and entered:

(1) Disqualifying the law firm of Hinshaw & Culbertson, LLP from

further representing the Cowan Liebowitz & Latman, PC IP law firm

defendant;

(2) Granting Plaintiff sanctions against defendant Squitieri & Fearon,

LLP for contempt and contumacious defiance of this Court's previous

document production order entered April 30, 2013 (Index No.

102516/2012);

(3) Granting Plaintiff her attorneys' fees and costs; and

(4) Granting Plaintiff such other and further relief as the Court deems

just and proper.


**PLEASE TAKE FURTHER NOTICE** that opposition papers, if any, must

be mailed compliant with the CPLR and <u>received</u> at least three (3) days prior to the

return date.

**LET SERVICE** of this Order to Show Cause on or before the *27* day of

*Aug* , 2015 by *next day mail* be deemed

2

EXHIBIT 19
Page 237 of 808

good and sufficient service hereof.



DONNA M. MILLS, J.S.C.

J.S.C.

3

EXHIBIT 19
Page 238 of 808

SUPREME COURT OF NEW YORK
NEW YORK COUNTY

AMY R. WEISSBROD-GURVEY,

        Plaintiff-USPTO Inventor *pro se*,

v.

COWAN, LIEBOWITZ & LATMAN,
PC, LEGEND FILMS/LEGEND 3D,
INC., BARRY SANDREW,
LAWRENCE HUSICK, JEFFREY B.
YAPP, DAVID MARTIN,
AMERICAN FILM
TECHNOLOGIES, INC. ;
SQUITIERI AND FEARON, LLP;
and DOES I-X, Inclusive,

        Defendants.

**INDEX NO. 101264/2015**

**HON. DONNA MILLS
PART 58**

**USPTO INVENTOR-
PLAINTIFF'S AFFIDAVIT IN
SUPPORT OF ORDER TO
SHOW CAUSE TO
DISQUALIFY HINSHAW &
CULBERTSON, LLP AND
ENTER CONTEMPT ORDER
AGAINST SQUITIERI &
FEARON, LLP**

USPTO Inventor/Plaintiff Amy Weissbrod-Gurvey, CEO and Senior

Architect of LIVE-Fi ™Technologies/LIVE-Fi™ Productions, LLC, a Delaware

patent technology limited liability company and interactive production enterprise

with offices at 3430 St. Susan Place, Los Angeles, CA and 315 Highland Avenue,

4

EXHIBIT 19
Page 239 of 808

Montclair, NJ, declares to the truth of the following statements in support of her annexed order to show cause seeking:

(a) immediate disqualification of the law firm of Hinshaw & Culbertson, LLP from further representing defendant NY IP law firm Cowan Liebowitz & Latman, PC;

(b) granting Plaintiff sanctions against defendant Squitieri & Fearon, LLC for Squitieri defendant's contempt and contumacious defiance of a prior document production order of this Court entered May 6, 2013 (Index No. 102516/2012) (**Exhibit 1**);

(c) granting Plaintiff her attorneys' fees and costs to bring this motion; and

(d) granting Plaintiff such other and further relief as the Court deems just and proper.

# I. CONTROLLING 2013 US SUPREME COURT AND FEDERAL PATENT DECISIONS IN SUPPORT OF ORDER TO SHOW CAUSE

1. This lawsuit filed in July, 2015 by Order to Show Cause and Complaint was duly served on or before July 26, 2015 pursuant to this Honorable Court's order of July 22nd. It is premised on the 2013 US Supreme Court and Federal Circuit attorney patent misconduct decisions in *Gunn v. Minton*, 133 S. Ct. 1059 (USSC Tex. 2013) (Roberts J.) and *Micron Technology v. Rambus*, 645 F. 3d 1311 (Fed

Supreme Court Records OnLine Library - page 6 of 69

EXHIBIT 19
Page 240 of 808

Cir. 2013) that hold that damage claims for attorney patent misconduct under a patent service or litigation retainer are state claims that must be adjudicated before the state courts unless the inventor-client's damage claims require resolution of a "significant issue of federal patent law". In addition, for any files purged, erased, or unilaterally altered by a patent attorney, sanctions must be assessed and judgment entered on those claims that would have been established by the erased or altered files. _Micron Technology v. Rambus, supra._ Tens of national cases seeking damages for patent attorney breach of fiduciary duty and malpractice are now being dismissed without prejudice from the federal district courts for refiling in state tribunals because there is no longer federal patent jurisdiction to adjudicate these claims. _Cold Spring Harbor Laboratories v. Ropes & Gray_, 2011 WL 2884893 (D. Mass 2011); 840 F. Supp. 2d 473 (2012); _Protostorm v Antonelli, et al._, 834 F. Supp. 2d 141 (EDNY 2011)

2. The instant lawsuit involves significant and ongoing state patent misconduct and fraud by two of Plaintiff's patent prosecution and litigation attorneys between 2001 and 2013 – defendants Cowan Liebowitz & Latman, PC and Squitieri & Fearon, LLP, including:

(a) stealing and converting Plaintiff's $50,000 patent retainer;

6

EXHIBIT 19
Page 241 of 808

(b) breaching fiduciary duty and engaging in patent spoliation by erasing, unilaterally altering and purging files to conceal known conflicts of interest with other patent clients;

(c) allowing other clients to breach Cowan and Squiteri defendants' fiduciary duties to Plaintiff and outsource Plaintiff's inventions;

(d) unlawfully withholding Plaintiff's non-public patent and litigation files in violation of law after making unilateral attempts to abandon Plaintiff's representation without notice to her;

(e) failing to disclose the nature and source of conflicts of interest defendants admitted to the USPTO as the grounds for unilateral withdrawal;

(f) committing false claims before the USPTO (a federal agency) including inserting non-existent attorney customer numbers and addresses on a USPTO withdrawal form and not serving the notice to delay Plaintiff's notification that she was without counsel;

(g) withholding essential services under Plaintiff's retainers in violation of the standard of care such as failing to exercise Plaintiff's right to expedited prosecution of her patents applications, not advising Plaintiff she had those rights and they cost $200 per application, and not preventing publication of Plaintiff's disclosures in the US;

7

EXHIBIT 19
Page 242 of 808

(h) causing an unprecedented 8-year delay of formal US and PCT patent issuance to Plaintiff and thereby unduly delaying Plaintiff's patent enforcement rights against Cowan defendant's major corporate clients such as Clear Channel, Live Nation, Ticketmaster, MLB, Legend Films, and Phish and non-clients Apple, Inc., State of NY and City of NY [2] ; and

(i) engaging in other miscellaneous DR violations prejudicial to Plaintiff's patent issuance and enforcement rights.

3. Based on *Gunn v. Minton, supra*, Plaintiff was also forced to file one other state lawsuit on January 30, 2015 that is now pending before Hon. Paul Wooten in Part 7 [3] . In that lawsuit, it is claimed and undisputed with certain defendants in default, that the State of NY and City of NY engaged in unfair competition against Plaintiff's patent interests by outsourcing Plaintiff's issued and still pending US patent claims, without authorization or license; but that at the same time, NYS employees at the First Dept. DDC were consistently ignoring Plaintiff's otherwise

_____

[2] NOTE: Apple was able to copy Plaintiff's delayed, published disclosures in 2008 and cause Plaintiff substantial additional expenses to get Apple's applications denied and to abort Apple's outsourcing.

[3] Supreme NY Index No. 100163/2015 filed January 30, 2015. In her OSC returnable August 6, 2015, Plaintiff sought consolidate of the two state lawsuits before one state tribunal to prevent inconsistent judgments and any further prejudice to Plaintiff, an inventor of content-based secondary ticketing operations now in unauthorized use by State and City of NY.

8

Supreme Court Records OnLine Library - page 9 of 69

EXHIBIT 19
Page 243 of 808

proper attorney DR grievances against Cowan and Squitieri defendants herein and requesting that DDC state staff employees compel return of Plaintiff's non-public patent files and mediation on her stolen $50,000 patent retainer.  These are standard services offered the public under NY's Judiciary law§ 487; and Plaintiff's grievances were improperly ignored, thereby delaying notice to her of the scope of Cowan and Squitieri defendants' DR violation.  Concerning Cowan defendant, in NYS the minimum discipline required for stealing or converting retainer funds is disbarment.

4.   DDC Chief Counsel and supervisor Hal Lieberman, Esq. who was supervising the whitewashing of Plaintiff's and other citizens grievances, was at the same time, also serving as a for profit partner at Cowan defendant's instant defense firm Hinshaw & Culbertson ("H&C").   During Lieberman's tenant at DDC, hundreds of other citizens' grievances were whitewashed in contended violation of their right to equal protection of NY's Judiciary Law Section 487. *Esposito v. State of NY, First Dept. Disciplinary Committee* , 2007 WL 3523910 (SNY 2007); *Anderson v. State of NY, First Dept. Disciplinary Committee*, 2007 WL 9599 (SDNY 2007); *Bernstein v. State of NY, First Dept. Disciplinary Committee. Proskauer Rose Goetz & Mendelsohn, et al.,* 2007 WL 11196 (SDNY 2007).

9

EXHIBIT 19
Page 244 of 808

5. When State DDC did not compel return of her non-public patent files in response to Plaintiff's otherwise proper DDC grievances consistently since 2003, Plaintiff was forced to enter SDNY and this Court.

6. In 2006, Lieberman and Richard Supple Supple's private sector law firm, H&C, took up Cowan defendant's defense before SDNY without disclosing their firm's conflicts of financial interest and that they had played roles in whitewashing Plaintiff's grievances. In addition, Supple who assumed the day-to-day defense obligations, had superior access to Plaintiff's confidential DDC information and in violation of the DRs, misused Plaintiff's information to prejudice her lawsuit.

7. A writ against Squitieri defendant, who was representing Plaintiff's interests before SDNY against Cowan defendant and was adverse to Part 7 defendants H&C, Lieberman and Supple, suspiciously withdrew after Plaintiff won bnding arbitration in 2009 after evidentiary hearing. Squitieri defendant then withheld Plaintiff's case files for 3 years. On April 30, 2013, this Court in Index No. 102516/2012 order Squitieri defendant to produce all of Plaintiff's litigation files in hard and electronic format since 2006. Squitieri is in contempt of that order and has not returned all of Plaintiff's essential files. During his representation of Plaitniff's interests against Cowan defendant, however, Squitieri defendant never moved for disqualification of H&C from Cowan's representation or to compel

10

EXHIBIT 19
Page 245 of 808

Plaintiff's non-public patent files during discovery; that would have allowed Plaintiff to move for summary judgment on public records.

8.  Plaintiff won binding SDNY Arbitration against Cowan defendant herein in 2009 and the findings of fact after the only evidentiary hearing were also somehow not docketed by Squitieri.   Sorely missing form defendant Squitieri's limited files that he did produced in 2013 are his consults with Supple, and his opposition papers to Supple's false ex parte application to withdraw arbitration in 2008 based on a ridiculous falsehood that Plaintiff had agreed to withdraw her claims against Cowan defendant (**Exhibit 3**).   Squitieri did not move to vacate the ex parte order entered that day, for sanctions against Supple under Rule 11 for engaging in frivolous and untruthful litigation; and then in 2010 Squitieri defendant moved to withdraw and retained Plaintiff's files for 3 years although he was paid in full.

9.  The Second Circuit then reversed the dismissal of Cowan defendant by the District Court that also mysterious occurred prematurely before entry of the Award of Arbitrator.  Reversal was entered in response to Plaintiff's pro se appeal (**Exhibit 4**).  Second Circuit also held in fn 5 of its order that Squitieri defendant failed to file proper notices of appeal to all relevant orders, thereby divesting Second Circuit of jurisdiction to hear Plaintiff's appeal against Cowan defendant's other patent clients Live Nation, Clear Channel and their new subsidiaries Instant Live Concerts, LLC and Next Ticketing for infringement damages.  These entities

11

EXHIBIT 19
Page 246 of 808

that were original SDNY defendants were all outsourcing Plaintiff's inventions based on Cowan defendant's breach of duty as their NY agent.

10. In addition, when Plaintiff's first US patent claims issued on October 13, 2009, six months after the (reversed) SDNY order closing the case, Squitieri defendant also failed to move for Rule 60(b) relief and amend Plaintiff's complaint as he stipulated to do in the 3AC he filed in 2007.

11. Squitieri then also failed to investigate the unlawful collusion and patent theft from Plaintiff at the USPTO and PCT by Cowan defendant with its other patent clients at Legend Films; and he missed Plaintiff's statute of limitation. However, Cowan defendants' purging and spoliating the files that prove its collusion and theft of her inventions and certain patent claims with Legend Films's founding officers in exchange for offers of stock interests, were never adjudicated. Ergo, because spolation and alteration of patent evidence was undertaken by Cowan defendant, and the statutes of limitations on these state damage claims is tolled. *Micron Technology v. Rambus*, 645 F. 3d 1311 (Fed. Cir. 2012), This court is the proper forum to compel production of all Plaintiff's withheld and purged files including resurrection of any unlawfully erased digital files.

12. In 2014, the USPTO General Counsel noticed that the Cowan firm has been under ongoing investigation for potentially criminal misconduct in connection with

12

EXHIBIT 19
Page 247 of 808

Plaintiff's patent retainer (**Exhibit 5**).  USPTO General Counsel also noticed that FOIA request is not the proper means to get Plaitniff's non-public patent files from Cowan defendants.   Cowan defendant's intentional torts include integrating Plaintiff's inventions into other clients' patent applications including a PCT patent application Cowan defendant filed for Legend Films, omitting Plaintiff's name as co-inventor in violation of 37 CFR 1.48(a)[4], not disclosing its admitted conflicts of interest with other clients, and purging, erasing and altering relevant patent files "at the clients' instructions".   [5] (**Exhibit 6**)

### III. IMMEDIATE DISQUALIFICATION OF HINSHAW & CULBERTSON LLP ("H&C") AND PARTNERS HAL LIEBERMAN AND RICHARD SUPPLE FROM FURTHER REPRESENTING COWAN DEFENDANT IS MANDATORY

13. In 2015, Plaintiff, to protect her patent interests was also forced to file a separate Supreme NY lawsuit seeking unfair competition damages against State and City of NY.  Both State and City unlawfully outsourced Plaintiff's inventions

---

[4] Defendant herein Legend Films LLC, now Legend Films, Inc. and Legend's defendant officers.  US PCT 02 14192.

[5] Plaintiff in fact introduced Legend's founding officers to Cowan defendant in 2001; but did not know until Squitieri defendant was compelled by this Court to produce all of Plaintiff's unlawfully withheld case files including the limited SDNY Arbitration discovery exchanged in 2009 that in 2002 Legend and Cowan defendants had entered into illegal agreement with Legend Films defendants herein to steal Plaintiff's patent claims, inventions and ideas. Cowan defendant then withheld services until Plaintiff's prior $50,000 patent retainer and in fact did no work for Plaintiff worth more than $1, 500 and then attempted unilateral abandonment of Plaintiff's USPTO representation without notice to her in 2003.

13

EXHIBIT 19
Page 248 of 808

without authorization or license during the time Plaintiff's grievances were ignored by the DDC. (Index No. 100163/2015 pending before Hon. Paul Wooten in Part 7). Plaintiff's inventions are in the valuable field of content-based secondary ticketing operations and upon information and belief are in use by DMV/TVB for online parking payments, at used by the State and City for certain voting registrations, for the transmission of city hospital records and court files; and for new ticketing operations at the WTC site.

14.`It is contended in that lawsuit that H&C's NY partners Hal Lieberman and Richard Supple were state employees and Chief Counsels and executive members of the DDC of the First Dept. and the NYC Ethics Board, whose whitewashing of Plaintiff's grievances and supervising other DDC staff members to whitewash served to delay notice to Plaintiff's of Cowan's intentional torts against Plaintiff's interests before the USPTO and their withholding services under Plaintiff's patent retainer at competing clients' instructions. (**Exhibit 6**).

15. Upon information and belief, H&C partner Lieberman was previously sued for equal protection violations of NY's Judiciary law acting under color of state law including for ignoring grievances against patent attorneys. See, *Esposito v. State of NY, First Dept. Disciplinary Committee* , 2007 WL 3523910 (SNY 2007); *Anderson v. State of NY, First Dept. Disciplinary Committee*, 2007 WL 9599

Supreme Court Records OnLine Library -  page 15 of 69

EXHIBIT 19
Page 249 of 808

(SDNY 2007); *Bernstein v. State of NY, First Dept. Disciplinary Committee. Proskauer Rose Goetz & Mendelsohn, et al.,* 2007 WL 11196 (SDNY 2007).

16. Other H&C partners were held personally liable to opposing attorneys in complex bankruptcy proceedings for abusing litigation privileges and defaming opposing attorneys to federal judges on matters not before the Court. *Edelman Combs & Latturner v. Hinshaw & Culbertson, LLP,* 338 Ill. App. 3d 156, 798 NE 2d 740 (2003) wherein H&C partner were held personally liable to opposing counsel for defamation and abusing litigation privilege on matters unrelated to the case at bar; *US Express Lines v. Higgins,* 281 F. 3d 383 (3d Cir. 2002); *Antonelli v. Westville Holdings,* 2012 WL 280722 (Bkrtcy. DNJ 2012).

17. Ergo H&C has a long history of litigation abuse and targeting adverse counsel to gain unfair litigation advantages that are not owing.

18. The NY, the law is clear that an attorney's stealing or converting retainer funds mandates disbarment; but in Plaintiff's case, no action was taken by the DDC under Lieberman's supervision in contended violation both of equal protection and the US Supreme Court's decision and order in *Gunn v. Minton,* supra. At the same time, Lieberman was serving as agent of instant private sector insurance defense firm H&C and never disclosed his and his firm's obvious financial conflicts of interest to the SDNY, to this Court or to Plaintiff.

15

EXHIBIT 19
Page 250 of 808

19. It is undisputed that its agent partners Lieberman and Supple concealed their known conflicts of financial interest in Plaintiff's patent case in bad faith for the past 10 years.

20. On one hand, Lieberman and Supple, who are defendants in Plaintiff's Part 7 lawsuit, were chief counsel, executive committee members and public fiduciaries at both DDC and NYC Bar Association Ethics Board with the job of policing and disciplining according to equal protection and NY's Judiciary Law, NY attorneys for DR violations; but on the other hand and at the same time in Plaintiff's case, they were private sector partners at the H&C defendant insurance malpractice defense law firm defending the same Cowan defendant firm that Plaintiff properly reported and in response to which Plaintiff's grievances were whitewashed. It is based on H&C's partners conflicts of interest that Plaintiff still does not have her non-public patent files after 9 years of litigation before SDNY; and in in spite of an ongoing USPTO investigation against Cowan defendant and disciplinary proceedings against certain of its partners at the Office of Enrollment and Discipline. (**Exhibit 5**)

21. Patents endure for 20 years and enforcement rights to inventions may be continued and extended. For this reason, the complete files of an inventor's patent attorneys is critical to issues of USPTO's prosecution of claims, denial of claims and the inventor's enforcement rights of issued claims during that period.

16

EXHIBIT 19
Page 251 of 808

22. Richard Supple, Cowan's designated H&C day-to-day defense attorney since 2006, and now also representing Cowan in Plaintiff's instant lawsuit for mandamus to compel her files and damages based on unlawful withholding, is contended to have gotten improper access to Plaintiff's confidential DDC files through Lieberman.

23. Under the US Supreme Court's decision and order in *Gunn v. Minton, supra*, the compelling of unlawfully purged or withheld files is now the State's job.

24. Cowan defendant's defense firm herein, H&C, never disclosed H&C's conflicts of interest to SDNY, to Plaintiff or this Court that is imputed to H&C from its partners Lieberman and Supple holding conflicting public interest roles. Its NY H&C partners continue to hold conflicting public fiduciary counsel positions at DDC and NYC Bar Association's Ethics Board and DDC continues to withhold orders to compel return of Plaintiff's files.

25.     Starting in 2003, Plaintiff reported to Part 7 defendants including Lieberman that Cowan defendant had stolen Plaintiff's $50,000 patent retainer. Plaintiff contends Part 7 defendants including Lieberman were acting under color of state law in violating Plaintiff's right to equal protection of NY's Judiciary Law Section 487 in not compelling mediation on refund and that DDC Part 7 defendants still have the duty to order that mediation.

17

Supreme Court Records OnLine Library -  page 18 of 69

EXHIBIT 19
Page 252 of 808

26. It is undisputed that the mandatory minimum discipline in NYS for retainer theft by an attorney is disbarment. This was confirmed by presenters at the OCA Commission hearings on Attorney Discipline that took place at 14 Vesey Street, last Tues, August 11. However, in response to Plaintiff's proper grievances, disbarment proceedings were ever instituted; and no hearings on this issue were held. Plaintiff also never received Cowan defendant's responses to her grievances in further violation of due process.

27. In addition, although DDC Part 7 defendants are not permitted to give legal advice, they told Plaintiff that her claims against Cowan defendant belonged in litigation and she should sue. Lieberman was supervising the DDC staff defendants at this time; and then the private sector firm, H&C, where he held a for profit partnership interest, took up Cowan's defense without disclosing obvious financial conflicts of interest.

28. In addition, Part 7 defendants Lieberman and Supple as agents for their Part 7 defendant law firm H&C are the only parties and entities collecting stable fees in Plaintiff's SDNY lawsuit now on remand from the Second Circuit and in its 10th year. (**Exhibit 4**). Yet, Plaintiff still has no discovery compelled from Cowan defendants.

18

EXHIBIT 19
Page 253 of 808

29. The recent rulings of the US Supreme Court hold that Plaintiff's mandamus and damage claims must be adjudicated by the state.

30. Because there is no independent basis for federal jurisdiction, Plaintiff's SDNY lawsuit against Cowan defendant may also be ordered dismissed without prejudice for refiling in the State.

31. Disqualification of H&C and partners Lieberman and Supple from Cowan defendant's representation is now mandatory also because H&C, Lieberman and Supple are themselves liable to Plaintiff and must be sanctioned for engaging in frivolous litigation. They have continued a 9-year untruthful defense on behalf of Cowan defendant before a district federal court. (**Exhibit 3**)

32. `Cowan defendant, in fact, has no viable defense in law or equity to Plaintiff's claims for breach of fiduciary duty, patent malpractice and the *sine qua non*, theft of Plaintiff's patent claims with the instant Legend Films defendants, that was established from Squitieri's still incomplete production in 2013 pursuant to writ from this Court.

### III. CONTEMPT SANCTIONS MUST BE ENTERED AGAINST SQUITIERI DEFENDANT

Supreme Court Records OnLine Library - page 20 of 69

EXHIBIT 19
Page 254 of 808

33. Squitieri not only unlawfully withheld Plaintiff's case files for 3 years causing damages to her, he defied this Court's order to conceal his breach of fiduciary duty and malpractice.

34. Squitieri defendant he did not docket the SDNY Award of Arbitration in Plaintiff's favor on all counts whose findings of fact after evidentiary hearing in March 2009 are binding on the new Magistrate on remand.  In fact, the new Magistrate has rendered factual findings inconsistent with the Arbitration Award because it is not docketed, demonstrating prejudice to Plaintiff per se from defendant Squitieri's breach of fiduciary duty and malpractice.  There is no merger of Cowan's breach of a sham business development contract without cause after only three weeks as found by Arbitrator, and Cowan's breach of fiduciary duty under Plaintiff's patent retainer.

## V. DAMAGES

35. Plaintiff is a USPTO inventor issued her first US patents in 2009 and 2011 in the universally-recognized new field of content-based secondary ticketing and registration operations[6].  Plaintiff's first claims should have issued in 2004, however, had Cowan defendant performed according to the standard of care during

---

[6] Gurvey US Patent Nos. 7, 603, 321; D647910S; 18 patent applications remain pending in the portfolio, several others of which in long form drafts were given to Cowan law firm defendants to protect to the full bounds of the law in 2001.

20

EXHIBIT 19
Page 255 of 808

37. Plaintiff is also entitled to mandatory sanctions against Cowan and Squitieri defendants for purging, erasing, altering and withholding her patent electronic files and litigation files; and spoliating patent evidence. Patent spoliation is defined as any one of purging, erasing and altering any patent evidence. *Micron Technology v. Rambus, supra*.

38. A proper sanction by this Court is an order to resurrect purged files; and enter of judgment on issues that would have been established by spoliated files.

39. No previous application has been made for the relief requested herein.

**WHEREFORE**, Plaintiff prays that her order to show cause be granted in all respects and that immediately hearing be ordered on the issues of the mandatory disqualification of Hinshaw & Culbertson LLP from defendant Cowan's representation based on conflict of interest; that a contempt order be issued against defendant Squitieri & Fearon, LLP for defying a previous document production order of this Court entered May, 2013; and that Plaintiff be awarded her attorneys' fees and costs; and such other and further relief as the Court deems just and proper.

22

EXHIBIT 19
Page 256 of 808

Sworn to before me this
_14th_ day of August, 2015

*Kelsey Dugan*

*Kelsey Dugan*

```
KELSEY DUGAN
Notary Public
State of New Jersey
My Commission Expires Oct 7, 2016
```

AMY WEISSBROD-GURVEY
USPTO INVENTOR PRO SE
PRESIDENT & CEO
LIVE-Fi ™Technologies, LLC
315 Highland Avenue
Upper Montclair, NJ  07043
3430 St. Susan Place
Los Angeles, CA 90066
Cellular:  917-733-9981

EXHIBIT 19
Page 257 of 808



Supreme Court Records OnLine Library -  page 24 of 69

EXHIBIT 19
Page 258 of 808

SUPREME COURT OF THE STATE OF NEW YORK— NEW YORK COUNTY

PRESENT :  DONNA M. MILLS                              PART ___58___
                          *Justice*

_____
AMY R. GURVEY,
                                                    INDEX No.    102516/12

                    Plaintiff(s)                    MOTION DATE _____
                    -v-
                                                    MOTION SEQ. No. 002
SQUITIERI & FEARON, LLP, et al.,

                    Defendant(s).                   MOTION CAL No._____
_____

The following papers, numbered 1 to _____ were read on this motion _____.

                                                    PAPERS NUMBERED

Notice of Motion/Order to Show Cause–Affidavits–Exhibits       1

Answering Affidavits– Exhibits                                  2

Replying Affidavits                                            3

CROSS-MOTION: _____ YES ___√___ NO

        Upon the foregoing papers, it is ordered that this motion to compel defendants to

turn over certain documents is granted to the limited extent that defendants are directed

to produce to plaintiff all available emails and electronic files concerning their

representation of plaintiff between 2007 and 2010, that are currently available on all

firm servers and operational desktops by 14 days of the date of this Order.

        This constitutes the decision and order of the court.

Dated: _____April 30, 2013_____                    _____
                                                            J.S.C.
Check one: ____ FINAL DISPOSITION       ___√___ NON-FINAL DISPOSITION

                                        DONNA M. MILLS, J.S.C.

[FILED MAY 06 2013 NEW YORK COUNTY CLERK'S OFFICE]

EXHIBIT 19

# THE ASSOCIATION OF THE BAR
# OF THE CITY OF NEW YORK

### Arbitration for Disputes Among Lawyers

**In the Matter of the Arbitration between:**

Re:   Amy R. Gurvey,                                             Claimant,
      -against-
      Cowan, Liebowitz & Latman, P.C.,                          Respondent.

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the
arbitration agreement entered into between the above-named parties and dated as of January 15,
2002, and having been duly sworn, and having heard the proofs and allegations of the parties, do
hereby, AWARD, as follows:

1.  Claimant Amy R. Gurvey ("Gurvey") and respondent Cowan, Liebowitz &Latman, P.C.
("Cowan")  entered into a Memorandum Agreement as of January 15, 2002 (the "Agreement")
by which Gurvy was hired as counsel to Cowan, the term commencing on February 15, 2002 and
ending December 31, 2002. Gurvey's  base compensation "for the balance of calendar year 2002"
was "at the rate of $150,000 per year, payable every two weeks...."

2.  This arbitration was commenced in April 2008 by Gurvey, and the hearings were conducted
over a two day period, March 23 and 24, 2009. Only two witnesses testified: Gurvey on her own
behalf and William Borchard, who was called by claimant as an adverse witness. Gurvey's basic
claim was breach of the Agreement, and Cowan's counterclaim alleged fraudulent inducement by
reason of Gurvey's misrepresentations concerning her background, skills and experience.  At the
hearing, Cowan broadened its counterclaim to assert misrepresentations and material omissions
concerning anticipated billings, receipt of a salary from one of her clients, claims made on her
resume, sanctions for frivolous litigation misconduct, and her receipt of Social Security disability
payments.

3.  In May 2002 Gurvey was terminated by Cowan. Although there is no writing that spells out
the reasons for the termination--which took place only weeks after the Agreement was actually
executed by the parties on or about April 17, 2002--the Managing Partner of Cowan at the time
of the events in question testified that "[I]t was not working out at any level." He went on to
elaborate that Gurvey's fees and billings were inadequate, that she had failed to bring the firm the
entertainment practice that it sought and that a $5000 monthly retainer expected from a particular
client did not materialize.

4.  Gurvey asked to stay on at Cowan through September and was allowed to do so. Her last
payment from Cowan covered the two week period ending August 15, 2002.

5.  The Agreement, largely drafted by Cowan and based on its standard contract of this kind, did
not provide for termination for cause and did not condition payment of the "base compensation"
on any performance standards regarding billable hours or "Billing Units" defined in the

EXHIBIT 19
Page 260 of 808

Agreement. Although the Agreement stated that the parties could conduct a fairness review of the base compensation at any time, no such review was requested or conducted.

6. Gurvey's proofs established that Cowan breached the Agreement by failing to pay the balance of her salary due from August 15 through December 31, 2002 at the rate of $150,00 per year, which totals $60,250. Although Gurvey also requested "the value of four weeks vacation time," the Arbitrator finds that no additional sum would be owing to Gurvey on account of vacation. The Agreement states that she was entitled to "the same vacation rights as other counsel (currently 4 weeks per calendar year with no carryover from year to year)." Thus, the value of Gurvey's vacation rights are included within her unpaid salary.

7. Cowan raised several defenses to the breach of Agreement claim: that Gurvey failed to perform; breached the implied covenant of good faith and fair dealing; and was a "faithless servant". After consideration of the proof on these issues, the Arbitrator concludes that there was insufficient evidence of Gurvey's nonperformance--which would have had to be tantamount to "lack of consideration" given the terms of the Agreement: no right to terminate for cause and no performance or billing standards. The other arguments did not fit the facts presented.

8. Cowan's counterclaim is denied. Respondent failed to carry its heavy burden of proof on a fraud claim, particularly with respect to the elements of materiality and reasonable reliance. Further, many of the alleged misrepresentations or omissions were facts and circumstances that Cowan only learned about long after its determination to terminate Gurvey.

9. Each party shall bear its own legal fees, costs, and expenses of this Arbitration as well as one half of the fees of the Arbitrator.

10. Gurvey further requested interest "at the statutory rate since August 12, 2002." The Arbitrator declines to award interest for that period of time for these reasons: the Agreement does not provide for the payment of interest; interest was not sought in Gurvey's demand for arbitration, and the Arbitration Rules for Disputes Among Lawyers of The New York City Bar Association provide discretion to the Arbitrator. Gurvey did not commence this proceeding until approximately six years after her termination. She should not profit by this delay. Consequently, the Arbitrator has determined that Gurvey is entitled to interest on $60,250 (but not interest on interest) at the statutory rate from April 16, 2008 to the date of the Award.

In summary, I AWARD as follows:

1. Respondent shall pay Claimant the sum of $60,250.00 on Claimant's breach of Agreement claim (the "Award").

2. The only pre-judgment interest that Claimant shall recover is interest at the statutory rate commencing April 16, 2008 up to but not including the date of this Award, on the amount of the Award, but not interest on interest.

3. Post-award interest shall accrue form the date of this Award until paid in full at the statutory rate.

4. Administrative fees of The Association of the Bar of the City of New York, attorney's fees, and any costs and expenses shall b e borne by each party to the extent incurred.

5. Each party shall pay one-half of the fees of the Arbitrator.

2

EXHIBIT 19
Page 261 of 808

6. Respondent's counterclaim is denied.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims or counterclaims not expressly granted herein are hereby denied. The Arbitrator will maintain jurisdiction.


Date


Charlotte Moses Fischman

I, Charlotte Moses Fischman, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

8/4/2009
Date

Charlotte Moses Fischman

KL3 2724810.1

3

Supreme Court Records OnLine Library - page 28 of 69

EXHIBIT 19
Page 262 of 808

EXHIBIT 19

Page 263 of 808

# HINSHAW
& CULBERTSON LLP

Richard Supple
212-471-6210
rsupple@hinshawlaw.com

ATTORNEYS AT LAW
780 Third Avenue
4th Floor
New York, NY 10017

T 212-471-6200
F 212-935-1166
www.hinshawlaw.com

January 28, 2008

BY FACSIMILE TRANSMISSION

Hon. Barbara S. Jones
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007



  Re: *Gurvey v. Cowan, Liebowitz & Latman, P.C., et al.*
    *Case No. 06 CV 1202 (BSJ) (THK)*

Dear Judge Jones:

This firm represents defendant Cowan, Liebowitz & Latman, P.C. ("Cowan") and I write in response to this Court's order, dated January 23, 2008, which directs "[d]efendants ... to notify the Court ... whether they intend to supplement, withdraw, or otherwise alter the scope of their pending motions in light of [the Court's] ruling" granting plaintiff leave to file a Third Amended Complaint.

Cowan does intend to change the scope of its pending motion before the Court. Specifically, in light of plaintiff's abandonment of her claims based on her employment agreement, Cowan intends to withdraw its current motion to compel arbitration. Furthermore, because the Third Amended Complaint adds numerous additional causes of action and six new defendants, including four Cowan partners, the Cowan defendants intend to move against the new complaint on several grounds, including that it violates the statute of limitations and fails to state a claim upon which relief may be granted. We understand that the Clear Channel defendants will supplement their pending motion to dismiss and it seems logical to expect that new defendants Michael Gordon and Susan Schick may make dispositive motions as well.

To simplify matters, my firm will accept service of the Third Amended Complaint on behalf of Cowan and the four new individual Cowan defendants identified above. In addition, we believe it makes sense to set a briefing schedule for defendants' motions. Since I will be out of the country during the second half of February and because defendants Gordon and Schick will need

Arizona California Florida Illinois Indiana Massachusetts Minnesota Missouri New York Oregon Rhode Island Wisconsin



Supreme Court Records OnLine Library - page 30 of 69

EXHIBIT 19
Page 264 of 808

HINSHAW & CULBERTSON LLP

J. Richard Suppl. Jr. (RS5849)

cc: Counsel of Record (by fax)

Applications Granted. Cowan's application
to withdraw its motion to compel arbitration
(Docket # 15) is GRANTED. The Cowan
defendants are granted 60 days to file
and serve their motions.

SO ORDERED.
Dated:                    BARBARA S. JONES
                               U.S.D.J.
                          1/28/08

Supreme Court Records OnLine Library - page 31 of 69

EXHIBIT 19
Page 265 of 808

EXHIBIT 19
Page 266 of 808

**4**

EXHIBIT 19
Page 267 of 808

09-2185-cv(L)
Gurvey v. Cowan, Liebowitz & Latman, P.C., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

| | |
|---|---|
| 1 | At a stated term of the United States Court of Appeals for the Second Circuit, held at the |
| 2 | Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, |
| 3 | on the 10th day of February, two thousand twelve. |
| 4 | |
| 5 | PRESENT: |
| 6 | |
| 7 | AMALYA L. KEARSE, |
| 8 | JOSÉ A. CABRANES, |
| 9 | ROBERT D. SACK, |
| 10 | *Circuit Judges.* |
| 11 | - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x |
| 12 | AMY R. GURVEY, |
| 13 | |
| 14 | *Plaintiff-Appellant,* |
| 15 | |
| 16 | -v.- |
| 17 | |
| 18 | COWAN, LIEBOWITZ & LATMAN, P.C., CLEAR |
| 19 | CHANNEL COMMUNICATIONS, INC., LIVE |
| 20 | NATION, INC., INSTANT LIVE CONCERTS, LLC, |
| 21 | NEXTICKETING, INC., WILLIAM |
| 22 | BORCHARD, MIDGE HYMAN, BAILA |
| 23 | CELEDONIA, CHRISTOPHER JENSEN, DALE |
| 24 | HEAD, STEVE SIMON, MICHAEL GORDON, |
| 25 | and SUSAN SCHICK, |
| 26 | |
| 27 | *Defendants-Appellees.*[1] |
| 28 | - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x |

Nos.    09-2185-cv(L)
         10-4111 (Con)

---

[1] The Clerk is directed to amend the official caption as indicated above.

1

EXHIBIT 19
Page 268 of 808

| | | |
|---|---|---|
| 1 | **FOR APPELLANT:** | Amy R. Gurvey, *pro se*, Upper |
| 2 | | Montclair, N.J. |
| 3 | | |
| 4 | **For APPELLEES:** | J. Richard Supple, Jr., Hinshaw & |
| 5 | | Culbertson LLP, New York, N.Y., |
| 6 | | *for* Cowan, Liebowitz & Latman |
| 7 | | PC, William Borchard, Midge |
| 8 | | Hyman, Baila Celedonia, and |
| 9 | | Christopher Jensen; |
| 10 | | |
| 11 | | Samara L. Kline (Melissa |
| 12 | | Armstrong, *on the brief*), Baker |
| 13 | | Botts LLP, Dallas, Texas, *for* Live |
| 14 | | Nation, Inc., InstantLive |
| 15 | | Concerts, LLC, NexTicketing, |
| 16 | | LLC, and Clear Channel |
| 17 | | Communications, Inc. |
| 18 | | |

19    Appeal from a judgment of the United States District Court for the Southern District of New

20    York (Barbara S. Jones, *Judge*).

21

22    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

23    **DECREED** that the judgment of the District Court be **AFFIRMED in part** and **VACATED and**

24    **REMANDED in part**.

25    Plaintiff-appellant Amy R. Gurvey appeals from the District Court's April 23, 2009 judgment

26    dismissing her third amended complaint ("TAC") pursuant to Fed. R. Civ. P. 12(b)(6).  We assume the

27    parties' familiarity with the underlying facts and the procedural history of the case, some of which we

28    briefly reiterate here.

29                                          BACKGROUND

30    . In February 2006 Gurvey filed her initial complaint in this action, principally asserting claims of

31    misappropriation of trade secrets against all defendants named in the complaint, fraud and breach of

32    fiduciary duty against her attorney, Cowan, Liebowitz & Latman LLC ("Cowan"), and unfair

2

EXHIBIT 19
Page 269 of 808

1    competition and interference with prospective economic advantage against Cowan, Clear Channel

2    Communications ("CCC"), InstantLive, and Live Nation, Inc. ("Live Nation"). Gurvey did not serve

3    the complaint on the defendants at that time.

4         Four months later, in June 2006, Gurvey filed an amended complaint, which added a subsidiary

5    of CCC as a defendant, as well as, *inter alia*, claims of malpractice against Cowan. Gurvey served the

6    first amended complaint on all defendants, and attached a copy of the original complaint.

7         Later, on March 4, 2008, Gurvey filed her third[2] amended complaint, which forms the basis of

8    this appeal. The TAC added as defendants several partners of and one associate employed by Cowan

9    (together with Cowan, the "Cowan Defendants"), several executives of the corporate defendants, and

10   Michael Gordon, the bass guitarist for the rock band "Phish." The TAC also asserted numerous claims

11   against various defendants for, *inter alia*, misappropriation of trade secrets, unfair competition, breach of

12   fiduciary duty, tortious interference with a contract, tortious interference with prospective economic

13   relations, attorney malpractice, violations of Section 2 of the Sherman Act,[3] violations of state antitrust

14   laws, and violations of the Lanham Act.[4]

15        On April 23, 2009, the District Court dismissed the TAC in its entirety.[5] *Gurvey v. Cowan,*

16   *Liebowitz & Latman, P.C.*, No. 06 Civ. 1202, 2009 WL 1117278 (S.D.N.Y. Apr. 24, 2009) ("*Gurvey II*").

---

[2] Gurvey, who filed her initial complaint *pro se*, moved on October 10, 2006 to file a second amended complaint. While that motion was still pending, Gurvey retained counsel and requested leave to file a third amended complaint. The District Court granted permission to file a third amended complaint, deeming the *pro se* motion moot. *Gurvey v. Cowan, Liebowitz & Latman,* No. 06 Civ. 1202, Docket No. 41, at 2 (S.D.N.Y. Jan. 23, 2008) (order granting permission to file third amended complaint).

[3] 15 U.S.C. § 2, *et seq.*

[4] 15 U.S.C. § 1051, *et seq.*

[5] On March 16, 2009, the District Court dismissed the action against CCC and Live Nation for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *See Gurvey v. Cowan, Liebowitz & Latman, P.C.*, No. 06 Civ. 1202, 2009 WL 691056 (S.D.N.Y. Mar. 17, 2009) ("*Gurvey I*"). Although Gurvey claims that this dismissal constituted reversible error, she failed to include in her Notice of Appeal her intent to appeal from this order. *See Gurvey*, No. 06 Civ. 1202, Docket No. 83 (S.D.N.Y. Sept. 23, 2010) (Notice of Appeal). We therefore do not have jurisdiction to decide her claim that the District Court erred by dismissing her claims against CCC and Live Nation for lack of personal jurisdiction. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995).

3

EXHIBIT 19
Page 270 of 808

1    The court determined that Gurvey's claims of misappropriation of trade secrets, unfair competition, and

2    tortious interference with contract claims were time-barred.  The court also determined that her state

3    and federal antitrust claims, as well as her unjust enrichment claim, had been inadequately pleaded.  It

4    further found that Gurvey's false advertising claims under the Lanham Act were related to the

5    authorship of her allegedly proprietary ideas and therefore were not properly the subject of an action

6    under the Lanham Act.

7         With respect to Gurvey's claims for tortious interference with prospective economic relations,

8    the court concluded that Gurvey's allegations—that, because Cowan illegally revealed her proprietary

9    information and trade secrets to CCC and Live Nation, she lost the opportunity to complete a private

10    placement offering of securities to be issued by her own company—were too vague to give rise to a

11    plausible claim for relief.  The court determined that the TAC neglected to allege that defendants knew

12    of Gurvey's private placement opportunity when they allegedly wrongfully interfered with the

13    opportunity, and therefore dismissed the tortious interference claim.

14         Finally, with respect to Gurvey's legal malpractice claims against the Cowan defendants, the

15    court concluded that Gurvey had offered only "vague and non-actionable challenges" to defendants'

16    legal representation.  Gurvey's allegation that defendants had failed to protect the confidentiality of her

17    trade secrets was not premised on "anything more than speculation" and did not present a challenge to

18    the actual quality of defendants' legal representation.  In addition, Gurvey's allegation of a conflict of

19    interest did not include any detail as to the supposed conflict.  Moreover, the court determined that

20    Gurvey had failed to identify the precise damages she had suffered or how defendants' legal

21    representation had actually caused these damages.  Gurvey's breach of fiduciary duty claims against the

22    Cowan defendants were dismissed for similar reasons.[6]

---

[6] The District Court also dismissed Gurvey's claim for an accounting because an accounting is a remedy, not a separate claim.

4

EXHIBIT 19
Page 271 of 808

1        On appeal Gurvey argues that the District Court abused its discretion by (1) failing to adjudicate

2        her April 2010 Rule 60(b) motion which, *inter alia*, sought leave to file a fourth amended complaint; (2)

3        dismissing her claims against the defendants for misappropriation of her trade secrets, violation of the

4        federal and state unfair competition and antitrust laws, tortious interference with her contractual and

5        business relations, and attorney malpractice and breach of fiduciary duty; (3) not issuing a formal order

6        with respect to the Cowan defendants' motion to compel arbitration and stay all proceedings pending

7        arbitration; (4) failing to enter on the docket and adjudicate her requests to "reinstate" discovery; (5)

8        granting Live Nation's and CCC's motions to dismiss for lack of personal jurisdiction; (6) finding that

9        defendants did not engage in unfair competition by issuing false and misleading press releases; and (7)

10       dismissing her claims against Cowan for ongoing malpractice and breach of fiduciary duty before the

11       United States Patent and Trademark Office and for tortious interference with her contract with her

12       previous employer, Legend Films.[7] Gurvey has also moved to correct the record on appeal, requesting

13       that we order the District Court to docket various documents she has unsuccessfully attempted to file

14       with the District Court during the pendency of this appeal, including a record of a state arbitration

15       proceeding and a motion filed pursuant to Fed. R. Civ. P. 60(b), and that we order the District Court to

16       permit her to file a fourth amended complaint (which she has also unsuccessfully attempted to file with

17       the court). The Cowan defendants have petitioned for fees and costs, requesting that Gurvey be

18       required to pay their expenses associated with the defense of the instant appeal.

---

[7] Gurvey also appeals from the District Court's denial of her motion for reconsideration of dismissal pursuant to Fed. R. Civ. P. 59(a). *See Gurvey*, No. 06 Civ. 1202, Docket No. 80 (S.D.N.Y. Sept. 20, 2010) (order denying motion to reconsider). In adjudicating Gurvey's Rule 59 motion, the District Court found that several of the arguments she made in her motion were newly raised. The court accordingly refused to consider those arguments. *Gurvey*, No. 06 Civ. 1202, Docket No. 80 (S.D.N.Y. Sept. 20, 2010) (order denying motion to reconsider); *see Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001) (noting that under Local Rule 6.3 of the Southern District of New York, a plaintiff may not raise a new argument for the first time in a motion for reconsideration). Because the arguments were not properly presented to the District Court, they are not before us now. *See Nat'l Union Fire Ins. Co.*, 265 F.3d at 115-16. To the extent the District Court rejected any earlier-raised arguments in its denial of Gurvey's motion for reconsideration, those arguments are addressed in tandem with, and subsumed by, our discussion of the court's dismissal of Gurvey's complaint on the merits.

5

EXHIBIT 19
Page 272 of 808

DISCUSSION

1  
2     We review *de novo* a dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6),

3  "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing

4  all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d

5  Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its

6  face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the

7  complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129

8  S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content

9  that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

10  alleged." *Id.*

11     Having conducted an independent and *de novo* review of the record in light of these principles,

12  and for substantially the reasons stated by the District Court in its thorough and well-reasoned opinion

13  and order of April 2009, *Gurvey II*, 2009 WL 1117278, we affirm the judgment to the extent that it

14  dismissed Gurvey's claims for misappropriation of trade secrets, unfair competition, and tortious

15  interference with contract as time-barred, and to the extent that it dismissed her claims for false

16  advertising, violations of state and federal antitrust laws, and tortious interference with prospective

17  economic relations, for failing to sufficiently plead claims upon which relief may be granted.

18     However, we vacate the District Court's judgment to the extent that it dismissed Gurvey's

19  claims for attorney malpractice and breach of fiduciary duty against the Cowan defendants. Construing

20  the TAC liberally, accepting all the factual allegations in the complaint as true, and drawing all

21  reasonable inferences in Gurvey's favor, *see Bell Atl. Corp.*, 550 U.S. at 570, we conclude that Gurvey

22  stated a plausible claim by alleging that the defendants used the information given to them as part of a

23  confidential attorney-client relationship to their own advantage by disclosing it to other clients who then

6

Supreme Court Records OnLine Library - page 39 of 69

EXHIBIT 19
Page 273 of 808

1    profited therefrom to Gurvey's detriment, *see Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker,*

2    56 A.D.3d 1, 10 (1st Dep't 2008).[8]  We therefore remand the cause for further proceedings before the

3    District Court on these claims.

4         We deny Gurvey's motion to correct the record on appeal, having found that the documents she

5    asks this Court to consider either were not properly filed with the District Court or concern events that

6    occurred subsequent to the District Court's dismissal of her claims.  *See generally* Fed. R. App. P. 10(e)

7    (setting forth procedure for correction of record on appeal).  We also deny the request of the Cowan

8    defendants for an award of appellate costs and fees.  *See* Fed. R. App. P. 38; *Schiff v. United States,* 919

9    F.2d 830, 834 (2d Cir. 1990).

10        We have reviewed Gurvey's remaining arguments and find them to be without merit.

11                                   CONCLUSION

12        For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED in part and

13    VACATED in part as specified above.  The cause is REMANDED to the District Court for further

14    proceedings consistent with this order, including discovery on the remaining claims and any possible

15    dispositive motions that may thereafter ensue.

16

17                              FOR THE COURT,
18                              Catherine O'Hagan Wolfe, Clerk of Court
19

---

[8] The plausibility of this argument is bolstered by Gurvey's allegation that Cowan withdrew from representing Gurvey before the United States Patent and Trademark Office due to what Cowan allegedly termed a "conflict of interest."

7

EXHIBIT 19
Page 274 of 808

**5**

EXHIBIT 19
Page 275 of 808



## UNITED STATES PATENT AND TRADEMARK OFFICE

### OFFICE OF THE GENERAL COUNSEL

June 19, 2014

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Ms. Amy Gurvey
315 Highland Avenue
Upper Montclair, NJ 07043

RE:    *Freedom of Information Act Appeal A-14-00009 (Appeal of Request No. FP-14-00014)*

Dear Ms. Gurvey:

This determination responds to your letter dated May 15, 2014 and received by the United States Patent and Trademark Office ("USPTO" or "Agency") on May 22, 2014, and your e-mail dated May 22, 2014, appealing the USPTO's decision on your Freedom of Information Act (FOIA) Request, No. FP-14-00014. *See* FOIA Appeal No. A-14-00009.

In your FOIA request, you asked for a copy of:

> All documents pertaining to my patent applications and portfolio in premium ticket operations and an OED investigation against the first patent firm retained, Cowan Liebowitz & Latman PC.

*See* FOIA Request No. FP-14-00014.

On April 7, 2014, the Agency responded to your FOIA request. *See* Initial Determination (FP-14-00014). In response to your request for documents concerning your patent applications and portfolio in premium ticket operations, the Agency stated that it indexes and makes available for public inspection and copying all public files concerning issued patents, published applications, and reexamination files. *See id.* at 2. The Agency provided information to you about how to access those files online and in person, and how to order copies electronically and by mail. *See id.* In regard to your request for documents concerning an investigation of Cowan Liebowitz & Latman PC ("CLL") by the USPTO's Office of Enrollment and Discipline ("OED"), the Agency produced 151 pages of documents in full, and withheld records contained in open OED investigation files pursuant to FOIA Exemptions 7(A) and 7(C). *See id.* at 1-2.

The May 15 letter states that the documents produced by the Agency were "soaked with yellow staining on all the pages" and "most are stuck together." FOIA Appeal No. A-14-00009. On May 22, 2014, the Agency received the May 15 letter and promptly e-mailed you PDF copies of these documents. *See* E-mail from USPTO FOIA Office dated May 22, 2014.

EXHIBIT 19
Page 276 of 808

FOIA Appeal No. A-14-00009
Page 2 of 7

The May 15 appeal letter also contests the Agency's withholding of documents pertaining to OED's pending investigation of CLL. *See* FOIA Appeal No. A-14-00009. Specifically, it states that you are "not seeking OED records that pertain to criminal law enforcement; just confirmation that my attorneys failed to perform according to the standard of care for patent attorneys." *Id.* at 2.[1]

For the reasons explained below, your appeal is denied.

### A.    Patent Applications and Portfolio in Premium Ticket Operations

The Agency's letter of April 7, 2014 previously informed you how to access and order copies of <u>public</u> files regarding issued patents, published patent applications, and reexamination files. *See* Initial Determination (FP-14-00009) at 2. Because these files are indexed and open to public inspection pursuant to 5 U.S.C. § 552(a)(2), the Agency need not produce copies of them in response to a FOIA request made under 5 U.S.C. § 552(a)(3). *See Schwartz v. U.S. Patent and Trademark Office*, 80 F.3d 558 (D.C. Cir. 1996) (holding that because USPTO makes patent files available for public inspection and copying under subsection (a)(2), it had satisfied its disclosure obligations under FOIA and was not obligated to provide records in response to a request under (a)(3)).

Unpublished patent applications generally must be kept confidential and are not available to the public. 35 U.S.C. § 122(a). However, to the extent that you are a named inventor on any unpublished patent applications, you may access the <u>private</u> files through the USPTO's Private Patent Application Information Retrieval system ("Private PAIR"). In order to access Private PAIR, you must: (1) be a registered patent attorney/agent, an inventor, or a person granted limited recognition; (2) have a customer number; and (3) have a digital PKI certificate. The Agency's website contains information about how to register for Private PAIR at http://www.uspto.gov/patents/process/files/efs/guidance/register.jsp. By way of summary, the first step is to obtain a Customer Number. You may do this by filling out the form located at http://www.uspto.gov/web/forms/sb0125_fill.pdf and faxing it to the Electronic Business Center at (571) 273-0177. To associate an existing patent application with your Customer Number, you should complete the form at http://www.uspto.gov/patents/ebc/cust_req_instructions.xls. The second step is to obtain a Digital PKI Certificate, which you may do by filling out the form located at http://www.uspto.gov/patents/ebc/certificateactionform.pdf, getting it notarized, and mailing it to the address on the top of the form. After this form is processed, you will receive an authorization code and reference number, which you can use to access your unpublished patent applications through Private PAIR.

Please note that the Patent Electronic Business Center ("EBC") issues, administers, and supports the use of customer numbers and digital certificates for the access and use of Private PAIR. The ECB also provides customer support for Private PAIR. ECB's hours of operations are Monday

---

[1] Additionally, your appeal states: "I want all correspondence on my files from the Cowan firm . . . . All correspondence pertaining to my two provisional (60/382,710 and 60/382,979) are missing from your initial production, they were never perfected by Cowan and my retainer was converted and never refunded. I need all documents generated through September 2003 by any attorney at the Cowan firm." *Id.* at 3. To the extent this statement refers to the request for patent documents, see part A above.

EXHIBIT 19
Page 277 of 808

FOIA Appeal No. A-14-00009
Page 3 of 7

through Friday 6 a.m. – midnight (EST/EDT). The EBC can be reached by telephone at 866-217-9197 (toll free) or 571-272-4100. The EBC can be reached by email at ebc@uspto.gov.

Because the Agency has provided you with the means to access public patent files, as well as private patent files for which you are a named inventor, the Agency need not provide you with copies of these files in response to your FOIA request. In this regard, it is well-established that an agency "need not respond to a FOIA request for copies of documents where the agency itself has provided an alternative form of access." *Tax Analysts v. Dep't of Justice*, 845 F.2d 1060, 1065 (D.C. Cir. 1988), *aff'd*, 492 U.S. 136 (1989); *see also Martinez v. Bureau of Prisons*, 444 F.3d 620 (D.C. Cir. 2006) (per curiam) (where agency allowed prison inmate to review his presentence reports, it was not required to produce copies of them); *Shurtleff v. United States Environmental Protection Agency*, 2013 WL 5423963, at *11 (D.D.C. Sept. 30, 2013) (holding that EPA discharged its FOIA duty by directing requestor to documents available online and at its offices – "when an agency has provided an alternative form of access, it has satisfied its requirement to make records available to the public"); *Salanitro v. United States Office of Personnel Mgmt., Retirement Operations Division*, 2011 WL 2670076, at *4 (M.D. Fla. July 8, 2011) (holding that OPM not required to produce documents in response to FOIA request where they were available on government websites); *Crews v. Internal Revenue Serv.*, 2000 WL 900800, at *6 (C.D. Cal. Apr. 26, 2000) ("The IRS has also produced documents that are publicly available either in the IRS reading room or on the internet, and thus not subject to production via FOIA requests."); *Hilaire v. Dep't of Justice, Office of Special Investigations*, 1991 WL 190089, at *2 (D.D.C. Sept. 10, 1981) (holding that NARA not required to produce copies of documents where they were available at archives building).

**B.    OED's Investigation of Cowan Liebowitz & Latman**

The Agency properly withheld documents concerning a pending OED investigation of CLL attorneys under FOIA Exemptions 7(A) and 7(C). Exemption 7(A) allows agencies to withhold "records or information compiled for law enforcement purposes" where disclosure "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Exemption 7(C) permits the withholding of "records or information compiled for law enforcement purposes" where disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

As set forth below, the OED investigation records satisfy all the requirements under Exemptions 7(A) and 7(C).

Threshold Requirement Under Exemptions 7(A) and 7(C)

Exemptions 7(A) and 7(C) both have a threshold requirement that records be "compiled for law enforcement purposes," which is satisfied when an agency's files focus on specific alleged illegal acts which could result in civil or criminal sanctions. *See Jefferson v. Dep't of Justice*, 284 F.3d 172, 177 (D.C. Cir. 2002); *Rural Housing Alliance v. Dep't of Agriculture*, 498 F.2d 73, 81 (D.C. Cir. 1974). If the investigation that gave rise to the documents is related to the enforcement of federal laws and there is a rational nexus between the investigation and the agency's law enforcement duties, then the inquiry is for "law enforcement purposes." *Jefferson*, 284 F.3d at

EXHIBIT 19
Page 278 of 808

FOIA Appeal No. A-14-00009
Page 4 of 7

177; *Pratt v. Webster*, 673 F.2d 408, 420-21 (D.C. Cir. 1982); *Rural Housing Alliance*, 498 F.2d at 82.

Here, OED has responsibility, *inter alia*, to investigate allegations of misconduct and violations of the USPTO's Rules of Professional Conduct by patent attorneys and agents practicing before the USPTO in patent cases and attorneys practicing before the USPTO in trademark matters. *See* 35 U.S.C. § 2(b)(2)(D) (USPTO may establish regulations governing "the recognition and conduct of agents, attorneys, or other persons representing applicants or other parties before the Office"); 37 C.F.R. § 11.2(b)(4) (OED shall "[c]onduct investigations of matters involving possible grounds for discipline of practitioners"); 37 C.F.R. § 11.19(a) (describing practitioners subject to disciplinary jurisdiction); 37 C.F.R. § 11.22 (authorizing OED to investigate possible grounds for discipline and describing procedures for investigations). OED may gather evidence regarding possible grounds for discipline during investigations. 37 C.F.R. § 11.22(f). After an investigation, OED may close the matter, issue a warning to the practitioner, institute formal disciplinary charges upon approval by a Committee on Discipline, or enter into a settlement agreement with the practitioner. 37 C.F.R. § 11.22(h). Grounds for instituting disciplinary proceedings against practitioners include, but are not limited to, convictions of a serious crime, discipline on ethical grounds imposed in another jurisdiction, disqualification by a federal agency or from a federal program, violation of the USPTO's Rules of Professional Conduct, and violations of the oath or declaration taken by the practitioner. 37 C.F.R. §§ 11.19(b)(1), 11.25, 11.27. The USPTO's regulations contain specific procedures for the initiation and conduct of disciplinary proceedings. 37 C.F.R. §§ 11.19(a), 11.32. Disciplinary sanctions include exclusions and suspensions from practice before the USPTO, reprimand or censure, and probation. 37 C.F.R. § 11.20(a).

In this case, OED's investigation of CLL attorneys relates to the Agency's enforcement of federal laws (their compliance with rules governing their conduct in representing you in patent matters). Accordingly, records of OED's ongoing investigation meet the threshold requirement of Exemptions 7(A) and 7(C) that the records be "compiled for law enforcement purposes."

Exemption 7(A)

In addition to satisfying the threshold requirement, the withheld records also meet the requirement in Exemption 7(A) that disclosure "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). To satisfy this Exemption, agencies must show that there is a pending or prospective law enforcement proceeding and the release of information about it could reasonably be expected to cause some articulable harm. *See, e.g.,* *National Labor Relations Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978); *Juarez v. Dep't of Justice*, 518 F.3d 54, 58-59 (D.C. Cir. 2008); *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1113-14 (D.C. Cir. 2007).

This test is met because OED's investigation of CLL is pending. As with almost any OED investigation, a premature disclosure of information could reasonably be expected to interfere with the investigation. For example, disclosure could provide insights into the scope, direction, and nature of OED's investigation. *See, e.g., Faiella v. Internal Revenue Serv.*, 2006 WL 2040130, at 3 (D.N.H. July 20, 2006) (Exemption 7(A) applied where disclosure of information could prematurely disclose government's theories, issues, and evidentiary requirements); *Kay v.*

EXHIBIT 19
Page 279 of 808

FOIA Appeal No. A-14-00009
Page 5 of 7

*Federal Communications Comm'n*, 867 F. Supp. 11, 19 (D.D.C. 1994) (Exemption 7(A) applied where disclosure could reveal scope and strength of FCC's case). Disclosure also could create the potential for witness intimidation and deter their cooperation. *See, e.g., Robbins Tire*, 437 U.S. at 239 (holding that NLRB established interference with its unfair labor practice enforcement proceeding by showing that release of witness statements could cause witness intimidation and deter their cooperation); *EDUCAP, Inc. v. Internal Revenue Serv.*, 2009 WL 416428, at *6 (D.D.C. Feb. 18, 2009) (similar). As a result, the Agency properly withheld records concerning OED's pending investigation under FOIA Exemption 7(A).

Exemption 7(C)

In addition, the withheld records similarly qualify for the protection in Exemption 7(C) because disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Applying Exemption 7(C), the public interest in disclosure of those records must be weighed against the CLL attorneys' privacy interest in withholding them. *See United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 762 (1989); *Neely v. Federal Bureau of Investigation*, 208 F.3d 461, 463-64 (4th Cir. 2000). As to the former, Exemption 7(C) recognizes a public interest *only* in information bearing on an agency's performance of its statutory duties. *Reporters Committee*, 489 U.S. at 773 (rejecting assertion of public interest in rap sheet of a reputed Mafia crime boss because it told nothing about matters of substantive law enforcement policy); *Neely*, 208 F.3d at 464 (holding that public had negligible interest in names and identifying information of employees, suspects, and others mentioned in course of FBI investigation as there was no compelling allegation of agency corruption or illegality). Here, the records relate to the CLL attorneys. And, on the other hand, Exemption 7(C) "affords broad[] privacy rights to suspects, witnesses, and investigators." *SafeCard Servs., Inc. v. Securities and Exchange Comm'n*, 926 F.2d 1197, 1205 (D.C. Cir. 1991) (internal quotations omitted); *see also Neely*, 208 F.3d at 464 ("third parties mentioned or interviewed in the course of an investigation have well-recognized and substantial privacy interests" in law enforcement records under Exemption 7(C) "because of the potential for future harassment, annoyance, or embarrassment").

Here, the public has an insubstantial interest in the withheld records of OED's pending investigation because information about CLL's representation of you in patent matters is not probative of the Agency's behavior or performance of its duties. *See SafeCard Servs.*, 926 F.2d at 1205 (finding that names and addresses of potential witnesses or litigants in SEC stock manipulation investigations not probative of SEC's behavior or performance). Importantly, there is no credible allegation that the Agency is not performing its statutory duties or is engaged in any illegality. *See id.* at 1205-06 ("unless there is compelling evidence that the agency denying the FOIA request is engaged in illegal activity, and access to the names of private individuals appearing in the agency's law enforcement files is necessary to confirm or refute that evidence, there is no reason to believe that the incremental public interest in such information would ever be significant). By contrast, as explained above, the CLL attorneys have a substantial privacy interest in the withheld records of OED's investigation. *See SafeCard Servs.*, 926 F.2d at 1205; *Neely*, 208 F.3d at 464. Because the CLL attorneys' privacy interest strongly outweighs the public interest in OED's investigation records, the Agency properly withheld them under Exemption 7(C), as a separate ground in addition to Exemption 7(A).

Supreme Court Records OnLine Library - page 46 of 69

EXHIBIT 19
Page 280 of 808

FOIA Appeal No. A-14-00009
Page 6 of 7

Matters Raised on Appeal

The May 15 letter argues that you are "not seeking OED records that pertain to criminal law enforcement; just confirmation that my attorneys failed to perform according to the standard of care for patent attorneys." FOIA Appeal No. A-14-00009 at 2. However, Exemptions 7(A) and 7(C) are not limited to records involving criminal enforcement proceedings. Rather, they also cover records of civil, administrative, and regulatory enforcement proceedings. *See Jefferson v. Dep't of Justice*, 284 F.3d 172, 178 (D.C. Cir. 2002) (holding that Exemption 7 "covers investigatory files relating to enforcement of all kinds of laws, including those involving adjudicative proceedings") (internal quotations omitted); *Judicial Watch v. Rossotti*, 285 F. Supp. 2d 17, 29 (D.D.C. 2003) (documents relating to IRS civil investigation covered); *Rosenglick v. Internal Revenue Serv.*, 1998 U.S. Dist. LEXIS 3920, at *6 (M.D. Fla. Mar. 10, 1998) (holding that phrase "law enforcement purposes" includes "civil, criminal, and administrative statutes and regulations such as those promulgated and enforced by the IRS"); *Johnson v. Drug Enforcement Agency*, 1998 U.S. Dist. LEXIS 9802, at *9 (D.D.C. June 25, 1998) ("law being enforced may be . . . regulatory"). Also, it is well-established that the FOIA requester's purpose in seeking the records is irrelevant; what matters is the purpose of the agency's investigation at issue. *See Reporters Committee*, 489 U.S. at 771 ("the purposes for which the request for information is made . . . ha[ve] no bearing on the merits of his or her FOIA request.").

The May 15 letter also argues that "my patent attorneys' fiduciary duty to me is deemed by law paramount to their right to protect themselves from civil prosecution" and cited *Cold Spring Harbor Laboratory v. Ropes & Gray LLP*, 2011 WL 2884893 (D. Mass. July 19, 2011) for this proposition. FOIA Appeal No. A-14-00009 at 2. In *Cold Spring Harbor*, the district court held that a law firm's fiduciary duty to its client overrode the firm's claim of privilege for its internal investigation in a legal malpractice action brought by the client. 2001 WL 2884893, at *2. *Cold Spring Harbor*, however, does not apply here because the case did not involve government records or FOIA.

## C.    Final Decision and Appeal Rights

This is the final decision of the United States Patent and Trademark Office with respect to your appeal. You have the right to seek judicial review of this denial as provided in 5 U.S.C. § 552(a)(4)(B). Judicial review is available in the United States District Court for the district in which you reside or have a principal place of business, the United States District Court for the Eastern District of Virginia, or the United States District Court for the District of Columbia.

Additionally, as part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS in any of the following ways:

EXHIBIT 19
Page 281 of 808

FOIA Appeal No. A-14-00009
Page 7 of 7

Office of Government Information Services
National Archives and Records Administration
Room 2510
8601 Adelphi Road
College Park, MD 20740-6001
E-mail: ogis@nara.gov
Telephone: 301-837-1996
Facsimile: 301-837-0348
Toll-free: 1-877-684-6448

Sincerely,

James Payne
Deputy General Counsel for General Law

EXHIBIT 19
Page 282 of 808

315 Highland Avenue
Upper Montclair, NJ  07043
PH 917-733-9981
June 27, 2014


James Payne, Esq.
Deputy General Counsel, General Law
United States Patent and Trademark Office
Office of the General Counsel
PO Box 1450
Alexandria, VA  22313-1450

cc:  Hon. Lorna G. Schofield, SDNY
Hon. Mag. Henry B. Pitman, SDNY

Re:  *Gurvey v. Cowan Liebowitz & Latman, PC*  06-cv-1202 (SDNY)
Remand from Second Circuit, 462 Fed. Appx. 26 (February 10, 2012)
Inventor's USPTO Grievances  2004, 2012, 2013   OED # 14-00009


Dear Mr. Payne:

This application being served on SDNY and the Second Circuit, seeks reconsideration of your letters of April 7, 2014 and June 19, 2014 (Enclosed) denying my FOIA requests seeking USPTO's production of all *non-public and unpublished records* that pertain to retainer of my original NY patent attorneys at Cowan Liebowitz & Latman, PC in December, 2001 and all internal documents generated on my inventions, apparatus designs and ideas up to the time I got my first USPTO office action in 2008 (more than 6 ½ years later).

Your office does not dispute that my patent portfolio was severely damaged by Cowan's misconduct because the flagship 468 original application was not timely perfected or prepared.   Nor was a PCT perfected in the ensuing 17 months before a US application to prevent publication.  Cowan in fact performed no services at all for 6 months after being retained.  As a result, the

1

EXHIBIT 19
Page 283 of 808

468 application has still not issued in spite of conceded patentable subject matter (Jalatee Worjloh's statement to NY attorney Allan Chan, Esq.in 2009), and it remains in languished published prosecution. This in turn allowed other inventors to plagiarize my ideas and disclosures in their own applications. My 2004 CIP with the same and expanded disclosures issued as the first US patent to me out of sequence in October, 2009, but was missing claims and there are 17 divisionals and CIPs still pending in the US and Europe. (Gurvey US Patent No. 7, 603, 321; D610947S)

Based on the delayed prosecution, my first notice of patent damages, lost claims and priority dates, came in October, 2009, six months after Cowan defendants were already sua sponte dismissed by SDNY in April, 2009. This required a 2 ½ year appeal to the Second Circuit that I won pro se (462 Fed Appx. 26)(2d Cir. February 10, 2012). My 6AC stating the lost claims and priority dates including to Cowan's other client, Legend Films, is currently before the SDNY; and is based on Cowan first and only document production of December, 2012. Emails from this production were sent to OED in March, 2013, which opened your investigation (finally). It is now established after 11 years that Cowan served as Legend's NY agent in aiding and abetting theft of my claims, ideas, inventions and priority dates; and was "following the client's instructions" in purging my e-files in 2003.

Your June 2014 denial letter misinterprets my request. You write that I am requesting "public records" available on the USPTO website, which is wrong. *I am only requesting non-public (unpublished) documents.*

Second, you also write that OED may be investigating criminal misconduct and that publication of the OED proceedings that are ongoing might be embarrassing to Cowan lawyers.

I contend embarrassment is not justifiable grounds to withhold my non-public patent documents because Cowan's fiduciary duty to me as client is paramount to any issues of its own defense; and its torts adverse to my IP interests that include conspiracy to steal patent claims in consort with other

2

EXHIBIT 19
Page 284 of 808

clients were egregious and reprehensible. [1] *Cold Spring Harbor Laboratories v. Ropes & Gray*, 2011 WL 2884893 (D. Mass 2011)(Transferred from EDNY because of disciplinary proceeding pending against Ropes & Gray attorneys in MA). If USPTO is now, finally, investigating what it concedes may be criminal misconduct after it ignored my first grievances filed in 2004, I cannot be charged or prejudiced for this delay.

Third, in 2003, USPTO called me for the first time to inform me that Cowan attorneys unilaterally attempted to withdraw from my representation for an *"admitted conflict of interest"* and there was no proof of service appended, requiring an investigation into Archives.   In the interim, however, Cowan never perfected either of two text provisional applications they filed in May 2002 during the ensuing 17 months, never continued services on the second application from which they did not withdraw, and intentionally and fraudulently purged relevant patent files to deny me notice of the full scope of my claims (especially against Legend Films).

I contend in hindsight that had an earlier OED investigation been commenced, I might have been able to mitigate damages during the US prosecution of Legend's theretofore concealed PCT and US applications that integrated my inventions.  Cowan intentionally did not list me as co-inventor in violation of 37CFR 1.48(a) because, as it admits, *"it was following instructions"*.  You were sent these emails.  Upon belief, Legend's previous patent attorney, Lawrence Husick, Esq., who filed analog only applications in film colorization in or about 1990, was already cited by your office. Upon belief, he secretly encumbered applications of Legend's predecessor, American Film Technologies, with Legend CTO Barry Sandrew, who was Cowan's client.  Sandrew was sued for breach of fiduciary duty before EDNY in 1999; and it was he and his new CEO, David Martin, who contacted Cowan attorneys behind my back.

---

[1] In its order upholding my tort claims against Cowan, Second Circuit cited to *Ulico v. Wilson Elser, et al.*, 56 AD 1 (AD 1st Dept. 2008); and found there was credence to my claims that Cowan used my confidential acquired pursuant to the attorney client relationship to benefit itself and other clients.

3

EXHIBIT 19
Page 285 of 808

Unbeknownst to me because Cowan did perfect a PCT for Legend in advance of a US application (preventing publication), Legend got its first *digital* patent in February, 2007 (7,181,081), based on Cowan's improper integration of certain of my ideas and digital conversion and editing inventions into that PCT (filed by Cowan on May 6, 2002). On May 7, 2002, the next day, Cowan lied and told me that no work had yet been done for Legend because they had no retainer and Legend had paid no fees. Then they purged the evidence of the work in an agreement with Legend (demonstrating intentional torts).

In the interim, Cowan, having already been retained as my attorney did nothing to protect my digital conversion ideas so that I would get the patent ahead of Legend. My long form patent applications drafts that I gave to Cowan included methods for editing, converting and legally distributing event and broadcast content in digital format in close to real time. Cowan also got my apparatus designs and drawings for mobile ticketing and distribution kiosks.

From what Commissioner Coggins relayed to me on the phone in 2003-4, and according to follow up calls from examiner Andrew Fisher, my applications had been taken out of the queue for prosecution in due course and remained held up until the issue of Cowan's incomplete withdrawal and conflict was resolved to USPTO's satisfaction. The memorialization(s) of these calls and notices are not on the PAIR web pages, are not published; and must be produced. I don't know how long the investigation went on.

In addition, I contend it is now also incumbent upon USPTO produce Cowan's OED files to ensure that USPTO did not improperly allow Cowan or its lawyers to induce breach of administrative duties owing to me.

Last year, the United States Supreme Court ruled that acts of malpractice undertaken by attorneys pre-patent issuance are not within the exclusive jurisdiction of the federal courts and are for the most part, state claims, unless a specific Patent Rule or Regulations proscribes the precise misconduct. In theory then, while inventors should now be getting help from the state attorney disciplinary committees, we are not. [See, *Gunn v. Minton*,

4

EXHIBIT 19
Page 286 of 808

133 S. Ct. 1059 (USSC Tex. 2013) (Roberts, J.)]. NYS's DDCs still offers no help or recourse for inventors in contended violation of equal protection.

In the June, 2014 issue of NYU Journal on Legislation and Legal Ethics, NYU Law Ethics Professor Stephen Gillers submits his survey (attached) finding that the attorney disciplinary protocols among NY's four main judicial departments are not equal. Legitimate grievances filed by inventors in NYS against lawyers are still being ignored in violation of equal protection even through patents are federally protected property rights. Inventors are per se entitled to equal protection of NY Judiciary Law §§ 90, 487; and to have attorneys who violate ethics rules cited to avoid further prejudice to themselves and others.

In *Cold Spring Harbor Laboratories v. Ropes & Gray and Matthew P. Vincent*, 2011 WL 2884893 (discovery order), a case I previously cited, the NY inventors of RNA cancer methods (disciples of Watson & Crick of DNA fame) had their attorneys move to transfer their $180 mil patent malpractice case from EDNY to D. Mass. only because Massachusetts disciplined the lawyers and the Appellate Division of NY's Second Department did not. [2011 WL 2884893; 840 F. Supp. 2d 473 (D. Mass 2012); see also *Bernstein v. First Dept. Disciplinary Committee, Stephen Krane, Esq., Proskauer Rose Goetz & Mendelsohn et al.*, 07-vc-11196 (SDNY) ]. The misconduct allegedly undertaken by the Ropes & Gray attorneys does not pale to what I suffered at the hands of Cowan lawyers.

Professor Gillers in reviewing gross inequities in NY's attorney disciplinary system, advocates an overhaul and adoption of protocols similar to California. He says that NY's Appellate Division Judges should not be involved in the disciplinary proceedings and instead there should be a separate disciplinary bar to assess punishment. This certainly would help avoid conflicts for certain DDC members, who as I recently discovered, dually serve as defense lawyers on retainer for the malpractice insurance carriers; bill hourly fees to defend reported lawyers; unduly extend litigations to continue stable legal fees in their own favor; and only whitewash DDC grievances filed against attorneys who become their defense clients.

5

EXHIBIT 19
Page 287 of 808

In my case and unbeknownst to me until 2014, Cowan's lawyers at Hinshaw & Culbertson - Richard Supple, Esq. and Hal Lieberman, Esq. - were in fact Chief Counsels of the DDC when my grievances and those of other inventors were filed and ignored in violation of equal protection. Supple, then, without making proper disclosures, misused my confidential grievance information when taking up Cowan's defense. This explains how Cowan has been able to escape liability for what you yourself concede, is possibly criminal patent misconduct.

In conjunction therewith an in further support of my FOIA requests, I attach J. Caher's article published in the May 27, 2014 New York Law Journal linking to Professor Gillers' survey and coincidentally, interviewing none other than Supple and Lieberman.

Of particular relevance to FOIA request, is Caher's link to a 2013 letter written by Supple personally he addressed to NYS's Presiding Justices Hon(s). Jonathan Lippman and Luis Gonzalez, of the NY Court of Appeals and Appellate Division First Dept. In this letter, Supple, in his previously undisclosed capacity as Chair of NYC's Committee on Attorney Ethics and Discipline, advocates uniform standards of disbarment or suspension for the precise ethics violations committed by Cowan attorneys against my patent interests. He also appends a list of ethics violations, at least 12 of which Cowan violated. Yet he and Lieberman whitewashed my grievances based on these same violations.

For eight years now, Supple has been unlawfully using my confidential DDC grievance information, to assist in Cowan's defense before SDNY. I have now been defending frivolous motions appending doctored evidence for 8 years. Supple never disclosed to me, to SDNY or to Second Circuit that he and Lieberman were on the team that got my grievances whitewashed in violation of equal protection. I am therefore legitimately concerned Supple has also contacted my subsequent patent lawyers and/or the USPTO examiners, which could explain the unprecedented delay and prejudice. There is no USPTO statute to proscribe Supple's style of unlawful intervention to protect the inventor, or require hearings, consistent with due process.

6

EXHIBIT 19
Page 288 of 808

Supple's secret 2013 letter to the NY Presiding Judges was written in his "other" capacity as NYC Ethics Counsel (attached). He obviously leads a double life with clear unobstructed access to decision makers who can hurt inventors who have been injured by bad lawyers.

I reemphasize that Supple himself submitted doctored (materially forged) evidence to SDNY as Cowan's authorized agent for 8 years. I contend, therefore, that his patent misconduct should be investigated part of the OED investigation against Cowan; because he was Cowan's agent. I also contend that am entitled to see Cowan's proffered submissions in response to my OED grievances; because Supple probably contributed or edited what Cowan submitted; and forged documents may be appended.

Supple and Cowan both jointly falsely swore to the SDNY in January, 2008 that I had agreed to withdraw claims against Cowan (I never did). They swore under oath in 2006 that what they appended in support of their first discovery stay motion was my complete contract with Cowan (when they omitted a material rider and in further breach of attorney client privilege sent the forgery with a self-serving extended date stamp, to Legend's attorneys in San Diego). Cowan initialed the forgery and I never did.

Moreover, Supple has filed some 12 frivolous motion sequences including seeking unjustified sanctions whose aim is only to injure and harass. My 6AC stating the conspiracy and patent theft claims in connection with Legend's officers is still not answered in violation of SDNY's recent order and Supple has just filed another sanction motion.

In summary, because Supple, an alleged ethics expert, expressly advocates to NYS Judges that publication of even attorney admonitions and reprimands is mandatory and in the public interest, there is no basis for USPTO to worry about embarrassing the Cowan defendants by FOIA production my non-public files. According to Supple's own list, his Cowan clients should be disbarred or suspended . In addition, Supple himself must be sanctioned, suspended or disbarred by the OED.

7

EXHIBIT 19
Page 289 of 808

Based on the above, I respectfully request that your office reconsider your denial of my FOIA requests, and produce of all *unpublished (non-public)* documents related to my patent portfolio. I seek the following: all relevant documents from USPTO Archives on Cowan's incomplete withdrawal, Cowan's communications at intake, docket entries, and documents at the offices of former Commissioner Wynn Coggins and Examiner Andrew Fisher who told me in 2005 that my applications were taken out of the queue for prosecution in due course based on Cowan's attempt at incomplete and unnoticed withdrawal in 2003 for an undisclosed "conflict of interest". [2]

I also seek USPTO's unpublished notes on Commissioner's denial of my right to continue patent prosecution pro se until the issues of Cowan's incomplete withdrawal were resolved to USPTO's satisfaction. These documents would demonstrate that there was unprecedented and undue delay of my prosecution and enforcement rights emanating from Cowan's misconduct. Contrary to your letter, <u>none of these documents are on the file wrappers or on PAIR.</u>

Most significantly, I seek Cowan's submission(s) in response to my OED grievances since 2004. I have a bona fide belief that Cowan's proffers may contain doctored or forged versions of documents previously and unlawfully purged from my e-directories in 2002-3, similar to what was submitted to defraud the SDNY; and that Supple may have participated in those proffers.

I am also legitimately concerned that Cowan's submissions to OED may be untruthful, defamatory to me, and may have unjustly prejudiced examiners assigned to my pending patents.

I claim therefore that I am being denied due process and the right to confront all witnesses against me. This is why I also requested that OED investigate the two subsequent lawyers I retained since getting first office actions in 2008 - Allan Chan, Esq. and Charles Ruggiero, Esq.. I have paid

---

[2] NY law is clear that Cowan's attempt at unnoticed withdrawal at the USPTO was ineffective to relieve Cowan of continuing patent obligations to me in compliance with the standard of care. *Protostorm v. Antonelli, Terry, Stout, et al.*, 834 F. Supp. 2d 131 (EDNY 2012).

8

EXHIBIT 19
Page 290 of 808

about $45,000 to these lawyers, had signed retainers, and they both suspiciously accepted retainer monies but did not answer office actions or return my non-public files.

Your office has not responded to my requests to force return of my non-public files from these lawyers or my unearned retainer monies. Perhaps their files will help the OED investigation by providing notes from non-public communications with Supple.

Please be advised that in 2009, Examiner Jalatee Worjloh conceded to Allan Chan, Esq. that the disclosures in my original US application, No. 468 were patentable, useful and there was no prior art. The original 468 application has still not issued. Cowan never perfected the text-only provisionals it filed naming me as sole inventor (60/382, 710; 382,949). However, Ruggiero accepted a $10,000 retainer to complete prosecution of 468 but also, never answered the office action; and has continued to refuse to return my non-public files to my new prosecution attorney, Alozie Etufugh, Esq. of NYC.

I believe Ruggiero was contacted by Supple and is hiding his notes. Similarly, I believe that Supple influenced my previous SDNY attorney, Lee Squitieri, Esq., to transfer the Legend lawsuit from SDNY (08-cv-9256) to SDCA without justification so that my discovery of the Legend-Cowan misconduct would be delayed.

The damages I suffered to date are astronomical, not only to my business and patents, but to my personal health. That Cowan never even advised me of my rights to expedited prosecution within 18-24 months, means they waived my right to get more comprehensive and enforceable claims issued in the US by 2004-5 instead of October, 2009. In addition, Cowan did not perfect the provisional texts into a PCT in advance of a US application, allowing publication of my disclosures and ideas, further prejudicing my interests.

As a result, in 2008, Apple was able to plagiarize my published applications in languished prosecution. Apple and its lawyers then improperly failed to list my pending applications as prior art. [See Appl No. 2008-082491] My understanding is that Apple did not get a patent on premium ticketing

9

EXHIBIT 19
Page 291 of 808

operations; it appealed the rejection, but its separate and improper failure to list my inventions continued in the face of notices sent by Allan Chan to Apple's Examiner. This is what I mean by unexplainable prejudice to my applications from non-public documents.

In 2013, I submitted to OED's Asli Carome, upon request, hard email evidence from Cowan's first and only December 2012 document production in SDNY that Cowan purged my electronic patent files "at the client's instructions". Cowan's purging constitutes spoliation in the patent context. *Micron Technology v. Rambus*, 645 F. 3d 1311 (D. Del. 2013). It denied me timely notice that Cowan had integrated my inventions and ideas into Legend's PCT on May 6, 2002 before filing any of my long-form drafts when I was the true inventor of the digital conversion systems. Cowan was obligated to list me as co-inventor on Legend's PCT and in violation of 37 CFR 1.48 (a) failed to do so.[3] That Legend's PCT cites to use for animation, a field in which I worked and had files, that is not Legend's business, demonstrates theft of my proprietary material that Cowan got from me only through the attorney client privilege.

I currently have a related appeal pending at the Ninth Circuit against Legend Films and its officers (12-57268). In 2013, SD California denied my application to amend my complaint to plead the intentional tort, wrongful inducement and conspiracy claims that I discovered from Cowan's first document production in SDNY in December, 2012; documents from which were sent to OED in March, 2013.

In order for me to have maximum success in supplementing the record on appeal before the 9th Circuit and possibly remanding the Legend suit back to SDNY to consolidate with the Cowan litigation, I need my non-public files from your office.

---

[3] Ergo, that Cowan allowed Legend's officers to breach fiduciary duty to me (the earlier patent client) is a given. All Legend's previous applications were analog only and works for hire for predecessor in interest American Film Technologies, and filed by Pennsylvania attorney, Lawrence Husick, Esq.

10

EXHIBIT 19
Page 292 of 808

I therefore respectfully reconsideration of denial of my FOIA requests and am grateful for a response at your earliest opportunity.   My email address may be used.  amygurvey@verizon.net.

Thank you very much.

Respectfully submitted,

AMY R. GURVEY, Inventor

cc:  Office of Government Information Services
National Archives and Records Administration
Room 2510
8601 Adelphi Road
College Park MD  20740-6001
ogis@nara.com

11

EXHIBIT 19
Page 293 of 808

**Amy Gurvey**

| | |
|---|---|
| **From:** | Amy Gurvey <amygurvey@verizon.net> |
| **Sent:** | Thursday, May 22, 2014 5:54 PM |
| **To:** | 'FOIA Requests' |
| **Subject:** | RE: USPTO Request No. FP-14-00014 |

I do wish to appeal because I am seeking non official filings, at OED not just official filings that are public and on the file wrappers.

Contrary to your cited case, I am not asking you to criminally prosecute my lawyers; however, I want to see how they attempted to defend themselves before the OED. I believe they may have submitted doctored evidence that itself constitutes spoliation in the patent context. See Micron Technology v. Rambus, 645 F. 3d 1311 (D. Del 2013) on remand from Fed. Cir. If I lose your appeal, I will have to move to compel production of the USPTO OED files in my lawsuit; because Cowan is withholding discovery in my lawsuit.

As I wrote, I disagree that the OED proceedings against my own lawyers are not discoverable by FOIA based on the Jefferson and Cold Spring Harbor Laboratories cases I cited. The case you cited against an adverse US Attorney prosecutor does not apply.

Moreover, I believe that the def lawyers for the Cowan firm in SDNY (06-cv-1202), Hinshaw & Culbertson, LLP, improperly contacted my subsequently retained USPTO attys, Allan Chan and Charles Ruggiero and told them not to do my patent work or prejudice my pending appls after these attys accepted retainers to continue prosecution. The Hinshaw firm did this to give the Cowan lawyers a false defense. As it is they did not even advise me I had rights of expedited prosecution and waived those rights.

Ruggiero admitted he heard something from these lawyers. Ruggiero he also took a $10K retainer from me in 2012, sent me 3 powers of atty to revive and continue three applications including the flagship 468 application and then never filed them.

Chan, the previous lawyer, let certain appls go abandoned and did not notify me, and charged my credit card to revive them (also without telling me).

All my grievances stem from the same core of patent applications; and the defense firm representing the original lawyers, not patent lawyers.

Members of the Hinshaw firm were sued in 2007 by a USPTO inventor Eliot Bernstein before SDNY for whitewashing his grievances at the First Dept. Disciplinary Committee. The Hinshaw firm has attys on the First Dept. Disciplinary Committee in NY, and is double dealing as fiduciaries to the public and then using the confidential information when they take up a law firm's defense. Also under Gunn v. Minton, 133 S. Ct. 1059 (USSC Tex. 2013) (Roberts J.), the US Supreme Court has held that the states must have a compelling interest in protecting the assets of inventors; and that not all matters are in the exclusive jx of the federal courts. Therefore, I need the documents that the Cowan firm submitted in defense. There are two patent attorneys involved – R. Lewis Gable, Esq. who I think Cowan fired and Mark Montague, Esq., each of whom filed one of my provisionals in text format only and then did nothing else for 11 months to perfect them. For six months subsequent to taking my retainer and formal applications in December, 2001 they did nothing to protect my inventions.

Thank you for getting back. Amy R. Gurvey 917-733-9981

---

**From:** FOIA Requests [mailto:FOIARequests@USPTO.GOV]
**Sent:** Thursday, May 22, 2014 3:47 PM
**To:** Amy Gurvey
**Subject:** USPTO Request No. FP-14-00014

Ms. Gurvey,

1

EXHIBIT 19
Page 294 of 808



# UNITED STATES PATENT AND TRADEMARK OFFICE

OFFICE OF THE GENERAL COUNSEL

April 07, 2014

**VIA U.S. MAIL**

Ms. Amy Gurvey
315 Highland Avenue
Upper Montclair, NJ 07043

RE:    *Freedom of Information Act (FOIA) Request No. FP-14-00014*

Dear Ms. Gurvey:

The United States Patent and Trademark Office (USPTO or Agency) FOIA Office has received your e-mail dated February 14, 2014 requesting, under the provisions of the Freedom of Information Act, 5 U.S.C. § 552, a copy of:

> [1] All documents pertaining to my patent applications and portfolio in premium ticket operations and [2] an OED investigation against the first patent firm retained, Cowan Liebowitz & Latman PC.

## *OED Investigation Files*

The USPTO has identified records that are responsive to the latter part of your request for records related to an Office of Enrollment and Discipline (OED) investigation against Cowan Liebowitz & Latman. _151_ pages of this material are releasable in full and are enclosed. Portions of the responsive material, however, were withheld in full pursuant to Exemption (7)(A) and (7)(C) of the FOIA.

The Agency has withheld in full all records contained in open Office of Enrollment and Discipline (OED) investigation files under Exemptions 7(A) and 7(C). 5 U.S.C. § 552(b)(7)(A), (C). Under Exemption 7(A), an agency may withhold "records or information compiled for law enforcement purposes ... to the extent that the production of such ... records or information could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Importantly, Exemption 7(A) is not limited to criminal law enforcement records. Rather, the exemption applies to statutory administrative and regulatory enforcement proceedings as well, and thus encompasses USPTO's OED investigation and adjudication processes. See, e.g., Jefferson v. Dep't of Justice, 284 F.3d 172, 178 (D.C. Cir. 2002) (holding that Exemption 7 "covers investigatory files related to enforcement of all kinds of laws, including those involving adjudicative proceedings" (internal quotations omitted)). Here, OED file records pertain to pending or prospective law enforcement proceedings and could reasonably

EXHIBIT 19
Page 295 of 808

be expected, upon release, to cause some articulable harm.  As a result, USPTO is permitted to withhold these records under Exemption 7(A).

Exemption 7(C) permits withholding of law enforcement records where disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). A "categorical withholding" of information that identifies third parties in law enforcement records is ordinarily appropriate under Exemption 7(C). SafeCard Servs. v. SEC, 926 F.2d 1197, 1206 (D.C. Cir. 1991); see, e.g., Neely v. FBI, 208 F.3d 461, 646 (4th Cir. 2000) (apply Exemption 7(C) to withhold records referencing targets of investigatory interest). Here, release of open OED files would warrant a significant invasion of personal privacy for the individuals involved in the investigation, as long as the investigation remains open and/or non-public. As such, the investigatory files may also be withheld pursuant to Exemption 7(C).

*Patent Application Records*

With respect to the first part of your request for documents pertaining to your patent applications and portfolio in premium ticket operations, the USPTO indexes and makes available for public inspection and copying all files concerning issued patents and published applications, as well as re-examination files. 5 U.S.C. § 552(a)(2); 37 CFR § 1.11, 1.12 and 1.13. The USPTO's indices include: (1) an index of patents by application number, patent number, or control number; (2) an inventor's index; and (3) an index of assignors/assignees of patents.

**Online:** Many patents and published patent application files are available electronically on the USPTO website at http://portal.uspto.gov/pair/PublicPair.

**In person:** Complete patent files may be inspected and copied by any individual at the Public Search Facility of the USPTO, at 600 Dulany Street, Madison Building East, Alexandria, VA 22313. If you are unable to conduct a search personally, there are private searchers who conduct these kinds of searches. They are frequently listed in legal publications and electronic and paper telephone directories.

**Ordering copies:** Alternatively, copies of issued patent file contents or patent application file contents or a particular paper within the file may be requested electronically at http://ebiz1.uspto.gov/oems25p/index.html with authorization to charge the appropriate fee to a deposit account or credit card. You may also make a request for file contents by mail to the following address:

> Mail Stop Document Services
> Director of United States Patent and Trademark Office
> P.O. Box 1450
> Alexandria, VA 22313-1450

The request must include the patent registration number or patent application publication number and payment of the appropriate fee.

EXHIBIT 19
Page 296 of 808

EXHIBIT 19
Page 297 of 808

EXHIBIT 19
Page 298 of 808

## Amy Gurvey

**From:**  JCJ@cll.com
**Sent:**  Thursday, May 01, 2003 12:07 PM
**To:**  Amy Gurvey
**Subject:**  RE: Legend Files

We had to follow the instructions of the client. I suggest that you take this up with Mr. Martin and Mr. Yapp.

-----Original Message-----
From: Amy Gurvey [mailto:amygurvey@comcast.net]
Sent: Thursday, May 01, 2003 12:02 PM
To: JCJ@cll.com
Subject: RE: Legend Files

Lew took the word of David Martin without checking with Jeff Yapp while I was still General Counsel. Now it may be impossible for me to get paid for my work.

-----Original Message-----
From: JCJ@cll.com [mailto:JCJ@cll.com]
Sent: Thursday, May 01, 2003 12:01 PM
To: Amy Gurvey
Subject: Legend Files

I just spoke to Lew. He tells me that all of the Legend files were sent at the request of David Martin to Legend's new attorney.
The applications were assigned to Legend and recorded in the US Patent and Trademark Office so all of the files belonged to Legend. If you need something from these files, you should communicate with Mr. Martin or Legend's new counsel. We no longer possess these files.

Chris Jensen

**********************************************************
This electronic mail transmission may contain confidential information and is intended only for the person(s) named. Any use, copying or disclosure by another person is strictly prohibited. If you have received this transmission in error, please notify the sender via return e-mail.
**********************************************************
**********************************************************
This electronic mail transmission may contain confidential information and is intended only for the person(s) named. Any use, copying or disclosure by another person is strictly prohibited. If you have received this transmission in error, please notify the sender via return e-mail.
**********************************************************

1

EXHIBIT 19
Page 299 of 808

**Amy Gurvey**
_____

**From:**        JCJ@cll.com
**Sent:**        Thursday, May 01, 2003 12:01 PM
**To:**          Amy Gurvey
**Subject:**     Legend Files


I just spoke to Lew.  He tells me that all of the Legend files were sent at the request of David Martin to Legend's new attorney. The applications were assigned to Legend and recorded in the US Patent and Trademark Office so all of the files belonged to Legend. If you need something from these files, you should communicate with Mr. Martin or Legend's new counsel.  We no longer possess these files.

Chris Jensen

*********************************************************
This electronic mail transmission may contain confidential information and is intended only for the person(s) named. Any use, copying or disclosure by another person is strictly prohibited. If you have received this transmission in error, please notify the sender via return e-mail.
*********************************************************

1

EXHIBIT 19
Page 300 of 808

**Amy Gurvey**

| | |
|---|---|
| **From:** | David Martin <dmartin@legendfilms.net> |
| **Sent:** | Monday, January 20, 2003 10:29 AM |
| **To:** | Amy Gurvey |
| **Cc:** | 'jyapp@cablevision.com' |
| **Subject:** | Re: ARGurvey |

CLL and Legend are not working together. They have stated that there is a conflict and we will not work together unless/until it is resolved. As of now, we have alternate patent counsel.

Let me know your mailing address so I can send you docs.

Thanks

---

David Martin
Chief Executive Officer
Legend Films, Inc.
5726 La Jolla Blvd. - Suite 101
La Jolla, CA 92037
Phone: (858) 551-8724 x15
Fax: (858) 551-8368

----- Original Message -----
**From:** Amy Gurvey
**To:** 'David Martin'
**Cc:** jyapp@cablevision.com
**Sent:** Monday, January 20, 2003 5:40 AM
**Subject:** RE: ARGurvey

Jeff and I also discussed that it remains inappropriate because of a conflict to use Cowan Liebowitz or any of its attorneys.

> -----Original Message-----
> **From:** David Martin [mailto:dmartin@legendfilms.net]
> **Sent:** Sunday, January 19, 2003 4:27 PM
> **To:** Amy Gurvey
> **Cc:** jyapp@cablevision.com
> **Subject:** Re: ARGurvey
>
> Amy, This week you will be receiving from Legend's counsel, a settlement agreement. Sign it and we will issue you 40,000 shares of common stock. This is the equivalent of your receiving the 3% of Legend founder shares you feel you are entitled to with the same vesting schedule as all other employees (3 year cliff vesting). Therefore the 40,000 shares is one-third of the 3% issued as if you had been at Legend as a founder. Please respond to this email with your mailing address so we can send you the documents. Thank you.
> David
>
> ---
> David Martin
> Chief Executive Officer
> Legend Films, Inc.

1

EXHIBIT 19
Page 301 of 808

Patent Database Search Results: IN/"sandrew, barry" in US Patent Collection    Page 1 of 1



## USPTO PATENT FULL-TEXT AND IMAGE DATABASE

| Home | Quick | Advanced | Pat Num | Help |

| Bottom | View Cart |

*Searching US Patent Collection...*

**Results of Search in US Patent Collection db for:**
**IN/"sandrew, barry":** 12 patents.
*Hits 1 through 12 out of 12*

[ Jump To ]

[ Refine Search ] IN/"sandrew, barry"

| | PAT. NO. | | Title |
|---|---|---|---|
| 1 | 8,179,475 | **T** | Apparatus and method for synchronizing a secondary audio track to the audio track of a video source |
| 2 | 8,160,390 | **T** | Minimal artifact image sequence depth enhancement system and method |
| 3 | 8,078,006 | **T** | Minimal artifact image sequence depth enhancement system and method |
| 4 | 8,073,247 | **T** | Minimal artifact image sequence depth enhancement system and method |
| 5 | 7,907,793 | **T** | Image sequence depth enhancement system and method |
| 6 | 7,577,312 | **T** | Image sequence enhancement system and method |
| 7 | 7,333,670 | **T** | Image sequence enhancement system and method |
| 8 | 7,181,081 | **T** | Image sequence enhancement system and method |
| 9 | 5,534,915 | **T** | Method of color enhancing a monochrome image using multiple base colors for selected regions of the monochrome image |
| 10 | 5,252,953 | **T** | Computergraphic animation system |
| 11 | 5,093,717 | **T** | System and method for digitally coloring images |
| 12 | 4,984,072 | **T** | System and method for color image enhancement |



| Top | View Cart |

| Home | Quick | Advanced | Pat Num | Help |

Supreme Court Records OnLine Library - page 68 of 69

# USPTO PATENT FULL-TEXT AND IMAGE DATABASE

| Home | Quick | Advanced | Pat Num | Help |
|------|-------|----------|---------|------|

| Bottom | View Cart |
|--------|-----------|

*Searching US Patent Collection...*

**Results of Search in US Patent Collection db for:**
**IN/"sandrew, barry" AND legend: 5 patents.**
*Hits 1 through 5 out of 5*

[ Jump To ]

[ Refine Search ] IN/"sandrew, barry" AND legend

| PAT. NO. | | Title |
|----------|---|-------|
| 1 7,907,793 | **T** | Image sequence depth enhancement system and method |
| 2 7,577,312 | **T** | Image sequence enhancement system and method |
| 3 7,333,670 | **T** | Image sequence enhancement system and method |
| 4 7,181,081 | **T** | Image sequence enhancement system and method |
| 5 5,534,915 | **T** | Method of color enhancing a monochrome image using multiple base colors for selected regions of the monochrome image |

| Top | View Cart |
|-----|-----------|

| Home | Quick | Advanced | Pat Num | Help |
|------|-------|----------|---------|------|

Supreme Court Records OnLine Library - page 69 of 69

EXHIBIT 19
Page 303 of 808

# EXHIBIT 20

# EXHIBIT 20

# State of New York
## Court of Appeals

*Decided and Entered on the*
*twenty-third day of March, 2017*

**Present,** Hon. Jenny Rivera, *Senior Associate Judge,* **presiding.**

SSD 9
Amy Weissbrod Gurvey,
                  Appellant,
          v.
State of New York, et al.,
                  Respondents.

Appellant having appealed to the Court of Appeals in the above title;

Upon the papers filed and due deliberation, it is

ORDERED, that the appeal is transferred without costs, by the Court sua sponte, to the Appellate Division, First Department, upon the ground that a direct appeal does not lie when questions other than the constitutional validity of a statutory provision are involved (see NY Const, art VI, §§ 3[b][2], 5[b]; CPLR 5601[b][2]).

Chief Judge DiFiore and Judge Abdus-Salaam took no part.

_____
          John P. Asiello
          Clerk of the Court

EXHIBIT 20
Page 305 of 808



*State of New York*
*Court of Appeals*

*John P. Asiello*
*Chief Clerk and*
*Legal Counsel to the Court*

*Clerk's Office*
*20 Eagle Street*
*Albany, New York 12207-1095*

March 23, 2017

Ms. Amy Weissbrod Gurvey
315 Highland Avenue
Montclair, NJ 07043

   Re: <u>Weissbrod Gurvey v State of New York</u>
     SSD 9

Dear Ms. Weissbrod Gurvey:

   Enclosed is this Court's order and decision in the above-referenced appeal. The transfer of the appeal does not relieve the appellant of the responsibility to timely pursue the appeal, if desired, to the Appellate Division. You may wish to contact the Clerk of the Appellate Division, First Department regarding the appropriate procedure to follow in that court.

       Very truly yours,

       John P. Asiello

RMM:mg
encl.
 cc: Appellate Division, First Department
   Michael Berg, Esq.
   Marian C. Rice, Esq.
   Lesley Berson Mbaye, Esq.
   Shawn Kerby, Esq.

EXHIBIT 20
Page 306 of 808

# *State of New York*
## *Court of Appeals*

*Decided and Entered on the*
*twenty-third day of March, 2017*

**Present,** Hon. Jenny Rivera, *Senior Associate Judge, presiding.*

---

SSD 9
Amy Weissbrod Gurvey,
               Appellant,
       v.
State of New York, et al.,
             Respondents.

---

     Appellant having appealed to the Court of Appeals in the above title;

     Upon the papers filed and due deliberation, it is

     ORDERED, that the appeal is transferred without costs, by the Court <u>sua</u> <u>sponte</u>, to the Appellate Division, First Department, upon the ground that a direct appeal does not lie when questions other than the constitutional validity of a statutory provision are involved (<u>see</u> NY Const, art VI, §§ 3[b][2], 5[b]; CPLR 5601[b][2]).

Chief Judge DiFiore and Judge Abdus-Salaam took no part.

                              John P. Asiello
                              Clerk of the Court

EXHIBIT 20
Page 307 of 808



*State of New York*
*Court of Appeals*

*John P. Asiello*
*Chief Clerk and*
*Legal Counsel to the Court*

*Clerk's Office*
*20 Eagle Street*
*Albany, New York 12207-1095*

Decided March 23, 2017

SSD 9

Amy Weissbrod Gurvey,
     Appellant,
    v.
State of New York, et al.,
     Respondents.

Appeal transferred without costs, by the Court sua sponte, to the Appellate Division, First Department, upon the ground that a direct appeal does not lie when questions other than the constitutional validity of a statutory provision are involved (see NY Const, art VI, §§ 3[b][2], 5[b]; CPLR 5601[b][2]).
Chief Judge DiFiore and Judge Abdus-Salaam took no part.

EXHIBIT 20
Page 308 of 808