EXHIBIT 31

EXHIBIT 31

160 A.D.3d 733
Supreme Court, Appellate Division, Second
Department, New York.

In the Matter of Amy R. GURVEY, petitioner,
v.
Rolando T. ACOSTA, etc., respondent.

2018–01366
|
April 11, 2018

**Attorneys and Law Firms**

Amy R. Gurvey, Upper Montclair, N.J., petitioner pro se.

Eric T. Schneiderman, Attorney General, New York, N.Y. (David Lawrence III of counsel), for respondent.

JOHN M. LEVENTHAL, J.P., ROBERT J. MILLER, HECTOR D. LASALLE, VALERIE BRATHWAITE NELSON, JJ.

DECISION, ORDER & JUDGMENT

**\*733** Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent, Honorable Rolando T. Acosta, the Presiding Justice of the Appellate Division, First Judicial Department, to direct the Chief Attorney of the First Department Attorney Grievance Committee to produce to her certain documents. By decision and order on motion dated January 23, 2018, the Appellate Division, First Judicial Department, transferred the proceeding to this Court. Motion **\*\*388** by the petitioner, inter alia, for an order directing the respondent to vacate all orders entered by the Appellate Division, First Judicial Department, since 2008 in proceedings involving the petitioner.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

ORDERED that the motion is denied; and it is further,

ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v. Scheinman,* 53 N.Y.2d 12, 16, 439 N.Y.S.2d 882, 422 N.E.2d 542).

The petitioner has failed to establish a clear legal right to **\*734** the relief sought.

LEVENTHAL, J.P., MILLER, LASALLE and BRATHWAITE NELSON, JJ., concur.

**All Citations**

160 A.D.3d 733, 71 N.Y.S.3d 387 (Mem), 2018 N.Y. Slip Op. 02465

End of Document     © 2023 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 31
Page 442 of 808

EXHIBIT 32

EXHIBIT 32

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
AMY R. WEISSBROD GURVEY, USPTO
Patentee,

Plaintiff,

-against-

HON(S). JONATHAN LIPPMAN, PETER TOM,
LUIS GONZALEZ, ROLANDO ACOSTA,
THOMAS CAHILL, SHERRY COHEN, DAVID
SPOKONY, JORGE DOPICO, ALAN W.
FRIEDBERG, JAMES SHED, NAOMI
GOLDSTEIN, RAYMOND VALLEJO,
ORLANDO REYES, LAUREN HOLMES,
HEARING PANEL IV, HINSHAW &
CULBERTSON, LLP, RICHARD SUPPLE, HAL
LIEBERMAN, O. LEE SQUITIERI, SQUITIERI &
FEARON, LLP, NYS OFFICE OF COURT
ADMINISTRATION (LAWRENCE MARKES &
JOHN MCCONNELL, CHIEF COUNSELS,
STATE OF NY, CITY OF NY and DOES 1-X,
INCLUSIVE,

Defendants.

---

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 4/19/2018 |

18 Civ. 2206 (AT)

**ORDER TO SHOW
<u>CAUSE</u>**

ANALISA TORRES, District Judge:

     On March 12, 2018, Plaintiff *pro se*, a former attorney, filed this action alleging that Defendants "depriv[ed] [her] of her rights, privileges and immunities under the First, Fifth and Fourteenth Amendments of the United States Constitution for twelve (12) years including by contributing to an unprecedented 8-10 year delay in US patent issuance and enforcement right to Plaintiff." Compl. ¶ 1, ECF No. 1. Plaintiff asserts that Defendants have engaged in "relentless unprotected acts of illegal targeting of this Plaintiff over 12 years." *Id.* ¶ 5.

     Plaintiff appears to have brought similar or related claims against several of the same Defendants in 2013. *See Weissbrod v. Gonzalez*, No. 13 Civ. 2565, 2013 WL 12084506 (S.D.N.Y. May 2, 2013), *motion for reconsid. denied*, No. 13 Civ. 2565 (S.D.N.Y. May 14, 2013), *aff'd*, 576 F. App'x 18 (2d Cir. 2014). The 2013 action was dismissed as barred by the Eleventh Amendment, the *Rooker-Feldman* doctrine, judicial immunity, and quasi-judicial immunity. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Accordingly, it is hereby ORDERED that:

1. By **April 26, 2018**, Plaintiff shall serve a copy of (1) her complaint, and (2) this order, on Defendants.

EXHIBIT 32
Page 444 of 808

2. By **May 10, 2018**, Plaintiff shall show cause in writing why this case should not be dismissed as barred by res judicata, the Eleventh Amendment, the *Rooker-Feldman* doctrine, judicial immunity, and quasi-judicial immunity.

3. By **May 24, 2018**, Defendants shall respond.

4. By **May 31, 2018**, Plaintiff shall reply, if at all.

The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: April 19, 2018
New York, New York

_____
ANALISA TORRES
United States District Judge

2

EXHIBIT 32
Page 445 of 808

# EXHIBIT 33

# EXHIBIT 33

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMY R. WEISSBROD GURVEY,
USPTO Patentee,

                                        Plaintiff,

        -against-

HON(S). JONATHAN LIPPMAN, PETER
TOM, LUIS GONZALEZ, ROLANDO
ACOSTA, THOMAS CAHILL, SHERRY
COHEN, DAVID SPOKONY, JORGE
DOPICO, ALAN W. FRIEDBERG, JAMES
SHED, NAOMI GOLDSTEIN, RAYMOND
VALLEJO, ORLANDO REYES, LAUREN
HOLMES, HEARING PANEL IV, HINSHAW
& CULBERTSON, LLP, RICHARD SUPPLE,
HAL LIEBERMAN, O. LEE SQUITIERI,
SQUITIERI & FEARON, LLP, NYS OFFICE
OF COURT ADMINISTRATION
(LAWRENCE MARKES & JOHN
MCCONNELL, CHIEF COUNSELS, STATE
OF NY, CITY OF NY and DOES 1-X,
INCLUSIVE,

                                        Defendants.

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 6/5/2018 |

18 Civ. 2206 (AT)

**ORDER OF DISMISSAL**

ANALISA TORRES, District Judge:

    Plaintiff *pro se* is an attorney[1] who was suspended by the Appellate Division, First Department of the New York Supreme Court (the "Disciplinary Action") in 2012 for her repeated "pursuit of frivolous and vexatious litigation." *See In re Gurvey*, 102 A.D.3d 197, 200 (2012), *appeal dismissed*, 20 N.Y.3d 1085, *motion for reconsideration denied*, 21 N.Y.3d 968 (2013). On March 12, 2018, Plaintiff brought this action alleging civil rights and patent claims against Defendants pursuant to 42 U.S.C. § 1983 and the First, Fifth, and Fourteenth Amendments. Compl. ¶¶ 1, 5, ECF No. 1. For the reasons stated below, the action is DISMISSED with prejudice.

    Plaintiff's allegations are substantially similar to her allegations in a 2013 action brought under § 1983 (the "Federal Action") against several of the same Defendants, who are state officials and private parties who were either involved in the disciplinary process against Plaintiff in 2012 or her subsequent lawsuits. *See generally Weissbrod v. Gonzalez*, No. 13 Civ. 2565, 2013 WL 12084506 (S.D.N.Y. May 2, 2013), *motion for reconsid. denied*, No. 13 Civ. 2565

---

[1] Although courts "ordinarily afford special solicitude to *pro se* litigants," the Second Circuit has already explained, in a prior lawsuit brought by Plaintiff, that "as an attorney, Weissbrod is not entitled to liberal construction of her pleadings." *Weissbrod v. Gonzalez*, 576 F. App'x 18, 19 (2d Cir. 2014).

EXHIBIT 33
Page 447 of 808

(S.D.N.Y. May 14, 2013), *aff'd*, 576 F. App'x 18 (2d Cir. 2014). That action was dismissed *sua sponte* as barred by the Eleventh Amendment, the *Rooker-Feldman* doctrine, judicial immunity, and quasi-judicial immunity. *Id.* The Second Circuit affirmed. *Gonzalez*, 576 F. App'x 18.

Plaintiff filed a subsequent action in state court in January 2015 with similar claims against 16 of the 24 defendants named here. *See Weissbrod v. State of New York*, Index. No. 100163-15 (N.Y. Sup. Ct.); *see also* Berg Decl., Ex. A, ECF No. 21-1. The state court dismissed the action because of jurisdictional defects, *see* Berg Decl., Ex. B, at 8, ECF No. 21-2, collateral estoppel, based on the Disciplinary Action and the Federal Action, *id.*, failure to state a claim, *id.* at 10, and other procedural defects, *id.* at 10–11. The state court enjoined Plaintiff "from filing any new claims against [the defendants] without first obtaining leave from" the administrative judge of the New York Supreme Court. Berg Decl., Ex. C, ECF No. 21-3.

Additionally, over the years, Plaintiff has filed numerous actions that assert some of the same claims as the instant action. *See Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 06 Civ. 1202, (S.D.N.Y.); *Gurvey v. Squitieri & Fearon, LLP, et al.*, Index No. 02516-16 (N.Y. Sup. Ct.); *Gurvey v. Squitieri & Fearon, LLP, et al.*, Index No. 60012-13 (N.Y. Sup. Ct.); and *Weissbrod v. Dopico*, 110774-11 (N.Y. Sup. Ct.).

On April 19, 2018, the Court ordered Plaintiff to show cause why this action should not also be dismissed as barred by *res judicata*, the Eleventh Amendment, the *Rooker-Feldman* doctrine, judicial immunity, and quasi-judicial immunity. Order, ECF No. 6. To the extent that Plaintiff addresses the issues raised by the Court, her arguments are without merit. *See generally* Pl. Resp., ECF No. 11; Pl. Reply, ECF No. 28. Plaintiff's responses to Defendants' additional arguments, for example, on collateral estoppel or the failure to state a claim, *see, e.g.*, City of New York Opp., at 5, ECF No. 22; Hinshaw Opp., at 8, ECF No. 25, likewise fail.

Indeed, the Court concludes that Plaintiff's allegations and arguments are frivolous. *Gonzalez*, 2013 WL 12084506, at *1 ("[A] claim is 'frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory.'" (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998))). The Court, therefore, exercises its inherent authority to dismiss even a fee-paid action as frivolous. *Gonzalez*, 576 F. App'x at 19.

Accordingly, the action is DISMISSED with prejudice. All conferences are vacated. All pending motions are moot. The Clerk of the Court is directed to close the case and to mail Plaintiff *pro se* a copy of this order. Plaintiff is warned that further frivolous litigation may result in the imposition of sanctions, including monetary penalties and filing injunctions.

SO ORDERED.

Dated: June 5, 2018
      New York, New York

_____
ANALISA TORRES
United States District Judge

2

EXHIBIT 33
Page 448 of 808

EXHIBIT 34

EXHIBIT 34

**Matter of Gurvey v Acosta, 31 N.Y.3d 1125 (2018)**

106 N.E.3d 733, 81 N.Y.S.3d 350, 2018 N.Y. Slip Op. 75978



New York
Official Reports

31 N.Y.3d 1125, 106 N.E.3d 733, 81 N.Y.S.3d 350
(Mem), 2018 N.Y. Slip Op. 75978

In the Matter of Amy R. Gurvey, Appellant,
v
Rolando T. Acosta, the Presiding Justice of the
Appellate Division, First Judicial Department,
Respondent.

Court of Appeals of New York
Decided June 26, 2018

CITE TITLE AS: Matter of Gurvey v Acosta

Reported below, 160 AD3d 733. **\*1126**

Appeal dismissed, without costs, by the Court of Appeals, sua sponte, upon the ground that no substantial constitutional question is directly involved.

Chief Judge DiFiore taking no part.

Copr. (C) 2023, Secretary of State, State of New York

End of Document                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 34
Page 450 of 808

# EXHIBIT 35

# EXHIBIT 35

# *State of New York*
## *Court of Appeals*

*Decided and Entered on the*
*twelfth day of June, 2018*

**Present**, Hon. Jenny Rivera, *Senior Associate Judge, **presiding**.*

Mo. No. 2018-374
Amy Weissbrod Gurvey,
     Appellant,
       v.
State of New York, et al.,
     Respondents.

Appellant having appealed and moved for leave to appeal to the Court of Appeals in the above cause;

Upon the papers filed and due deliberation, it is

ORDERED, on the Court's own motion, that the appeal, insofar as taken from those portions of the February 2018 Appellate Division order that dismissed the appeal from the January 2017 Supreme Court order and dismissed the appeal from that portion of the August 2016 Supreme Court order that (1) dismissed appellant's complaint against certain defendants, (2) imposed a future litigation injunction against appellant, and (3) denied appellant's motion to amend the complaint, is dismissed, without costs, upon the ground that no substantial constitutional question is directly involved; and it is further

ORDERED, that the appeal is otherwise dismissed, without costs, upon the ground that it does not lie; and it is further

EXHIBIT 35
Page 452 of 808

Motion No. 2018-374                    - 2 -                    June 12, 2018

ORDERED, that the motion, insofar as taken from those portions of the February 2018 Appellate Division order that dismissed the appeal from the January 2017 Supreme Court order and dismissed the appeal from that portion of the August 2016 Supreme Court order that (1) dismissed appellant's complaint against certain defendants, (2) imposed a future litigation injunction against appellant, and (3) denied appellant's motion to amend the complaint, is denied; and it is further

ORDERED, that the motion for leave to appeal is otherwise dismissed upon the ground that it does not lie.

Chief Judge DiFiore took no part.

John P. Asiello
Clerk of the Court

EXHIBIT 35
Page 453 of 808



*State of New York*
*Court of Appeals*

*John P. Asiello*
*Chief Clerk and*
*Legal Counsel to the Court*

*Clerk's Office*
*20 Eagle Street*
*Albany, New York 12207-1095*

Decided June 12, 2018

Mo. No. 2018-374

Amy Weissbrod Gurvey,
      Appellant,
      v.
State of New York, et al.,
      Respondents.

On the Court's own motion, appeal, insofar as taken from those portions of the February 2018 Appellate Division order that dismissed the appeal from the January 2017 Supreme Court order and dismissed the appeal from that portion of the August 2016 Supreme Court order that (1) dismissed appellant's complaint against certain defendants, (2) imposed a future litigation injunction against appellant, and (3) denied appellant's motion to amend the complaint, dismissed, without costs, upon the ground that no substantial constitutional question is directly involved; appeal otherwise dismissed, without costs, upon the ground that it does not lie.

Motion, insofar as it seeks leave to appeal from those portions of the February 2018 Appellate Division order that dismissed the appeal from the January 2017 Supreme Court order and dismissed the appeal from that portion of the August 2016 Supreme Court order that (1) dismissed appellant's complaint against certain defendants, (2) imposed a future litigation injunction against appellant, and (3) denied appellant's motion to amend the complaint, denied; motion for leave to appeal otherwise dismissed upon the ground that it does not lie.

Chief Judge DiFiore took no part.

EXHIBIT 35
Page 454 of 808

# EXHIBIT 36

# EXHIBIT 36

757 Fed.Appx. 62
This case was not selected for publication in West's Federal Reporter.
RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.
United States Court of Appeals, Second Circuit.

Amy Rebecca GURVEY, Plaintiff-Appellant,
v.
COWAN, LIEBOWITZ & LATMAN, P.C., Clear Channel Communications, Inc., Live Nation, Inc., Instant Live Concerts, LLC, NextTicketing, Incorporated, William Borchard, Midge Hyman, Baila Celedonia, Christopher Jensen, Dale Head, Steve Simon, Nicole Ann Gordon, Susan Schick, Defendants-Appellees,
Does, 1-X Inclusive, Michael Gordon, Defendants.

17-2760
|
December 4, 2018

**Synopsis**
**Background:** Client filed suit against her attorney claiming malpractice and breach of fiduciary duty. The United States District Court for the Southern District of New York, Schofield, J., granted attorney summary judgment, 2017 WL 2880554, and denied reconsideration, 2017 WL 6387727. Client appealed.

**Holdings:** The Court of Appeals for the Second Circuit held that:

claim for attorney malpractice was time barred, and

district court did not abuse its discretion by declining to allow client to amend complaint.

Affirmed.

**Procedural Posture(s):** On Appeal; Motion for Summary Judgment.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, J.; Pitman, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

**Attorneys and Law Firms**

FOR PLAINTIFF-APPELLANT: Amy R. Gurvey, pro se, Upper Montclair, NJ.

FOR DEFENDANTS-APPELLEES: J. Richard Supple, Jr., Hinshaw & Culbertson LLP, New York, NY.

PRESENT: AMALYA L. KEARSE, DEBRA ANN LIVINGSTON, SUSAN L. CARNEY, Circuit Judges.

**\*63 SUMMARY ORDER**

Plaintiff-Appellant Amy Gurvey ("Gurvey"), proceeding *pro se*, appeals a judgment of the United States District Court for the Southern District of New York entered on July 6, 2017, granting summary judgment in favor of the defendants with respect to her attorney malpractice and breach of fiduciary duty claims, an August 9, 2017, order deny reconsideration, as well as numerous prior interlocutory orders. *See* Notice of Appeal, *Gurvey v. Cowan Liebowitz & Latman PC*, No. 06-cv-1202 (S.D.N.Y. Sept. 1, 2017), ECF No. 419. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo*. *Sotomayor v. City of N.Y.*, 713 F.3d 163, 164 (2d Cir. 2013). "A motion for summary judgment may properly be granted—and the grant of summary **\*64** judgment may properly be affirmed—only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for

EXHIBIT 36
Page 456 of 808

the moving party as a matter of law." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010). A district court generally may not make credibility assessments when evaluating the evidence at the summary judgment stage. *Rogoz v. City of Hartford*, 796 F.3d 236, 245–46 (2d Cir. 2015). However, this Court has ruled that "in certain cases a party's inconsistent and contradictory statements transcend credibility concerns and go to the heart of whether the party has raised *genuine* issues of material fact to be decided by a jury." *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 106 (2d Cir. 2011). Under the "sham issue of fact" doctrine, a party may not "defeat[ ] summary judgment simply by submitting an affidavit that contradicts the party's previous sworn testimony." *Moll v. Telesector Res. Grp., Inc*., 760 F.3d 198, 205 (2d Cir. 2014) (internal quotation marks and citation omitted). We review the denial of leave to amend for abuse of discretion. *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).

The district court properly granted summary judgment to defendants because Gurvey's claims were untimely. Gurvey's attorney malpractice claim is subject to New York's three-year statute of limitations. *See* N.Y. C.P.L.R. § 214(6). Similarly, New York's statute of limitations for a breach of fiduciary duty claim seeking monetary damages is three years. *See Bouley v. Bouley*, 19 A.D.3d 1049, 797 N.Y.S.2d 221, 223 (2005). Both actions accrue when the conduct giving rise to the claim took place. *See Shumsky v. Eisenstein*, 96 N.Y.2d 164, 726 N.Y.S.2d 365, 750 N.E.2d 67, 69 (2001) (malpractice); *Kaufman v. Cohen*, 307 A.D.2d 113, 760 N.Y.S.2d 157, 166 n.3 (2003) (breach of fiduciary duty).

Under New York's continuous representation doctrine, the limitations period is tolled while there is continuing representation of a client that "pertains specifically to the matter in which the attorney committed the alleged malpractice." *Shumsky*, 726 N.Y.S.2d 365, 750 N.E.2d at 70-71. The period of tolling extends only while there is a "mutual understanding" between the client and legal professional that further services are required and ends "once the client is informed or otherwise put on notice of the attorney's withdrawal from representation." *Id.*, 726 N.Y.S.2d 365, 750 N.E.2d at 72–73.

Here, an independent review of the record reveals that the district court properly granted summary judgment. The evidence shows that Gurvey's attorney-client relationship with the defendants[i] had unequivocally terminated by December 2002, when Gurvey wrote to the firm with an accusation that it had misappropriated her confidential information and indicated her intent to pursue the matter "vigorously." Jensen Declaration, Ex. 4 at 3, *Gurvey*, No.

06-cv-1202 (S.D.N.Y. Jan 4., 2017), ECF No. 378. As Gurvey admitted in her deposition that she has no evidence that any of the individual Cowan attorneys revealed her confidential information, the one incident which might raise a genuine issue of fact regarding her claim is a conversation in April 2002 between herself, **\*65** Cowan attorney Susan Schick, and Phish bass guitarist Michael Gordon. However, because the tolling period terminated with the attorney-client relationship, Gurvey would have had to file her complaint by December 2005 to be timely. Thus, the claims in her February 2006 complaint are time-barred, and we affirm for substantially the reasons stated by the district court in its thorough July 6, 2017 opinion and order.

The district court did not abuse its discretion in denying Gurvey further leave to amend her complaint. While leave to amend should be freely granted, it may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Gurvey engaged in a pattern of filing a motion to amend and then, while the motion was pending but after the defendants had responded, filing a new motion to amend. The district court reasonably concluded that this pattern of filing constituted bad faith and unduly prejudiced the defendants, especially because Gurvey proposed these amendments more than six years after filing her initial complaint. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("[T]he longer the period of an unexplained delay [in seeking to amend a complaint], the less will be required of the nonmoving party in terms of a showing of prejudice." (internal quotation marks and citation omitted) ). While she claims that she only learned of the bases for the proposed Sixth Amended Complaint after the defendants' December 2012 document production, the district court found this implausible given the similarity between her proposed Fifth and Sixth Amended Complaints. Furthermore, the district court noted several clear contradictions between the Sixth Amended Complaint and Gurvey's earlier sworn statements, adding to its concern that the new complaint was filed in bad faith.

We have considered Gurvey's remaining arguments and find them to be without merit.[2] Accordingly, we **AFFIRM** the judgment of the district court.

### All Citations

757 Fed.Appx. 62

EXHIBIT 36
Page 457 of 808

Gurvey v. Cowan, Liebowitz & Latman, P.C., 757 Fed.Appx. 62 (2018)

## Footnotes

1    While there are a number of Defendants-Appellees included in the caption, Gurvey's only claims to survive this Court's previous summary order, *see* *Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 462 F. App'x 26 (2d Cir. 2012), were her malpractice and fiduciary duty claims against Cowan Liebowitz & Latman ("Cowan"), and Cowan attorneys William Borchard, Midge Hyman, Baila Celedonia, and Christopher Jensen (collectively, the "Cowan Defendants"). *See* *id.* at 30; *see also* Defs.-Apps. Brief at 1.

2    In particular, Gurvey's notice of appeal noted her intention to appeal all interlocutory orders entered since this Court's previous summary order in February 2012, which remanded the case to the district court. These various orders related to, *inter alia*, the scope of discovery, the imposition of a litigation stay, the issuance of sanctions, her repeated insistence that opposing counsel be disqualified, and her motion to disqualify the magistrate judge. We see no abuse of discretion in the disposition of these motions.

---

**End of Document**                                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

---

**WESTLAW**    © 2023 Thomson Reuters. No claim to original U.S. Government Works.    3

EXHIBIT 36
Page 458 of 808

# EXHIBIT 37

# EXHIBIT 37

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

_____

     At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand nineteen.

_____

Amy Rebecca Gurvey,

        Plaintiff - Appellant,

v.

Cowan, Liebowitz & Latman, P.C., Clear Channel
Communications, Inc., Live Nation, Inc., Instant Live
Concerts, LLC, Nexticketing, Incorporated, William
Borchard, Midge Hyman, Baila Celedonia, Christopher
Jensen, Dale Head, Steve Simon, Nicole Ann Gordon,
Susan Schick,

        Defendants - Appellees,

Does, 1-X Inclusive, Michael Gordon,

        Defendants.

_____

**ORDER**

Docket No: 17-2760

     Appellant, Amy Rebecca Gurvey, filed a petition for panel rehearing, or, in the alternative, for rehearing *en banc*. The panel that determined the appeal has considered the request for panel rehearing, and the active members of the Court have considered the request for rehearing *en banc*.

     IT IS HEREBY ORDERED that the petition is denied.

               FOR THE COURT:

               Catherine O'Hagan Wolfe, Clerk



EXHIBIT 37

Page 460 of 808

# EXHIBIT 38

# EXHIBIT 38

CLOSED,ECF,PRO-SE

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:18-cv-02206-AT

Weissbrod Gurvey v. Lippman et al
Assigned to: Judge Analisa Torres
Case in other court: U.S. Court of Appeals, Federal Circuit, 18-02076
Cause: 42:1983 Civil Rights Act

Date Filed: 03/12/2018
Date Terminated: 06/05/2018
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Amy R. Weissbrod Gurvey**            represented by  **Amy R. Weissbrod Gurvey**
315 Highland Avenue
Upper Montclair, NJ 07043
PRO SE

V.

**Defendant**

**Hon(s) Jonathan Lippman**

**Defendant**

**Peter Tom**

**Defendant**

**Luis Gonzalez**

**Defendant**

**Rolando Acosta**

**Defendant**

**Thomas Cahill**

**Defendant**

**David Spokony**

**Defendant**

**Jorge DoPico**

**Defendant**

**Alan W. Friedberg**

**Defendant**

**Sherry Cohen**

**Defendant**

EXHIBIT 38
Page 462 of 808
1/10

**James Shed**

<u>**Defendant**</u>

**Naomi Goldstein**

<u>**Defendant**</u>

**Raymond Vallejo**

<u>**Defendant**</u>

**Orlando Reyes**

<u>**Defendant**</u>

**Lauren Holmes**

<u>**Defendant**</u>

**Hearing Panel IV**                    represented by  **Shawn Kerby**
                                                        NY State Office of Court Administration
                                                        25 Beaver Street
                                                        New York, NY 10004
                                                        212-428-2172
                                                        Fax: 212-428-2155
                                                        Email: skerby@courts.state.ny.us
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Hinshaw & Culbertson, L.L.P.**        represented by  **Nicole Feder**
                                                        L'Abbate Balkin Colavita & Contini, LLP
                                                        1001 Franklin Avenue
                                                        Garden City, NY 11530
                                                        516-837-7427
                                                        Fax: 516-294-8202
                                                        Email: nfeder@lbcclaw.com
                                                        *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Richard Supple**                      represented by  **Nicole Feder**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Hal Lieberman**                       represented by  **Nicole Feder**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**O. Lee Squitieri**

<u>**Defendant**</u>

**NYS Office of Court Administration**  represented by  **Shawn Kerby**
**(Lawrence Marks & John McConnell,**                   (See above for address)
**chief counsels)**

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**State of NY**                    represented by    **Michael Adam Berg**
                                                      Office of The Attorney General(NYS)
                                                      28 Liberty Street, 21st Floor
                                                      New York, NY 10005
                                                      (212) 416-8651
                                                      Fax: (212) 416-6075
                                                      Email: michael.berg@ag.ny.gov
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**City of NY**                     represented by    **Andrew James Rauchberg**
                                                      New York City Law Department
                                                      100 Church Street Room 6-188
                                                      New York, NY 10007
                                                      (212) 356-0891
                                                      Fax: (212) 356-8760
                                                      Email: arauchbe@law.nyc.gov
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Does I-X**
*inclusive*

**Defendant**

**Squitieri & Fearson, L.L.P.**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/12/2018 | 1 | COMPLAINT against Rolando Acosta, Thomas Cahill, City of NY, Sherry Cohen, Jorge DoPico, Does I-X, Alan W. Friedberg, Naomi Goldstein, Luis Gonzalez, Hearing Panel IV, Hinshaw & Culbertson, L.L.P., Lauren Holmes, Hal Lieberman, Jonathan Lippman, NYS Office of Court Administration (Lawrence Marks & John McConnell, chief counsels), O. Lee Squitieri, Squitieri & Fearson, L.L.P., Orlando Reyes, James Shed, David Spokony, State of NY, Richard Supple. (Filing Fee $ 400.00, Receipt Number 204052)Document filed by Amy R. Weissbrod Gurvey. (Attachments: # 1 cmp part 2)(laq) (Entered: 03/13/2018) |
| 03/12/2018 | 2 | CIVIL COVER SHEET filed. (laq) (laq). (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to Thomas Cahill. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to Rolando Acosta. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to Luis Gonzalez. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to Peter Tom. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to Jonathan Lippman. (laq) (Entered: 03/13/2018) |

| 03/12/2018 | | SUMMONS ISSUED as to NYS Office of Court Administration (Lawrence Marks & John McConnell, chief counsels). (laq) (Entered: 03/13/2018) |
| --- | --- | --- |
| 03/12/2018 | | SUMMONS ISSUED as to State of NY. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to City of NY. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to Sherry Cohen. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to Naomi Goldstein. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to James Shed. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to Alan W. Friedberg. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to Jorge DoPico. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to David Spokony. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to Raymond Vallejo. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to Orlando Reyes. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to Lauren Holmes. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to Hinshaw & Culbertson, L.L.P.. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to Richard Supple. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to Hal Lieberman. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to O. Lee Squitieri. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | SUMMONS ISSUED as to Squitieri & Fearson, L.L.P.. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | Magistrate Judge Barbara C. Moses is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (laq) (Entered: 03/13/2018) |
| 03/12/2018 | | Case Designated ECF. (laq) (Entered: 03/13/2018) |
| 04/10/2018 | 4 | NOTICE OF APPEARANCE by Michael Adam Berg on behalf of State of NY. (Berg, Michael) (Entered: 04/10/2018) |
| 04/16/2018 | 5 | NOTICE OF CHANGE OF ADDRESS by Michael Adam Berg on behalf of State of NY. New Address: Office of the New York State Attorney General, 28 Liberty Street, New York, New York, USA 10005, (212) 416-8651. (Berg, Michael) (Entered: 04/16/2018) |
| 04/19/2018 | 6 | ORDER TO SHOW CAUSE: 1. By April 26, 2018, Plaintiff shall serve a copy of (1) her complaint, and (2) this order, on Defendants. 2. By May 10, 2018, Plaintiff shall show cause in writing why this case should not be dismissed as barred by res judicata, the Eleventh Amendment, the Rooker-Feldman doctrine, judicial immunity, and quasi-judicial immunity. 3. By May 24, 2018, Defendants shall respond. 4. By May 31, 2018, Plaintiff shall reply, if at all. The Clerk of Court is directed to mail a copy of this order to Plaintiff pro se. (As further set forth in this Order.) Show Cause Response due by 5/24/2018. (Signed by Judge Analisa Torres on 4/19/2018) (cf) Modified on 6/8/2018 (cf). (Entered: 04/19/2018) |
| 04/19/2018 | | Transmission to Docket Assistant Clerk. Transmitted re: 6 Order to Show Cause to the Docket Assistant Clerk for case processing. (cf) (Entered: 04/19/2018) |

| 04/20/2018 | | Mailed a copy of 6 Order to Show Cause to Amy R. Weissbrod Gurvey, 315 Highland Avenue, Upper Montclair, NJ 07043. (rro) (Entered: 04/20/2018) |
| --- | --- | --- |
| 04/26/2018 | 7 | LETTER addressed to Judge Analisa Torres from Amy Weissbrod Gurvey dated 4/26/18 re: OSC EXTENSION SERVICE DEADLINE FOR. Document filed by Amy R. Weissbrod Gurvey.(sc) (Entered: 04/26/2018) |
| 04/27/2018 | 8 | ORDER: Plaintiff's request is GRANTED. 1. By May 7, 2018, Plaintiff shall personally serve a copy of (1) her complaint, (2) the Court's Order to Show Cause, at ECF No. 6, on Remaining Defendants. 2. By May 7, 2018, Plaintiff shall serve a copy of (1) her complaint, and (2) this Court 's Order to Show Cause, at ECF No. 6, on Evading Defendants via certified mail and service on the Secretary of State. 3. By May 9, 2018, Plaintiff shall file proof of service on the docket. All other deadlines shall remain as scheduled in the Court's Order to Show Cause. See ECF No. 6. The Clerk of Court is directed to mail a copy of this order to Plaintiff pro se. (As further set forth in this Order.) (Signed by Judge Analisa Torres on 4/27/2018) (cf) (Entered: 04/27/2018) |
| 04/27/2018 | 9 | LETTER addressed to Judge Analisa Torres from Amy R. Weissbrod Gurvey, dated 4/27/18 re: PLAINTIFF'S UPDATE ON SERVICE W/AFFIDAVITS OF SERVICE IN COMPLIANCE WITH THE COURT'S ORDER TO SHOW CAUSE. Document filed by Amy R. Weissbrod Gurvey.(sc) (Main Document 9 replaced on 4/30/2018) (sc). (Entered: 04/30/2018) |
| 04/27/2018 | 10 | LETTER addressed to Judge Analisa Torres from Amy Weissbrod Gurvey, dated 4/27/18 re: Plaintiff makes an application request that the Court grant e-filing priveleges to her in the instant civil rights lawsuit and that, in support of her application, the plaintiff notices that she was granted e-filing privileges by the Second Circuit in 2011. Document filed by Amy R. Weissbrod Gurvey.(sc) (Entered: 04/30/2018) |
| 05/10/2018 | 11 | LETTER addressed to Judge Analisa Torres from Amy Weissbrod Gurvey, dated 5/9/18 re: Plaintiff submits this memorandum in response to the Court's Order, entered on 4/19/18, for the plaintiff to show cause in writing why her civil rights lawsuit seeking unlawful patent damages, injunctive relief, FOIA orders and 42:1983, 1988 damages, attorneys' fees and costs against state officers is not barred by res judicata, the Rooker-Feldman Doctrine etc. Document filed by Amy R. Weissbrod Gurvey.(sc) (Entered: 05/11/2018) |
| 05/24/2018 | 12 | NOTICE OF APPEARANCE by Shawn Kerby on behalf of Hearing Panel IV, NYS Office of Court Administration (Lawrence Marks & John McConnell, chief counsels). (Kerby, Shawn) (Entered: 05/24/2018) |
| 05/24/2018 | 13 | LETTER addressed to Judge Analisa Torres from Shawn Kerby dated 5/24/2018 re: Response to Order to Show Cause. Document filed by Hearing Panel IV, NYS Office of Court Administration (Lawrence Marks & John McConnell, chief counsels). (Attachments: # 1 Exhibit Decision/Orders, # 2 Exhibit Decision/Order, # 3 Exhibit Decision/ Order, # 4 Affidavit of Service)(Kerby, Shawn) (Entered: 05/24/2018) |
| 05/24/2018 | 14 | NOTICE OF APPEARANCE by Nicole Feder on behalf of Hinshaw & Culbertson, L.L.P., Hal Lieberman, Richard Supple. (Feder, Nicole) (Entered: 05/24/2018) |
| 05/24/2018 | 15 | RESPONSE TO ORDER TO SHOW CAUSE re: 6 Order to Show Cause,,. Document filed by O. Lee Squitieri, Squitieri & Fearson, L.L.P.. (Squitieri, Olimpio) (Entered: 05/24/2018) |
| 05/24/2018 | 16 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - MOTION to Dismiss . Document filed by Hinshaw & Culbertson, L.L.P., Hal Lieberman, Richard Supple.(Feder, Nicole) Modified on 5/31/2018 (ldi). (Entered: 05/24/2018)** |

EXHIBIT 38
Page 466 of 808

5/10

| 05/24/2018 | 17 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION to Dismiss . Document filed by Hinshaw & Culbertson, L.L.P., Hal Lieberman, Richard Supple. (Attachments: # 1 Exhibit Complaint, # 2 Exhibit Hon. Furman Decision 5.2.13, # 3 Exhibit Hon. Furman 5.14.13, # 4 Exhibit Amended Complaint, # 5 Exhibit Hon. Lebovitz Decision 8.25.16, # 6 Exhibit Appellate Division, First Dept. Decision 2.22.18, # 7 Exhibit Correspondence Court of Appeals 4.3.18, # 8 Exhibit Correspondence Court of Appeals 4.13.18, # 9 Exhibit Decision Magistrate Pitman 11.20.14, # 10 Exhibit Decision Hon. Katz 2.10.16, # 11 Exhibit Correspondence Appellate Div., First Dept. 4.30.15, # 12 Exhibit Correspondence Appellate Div., First Dept. 4.24.15, # 13 Exhibit Gurvey Motion, # 14 Exhibit Supple Response part 1, # 15 Exhibit Supple Response part 2, # 16 Exhibit Appellate Division Decision 4.21.16)(Feder, Nicole) Modified on 5/31/2018 (ldi). (Entered: 05/24/2018) |
| 05/24/2018 | 18 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION to Dismiss . Document filed by Hinshaw & Culbertson, L.L.P., Hal Lieberman, Richard Supple. (Attachments: # 1 Exhibit Affidavit of Service, # 2 Exhibit Current Employee List) (Feder, Nicole) Modified on 5/31/2018 (ldi). (Entered: 05/24/2018) |
| 05/24/2018 | 19 | AFFIDAVIT OF SERVICE of Declaration, Affidavit, Memorandum of Law served on Amy Weissbrod-Gurvey, O. Lee Squitieri, Esq. on May 24, 2018. Service was made by Mail. Document filed by Hinshaw & Culbertson, L.L.P., Hal Lieberman, Richard Supple. (Feder, Nicole) (Entered: 05/24/2018) |
| 05/24/2018 | 20 | BRIEF re: 6 Order to Show Cause,, . Document filed by Rolando Acosta, Sherry Cohen, Alan W. Friedberg, Naomi Goldstein, Lauren Holmes, Jonathan Lippman, Orlando Reyes, State of NY, Peter Tom, Raymond Vallejo.(Berg, Michael) (Entered: 05/24/2018) |
| 05/24/2018 | 21 | DECLARATION of Michael A. Berg re: 20 Brief . Document filed by Rolando Acosta, Sherry Cohen, Alan W. Friedberg, Naomi Goldstein, Lauren Holmes, Jonathan Lippman, Orlando Reyes, State of NY, Peter Tom, Raymond Vallejo. (Attachments: # 1 State Court Complaint, # 2 State Court Decision/Order, # 3 State Court Order, # 4 Plaintiff's Bar Records)(Berg, Michael) (Entered: 05/24/2018) |
| 05/24/2018 | 22 | LETTER addressed to Judge Analisa Torres from Andrew J. Rauchberg dated May 24, 2018 re: Response to Court's Order to Show Cause and Opposition to Plaintiff's Memorandum. Document filed by City of NY. (Attachments: # 1 Exhibit A - Prior State Court Complaint, # 2 Exhibit B - State Court Decision dismissing City of New York) (Rauchberg, Andrew) (Entered: 05/24/2018) |
| 05/24/2018 | 23 | NOTICE OF APPEARANCE by Andrew James Rauchberg on behalf of City of NY. (Rauchberg, Andrew) (Entered: 05/24/2018) |
| 05/29/2018 | 24 | LETTER addressed to Judge Analisa Torres from Nicole Feder dated May 29, 2018 re: Enclosure of opposition. Document filed by Hinshaw & Culbertson, L.L.P., Hal Lieberman, Richard Supple.(Feder, Nicole) (Entered: 05/29/2018) |
| 05/31/2018 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Nicole Feder to RE-FILE Document 16 MOTION to Dismiss . Use the event type Memorandum of Law in Opposition (non-motion) found under the event list Other Answers. NOTE: Re-file and link to document # 6 Order to Show Cause. (ldi)** (Entered: 05/31/2018) |
| 05/31/2018 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Nicole Feder to RE-FILE Document 17 MOTION to Dismiss . Use the event type Declaration (non-motion) found under the event list Other Answers. NOTE: Re-file and link to document # 6 Order to Show Cause. (ldi)** (Entered: 05/31/2018) |

| | | |
|---|---|---|
| 05/31/2018 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Nicole Feder to RE-FILE Document 18 MOTION to Dismiss . Use the event type Affidavit (non-motion) found under the event list Other Answers. NOTE: Re-file and link to document # 6 Order to Show Cause. (ldi) (Entered: 05/31/2018) |
| 05/31/2018 | 25 | MEMORANDUM OF LAW in Opposition re: 6 Order to Show Cause,, . Document filed by Hinshaw & Culbertson, L.L.P., Hal Lieberman, Richard Supple. (Feder, Nicole) (Entered: 05/31/2018) |
| 05/31/2018 | 26 | DECLARATION of Nicole Feder, Esq. in Opposition re: 6 Order to Show Cause,,. Document filed by Hinshaw & Culbertson, L.L.P., Hal Lieberman, Richard Supple. (Attachments: # 1 Exhibit Complaint, # 2 Exhibit Hon. Furman Decision 5.2.13, # 3 Exhibit Hon. Furman Decision 5.14.13, # 4 Exhibit Amended Complaint, # 5 Exhibit Hon. Lebovitz Decision 8.25.16, # 6 Exhibit Appellate Div. First Dept. Decision 2.22.18, # 7 Exhibit Correspondence Court of Appeals 4.3.18, # 8 Exhibit Correspondence Court of Appeals 4.13.18, # 9 Exhibit Magistrate Pitman Decision 11.20.14, # 10 Exhibit Hon. Katz Decision 2.10.16, # 11 Exhibit Correspondence Appellate Div. First Dept. 4.30.15, # 12 Exhibit Correspondence Appellate Division First Dept. 4.24.15, # 13 Exhibit Gurvey Motion 10.13.15, # 14 Exhibit Supple Response pt. 1, # 15 Exhibit Supple Response pt. 2, # 16 Exhibit Appellate Division Decision 4.21.16)(Feder, Nicole) (Entered: 05/31/2018) |
| 05/31/2018 | 27 | AFFIDAVIT of Hal R. Lieberman in Opposition re: 6 Order to Show Cause,,. Document filed by Hinshaw & Culbertson, L.L.P., Hal Lieberman, Richard Supple. (Attachments: # 1 Exhibit Affidavit of Service, # 2 Exhibit Current Employee List)(Feder, Nicole) (Entered: 05/31/2018) |
| 05/31/2018 | 28 | PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION PAPERS AND IN FURTHER SUPPORT OF PLAINTIFF'S ORDER TO SHOW CAUSE; re: 27 Affidavit in Opposition, 26 Declaration in Opposition, 25 Memorandum of Law in Opposition. Document filed by Amy R. Weissbrod Gurvey. (sc) (Entered: 06/01/2018) |
| 06/05/2018 | 29 | ORDER OF DISMISSAL: Accordingly, the action is DISMISSED with prejudice. All conferences are vacated. All pending motions are moot. The Clerk of the Court is directed to close the case and to mail Plaintiff pro se a copy of this order. Plaintiff is warned that further frivolous litigation may result in the imposition of sanctions, including monetary penalties and filing injunctions. (As further set forth in this Order.) (Signed by Judge Analisa Torres on 6/5/2018) (cf) (Entered: 06/05/2018) |
| 06/05/2018 | | Transmission to Docket Assistant Clerk. Transmitted re: 29 Order of Dismissal to the Docket Assistant Clerk for case processing. (cf) (Entered: 06/05/2018) |
| 06/05/2018 | | Mailed a copy of 29 Order of Dismissal to Amy R. Weissbrod Gurvey 315 Highland Avenue Upper Montclair, NJ 07043. (mhe) (Entered: 06/05/2018) |
| 06/11/2018 | 30 | MOTION for Leave to Proceed In Forma Pauperis On Appeal. Document filed by Amy R. Weissbrod Gurvey. (tp) (Entered: 06/12/2018) |
| 06/12/2018 | 31 | NOTICE OF APPEAL TO THE FEDERAL CIRCUIT from 29 Order of Dismissal. Form 7 and Form 22 are due within 14 days. Document filed by Amy R. Weissbrod Gurvey. (tp) (Entered: 06/12/2018) |
| 06/12/2018 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals for the Federal Circuit re: 31 Notice of Appeal to the Federal Circuit. (tp) (Entered: 06/12/2018) |
| 06/12/2018 | | Appeal Record Sent to USCA Federal Circuit (Electronic File). Certified Indexed record on Appeal Electronic Files for 31 Notice of Appeal to the Federal Circuit filed by Amy R. |

EXHIBIT 38
Page 468 of 808

| | | |
|---|---|---|
| | | Weissbrod Gurvey were transmitted to the U.S. Court of Appeals for the Federal Circuit. (tp) (Entered: 06/12/2018) |
| 06/15/2018 | 32 | NOTICE OF DOCKETING & USCA Case Number 18-2076 from the U.S. Court of Appeals, Federal Circuit assigned to 31 Notice of Appeal to the Federal Circuit filed by Amy R. Weissbrod Gurvey. (nd) (Entered: 06/18/2018) |
| 07/22/2018 | 33 | LETTER from Amy R. Gurvey, dated 7/22/18 re: Plaintiff/Appellant Amy R. Gurvey requests that the SDNY Clerk forward to the U.S. Court of Appeals for the Federal Circuit complete copies of the followng docketed documents inclusive of exhibits filed in this lawsuit and send to Plaintiff confirmation and date of transmission to the above address(as indicated): SDNY Docket #s 1, 2, 6, 8, 10, 11, 12, 13, 20, 21, 22, 25, 26, 27, 28. Document filed by Amy R. Weissbrod Gurvey.(sc) (Entered: 07/23/2018) |
| 09/06/2018 | | USCA Appeal Fees received $ 505.00 receipt number 465401217568 re: 31 Notice of Appeal to the Federal Circuit filed by Amy R. Weissbrod Gurvey. (tp) (Entered: 09/06/2018) |
| 09/17/2018 | 34 | MOTION for Reconsideration. Document filed by Amy R. Weissbrod Gurvey.(kv) (Entered: 09/19/2018) |
| 09/19/2018 | 35 | ORDER of USCA (Certified Copy) as to 31 Notice of Appeal to the Federal Circuit filed by Amy R. Weissbrod Gurvey. USCA Case Number 18-2076. IT IS ORDERED THAT: (1) The motion for oral argument is deferred to the merits panel assigned to this case. (2) The motion for electronic service is denied. (3) The motion to withdraw the informal brief and replace it with a formal brief is denied. (4) A copy of this order shall be transmitted to the merits panel assigned to the case. Peter R. Marksteiner, Clerk USCA for the Federal Circuit. Certified: 09/19/2018. (nd) (Entered: 09/19/2018) |
| 10/01/2018 | 36 | REPLY AFFIRMATION of Shawn Kerby in Opposition re: 34 MOTION for Reconsideration.. Document filed by Hearing Panel IV, NYS Office of Court Administration (Lawrence Marks & John McConnell, chief counsels). (Kerby, Shawn) (Entered: 10/01/2018) |
| 10/01/2018 | 37 | AFFIDAVIT OF SERVICE of Affirmation in Opposition served on Amy Weissbrod-Gurvey on 10-01-2018. Service was made by Mail. Document filed by Hearing Panel IV, NYS Office of Court Administration (Lawrence Marks & John McConnell, chief counsels). (Kerby, Shawn) (Entered: 10/01/2018) |
| 10/02/2018 | 38 | ORDER denying 34 Motion for Reconsideration. Accordingly, Plaintiffs motion for reconsideration is DENIED, and the Clerk of Court is directed to terminate the motion at ECF No. 34. The Clerk of Court is further directed to mail a copy of this order to Plaintiff pro se. Plaintiffs case is closed, although the Court will permit for filing documents that are directed to the Court of Appeals for the Federal Circuit. Plaintiff is again warned that further frivolous litigation may result in the imposition of sanctions, including monetary penalties and filing injunctions. SO ORDERED. (Signed by Judge Analisa Torres on 10/2/2018) (jca) Transmission to Docket Assistant Clerk for processing. (Entered: 10/02/2018) |
| 10/02/2018 | | Mailed a copy of 38 Order on Motion for Reconsideration, to Amy R. Weissbrod Gurvey 315 Highland Avenue Upper Montclair, NJ 07043. (aea) (Entered: 10/02/2018) |
| 11/19/2018 | 39 | ORDER of USCA (Certified Copy) as to 31 Notice of Appeal to the Federal Circuit filed by Amy R. Weissbrod Gurvey. USCA Case Number 18-2076. Before the court are Amy R. Weissbrod Gurveys motions, docketed as ECF Nos. 54, 57, 71, and 89, seeking: (1) reconsideration of this court's September 19, 2018 order; (2) to stay proceedings pending the district court's consideration of a motion for reconsideration; (3) for this court to reform the caption; (4) to file an out-of-time reply brief that exceeds the word limits; (5) to |

EXHIBIT 38
Page 469 of 808

| | | |
|---|---|---|
| | | file a second reply brief; to strike the briefs of several defendants; (6) for sanctions; and (7) for other various relief. In its September 19, 2018 order, the court denied Ms. Weissbrod Gurvey's motions to file a replacement opening brief and to file documents electronically and deferred her motion for oral argument to the merits panel assigned to the case. Ms. Weissbrod Gurvey has shown no basis for reconsideration of that order. After Ms. Weissbrod Gurvey filed her notice of appeal from the district courts dismissal order, she filed a motion for reconsideration at the district court. On October 2, 2018, the district court denied the motion. Because that motion has been acted on, the request to stay is moot. With regard to Ms. Weissbrod Gurvey's reply briefs, the court deems it the better course to accept ECF No. 55 as Ms. Weissbrod Gurvey's reply brief. The courts rules contemplate a single reply brief, see e.g., Fed. Cir. R. 31(e)(3), and Ms. Weissbrod Gurvey provides no basis for deviating from that practice. The court has considered Ms. Weissbrod Gurvey's other requests for relief and denies those requests. Accordingly, IT IS ORDERED THAT: (1) Ms. Weissbrod Gurvey's reply brief docketed at ECF No. 55 is accepted for filing. All other motions and requests for relief in ECF Nos. 54, 57, 71, and 89 are denied. (2) The matter is ready for assignment to a merits panel. Future filings will be transmitted to the merits panel assigned to this case. Peter R. Marksteiner, Clerk USCA for the Federal Circuit. Certified: 11/19/2018. (nd) (Entered: 11/19/2018) |
| 12/14/2018 | 42 | LETTER addressed to Judge Analisa Torres from Amy Weissbrod Gurvey, dated 12/11/18 re: APPLICATION TO REMAND PLAINTIFF'S APPEAL TO THE SDNY TO ALLOW PLAINTIFF TO AMEND HER COMPLAINTI. Document filed by Amy R. Weissbrod Gurvey.(sc) (Entered: 12/18/2018) |
| 02/11/2019 | 43 | OPINION of USCA (Certified) as to 31 Notice of Appeal to the Federal Circuit filed by Amy R. Weissbrod Gurvey. USCA Case Number 18-2076. Amy R. Weissbrod Gurvey appeals the district court's dismissal of her case. Because Gurvey fails to allege a non-frivolous claim arising under the patent laws, we dismiss the appeal for lack of jurisdiction.. Peter R. Marksteiner, Clerk USCA for the Federal Circuit. Issued As Order: 2/11/2019. Certified: 2/11/2019. (nd) (Entered: 02/11/2019) |
| 02/11/2019 | 44 | TRUE COPY ORDER of USCA as to 31 Notice of Appeal to the Federal Circuit filed by Amy R. Weissbrod Gurvey. USCA Case Number 18-2076. THIS CAUSE having been considered, it is ORDERED AND ADJUDGED: DISMISSED. Peter R. Marksteiner, Clerk USCA for the Federal Circuit. Issued As Order: 2/11/2019. Certified: 2/11/2019. (nd) (Entered: 02/11/2019) |
| 02/15/2019 | 45 | ORDER denying as moot 30 Motion for Leave to Appeal in forma pauperis. The Clerk of Court is directed to mail a copy of this order to Plaintiff pro se. (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order) (Pasculli, Victoria) Transmission to Docket Assistant Clerk for processing. (Entered: 02/15/2019) |
| 02/15/2019 | | Mailed a text-only copy of 45 Order on Motion for Leave to Appeal in forma pauperis, to Amy R. Weissbrod Gurvey 315 Highland Avenue Upper Montclair, NJ 07043. (aea) (Entered: 02/15/2019) |
| 03/20/2019 | 46 | MANDATE of USCA (Certified Copy) as to 31 Notice of Appeal to the Federal Circuit filed by Amy R. Weissbrod Gurvey. USCA Case Number 18-2076. In accordance with the judgment ( 44 USCA Order) of this Court, entered February 11, 2019, and pursuant to Rule 41 of the Federal Rules of Appellate Procedure, the formal mandate is hereby issued.. Peter R. Marksteiner, Clerk USCA for the Federal Circuit. Issued As Mandate: 3/20/2019. (nd) (Entered: 03/20/2019) |
| 05/15/2019 | 47 | LETTER addressed to Clerk's Office from Plaintiff-Appellant dated 5/10/2019 re: seeking both an order granting reconsideration and an order vacating this Court's judgment Court |

February 11, 2019 pursuant to FRCP Rules 59 and 60(b). 753 Fed. Appx. 906 (Fed. Cir. 2019).. Document filed by Amy R. Weissbrod Gurvey.(kv) (Entered: 05/15/2019)

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/23/2023 17:46:42 | | |
| **PACER Login:** | rslittle | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:18-cv-02206-AT |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

EXHIBIT 38
Page 471 of 808

10/10

EXHIBIT 39

EXHIBIT 39

**General Docket**
**United States Court of Appeals for the Federal Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 18-2076 | **Docketed:** 06/15/2018 |
| **Nature of Suit:** 440 Other Civil Rights (Fed. Qst.) | **Termed:** 02/11/2019 |
| Weissbrod Gurvey v. Lippman | |
| **Appeal From:** United States District Court for the Southern District of New York | |
| **Fee Status:** fee paid | |

**Case Type Information:**
  **1)** Civil Private
  **2)** -
  **3)** -

**Originating Court Information:**
  **District:** 0208-1 : 1:18-cv-02206-AT
  **Trial Judge:** Analisa Torres, Judge
  **Date Filed:** 03/12/2018
  **Date NOA Filed:**                          **Date Rec'd COA:**
  06/12/2018                                    06/12/2018

**Prior Cases:**
  None

**Current Cases:**
  None

---

AMY R. WEISSBROD GURVEY                    Amy R. Weissbrod Gurvey, -
        Plaintiff - Appellant              [NTC Pro Se]
                                           315 Highland Avenue
                                           Upper Montclair, NJ 07043

v.

JONATHAN LIPPMAN                           David Lawrence, III, Assistant Solicitor General
        Defendant - Appellee              Direct: 212-416-8023
                                           Email: david.lawrence@ag.ny.gov
                                           [LD NTC Government]
                                           NYS Office of The Attorney General
                                           Litigation Bureau
                                           28 Liberty Street
                                           New York, NY 10005

                                           Barbara D. Underwood, Attorney General
                                           [COR Government]
                                           NYS Office of The Attorney General
                                           Litigation Bureau
                                           28 Liberty Street
                                           New York, NY 10005

                                           Steven C. Wu, Deputy Solicitor General
                                           [COR Government]
                                           NYS Office of The Attorney General
                                           Litigation Bureau
                                           28 Liberty Street
                                           New York, NY 10005

PETER TOM                                  David Lawrence, III, Assistant Solicitor General
        Defendant - Appellee              Direct: 212-416-8023
                                           [LD NTC Government]
                                           (see above)

                                           Barbara D. Underwood, Attorney General
                                           [COR Government]
                                           (see above)

                                           Steven C. Wu, Deputy Solicitor General

EXHIBIT 39
Page 473 of 808
1/14

[COR Government]
(see above)

LUIS GONZALEZ
    Defendant - Appellee

David Lawrence, III, Assistant Solicitor General
Direct: 212-416-8023
[LD NTC Government]
(see above)

Barbara D. Underwood, Attorney General
[COR Government]
(see above)

Steven C. Wu, Deputy Solicitor General
[COR Government]
(see above)

ROLANDO ACOSTA
    Defendant - Appellee

David Lawrence, III, Assistant Solicitor General
Direct: 212-416-8023
[LD NTC Government]
(see above)

Barbara D. Underwood, Attorney General
[COR Government]
(see above)

Steven C. Wu, Deputy Solicitor General
[COR Government]
(see above)

NAOMI GOLDSTEIN
    Defendant - Appellee

David Lawrence, III, Assistant Solicitor General
Direct: 212-416-8023
[LD NTC Government]
(see above)

Barbara D. Underwood, Attorney General
[COR Government]
(see above)

Steven C. Wu, Deputy Solicitor General
[COR Government]
(see above)

SHERRY COHEN
    Defendant - Appellee

David Lawrence, III, Assistant Solicitor General
Direct: 212-416-8023
[LD NTC Government]
(see above)

Barbara D. Underwood, Attorney General
[COR Government]
(see above)

Steven C. Wu, Deputy Solicitor General
[COR Government]
(see above)

JORGE DOPICO
    Defendant - Appellee

David Lawrence, III, Assistant Solicitor General
Direct: 212-416-8023
[LD NTC Government]
(see above)

Barbara D. Underwood, Attorney General
[COR Government]
(see above)

Steven C. Wu, Deputy Solicitor General
[COR Government]
(see above)

ALAN W. FRIEDBERG
    Defendant - Appellee

David Lawrence, III, Assistant Solicitor General
Direct: 212-416-8023

EXHIBIT 39
Page 474 of 808

[LD NTC Government]
(see above)

Barbara D. Underwood, Attorney General
[COR Government]
(see above)

Steven C. Wu, Deputy Solicitor General
[COR Government]
(see above)

RAYMOND VALLEJO
    Defendant - Appellee

David Lawrence, III, Assistant Solicitor General
Direct: 212-416-8023
[LD NTC Government]
(see above)

Barbara D. Underwood, Attorney General
[COR Government]
(see above)

Steven C. Wu, Deputy Solicitor General
[COR Government]
(see above)

ORLANDO REYES
    Defendant - Appellee

David Lawrence, III, Assistant Solicitor General
Direct: 212-416-8023
[LD NTC Government]
(see above)

Barbara D. Underwood, Attorney General
[COR Government]
(see above)

Steven C. Wu, Deputy Solicitor General
[COR Government]
(see above)

LAUREN HOLMES
    Defendant - Appellee

David Lawrence, III, Assistant Solicitor General
Direct: 212-416-8023
[LD NTC Government]
(see above)

Barbara D. Underwood, Attorney General
[COR Government]
(see above)

Steven C. Wu, Deputy Solicitor General
[COR Government]
(see above)

HEARING PANEL IV
    Defendant - Appellee

Shawn Kerby
Direct: 212-428-2172
Email: skerby@courts.state.ny.us
[LD NTC Government]
Office of Court Administration
25 Beaver Street
11th Floor
New York, NY 10004

John W. McConnell, Counsel
[COR Government]
Office of Court Administration
25 Beaver Street
11th Floor
New York, NY 10004

HINSHAW & CULBERTSON, LLP
    Defendant - Appellee

Nicole Feder
Direct: 516-294-8844
Email: nfeder@lbcclaw.com
[LD NTC Retained]

Abbate Balkan Colavita & Contini
Suite 102-S
3 Huntington Qualdrangle
Melville, NY 11747

RICHARD SUPPLE
    Defendant - Appellee

Nicole Feder
Direct: 516-294-8844
[LD NTC Retained]
(see above)

HAL LIEBERMAN
    Defendant - Appellee

Nicole Feder
Direct: 516-294-8844
[LD NTC Retained]
(see above)

NYS OFFICE OF COURT ADMINISTRATION, (Lawrence Marks &
John McConnell, Chief Counsel)
    Defendant - Appellee

Shawn Kerby
Direct: 212-428-2172
[LD NTC Government]
(see above)

John W. McConnell, Counsel
[COR Government]
(see above)

STATE OF NEW YORK
    Defendant - Appellee

David Lawrence, III, Assistant Solicitor General
Direct: 212-416-8023
[LD NTC Government]
(see above)

Barbara D. Underwood, Attorney General
[COR Government]
(see above)

Steven C. Wu, Deputy Solicitor General
[COR Government]
(see above)

CITY OF NEW YORK
    Defendant - Appellee

Susan Paulson, Assistant Corporation Counsel
Direct: 212-356-0821
Email: spaulson@law.nyc.gov
[LD NTC Government]
New York City Law Department
Appeals Division
100 Church Street
New York, NY 10007

Zachary W. Carter
[COR Government]
Office of the Corporation Counsel
Appeals Division
100 Church Street
New York, NY 10007

Kathy Chang Park, Assistant Corporation Counsel
Direct: 212-356-0855
Email: kpark@law.nyc.gov
[COR NTC Government]
Office of the Corporation Counsel
Appeals Division
100 Church Street
New York, NY 10007

THOMAS CAHILL
    Defendant

DAVID SPOKONY
    Defendant

JAMES SHED

Defendant

O. LEE SQUITIERI
Defendant

SQUITIERI & FEARON, LLP
Defendant

DOES 1-10
Defendant

EXHIBIT 39
Page 477 of 808    5/14

AMY R. WEISSBROD GURVEY,

      Plaintiff - Appellant

v.

JONATHAN LIPPMAN, PETER TOM, LUIS GONZALEZ, ROLANDO ACOSTA, NAOMI GOLDSTEIN, SHERRY COHEN, JORGE DOPICO, ALAN W. FRIEDBERG, RAYMOND VALLEJO, ORLANDO REYES, LAUREN HOLMES, HEARING PANEL IV, HINSHAW & CULBERTSON, LLP, RICHARD SUPPLE, HAL LIEBERMAN, NYS OFFICE OF COURT ADMINISTRATION, (Lawrence Marks & John McConnell, Chief Counsel), STATE OF NEW YORK, CITY OF NEW YORK,

      Defendants - Appellees

THOMAS CAHILL, DAVID SPOKONY, JAMES SHED, O. LEE SQUITIERI, SQUITIERI & FEARON, LLP, DOES 1-10,

      Defendants

EXHIBIT 39

Page 478 of 808

6/14

| Date | Doc | Description |
|------|-----|-------------|
| 06/15/2018 | 1<br>9 pg, 888.99 KB | Appeal docketed. Received: 06/12/2018. [529733] Fee/IFP due 06/29/2018. Entry of Appearance due 06/29/2018. Certificate of Interest due 06/29/2018. Appellant's informal brief due 07/06/2018. [MJL] [Entered: 06/15/2018 10:29 AM] |
| 07/03/2018 | 2<br>0 pg, 0 KB | MOTION of Appellant Amy R. Weissbrod Gurvey for leave to proceed in Forma Pauperis. Service: 06/30/2018 by US mail. [535179] [CMP] [Entered: 07/11/2018 02:57 PM] |
| 07/03/2018 | 3<br>2 pg, 466.71 KB | Entry of appearance for Appellant Amy R. Gurvey as pro se. [Document submitted by fax. No action taken by clerk as form is not required for pro se parties.] Service: 06/30/2018 by US mail. [535193] [CMP] [Entered: 07/11/2018 03:30 PM] |
| 07/03/2018 | 4<br>6 pg, 1.16 MB | MOTION of Appellant Amy R. Weissbrod Gurvey to allow argument [Consent: not addressed]. Service: 06/30/2018 by US mail. [535490] [CMP] [Entered: 07/12/2018 02:58 PM] |
| 07/06/2018 | 5<br>3 pg, 610.34 KB | Entry of appearance for Appellant Amy R. Gurvey as pro se. Service: 06/30/2018 by US mail. [535494] [CMP] [Entered: 07/12/2018 03:06 PM] |
| 07/06/2018 | 6<br>6 pg, 1.41 MB | Duplicate copy of motion of Appellant Amy R. Weissbrod Gurvey to allow argument from Appellant. Service: 06/30/2018 by US mail. [535504] [CMP] [Entered: 07/12/2018 03:12 PM] |
| 07/06/2018 | 7<br>13 pg, 3.24 MB | INFORMAL BRIEF FILED with APPENDIX for Appellant Amy R. Weissbrod Gurvey. Number of Pages: 2. Service: 06/30/2018 by US mail. Informal Response Brief is due 07/26/2018 for Appellees Rolando Acosta, et al.. [535512] [CMP] [Entered: 07/12/2018 03:25 PM] |
| 07/06/2018 | 8<br>0 pg, 0 KB | Confidential document received. [Duplicate copy of motion for leave to proceed in Forma Pauperis corresponding to Doc No. [2]) from Appellant Amy R. Weissbrod Gurvey.] Service: 07/12/2018 by clerk. [535531] [CMP] [Entered: 07/12/2018 03:36 PM] |
| 07/09/2018 | 9<br>3 pg, 653.9 KB | Duplicate copy of Entry of appearance for Appellant Amy R. Gurvey as pro se. Service: 06/30/2018 by US mail. [535538] [CMP] [Entered: 07/12/2018 03:49 PM] |
| 07/09/2018 | 10<br>8 pg, 2.1 MB | Duplicate copy of INFORMAL BRIEF with APPENDIX [7] for Appellant Amy R. Weissbrod Gurvey. Number of Pages: 2. Service: 06/30/2018 by US mail [535539] [CMP] [Entered: 07/12/2018 03:56 PM] |
| 07/18/2018 | 11<br>3 pg, 152.39 KB | Entry of appearance for David Lawrence III as principal counsel for Appellees Jonathan Lippman, Luis Gonzalez, Peter Tom, Rolando Acosta, Jorge DoPico, Naomi Goldstein, Lauren Holmes, State of New York, Raymond Vallejo, Orlando Reyes, Sherry Cohen and Alan W. Friedberg. Service: 07/18/2018 by email, US mail. [536702] [18-2076] [David Lawrence] [Entered: 07/18/2018 10:12 AM] |
| 07/19/2018 | 22<br>2 pg, 464.61 KB | (Construed as) MOTION of Appellant Amy R. Weissbrod Gurvey leave to file electronically in this case. [Consent: not addressed]. Service: 07/27/2018 by clerk. [538949] [CMP] [Entered: 07/27/2018 09:45 AM] |
| 07/23/2018 | 12 | Notice to counsel for Appellees Thomas Cahill, City of New York, Does 1-10, Hearing Panel IV, Hinshaw & Culbertson, LLP, Hal Lieberman, NYS Office of Court Administration, James Shed, David Spokony, O. Lee Squitieri, Squitieri & Fearon, LLP and Richard Supple: The record of this case indicates that sn Entry of Appearance has not been filed and is overdue. Please submit the document(s) promptly. Service as of this date by the Clerk of Court. [537925] [CMP] [Entered: 07/23/2018 04:18 PM] |
| 07/23/2018 | 23<br>3 pg, 647.74 KB | Letter from Appellant Amy R. Weissbrod Gurvey (duplicate copy) of construed motion for leave to file electronically. Service: 07/27/2018 by clerk. [538952] [CMP] [Entered: 07/27/2018 09:49 AM] |
| 07/23/2018 | 27<br>2 pg, 323.71 KB | Letter from United States District Court for the Southern District of New York (Plaintiff's request for access to district court documents). [539675] [CMP] [Entered: 07/31/2018 11:13 AM] |
| 07/24/2018 | 13<br>2 pg, 107.35 KB | Entry of appearance for Nicole Feder as principal counsel for Appellees Hinshaw & Culbertson, LLP, Hal Lieberman and Richard Supple. Service: 07/24/2018 by US mail. [538095] [18-2076] [Nicole Feder] [Entered: 07/24/2018 10:28 AM] |
| 07/24/2018 | 14<br>2 pg, 122.73 KB | Notice from Appellees Rolando Acosta, Sherry Cohen, Jorge DoPico, Alan W. Friedberg, Naomi Goldstein, Luis Gonzalez, Lauren Holmes, Jonathan Lippman, Orlando Reyes and State of New York regarding conflicts with oral argument (September 25 and 26, 2018). Service: 07/24/2018 by email, US mail. [538288] [18-2076] [David Lawrence] [Entered: 07/24/2018 04:37 PM] |
| 07/24/2018 | 28<br>195 pg, 46.62 MB | MOTION of Appellant Amy R. Weissbrod Gurvey for various reliefs (withdraw informal opening brief, extend time to file formal opening brief, request to electronic file, request for oral argument). [Consent: not addressed]. Service: 07/23/2018 by US mail. [539680] [CMP] [Entered: 07/31/2018 11:17 AM] |
| 07/25/2018 | 15<br>2 pg, 106.78 KB | Entry of appearance for Shawn Kerby as principal counsel for Appellee NYS Office of Court Administration. Service: 07/25/2018 by email, US mail. [538517] [18-2076] [Shawn Kerby] [Entered: 07/25/2018 02:12 PM] |
| 07/25/2018 | 16<br>2 pg, 60.95 KB | Entry of appearance for Susan Paulson as principal counsel for Appellee City of New York. Service: 07/25/2018 by email, US mail. [538521] [18-2076] [Susan Paulson] [Entered: 07/25/2018 02:52 PM] |
| 07/26/2018 | 17 | Entry of appearance for Kathy Park as of counsel for Appellee City of New York. Service: 07/26/2018 by |

| | | |
|---|---|---|
| | 2 pg, 68.25 KB | email, US mail. [538637] [18-2076] [Kathy Park] [Entered: 07/26/2018 09:06 AM] |
| 07/26/2018 | ☐ 18<br>16 pg, 1.35 MB | TENDERED from Appellee NYS Office of Court Administration. Title: RESPONSE BRIEF. Service: 07/26/2018 by email, US mail. [538740] [18-2076] [Shawn Kerby] [Entered: 07/26/2018 12:41 PM] |
| 07/26/2018 | ☐ 19 🔒<br>0 pg, 0 KB | TENDERED from Appellee City of New York. Title: RESPONSE BRIEF. Service: 07/26/2018 by email, US mail. [538752] [18-2076]. This brief is non-compliant. See Doc. No. [47]. [Susan Paulson] [Entered: 07/26/2018 01:22 PM] |
| 07/26/2018 | ☐ 20 🔒<br>0 pg, 0 KB | TENDERED from Appellees Hinshaw & Culbertson, LLP, Hal Lieberman and Richard Supple. Title: RESPONSE BRIEF. Service: 07/26/2018 by email, US mail. [538816] [18-2076]. This brief is non-compliant. See Doc. No. [48]. [Nicole Feder] [Entered: 07/26/2018 03:26 PM] |
| 07/26/2018 | ☐ 21 🔒<br>0 pg, 0 KB | TENDERED from Appellees Jonathan Lippman, Rolando Acosta, Peter Tom, Luis Gonzalez, Jorge DoPico, Sherry Cohen, Naomi Goldstein, Alan W. Friedberg, Orlando Reyes, State of New York and Lauren Holmes. Title: COMBINED RESPONSE BRIEF & SUP APX (per FRC 30(f)). Service: 07/26/2018 by email, US mail. [538884] [18-2076]. This brief and appendix are non-compliant. See Doc. No. [49]. [David Lawrence] [Entered: 07/26/2018 06:26 PM] |
| 07/26/2018 | ☐ 45<br>15 pg, 857.11 KB | INFORMAL BRIEF FILED for Appellee NYS Office of Court Administration [18]. Number of Pages: 9. Service: 07/26/2018 by email, US mail. Three paper copies of the brief should be received by the court on or before 09/26/2018. [551162] [MJL] [Entered: 09/19/2018 05:56 PM] |
| 07/27/2018 | ☐ 24<br>3 pg, 87.98 KB | Certificate of Interest for the Appellees Hinshaw & Culbertson, LLP, Hal Lieberman and Richard Supple. Service: 07/27/2018 by email, US mail. [539002] [18-2076] [Nicole Feder] [Entered: 07/27/2018 11:10 AM] |
| 07/27/2018 | ☐ 25<br>1 pg, 56.33 KB | Entry of appearance for Susan Paulson as principal counsel for Appellee City of New York. Service: 07/27/2018 by email, US mail. [539004] [18-2076] [Susan Paulson] [Entered: 07/27/2018 11:17 AM] |
| 07/27/2018 | ☐ 26<br>2 pg, 166.26 KB | Certificate of Interest for the Appellee NYS Office of Court Administration. Service: 07/27/2018 by email, US mail. [539010] [18-2076] [Shawn Kerby] [Entered: 07/27/2018 11:31 AM] |
| 07/27/2018 | ☐ 33 | 5 paper copies of the Informal Brief [19] received from Appellee City of New York cannot be filed at this time; reason: pending motion to withdraw Appellant's Informal Opening Brief. [546180] [CJF] [Entered: 08/29/2018 03:44 PM] |
| 07/31/2018 | ☐ 29 | The briefs submitted by Appellees Rolando Acosta, City of New York, Sherry Cohen, Jorge DoPico, Alan W. Friedberg, Naomi Goldstein, Luis Gonzalez, Hinshaw & Culbertson, LLP, Lauren Holmes, Hal Lieberman, Jonathan Lippman, NYS Office of Court Administration, Orlando Reyes, State of New York, Richard Supple, Peter Tom and Raymond Vallejo [18], [19], [20], [21] cannot be filed at this time; reason: pending motin to withdraw Appellant's Informal Opening Brief. [539695] [CMP] [Entered: 07/31/2018 11:33 AM] |
| 07/31/2018 | ☐ 34 | 3 paper copies of the Brief [21] received from Appellees Rolando Acosta, Naomi Goldstein, Jonathan Lippman, Peter Tom, Sherry Cohen, Jorge DoPico, Alan W. Friedberg, Lauren Holmes, Orlando Reyes, State of New York and Raymond Vallejo cannot be filed at this time; reason: pending motion to withdraw Appellant's Informal Opening Brief. [546189]--[Edited 08/29/2018 by JCP] [CJF] [Entered: 08/29/2018 03:55 PM] |
| 07/31/2018 | ☐ 35 | 6 paper copies of the Appendix Brief [21] received from Appellees Rolando Acosta, Sherry Cohen, Jorge DoPico, Alan W. Friedberg, Naomi Goldstein, Luis Gonzalez, Lauren Holmes, Jonathan Lippman, Orlando Reyes, State of New York, Peter Tom and Raymond Vallejo cannot be filed at this time; reason: pending motion to withdraw Appellant's Informal Opening Brief. [546199] [CJF] [Entered: 08/29/2018 04:03 PM] |
| 08/02/2018 | ☐ 30 | Official caption revised to reflect non-participation by certain defendants. The official caption is reflected on the electronic docket under the listing of the parties and counsel. Service as of this date by the Clerk of Court. [540421] [CMP] [Entered: 08/02/2018 12:40 PM] |
| 08/03/2018 | ☐ 31<br>6 pg, 206.3 KB | RESPONSE of Appellee NYS Office of Court Administrationfrom hearing panel iv to the motion for other relief [28] filed by Appellant Amy R. Weissbrod Gurvey. Service: 08/03/2018 by email, US mail. [540600] [18-2076] [Shawn Kerby] [Entered: 08/03/2018 09:41 AM] |
| 08/03/2018 | ☐ 32<br>43 pg, 2.43 MB | RESPONSE of Appellees Hal Lieberman, Richard Supple and Hinshaw & Culbertson, LLP to the motion [28] filed by Appellant Amy R. Weissbrod Gurvey. Service: 08/03/2018 by email, US mail. [540748] [18-2076] [Nicole Feder] [Entered: 08/03/2018 03:32 PM] |
| 08/24/2018 | ☐ 37 🔒<br>0 pg, 0 KB | TENDERED from Appellant Amy R. Weissbrod Gurvey. Title: REPLY BRIEF. [547923] This document is non-compliant. See Doc No. [38]. [CMP] [Entered: 09/07/2018 11:37 AM] |
| 08/24/2018 | ☐ 41 | 3 paper copies of the Informal Reply Brief [37] received from Appellant Amy R. Weissbrod Gurvey. [549354] [CJF] [Entered: 09/13/2018 09:02 AM] |
| 08/30/2018 | ☐ 36<br>2 pg, 75.27 KB | ORDER filed. The motion [2] is denied. The $505 filing fee must be paid within 30 days of the date of filing of this order. Service: 08/30/2018 by clerk. [546299] [LMS] [Entered: 08/30/2018 07:28 AM] |

EXHIBIT 39
Page 480 of 808

| 08/31/2018 | ☐ 43<br>3 pg, 607.82 KB | Notice from Appellant Amy R. Weissbrod Gurvey. Service: 08/30/2018 by US mail. [551085] [MJL] [Entered: 09/19/2018 04:07 PM] |
| 09/05/2018 | ☐ 44<br>3 pg, 579.96 KB | Duplicate copy of notice [43] for Appellant Amy R. Weissbrod Gurvey. Service: 08/30/2018 by US mail. [551086] [MJL] [Entered: 09/19/2018 04:08 PM] |
| 09/07/2018 | ☐ 38<br>2 pg, 63.77 KB | NOTICE OF NON-COMPLIANCE: The submission of Appellant Amy R. Weissbrod Gurvey, Informal Reply Brief [37], is not in compliance with the rules of this court (see attached). Compliant document is due by 09/21/2018. Service as of this date by the Clerk of Court.[547926] [CMP] [Entered: 09/07/2018 11:40 AM] |
| 09/07/2018 | ☐ 39 | Filing fee paid in the United States District Court for the Southern District of New York on 09/06/2018. [547938] [CMP] [Entered: 09/07/2018 11:55 AM] |
| 09/07/2018 | ☐ 40<br>4 pg, 68.55 KB | Amended Certified list from the United States District Court for the Southern District of New York (reflecting fee payment). Service: 09/07/2018 by clerk. [547940] [CMP] [Entered: 09/07/2018 11:57 AM] |
| 09/19/2018 | ☐ 42<br>3 pg, 78.91 KB | ORDER filed. The motion for oral argument [4] is deferred to the merits panel assigned to this case. The motion for electronic service [22] is denied. The motion to withdraw the informal brief and replace it with a formal brief [28] is denied. A copy of this order shall be transmitted to the merits panel assigned to the case.; - FOR CALENDAR. (Per Curiam). Service: 09/19/2018 by clerk. [551065] [LMS] [Entered: 09/19/2018 03:20 PM] |
| 09/19/2018 | ☐ 46 | CLERK'S OFFICE QUALITY CONTROL MESSAGE: ERROR: NYS Office of Court Administration's brief [18] was not text-searchable. CORRECTION: Pursuant to FCR 25(c)(1)(K) and 25(d), documents must be entirely text-searchable. Please ensure future filings are text-searchable. THIS MESSAGE IS FOR INFORMATIONAL PURPOSES ONLY. [551163] [MJL] [Entered: 09/19/2018 05:59 PM] |
| 09/19/2018 | ☐ 47<br>1 pg, 65.67 KB | NOTICE OF NON-COMPLIANCE: The submission of Appellee City of New York, Informal Brief [19], is not in compliance with the rules of this court (see attached). Compliant brief due 09/26/2018. Service as of this date by the Clerk of Court. [551171] [MJL] [Entered: 09/19/2018 06:19 PM] |
| 09/19/2018 | ☐ 48<br>2 pg, 68.9 KB | NOTICE OF NON-COMPLIANCE: The submission of Appellees Hinshaw & Culbertson, LLP, Hal Lieberman and Richard Supple, Informal Brief [20], is not in compliance with the rules of this court (see attached). Compliant brief due 09/26/2018. Service as of this date by the Clerk of Court. [551177] [MJL] [Entered: 09/19/2018 06:29 PM] |
| 09/19/2018 | ☐ 49<br>2 pg, 68.83 KB | NOTICE OF NON-COMPLIANCE: The submission of Appellees Acosta, Cohen, DoPico, Friedberg, Goldstein, Gonzalez, Holmes, Lippman, Reyes, State of New York, Tom, and Vallejo, Informal Brief [21], is not in compliance with the rules of this court (see attached). Compliant brief due 09/26/2018. Service as of this date by the Clerk of Court. [551180] [MJL] [Entered: 09/19/2018 06:43 PM] |
| 09/21/2018 | ☐ 54<br>241 pg, 11.75 MB | MOTION of Appellant Amy R. Weissbrod Gurvey to stay appeal, modify the official caption, enlarge the reply appendix, and accept the informal reply brief as timely. Service: 09/20/2018 by US mail. [552616] [MJL] [Entered: 09/26/2018 10:09 AM] |
| 09/24/2018 | ☐ 55<br>71 pg, 15.52 MB | TENDERED from Appellant Amy R. Weissbrod Gurvey. Title: CORRECTED REPLY BRIEF. [552619] [MJL] [Entered: 09/26/2018 10:11 AM] |
| 09/25/2018 | ☐ 50<br>21 pg, 314.75 KB | TENDERED from Appellees Rolando Acosta, Jonathan Lippman, Peter Tom, Luis Gonzalez, Jorge DoPico, Sherry Cohen, Naomi Goldstein, Alan W. Friedberg, Raymond Vallejo, Orlando Reyes, Lauren Holmes and State of New York. Title: CORRECTED RESPONSE BRIEF. Service: 09/25/2018 by email, US mail. [552527] [18-2076] [David Lawrence] [Entered: 09/25/2018 04:29 PM] |
| 09/25/2018 | ☐ 51<br>181 pg, 33.04 MB | TENDERED from Appellees Jonathan Lippman, Rolando Acosta, Peter Tom, Luis Gonzalez, Jorge DoPico, Sherry Cohen, Naomi Goldstein, Alan W. Friedberg, Raymond Vallejo, Orlando Reyes, Lauren Holmes and State of New York. Title: CORRECTED JOINT APPENDIX. Service: 09/25/2018 by email, US mail. [552532] [18-2076] [David Lawrence] [Entered: 09/25/2018 04:35 PM] |
| 09/25/2018 | ☐ 52<br>1 pg, 59.45 KB | CORRECTED certificate of service for Appellees Jonathan Lippman, Rolando Acosta, Sherry Cohen, Jorge DoPico, Alan W. Friedberg, Naomi Goldstein, Luis Gonzalez, Lauren Holmes, State of New York, Peter Tom and Raymond Vallejo for Brief, Doc No. [51], Brief, Doc No. [50]. Service: 09/25/2018 by US mail, email. [552537] [18-2076] [David Lawrence] [Entered: 09/25/2018 04:38 PM] |
| 09/25/2018 | ☐ 60<br>22 pg, 395.8 KB | CORRECTED INFORMAL BRIEF FILED for Appellees Rolando Acosta, Sherry Cohen, Jorge DoPico, Alan W. Friedberg, Naomi Goldstein, Luis Gonzalez, Lauren Holmes, Jonathan Lippman, Orlando Reyes, State of New York, Peter Tom and Raymond Vallejo [50]. Number of Pages: 20. Service: 09/25/2018 by email, US mail. [553216] [MJL] [Entered: 09/28/2018 11:02 AM] |
| 09/25/2018 | ☐ 61<br>182 pg, 33.11 MB | CORRECTED APPENDIX FILED (SUPPLEMENTAL) for Rolando Acosta, Sherry Cohen, Jorge DoPico, Alan W. Friedberg, Naomi Goldstein, Luis Gonzalez, Lauren Holmes, Jonathan Lippman, Orlando Reyes, State of New York, Peter Tom and Raymond Vallejo [51]. Number of Pages: 182. Service: 09/25/2018 by US mail, email. [553220] [MJL] [Entered: 09/28/2018 11:04 AM] |
| 09/26/2018 | ☐ 53 | 3 paper copies of the Informal Opening Response Brief [45] received from Appellee NYS Office of Court Administration. [552593] [CJF] [Entered: 09/26/2018 09:02 AM] |

| | | |
|---|---|---|
| 09/26/2018 | ☐ 56<br>26 pg, 13.89 MB | TENDERED from Appellees Hal Lieberman, Hinshaw & Culberston, LLP and Richard Supple. Title: CORRECTED RESPONSE BRIEF. Service: 09/26/2018 by email, US mail. [552739] [18-2076]. This brief is non-compliant. See Doc. No. [62]. [Nicole Feder] [Entered: 09/26/2018 01:37 PM] |
| 09/26/2018 | ☐ 57<br>95 pg, 21.17 MB | MOTION of Appellant Amy R. Weissbrod Gurvey to strike documents [11], [18], [21], [45], to reconsider court order [42], and for various other reliefs. [Consent: not addressed]. Service: 09/27/2018 by clerk. [553029] [MJL] [Entered: 09/27/2018 02:33 PM] |
| 09/27/2018 | ☐ 58 | 6 paper copies of the Corrected Appendix [51] received from Appellees. [553213] [CJF] [Entered: 09/28/2018 10:49 AM] |
| 09/27/2018 | ☐ 59 | 6 paper copies of the Corrected Informal Response Brief [50] received from Appellees Rolando Acosta, Sherry Cohen, Jorge DoPico, Alan W. Friedberg, Naomi Goldstein, Luis Gonzalez, Lauren Holmes, Jonathan Lippman, Orlando Reyes, State of New York, Peter Tom and Raymond Vallejo. [553214] [CJF] [Entered: 09/28/2018 10:53 AM] |
| 09/28/2018 | ☐ 62<br>2 pg, 69.02 KB | NOTICE OF NON-COMPLIANCE: The submission of Appellees Hinshaw & Culberston, LLP, Hal Lieberman and Richard Supple, Informal Response Brief [56], is not in compliance with the rules of this court (see attached). Compliant brief due 10/05/2018. Service as of this date by the Clerk of Court. [553228]--Edited 09/28/2018 by MJL to update attached notice]. [MJL] [Entered: 09/28/2018 11:12 AM] |
| 09/28/2018 | ☐ 63<br>28 pg, 14.48 MB | TENDERED from Appellees Hinshaw & Culberston, LLP, Hal Lieberman and Richard Supple. Title: CORRECTED RESPONSE BRIEF. Service: 09/28/2018 by email, US mail. [553365] [18-2076] [Nicole Feder] [Entered: 09/28/2018 02:48 PM] |
| 09/28/2018 | ☐ 64<br>28 pg, 14.48 MB | CORRECTED INFORMAL BRIEF FILED for Appellees Hinshaw & Culberston, LLP, Hal Lieberman and Richard Supple [63]. Number of Pages: 24. Service: 09/28/2018 by email, US mail. Three paper copies of the brief should be received by the court on or before 10/05/2018. [553421] [MJL] [Entered: 09/28/2018 05:02 PM] |
| 10/01/2018 | ☐ 70 🔒<br>0 pg, 0 KB | TENDERED from Appellant Amy R. Weissbrod Gurvey. Title: REPLY BRIEF. [554996]. This brief is non-compliant. See Doc. No. [73]. [MJL] [Entered: 10/04/2018 03:35 PM] |
| 10/03/2018 | ☐ 65<br>10 pg, 942.05 KB | RESPONSE of Appellee NYS Office of Court Administrationfrom Hearing Panel IV to the motion [54] filed by Appellant Amy R. Weissbrod Gurvey, motion [54] filed by Appellant Amy R. Weissbrod Gurvey, motion [54] filed by Appellant Amy R. Weissbrod Gurvey, motion [54] filed by Appellant Amy R. Weissbrod Gurvey, motion [54] filed by Appellant Amy R. Weissbrod Gurvey. Service: 10/03/2018 by email, US mail. [554409] [18-2076] [Shawn Kerby] [Entered: 10/03/2018 10:17 AM] |
| 10/03/2018 | ☐ 66<br>2 pg, 122.87 KB | Certificate of Interest for the Not party Hearing Panel IV and Appellee NYS Office of Court Administration. Service: 10/03/2018 by email, US mail. [554428] [18-2076] This document is non-compliant. See Doc No. [76] [Shawn Kerby] [Entered: 10/03/2018 10:34 AM] |
| 10/03/2018 | ☐ 67 | 3 paper copies of the Corrected Informal Opening Response Brief [64] received from Appellees Hinshaw & Culberston, LLP, Hal Lieberman and Richard Supple. [554442] [CJF] [Entered: 10/03/2018 10:50 AM] |
| 10/03/2018 | ☐ 68<br>127 pg, 8.53 MB | RESPONSE of Appellees Hinshaw & Culberston, LLP, Hal Lieberman and Richard Supple to the motion to stay appeal [54] filed by Appellant Amy R. Weissbrod Gurvey, motion to modify the official caption [54] filed by Appellant Amy R. Weissbrod Gurvey, motion to correct/supplement filed by Appellant Amy R. Weissbrod Gurvey, motion to extend time to file brief [54] filed by Appellant Amy R. Weissbrod Gurvey, motion for other relief [54] filed by Appellant Amy R. Weissbrod Gurvey. Service: 10/03/2018 by email, US mail. [554533] [18-2076] [Nicole Feder] [Entered: 10/03/2018 01:06 PM] |
| 10/03/2018 | ☐ 69<br>10 pg, 328 KB | RESPONSE of Appellees Rolando Acosta, Sherry Cohen, Jonathan Lippman, Orlando Reyes, Luis Gonzalez, Jorge DoPico, Peter Tom, Raymond Vallejo, Naomi Goldstein, Alan W. Friedberg, Lauren Holmes and State of New York to the motion [54] filed by Appellant Amy R. Weissbrod Gurvey, motion [54] filed by Appellant Amy R. Weissbrod Gurvey, motion [54] filed by Appellant Amy R. Weissbrod Gurvey, motion [54] filed by Appellant Amy R. Weissbrod Gurvey. Service: 10/03/2018 by email, US mail. [554673] [18-2076] [David Lawrence] [Entered: 10/03/2018 04:59 PM] |
| 10/03/2018 | ☐ 71<br>33 pg, 7.84 MB | Document construed as MOTION of Appellant Amy R. Weissbrod Gurvey to waive requirements and allow for a second reply brief [Consent: not addressed]. Service: 09/29/2018 by US mail. [554998] [MJL] [Entered: 10/04/2018 03:38 PM] |
| 10/04/2018 | ☐ 72<br>2 pg, 68.8 KB | MOTION of Appellee City of New York to extend the time to 10/04/2018 to file the September 26, 2018 corrected brief. [Consent: not addressed]. Service: 10/04/2018 by email. [555004] [18-2076] [Susan Paulson] [Entered: 10/04/2018 03:43 PM] |
| 10/04/2018 | ☐ 73<br>1 pg, 65.82 KB | NOTICE OF NON-COMPLIANCE: The submission of Appellant Amy R. Weissbrod Gurvey, Reply Brief [70], is not in compliance with the rules of this court (see attached). Compliant brief due 10/18/2018. Service as of this date by the Clerk of Court. [555007] [MJL] [Entered: 10/04/2018 03:44 PM] |
| 10/04/2018 | ☐ 74<br>12 pg, 389.77 KB | TENDERED from Appellee City of New York. Title: CORRECTED RESPONSE BRIEF. Service: 10/04/2018 by email, US mail. [555011] [18-2076] [Susan Paulson] [Entered: 10/04/2018 03:45 PM] |

| 10/05/2018 | ☐ 75<br>9 pg, 313.8 KB | RESPONSE of Appellees Rolando Acosta, Jorge DoPico, Alan W. Friedberg, Naomi Goldstein, Luis Gonzalez, Jonathan Lippman, Peter Tom, Sherry Cohen, Lauren Holmes, Raymond Vallejo and State of New York to the motion to strike document [57] filed by Appellant Amy R. Weissbrod Gurvey, motion to reconsider order [57] filed by Appellant Amy R. Weissbrod Gurvey, motion to terminate appeal [57] filed by Appellant Amy R. Weissbrod Gurvey. Service: 10/05/2018 by email, US mail. [555309] [18-2076] [David Lawrence] [Entered: 10/05/2018 02:47 PM] |
|---|---|---|
| 10/05/2018 | ☐ 76<br>1 pg, 66.41 KB | NOTICE OF NON-COMPLIANCE: The submission of Appellee NYS Office of Court Administration and Not party Hearing Panel IV, Certificate of Interest [66], is not in compliance with the rules of this court (see attached). Compliant document due on 10/15/2018. Service as of this date by the Clerk of Court.[555345] [CAB] [Entered: 10/05/2018 04:07 PM] |
| 10/05/2018 | ☐ 88 | 4 paper copies of the Corrected Informal Response Brief [74] received from Appellee City of New York. [556320] [CJF] [Entered: 10/11/2018 11:12 AM] |
| 10/09/2018 | ☐ 77<br>1 pg, 64.38 KB | Entry of appearance for Shawn Kerby as principal counsel for Not party Hearing Panel IV. Service: 10/09/2018 by email, US mail. [555661] [18-2076] [Shawn Kerby] [Entered: 10/09/2018 02:55 PM] |
| 10/09/2018 | ☐ 78<br>2 pg, 56.46 KB | Certificate of Interest for the Appellee NYS Office of Court Administration and Not party Hearing Panel IV. Service: 10/09/2018 by email, US mail. [555663] [18-2076] [Shawn Kerby] [Entered: 10/09/2018 02:57 PM] |
| 10/09/2018 | ☐ 79<br>10 pg, 425.47 KB | RESPONSE of Appellees Hinshaw & Culberston, LLP, Hal Lieberman and Richard Supple to the motion [57] filed by Appellant Amy R. Weissbrod Gurvey, motion [57] filed by Appellant Amy R. Weissbrod Gurvey, motion [57] filed by Appellant Amy R. Weissbrod Gurvey. Service: 10/09/2018 by email, US mail. [555711] [18-2076] [Nicole Feder] [Entered: 10/09/2018 04:04 PM] |
| 10/09/2018 | ☐ 83<br>62 pg, 1.13 MB | REPLY of Appellant Amy R. Weissbrod Gurvey to responses [65], [68], and [69] filed by Appellees. Service: 10/09/2018 by US mail. [555937] [MJL] [Entered: 10/10/2018 10:43 AM] |
| 10/10/2018 | ☐ 80<br>2 pg, 73.24 KB | ORDER filed. The motion [72] is granted. The City of New York's corrected response brief, ECF No. 74, is accepted for filing. Service: 10/10/2018 by clerk. [555835] [LMS] [Entered: 10/10/2018 08:18 AM] |
| 10/10/2018 | ☐ 81<br>12 pg, 389.77 KB | CORRECTED INFORMAL BRIEF FILED for Appellee City of New York [74]. Number of Pages: 8. Service: 10/04/2018 by US mail, email. Three paper copies of the brief should be received by the court on or before 10/17/2018. [555841] [MJL] [Entered: 10/10/2018 08:35 AM] |
| 10/10/2018 | ☐ 82<br>7 pg, 359 KB | RESPONSE of Appellee NYS Office of Court Administrationfrom Hearing Panel IV to the motion [57] filed by Appellant Amy R. Weissbrod Gurvey, motion [57] filed by Appellant Amy R. Weissbrod Gurvey, motion [57] filed by Appellant Amy R. Weissbrod Gurvey. Service: 10/10/2018 by email, US mail. [555929] [18-2076] [Shawn Kerby] [Entered: 10/10/2018 10:26 AM] |
| 10/10/2018 | ☐ 84<br>1 pg, 22.16 KB | CORRECTED certificate of service for Appellee NYS Office of Court Administration Hearing Panel IV for attorney entry of appearance, Doc No. [77]. Service: 10/10/2018 by email, US mail. [555968] [18-2076] [Shawn Kerby] [Entered: 10/10/2018 11:29 AM] |
| 10/10/2018 | ☐ 85<br>1 pg, 23.13 KB | CORRECTED certificate of service for Appellee NYS Office of Court Administration Hearing Panel IV for response, Doc No. [65]. Service: 10/03/2018 by email, US mail. [555969] [18-2076] [Shawn Kerby] [Entered: 10/10/2018 11:31 AM] |
| 10/10/2018 | ☐ 86<br>1 pg, 23.23 KB | CORRECTED certificate of service for Appellee NYS Office of Court Administration Hearing Panel IV for response, Doc No. [82]. Service: 10/10/2018 by email, US mail. [555971] [18-2076] [Shawn Kerby] [Entered: 10/10/2018 11:33 AM] |
| 10/10/2018 | ☐ 87 | Official caption revised to reflect Hearing Panel IV as an appellee and correct ordering of the parties. The official caption is reflected on the electronic docket under the listing of the parties and counsel. Service as of this date by the Clerk of Court. [556098] [MJL] [Entered: 10/10/2018 03:00 PM] |
| 10/16/2018 | ☐ 89<br>260 pg, 9.49 MB | REPLY of Appellant Amy R. Weissbrod Gurvey to the response [79] filed by Appellees Hinshaw & Culberston, LLP, Hal Lieberman, and Richard Supple with incorporated MOTION for sanctions and damages [Consent: not addressed]. Service: 10/15/2018 by US mail. [559833] [MJL] [Entered: 10/24/2018 08:32 AM] |
| 10/29/2018 | ☐ 90<br>8 pg, 331.87 KB | RESPONSE of Appellees Rolando Acosta, Sherry Cohen, Jorge DoPico, Alan W. Friedberg, Naomi Goldstein, Luis Gonzalez, Lauren Holmes, Jonathan Lippman, State of New York, Peter Tom, Raymond Vallejo and Orlando Reyes to the motion [89] filed by Appellant Amy R. Weissbrod Gurvey. Service: 10/29/2018 by email, US mail. [560901] [18-2076] [David Lawrence] [Entered: 10/29/2018 11:43 AM] |
| 10/29/2018 | ☐ 91<br>25 pg, 1.4 MB | RESPONSE of Appellees Hinshaw & Culberston, LLP, Hal Lieberman and Richard Supple to the motion [89] filed by Appellant Amy R. Weissbrod Gurvey. Service: 10/29/2018 by email, US mail. [560971] [18-2076] [Nicole Feder] [Entered: 10/29/2018 02:37 PM] |
| 11/16/2018 | ☐ 92<br>24 pg, 110.05 KB | REPLY of Appellant Amy R. Weissbrod Gurvey to responses [90] and [91] filed by Appellees in 18-2076. Service: 11/14/2018 by US mail. [566317]. This document is non-compliant. See Doc. No. [93]. [MJL] [Entered: 11/19/2018 01:53 PM] |

| 11/19/2018 | ☐ 93<br>1 pg, 65.77 KB | NOTICE OF NON-COMPLIANCE: The submission of Appellant Amy R. Weissbrod Gurvey, Reply [92], is not in compliance with the rules of this court (see attached). Compliant document due 12/03/2018. Service as of this date by the Clerk of Court. [566319] [JAL] [Entered: 11/19/2018 01:56 PM] |
| 11/19/2018 | ☐ 94<br>3 pg, 78.82 KB | ORDER filed. Ms. Weissbrod Gurvey's reply brief docketed at ECF No. 55 is accepted for filing. All other motions [54] [57] [71] [89] and requests for relief in ECF Nos. 54, 57, 71, and 89 are denied. The matter is ready for assignment to a merits panel. (Per Curiam). Service: 11/19/2018 by clerk. [566366] [LMS] [Entered: 11/19/2018 02:59 PM] |
| 11/19/2018 | ☐ 95<br>71 pg, 15.52 MB | CORRECTED INFORMAL REPLY BRIEF FILED for Appellant Amy R. Weissbrod Gurvey [55]. Number of Pages: 14. Service: 09/24/2018 by clerk. [566374] [MJL] [Entered: 11/19/2018 03:16 PM] |
| 11/26/2018 | ☐ 96<br>76 pg, 1.86 MB | Document construed as MOTION of Appellant Amy R. Weissbrod Gurvey to consolidate appeals [Consent: not addressed]. Service: 11/23/2018 by US mail. [568581] [MJL] [Entered: 11/29/2018 01:47 PM] |
| 11/30/2018 | ☐ 97<br>5 pg, 379.87 KB | RESPONSE of Appellees Hearing Panel IV and NYS Office of Court Administration to the motion to consolidate appeals [96] filed by Appellant Amy R. Weissbrod Gurvey. Service: 11/30/2018 by email, US mail. [568980] [18-2076] This document is non-compliant. See Doc No.[99] [Shawn Kerby] [Entered: 11/30/2018 02:35 PM] |
| 12/06/2018 | ☐ 98<br>12 pg, 531.71 KB | RESPONSE of Appellees Hinshaw & Culbertson, LLP, Hal Lieberman and Richard Supple to the motion [96] filed by Appellant Amy R. Weissbrod Gurvey. Service: 12/06/2018 by email, US mail. [569826] [18-2076] This document is non-compliant. See Doc No.[101] [Nicole Feder] [Entered: 12/06/2018 10:53 AM] |
| 12/07/2018 | ☐ 99<br>2 pg, 66.57 KB | NOTICE OF NON-COMPLIANCE: The submission of Appellees Hearing Panel IV and NYS Office of Court Administration, Response to the motion to consolidate appeals [97], is not in compliance with the rules of this court (see attached). Service as of this date by the Clerk of Court.[570098] Compliant document due on 12/14/2018. [JAL] [Entered: 12/07/2018 09:08 AM] |
| 12/07/2018 | ☐ 100<br>7 pg, 165.85 KB | RESPONSE of Appellees Hearing Panel IV and NYS Office of Court Administration to the motion [96] filed by Appellant Amy R. Weissbrod Gurvey. Service: 12/07/2018 by email, US mail. [570263] [18-2076] [Shawn Kerby] [Entered: 12/07/2018 02:48 PM] |
| 12/11/2018 | ☐ 101<br>2 pg, 67.96 KB | NOTICE OF NON-COMPLIANCE: The submission of Appellees Hinshaw & Culbertson, LLP, Hal Lieberman, and Richard Supple, Response to motion to consolidate appeals [98], is not in compliance with the rules of this court (see attached). Compliant document due on 12/18/2018. Service as of this date by the Clerk of Court.[570865] [JAL] [Entered: 12/11/2018 12:53 PM] |
| 12/12/2018 | ☐ 102<br>4 pg, 104.84 KB | MOTION of Appellant Amy R. Weissbrod Gurvey to terminate appeal through remand [Consent: not addressed]. Service: 12/11/2018 by US mail. [571130] [MJL] [Entered: 12/12/2018 09:55 AM] |
| 12/14/2018 | ☐ 103<br>21 pg, 434.46 KB | MOTION of Appellant Amy R. Weissbrod Gurvey to supplement the motion to consolidate appeals [96] filed in 18-2076 [Consent: not addressed]. Service: 12/17/2018 by clerk. [572041] [MJL] [Entered: 12/17/2018 08:22 AM] |
| 12/17/2018 | ☐ 104<br>14 pg, 565.93 KB | RESPONSE of Appellees Hinshaw & Culbertson, LLP, Hal Lieberman and Richard Supple to the motion to consolidate appeals [96] filed by Appellant Amy R. Weissbrod Gurvey. Service: 12/17/2018 by email, US mail. [572189] [18-2076] [Nicole Feder] [Entered: 12/17/2018 12:34 PM] |
| 12/17/2018 | ☐ 105<br>2 pg, 76.21 KB | NOTICE OF SUBMISSION WITHOUT ARGUMENT. Panel: 1902O. Case scheduled Feb 08, 2019. Argument is not required and this case will be submitted to the panel on the date indicated. [572339] [JAB] [Entered: 12/17/2018 04:12 PM] |
| 12/17/2018 | ☐ 106<br>5 pg, 1.34 MB | Copy of motion [102] received via mail for Appellant Amy R. Weissbrod Gurvey. Service: 12/11/2018 by US mail. [572540] [MJL] [Entered: 12/18/2018 09:50 AM] |
| 12/19/2018 | ☐ 107<br>7 pg, 278.98 KB | RESPONSE of Appellees Hearing Panel IV and NYS Office of Court Administration to the motion to terminate appeal [102] filed by Appellant Amy R. Weissbrod Gurvey. Service: 12/19/2018 by email, US mail. [572989] [18-2076] [Shawn Kerby] [Entered: 12/19/2018 11:43 AM] |
| 12/20/2018 | ☐ 108<br>13 pg, 682.91 KB | RESPONSE of Appellees Hearing Panel IV and NYS Office of Court Administration to the motion [103] filed by Appellant Amy R. Weissbrod Gurvey. Service: 12/20/2018 by email, US mail. [573412] [18-2076] [Shawn Kerby] [Entered: 12/20/2018 10:19 AM] |
| 12/20/2018 | ☐ 109<br>2 pg, 75.46 KB | ORDER filed denying [4] motion to allow argument filed by Amy R. Weissbrod Gurvey. By: Merits Panel (Per Curiam). Service as of this date by the Clerk of Court. [573615] [JAB] [Entered: 12/20/2018 03:09 PM] |
| 12/21/2018 | ☐ 110<br>10 pg, 291.11 KB | RESPONSE of Appellees Rolando Acosta, Jorge DoPico, Alan W. Friedberg, Naomi Goldstein, Luis Gonzalez, Jonathan Lippman, NYS Office of Court Administration, Orlando Reyes, State of New York, Peter Tom and Raymond Vallejo to the motion [102] filed by Appellant Amy R. Weissbrod Gurvey. Service: 12/21/2018 by email, US mail. [574106] [18-2076] [David Lawrence] [Entered: 12/21/2018 01:47 PM] |
| 12/21/2018 | ☐ 111<br>15 pg, 615.49 KB | RESPONSE of Appellees Hinshaw & Culbertson, LLP, Hal Lieberman and Richard Supple to the motion [103] filed by Appellant Amy R. Weissbrod Gurvey, motion [102] filed by Appellant Amy R. Weissbrod Gurvey. Service: 12/21/2018 by email, US mail. [574145] [18-2076] [Nicole Feder] [Entered: 12/21/2018 02:47 PM] |

| 01/07/2019 | ☐ 112 132 pg, 3.73 MB | MOTION of Appellant Amy R. Weissbrod Gurvey to stay appeal [Consent: not addressed]. Service: 01/07/2019 by US mail. [576868] [JAB] [Entered: 01/09/2019 11:03 AM] |
| 01/07/2019 | ☐ 113 131 pg, 3.78 MB | Duplicate copy of [112] motion to stay appeal for Appellant Amy R. Weissbrod Gurvey. Service: 01/09/2019 by clerk. [576873] [JAB] [Entered: 01/09/2019 11:07 AM] |
| 01/07/2019 | ☐ 114 99 pg, 3.15 MB | Duplicate copy of [112] motion to stay appeal for Appellant Amy R. Weissbrod Gurvey. Service: 01/09/2019 by clerk. [576875] [JAB] [Entered: 01/09/2019 11:09 AM] |
| 01/14/2019 | ☐ 115 8 pg, 195.96 KB | RESPONSE of Appellees Hearing Panel IV and NYS Office of Court Administration to the motion to stay appeal [112] filed by Appellant Amy R. Weissbrod Gurvey. Service: 01/14/2019 by email, US mail. [577932] [18-2076] [Shawn Kerby] [Entered: 01/14/2019 03:09 PM] |
| 01/15/2019 | ☐ 116 22 pg, 1.43 MB | RESPONSE of Appellees Hal Lieberman, Hinshaw & Culbertson, LLP and Richard Supple to the motion [112] filed by Appellant Amy R. Weissbrod Gurvey. Service: 01/15/2019 by email, US mail. [578188] [18-2076] [Nicole Feder] [Entered: 01/15/2019 03:48 PM] |
| 01/16/2019 | ☐ 117 3 pg, 76.79 KB | Letter from Appellant Amy R. Weissbrod Gurvey in support of remand. Service: 01/16/2019 by US mail. [578817] [JAB] [Entered: 01/17/2019 09:09 AM] |
| 01/28/2019 | ☐ 118 11 pg, 470.64 KB | REPLY of Appellant Amy R. Weissbrod Gurvey to response filed by Appellees in 18-2076, Doc. No [115], response filed by Appellees in 18-2076, Doc. No [116]. Service: 01/26/2019 by US mail. [581278] [JAB] [Entered: 01/28/2019 09:44 AM] |
| 01/28/2019 | ☐ 119 2 pg, 107.78 KB | Letter from Appellees Richard Supple, Hal Lieberman and Hinshaw & Culbertson, LLP Further response to Gurvey's motion to stay.. Service: 01/21/2019 by email. [581344] [18-2076] [Nicole Feder] [Entered: 01/28/2019 11:13 AM] |
| 02/07/2019 | ☐ 120 9 pg, 1.93 MB | Miscellaneous documents (service copy of United States Court of Appeals for the Second Circuit filing) for Appellant Amy R. Weissbrod Gurvey. Service: 02/08/2019 by clerk. [584309] [JAB] [Entered: 02/08/2019 07:34 AM] |
| 02/08/2019 | ☐ 121 | Submitted ON THE BRIEFS. Panel: Judge: Dyk, Judge: Wallach , Judge: Chen [JAB] [Entered: 02/08/2019 12:45 PM] |
| 02/11/2019 | ☐ 122 2 pg, 72.24 KB | ORDER filed denying [96] motion to consolidate appeals filed by Amy R. Weissbrod Gurvey; denying [102] motion to terminate appeal filed by Amy R. Weissbrod Gurvey; denying as moot motion to correct/supplement [103] filed by Appellant Amy R. Weissbrod Gurvey; denying as moot motion to stay appeal [112] filed by Appellant Amy R. Weissbrod Gurvey. By: Merits Panel (Per Curiam). Service as of this date by the Clerk of Court. [584669] [JAB] [Entered: 02/11/2019 09:47 AM] |
| 02/11/2019 | ☐ 123 5 pg, 95.78 KB | OPINION filed for the court by Dyk, Circuit Judge; Wallach, Circuit Judge and Chen, Circuit Judge. Nonprecedential Per Curiam Opinion. [584686] [PBC] [Entered: 02/11/2019 10:04 AM] |
| 02/11/2019 | ☐ 124 2 pg, 90.08 KB | JUDGMENT filed. DISMISSED. Terminated on the merits after submission on the briefs. COSTS: Costs taxed against Appellant(s). Mandate to issue in due course. For information regarding costs, petitions for rehearing, and petitions for writs of certiorari click here. [584687] [PBC] [Entered: 02/11/2019 10:05 AM] |
| 03/20/2019 | ☐ 125 2 pg, 89.91 KB | Mandate issued to the United States District Court for the Southern District of New York. Service as of this date by the Clerk of Court. [594100] [PBC] [Entered: 03/20/2019 09:51 AM] |
| 05/13/2019 | ☐ 126 12 pg, 157.55 KB | Miscellaneous document (motion for reconsideration and to vacate judgment pursuant to FRCP Rules 59, 60(b)) for Appellant Amy R. Weissbrod Gurvey. Service: 05/10/2019 by US mail. [606927] [JAB] [Entered: 05/13/2019 02:47 PM] |
| 05/13/2019 | ☐ 127 284 pg, 8.88 MB | Miscellaneous document (service copy of petition for writ of certiorari) for Appellant Amy R. Weissbrod Gurvey. Service: 05/13/2019 by clerk. [606929] [JAB] [Entered: 05/13/2019 02:50 PM] |
| 05/13/2019 | ☐ 128 1 pg, 63.3 KB | Clerk's Letter to Appellant Amy R. Weissbrod Gurvey regarding submission received May 13, 2019. See related entry: [126]. Service as of this date by the Clerk of Court. [606936] [JAB] [Entered: 05/13/2019 02:58 PM] |

Select All    Clear All

⦿ **Documents and Docket Summary**
○ **Documents Only**

☑ **Include Page Numbers**

**Selected Pages:** `0`    **Selected Size:** `0 KB`   **(Max: 30 MB)**
**Totals reflect accessible documents only and do not include unauthorized restricted documents.**

View Selected

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/23/2023 18:12:18 | | | |
| **PACER Login:** | rslittle | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 18-2076 |
| **Billable Pages:** | 13 | **Cost:** | 1.30 |

# EXHIBIT 40

# EXHIBIT 40



AMY R. GURVEY
USPTO Inventor Pro se
315 Highland Avenue
Upper Montclair, NJ 07043
amygurvey@gmail.com
PH 973-655-0991

CV 19 - 4739

DeARCY HALL, J.

TISCIONE, M.J.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

_____X

Amy R. Gurvey, US Patentee, Plaintiff, v.



**CASE NO.**

**AFFIDAVIT IN SUPPORT**

**ORDER TO SHOW CAUSE
SEEKING INTERVENTION
INTO STATE PROCEEDINGS
AND COMPLAINT SEEKING
DECLARATORY JUDGMENT
OF UNCONSTITUTOINALITY
OF NY'S JUDICIARY LAW
AND DAMAGES BASED ON
JUDICIARY LAW 487,
CIVIL RIGHTS AND RICO
VIOLATIONS**

**42 USC 1983, 1985, 1988,
18 USC 1961, et seq.**

Hon(s). Elizabeth A. Garry, Presiding Justice,
NYS Appellate Division 3rd Department,
Gerald Whelan, (4th Dept.), Alan Scheinkman (2d Dept.),
Rolando Acosta (1s Dept.), Jorge Dopico (chief counsel 1st Dept.)
Lawrence Marks, Chief Adm. Officer, NYS Office of Court
Administration, Luis Gonzalez, Peter Tom,
Jonathan Lippman, Alan Friedberg, Lauren Holmes,
Richard Supple, Hinshaw & Culbertson,
O. Lee Squitieri, Esq., Squitieri & Fearon, LLP,
DOES 1-X, Inclusive, Defendants.

_____X

5

EXHIBIT 40
Page 488 of 808

1.      The instant order to show cause seeks intervention into existing state lawsuits and mandamus proceedings ongoing for eleven years since 2008 before four Appellate Division Departments in violation of Plaintiff's constitutional rights and wherein Plaintiff has been denied the opportunity to challenge relentless unconstitutional protocols being forced upon her by state officers and supervising judges at the 1st Dept. Attorney Grievance Committee ("AGC"). The constitutional torts of AGC officers including egregious targeting Plaintiff in the known total absence of jurisdiction and creation of false and forged documents that were inserted into her 3d Dept. ADA retirement bar files which is unprotected.  Those documents cannot no longer be withheld under Judiciary Law Part 1240.7 enacted October 1, 2016-May 22, 2018.  Plaintiff argues she was harassed because she filed otherwise proper and serious ethics complaints against her NYC patent attorneys who were the private sector defense clients of AGC executive committee members, former chief counsels and appointees.

2.      Jurisdiction is premised on federal question, 28 USC§ 1331, declaratory judgment, 28 USC §2201, defendants' violations of Plaintiff's rights under the First and Fourteenth Amendments of the US Constitution, the Civil Rights Act of 1871, 42 USC §§1983, 1985, 1988 and defendants' violations of RICO statutes through a pattern of racketeering and criminal conspiracy with other NYS attorneys, 18 USC §§1961, 1964.  Plaintiff also seeks Freedom of Information Act ("FOIA") orders, 5 USC §552 to produce the legislative history and drafters' notes of New York's Judiciary Law Section 1240. The torts of defendants have caused exorbitant damages to Plaintiff's US patents and patent business,  professional reputation and HUD housing interests, and lost Plaintiff two strict liability damages awards before SDNY and the Supreme Court of NJ.

3.      Venue is proper in this district because violations of Plaintiff's civil rights were undertaken by officers of the Appellate Division 2d Dept., after 1st Dept. AGC justices whose staff attorneys and appointees had been harassing Plaintiff without jurisdiction for 11 years and engaging in conspiracy to target Plaintiff,

6

EXHIBIT 40
Page 489 of 808

transferred Plaintiff's mandamus claims to the 2d Dept. sua sponte based on conflicts of interest. A motion to reargue transfer is pending, along with a motion consolidate the 2d Dept. motions with other state mandamus proceedings pending in the 3d and 4th Depts.

     4. _Dombrowski v. Pfister_, 380 US 479, 85 S. Ct. 1116 (1965)(Brennan J.) and _Middlesex County Ethics Committee v. Garden State Bar Assn._, 457 US 423 (1982) authorize intervention and reject _Younger v. Harris_ abstention [1] in certain limited state attorney grievance and disciplinary cases when there have been demonstrations of corruption and bad faith, state officers or judges are abusing process against the respondent in the known total absence of jurisdiction, and the respondent has had virtually no opportunity to challenge ongoing constitutional violations during the state proceedings. Moreover, if an AD state judge is presiding in the absence of jurisdiction or after disqualification was mandatory, pursuant to Judiciary Law §14 any entered order is considered void and it is the administrative duty of the court to vacate the order. _Wilcox v. Supreme Council of Royal Arcanum_, 270 NY 310 (1914). Mandamus relief is properly sought to compel a judicial officer to perform an administrative function including to vacate an order entered without jurisdiction, to compel production of the respondent's complete state files, to apply amended statutes to a pending case (JL Part 1240.7), and to compel an AGC appointee or executive committee member to withdraw from a reported attorney's representation. _Korea Exchange Bank NY Branch v. Trackwise Sales Corp._, 66 F. 3d 46 (3d Cir 1995); _Wilcox v. Supreme Council of Royal Arcanum_, 270 NY 310 (1914). The state officers must comply with the law as amended as that law pertains to pending cases. _Moulton v. State_, 114 A. D. 3d 115 (3d Dept. 2013)

---

[1] 401 US 37, 91 S. Ct. 746 (1991)).

7

EXHIBIT 40
Page 490 of 808

## **PARTIES**

5.      Plaintiff Amy R. Gurvey is a US patentee/entrepreneur who is ADA-disabled and retired from the 3d Dept. in NYS since 1998.  Plaintiff is a NJ resident.

6.      Plaintiff was admitted to practice law in NYS to the 3d Appellate Division ("AD") Dept. in June 1985 from California, where Plaintiff was previously admitted in 1979.  Since June 1985, Plaintiff never practiced law in NYS, never had an office for the practice of law in NYS, and never represented a client in NYS nor was Plaintiff the attorney in any attorney-client relationship to give the 1st Dept. attorney grievance committee ("AGC") disciplinary jurisdiction over Plaintiff in the capacity of an attorney. *Kay v. Ehrler*, 499 US 432 (1993).   Plaintiff has a different career as a patent inventor and entrepreneur and needs to retain patent attorneys and experts for her software company, and also needs to enter courts of competent jurisdiction to enforce her issued patents.

7.      In 1989, before attending graduate school, Plaintiff worked as a part-time consultant for six months preparing privilege lists for Weil Gotshal's multi-district biotech patent litigation regarding HGH on behalf of the Regents of California and never thereafter had a thing to do with the practice of law in NYS. Plaintiff thereafter attended medical school as a disabled student through 1997. Because Plaintiff could not be immunized because of genetically-determined immunodeficiency disease, she contracted chronic pneumonia and congestive bronchitis during her clinical training requiring more than a year of hospitalizations and could not complete her MD degree.  Plaintiff then became a US patent inventor and established a Delaware intellectual property holding company with offices in New Jersey and California.

8.      In January 2002, Plaintiff retained the NYC law firm of Cowan Liebowitz & Latman to file her US and PCT patent applications.  The first two US

EXHIBIT 40
Page 491 of 808

patents applications based on the Cowan firm's defective filings issued in 2009 and 2011 after an unprecedented 8-10 year delay. [2]  The patents should have issued and been enforceable no later than 2004 including against Cowan's own clients, who were outsourcing them before they issued as patents.  The USPTO found that the issued patents were also missing valuable claims and priority dates based on the Cowan practitioners' ethics violations, including filing defective applications and abandoning them in 2003 based on an *admitted "conflict of interest"* without USPTO approval.  The unsuccessful attempts by the Cowan firm to withdraw from Plaintiff's power of attorney twice in 2003 and 2007 caused the USPTO Commissioner of Patents to open a sua sponte investigation including to investigate why Plaintiff's complete USPTO inventorship files had not been returned to her.  The USPTO never granted withdrawal to the Cowan firm or authorized withdrawal from Plaintiff's powers of attorney.  It was state officers' job to compel return of Plaintiff's federal-mandated patent files as part of official non-discretionary state duties. *Gunn v. Minton*, 133 S. Ct. 1059 (USSC Tex. 2013)(Roberts J.); See *Virginia Office of Protection and Advocacy v. Stewart*, 563 US 247 (2011)(Scalia, J.). Mandamus was the appropriate vehicle to compel production of Plaintiff's patent files being unlawfully withheld by patent practitioners because USPTO practitioner statutes preempt the law of the State.  37 CFR 2.19, 10.66, 11.1116.

9.    Until enactment of Judiciary Law Part 1240 by NY's Legislature between October 1, 2016 and May 22, 2018, under Judiciary Law § 90 only 3d Dept. rules governed Plaintiff in the capacity of an attorney.  Under JL §90, each of the NYS Appellate Division ("AD") departments had its own rules to govern attorneys who were admitted to practice law in their department, have their offices in their department or practice law in their department.  Plaintiff does not fit into any of these categories.  Ergo, Plaintiff was only subject to 3d Dept. disciplinary

---

[2] Gurvey US Patents 7603321;D647910S

9

EXHIBIT 40
Page 492 of 808

jurisdiction and rules.  Plaintiff is listed as retired from the 3d Dept. in 1998 based on worsening ADA disability.

10.    JL Part 1240 effective October 1, 2016 are NY's Legislature's amended statutes after years of constitutional challenges filed by lawyers.  The new law did little if anything to remedy constitutional deficiencies in the old § 90 but did revise and make uniform the state attorney disciplinary rules in all 4 AD departments.

11.    In adopting the existing DR rules of professional responsibility as a model, NY's Legislature did finally make it per se illegal for any attorney who was serving on an AD attorney grievance committee ("AGC") when a client filed ethics complaints against a lawyer practicing in that department, to continue to represent that attorney before a court of competent jurisdiction in a lawsuit brought by the complainant.  JL Part 1240.6d.  The new amended statutes also require mandatory withdrawal of any grievance committee member, counsel or appointee no later than October 1, 2016, the effective date of the new law, from a reported attorney's representation if he was on the committee when the client filed ethics complaints.  This demonstrates the intent that the new statutes be retroactively applied to existing cases.  _Wilcox v. Supreme Council of Royal Arcanum_, 210 NY 370 (1914).  However, state cases require state officers to follow the new law on pending matters. _Moulton v. State of NY_, 114 A. D. 3d 115 (3d Dept. 2013)

12.    Furthermore, the new law made it illegal for any individual including an attorney covered by JL Part 1240.1 to enter another attorney's confidential states files without a warrant.  JL Part 1240.18.  AGC staff attorneys and appointees are included in the definition of "attorneys" governed by the law. _Ibid._  There is no preclusion in the statutes that AGC staff attorneys who are state employees are omitted from the definition of covered "attorneys".  There is no immunity for breaches of administrative duties by AGC officers, staff attorneys or judges for unlawful targeting of individual attorneys undertaken in the known absence of jurisdiction, or for aiding and abetting AGC appointees who are

EXHIBIT 40
Page 493 of 808

unlawfully defending the reported attorneys in an existing lawsuit brought by the client without disclosing conflicts of interest.

13.   Pursuant to JL Part 1240.2, the amended law reiterates that a foreign AD department or client can only pursue disciplinary action against an attorney in a department having jurisdiction over that attorney.  Ergo, if an AD department or client has an ethics complaint against an attorney who is only subject to jurisdiction in another department, the only remedy available is to contact the appropriate AD department to pursue disciplinary action, and not for the charging department to assume disciplinary jurisdiction over the attorney on its own that does not exist.

14.   Based on the prevailing statutes and NY's Constitution of which 1st Dept. AGC officers are deemed to have superior knowledge, only the 3d Dept. had the power to send Plaintiff disciplinary notices, institute disciplinary action, or compel a hearing against Plaintiff in the capacity of attorney based on 1st Dept.'s alleged ethics violations.  Moreover, if the 1st Dept. AGC wanted to file a *sua sponte* formal petition based on collateral estoppel and a previous admonition that was never followed up even as required by 1st Dept. rules and after statutes had expired, they had to do so via the 3d Dept.  22 NYCRR 603.4, 603.9.  That includes after the amended laws were changed and unified.

15.   **No disciplinary notice of any kind was ever sent or served on Plaintiff by the 3d Dept.**

16.   In addition, JL Part 1240.7 makes production of an attorney-respondent's complete files mandatory on all issues relevant to the defense of a disciplinary notice or petition.  That includes the core issue of jurisdiction.  There is no qualification in the statutes that the respondent's files can be unlawfully withheld by prosecuting AGC officers even after an order is issued without jurisdiction over the respondent by a foreign AD department. This is because the respondent maintains the right to vacate any order.  Moreover, if a foreign AD department has entered an order in the total absence of jurisdiction or if an AD

11

EXHIBIT 40
Page 494 of 808

judge presided over a matter after his disqualification was mandatory, the court is required to vacate the order as part of its administrative duties. _Wilcox v. Supreme Council of Royal Arcanum_, 270 NY 310 (1914).

17.    The current JL statutes are contended unconstitutional in print and in practice in still failing to iterate and follow protocols that must be followed to compel production of a respondent's complete state files prior to entry of disciplinary action and to process meaningful ethics complaints and discovery orders against unauthorized NY attorneys who unilaterally and materially get access to confidential files and alter the files without a warrant or court order.  The current laws are contended unconstitutional in that they fail to compel state officers to follow US patent and HUD practitioner rules that preempt the law of the state on attorney ethics matters because the attorneys are involved with protecting federally protected property rights.  They are contended unconstitutional in that they fail to provide essential protocols to vacate orders entered without jurisdiction by a foreign AD department.  They provide no remedy or protocol to deter targeting of individuals in the known absence of jurisdiction including for filing ethics complaints against other lawyers which is protected by the First Amendment, and to ensure receipt of responses to ethics complaints including responses as filed by attorneys acting as agents for a reported attorneys before the AGC.  Moreover, the current statutes operate to deter constitutional challenges to frivolous harassment or retaliatory proceedings brought by state officers while they are ongoing, and allow for entry of expedited and frivolous vacatur orders that cannot easily be vacated including before the federal court if at all.  Moreover, they do not include protocols to vacate orders entered without jurisdiction or entered by an AD justice when the judge had no power to preside or was required to be disqualified prior to final adjudication of the case.  In addition, the current statutes do not provide for verbatim hearing transcripts in violation of US Supreme Court mandates, or mandatory witnesses subpoenas and for remedies against state officers who violating the statutes.  Nor do they provide for verbatim transcripts from

EXHIBIT 40
Page 495 of 808

underlying state hearings if a respondent is being charged with ethics violations based on collateral estoppel including if the underlying proceeding involves the client's federally protected property rights such as to US patents or HUD housing.

18.    Because there no immunity available to any AGC attorney or judicial supervisor for targeting an attorney in the absence of jurisdiction [*Forrester v. White*, 484 US 219 (1989)(cases cited therein); see also *Antoine v. Byers & Anderson*, 508 US 429 (1993)], there should be remedies to attempt avoid possible further protracted litigation against state officers for civil rights violations and misconduct. There should be a list and full disclosure of any firm that has executive appointees serving on the committee with a list of the lawyers currently serving.

19.    In NYS, AD presiding justices have a separate, administrative non-delegable duty under NY's Constitution to supervise the AGC chief counsels, staff attorneys, clerks and appointees in their respective departments in the proper discharge of their officers, appointees and staff attorneys' state duties.  In other states, there is a separate judiciary to hear attorney disciplinary matters and appeals to prevent conflicts of interest in at law or mandamus matters emanating from constitutional challenges by respondents, that remain rampant and unchecked in the NYS system.

20.    Sorely missing from the statutes are means to disqualify an AGC judge from presiding over a disciplinary proceeding brought based on or after civil rights or constitutional violations by AGC officers who were under the judges' administrative supervision.

## FACTS IN SUPPORT OF ORDER TO SHOW CAUSE

21.    In 2008-2012, Plaintiff was harassed in the known total absence of jurisdiction by chief counsels, staff attorneys and officers of the 1st Dept. attorney grievance committee ("AGC")  in unlawful retaliation for her filing otherwise proper and serious ethics complaints against her NYC patent practitioners and managing

13

EXHIBIT 40
Page 496 of 808

partners at Cowan Liebowitz & Latman.  Plaintiff contends she was targeted by state AGC officers in conspiracy with the Cowan's defense lawyers, defendants Richard Supple and Hinshaw & Culbertson.  Hinshaw had two equity partners, defendant Supple and Hal Lieberman who were serving as executive appointees and chief counsels on the committee when Plaintiff's ethics complaints against the Cowan firm were filed and ignored in violation of equal protection. These AGC appointees did not disclose their identities or conflicts of interest.

22.    The Cowan lawyers, having their offices in the 1st Dept. are subject to AGC 1st Dept. disciplinary jurisdiction, whereas Plaintiff is not. Because defendant Hinshaw & Culbertson had two NY equity partners defendant Supple and Hal Lieberman when Plaintiff filed her patent ethics complaints, H&C could not legally accept the Cowan firm's retainer in response to Plaintiff's 2006 SDNY patent breach of fiduciary duty and nonjoinder lawsuit… but it did anyway.

23.    In 2004, the 1st Dept. AGC officers, having received Plaintiff's otherwise proper ethics complaints including to compel return of her USPTO inventorship files that are federally mandated (37 CFR 2.19, 10.66, 11.116), instead of affording Plaintiff's equal protection of NY's Judiciary Law, elected to abuse process against Plaintiff in unlawful retaliation for her proper exercise her First Amendment redress rights.  The AGC officers manufactured forged and perjured documents and inserted those documents into the copies of her 3d Dept. files located in the 1st Dept. and withheld the complete state files from Plaintiff.   JL Part 1240.7 proscribes the continued withholding of Plaintiff's files by state officers.  In addition, the AGC 1st Dept. officers were obligated to maintain the strict confidentiality of Plaintiff's files located at 41 Madison Avenue in NYC and breached that duty.  JL Part 1240.18; _Kroll v. Finnerty_, 242 F. 3d 1359 (Fed. Cir. 2001); see also _Gunn v. Minton_, 133 S. Ct. 1059 (USSC Tex.2013)(Roberts, J.)

24.    An order of AD 1st Dept. entered April 21, 2016 signed by five 1st Dept. presiding justices _admits_ that defendant Supple, and defendant herein O. Lee Squitieri of defendant Squitieri & Fearon, LLP, were given ex parte access into

14

EXHIBIT 40
Page 497 of 808

Plaintiff's files including the ethics complaints against the Cowan firm without a warrant, and unilaterally and materially alter the files in violation of JL Part 1240.18. Entry was given to these lawyers while they were Plaintiff's adversaries in a 12-year SDNY patent lawsuit. The AD order also admits that the documents inserted ex parte by defendants Supple and Squitieri induced AD justices not to vacate the 2012 order issued without jurisdiction over Plaintiff by former justice defendant Luis Gonzalez, and the unserved papers were considered in violation of due process. Defendant Gonzalez was required to be disqualified prior to entry of his order sanctioning Plaintiff for six months based on fabricated findings on December 4, 2012 and because he failed to supervise the AGC 1st Dept. attorneys when they began to target Plaintiff without jurisdiction. Defendant Gonzalez's 2012 order, therefore, constitutes a per se breach of administrative duty properly attacked for vacatur by mandamus. The order further says that Plaintiff must obtain the prior permission of the 1st Dept. to file further motion in this matter, when the 1st Dept. has no jurisdiction over Plaintiff in any disciplinary matter. The 1st Dept. had no jurisdiction to transfer Plaintiff's mandamus petition to the 2d Dept. that has no jurisdiction over Plaintiff either, only the 3d Dept. does.

25. In response, Plaintiff immediately moved for mandamus relief before the 1st Dept. seeking transfer to the 3d Dept. Instead, the 1st Dept. transferred the motion to the 2d Dept. Plaintiff then moved before the 3d Dept. Case No. 529146 (3d Dept.) for mandamus relief that transferred the proceeding to the 4th Dept. 19-01094 (4th Dept.) (pending). Plaintiff contested the transfer of the motions in both departments, and in spite of the 1st Dept. transferring the mandamus proceeding Plaintiff filed there over Plaintiff's objection, the 2d Dept. held it could not vacate the order because it did not have jurisdiction, which resulted in Plaintiff moving to consolidate the motion for reargument with the proceeding pending before the 4th Dept. It is very clear that no AD department wants to hear this case, and Plaintiff will not get a fair hearing in any state court.

EXHIBIT 40
Page 498 of 808

26.     Certain of the limited documents thus far discovered to have been inserted into Plaintiff's altered files are shocking and demonstrate criminal fraud by state officers in conspiracy with defendants Supple and Squitieri.  Certain documents say that Plaintiff maintains a law office at PO Box 1523, NYC, which never existed and is a fraud, demonstrating an attempt to confer jurisdiction in favor of AGC 1st Dept. officers that does not exist and never existed.

27.     A second draft petition affirmation created in 2008 contains what purports to be the photocopied signature of 2002 AGC chief counsel Paul Curran embossed thereon. Curran left the AGC in 2002 and was dead of cancer in 2007. There is no original signature copy and no other AGC officer signed a sworn affirmation in support, making the petition void, separate from the fact that it was never served pursuant to the CPLR.  JL Part 1240.7, .8.  Suspiciously, before 2000, Curran was a partner in the same firm with Cowan's managing partner, William Borchard, a defendant in the SDNY patent lawsuit.

28.     This court must intervene in the pending state mandamus proceedings, render the state's petition void and the order entered in response without jurisdiction and without mandatory production of Plaintiff's files vacated. This order was also entered in 2012 after Justice Gonzalez was required to be disqualified, and Plaintiff was denied verbatim hearing transcripts wherein a hearing panel agreed in 2011 that there may be no jurisdiction by the AGC 1st Dept. over Plaintiff.  The Court cannot permit state officers to enter frivolous orders contrary to the record, and engage in dilly dallying and delay tactics until the lapse of a civil rights statute of limitations.

29.     Moreover, found in the files is a copy of a previous admonition notice drafted by 1st Dept. AGC officers allegedly in 2005 appending marked up state orders from a 1997 Housing Part matter.  The admonition was never followed up by any notice citing additional. misconduct to legally justify any formal petition even under the repealed 1st Dept. rules.  22 NCYRR 603.4, 603.9. The 2005 admonition was alleged to be based on a 2001 order in a Housing Part case wherein Plaintiff

16

EXHIBIT 40
Page 499 of 808

was the client/HUD tenant and her attorney, Jay Stuart Dankberg, Esq. received an attorney sanction, and Plaintiff did not. Plaintiff was not an attorney in an attorney client relationship adequate to confer disciplinary jurisdiction in favor of the 1st Dept.

30.     Moreover, Mr. Dankberg's attorney sanction was unlawfully assessed also without jurisdiction by a NYC housing judge who had no power to preside. Mr. Dankberg had properly moved in 2000 to transfer the HUD matter to a NYC Civil Court judge who could conduct a jury trial and afford Plaintiff HUD's expanded definition of due process. 24 CFR 966. 966.51(a)(2); 966.66. Because a NYC housing judge is a hearing officer in NYS and has no jurisdiction to preside over a jury trial in a HUD eviction, the final judgment entered by the landlords' forged stipulation was also void separate from the fact that it was found by the Supreme Court of NY (deceased Supreme Court justice Sheila Abdus-Salaam) to have been unilaterally and materially altered, the signed rider removed from the clipped pages, and the first page was "marked up" and rendered illegible by the landlords' attorneys' unilaterally crossings out after Plaintiff and her lawyer had been fraudulent induced to sign it.

31.     Plaintiff's file documents also include a shocking 2001 order of the NYS Office of Court Administration ordering covert destruction of the housing hearing audiotapes and completed transcripts necessary for Plaintiff's state appeal, demonstrating that state AGC officers had these documents and elected to harass Plaintiff anyway in the known total absence of jurisdiction, as if it were a joke. [3] [4]

---

[3] It was later discovered that the HUD landlords had taken a bribe and issued an illegal coterminous lease to Plaintiff's HUD protected apartment to an outsider. This is why Plaintiff received no HUD mandated notice of lease termination and only a postcard asking her to appear in the housing part after the outside tenant's lease was already effective, during Plaintiff's term of tenancy.

[4] After the Supreme Court of NY, NY County, deceased Hon. Sheila Abdus-Salaam issued an injunction, Mr. Dankberg unfortunately failed to timely file a

EXHIBIT 40
Page 500 of 808

32.     Other discovered documents include copies of "x"-ed out and marked up photocopies of orders in the HUD housing case, photocopies on top of photocopies containing a retired Housing Judge Bruce J. Gould's insignia on the landlords' unilaterally altered stipulation, when this Housing Judge never signed it.  There are three different versions of the housing judge's insignia in two courts and the case was never on Judge Gould's calendar.   [5]

33.     That these state orders and documents were all along in possession of AGC 1st Dept. officers demonstrates criminal acts and a pattern of racketeering in believed conspiracy with AGC committee members including defendant Supple, who that are now addressed and explicitly proscribed by the new law.

34.     NY's Judiciary Law Part 1240.7 now expressly mandates production of a respondent's complete state files relevant to all disciplinary matters that were pursued and continue to be pursued. The files continue to be unlawfully withheld, however, with state officers defying the new statutes and controlling state orders, demonstrating further breaches of administrative duty. *Moulton v. State*, 114 A. D. 3d 115 (3d Dept. 2013)

35.     Plaintiff's 2011 Article 78 proceeding filed before Supreme NY seeking to compel the complete files, disqualification of the 1st Dept. judges, witness subpoenas and verbatim hearing transcripts was transferred to the AD 1st Dept. over Plaintiff's objection.  Plaintiff's M5775 mandamus proceeding seeking to vacate

---

note of issue, causing dismissal of the lawsuit. Mr. Dankberg then admitted on the record that it was his fault and he had filed and prepared all papers in the case. These audiotapes and the completed transcripts were then targeted by the state's illegal destruction notice, never served. There was therefore no attorney sanction legally possible against Plaintiff, and none was issued, and no collateral estoppel petition could legally be drafted by AGC 1st Dept. officers.

[5] In 1985, the same HUD landlords had been prosecuted by HUD before SDNY for criminal acts against the project tenants and were required to pay $7,000,000 in settlement claims. *Sultzer v. Pierce*, 85 CV 0519 (CEB)(SDNY 1986).

EXHIBIT 40
Page 501 of 808

the 2012 order entered after 1st Dept. judges were required to be disqualified in December 4, 2012 sought transfer to the 3d Dept. Instead, it was sent sua sponte by the 1st Dept. to the 2d Dept. with the other mandamus documents where a motion is pending to reargue and transfer it with the existing mandamus proceeding before the 3d Dept., now at the 4th Dept.

36.     Defendant attorneys Supple and Squitieri who got unlawful ex parte access into Plaintiff's confidential files to alter them without a warrant in violation of JL Part 1240.18 are jointly and severally liable with the 1st Dept. officers that gave them entry and with the judges who breached administrative duty in failing to supervise these heinous atrocities.  The aim appears to have been to alter Plaintiff's confidential files to get any disciplinary order against Plaintiff no matter how it was conceived, to gain litigation advantages before SDNY for the Cowan lawyers, who were Supple's clients.   It was subsequently discovered that defendant Supple was a legislative aide to defendant Gonzalez, which is how defendant Gonzalez, who had to be disqualified, entered an order 18 months after the hearing panel was hard pressed to find jurisdiction in June 2011.  Supple then told the SDNY magistrate in 2012 on remand from the 2d Circuit upholding Plaintiff's claims that Plaintiff had been sanctioned by the AD, which was false at that time, and an abuse of litigation privilege.  This set the stage for Plaintiff being denied patent discovery in defiance of the 2d Circuit order, an amended complaint to recover strict liability patent delay damages after her US patents did issue, and summary judgment on these claims.

37.     The losses to Plaintiff must be trebled under NY's Judiciary Law 487 and RICO.  They include denial by SDNY of Plaintiff's strict liability patent delay and nonjoinder fraud summary judgment against the Cowan lawyers, and forfeiture of Plaintiff's strict liability asbestos and toxic waste release recovery against her home insurer before the Supreme Court of New Jersey.

EXHIBIT 40
Page 502 of 808

## FACTS IN SUPPORT OF PATENT DAMAGE AND TREBLE 487 CLAIMS IN PLAINTIFF'S COMPLAINT

38.     Commencing in 2004, Plaintiff sought orders from the 1st Dept. AGC to compel her federally-mandated USPTO practitioner's inventorship files from the Cowan lawyers who are under the 1st Dept. AGC's disciplinary jurisdiction.  The files were protected by attorney-client privilege since January 2002 when the Cowan firm accepted patent retainer.  2009 WL 1117278, pp. 1 (SDNY)

39.     The state officers were obligated under preempting USPTO practitioner regulations to compel these files as part of their official state administrative duties, and failed to do so.   37 CFR 2.19, 10.66, 11.116.

40.     This delayed issuance Plaintiff's patents further and prevented her mitigating damages to her prejudiced portfolio before the USPTO.  The State of NY and City of NJ have unlawfully taken Plaintiff's issued patent for the public use without payment of just compensation in violation of the Fourteenth Amendment, which must be pursued in yet another lawsuit.


**WHEREFORE**, Plaintiff prays judgment as follows first in response to her order to show cause and then in response to her complaint:

(1)     That Plaintiff be granted intervention into pending state lawsuits to order mandamus relief against state officers who have violated her constitutional rights as follows:

(a) An order to compel Plaintiff's complete patent files from the Cowan practitioners pursuant to JL Part 1240.7;

(b) An order to compel responses to Plaintiff's ethics complaints against the Cowan lawyers from 1st Dept. AGC officers; pursuant to JL Part 1240.8

EXHIBIT 40
Page 503 of 808

(c) An order to compel responses to ethics complaints duly filed against defendants Supple, H&C and Squitieri;

(d) An order to compel the state 1st Dept. AGC chief counsel or presiding justice to disqualify defendants Supple and H&C from the Cowan firm's SDNY representation retroactive to a date certain;

(e) An order to compel Plaintiff's complete state files from both 3d Dept. and 1st Dept. presiding justices pursuant to JL Part 1240.7 including the inserted unserved documents allowed to be inserted by defendants Supple and Squitieri in violation of JL Part 1240.18;

(2)    An order granting Plaintiff FOIA orders pursuant to 5 USC §552 against Lawrence Marks of the OCA to produce the legislative history and drafters' notes of Judiciary Law Part 1240 including those documents demonstrating the intent of retroactive application to existing matters;

(3)    An order determining the unconstitutionality of NY's Judiciary Law on the grounds challenged by Plaintiff and that state officers must comply with the new law as amended;

(4)    An order determining that AGC 1st dept. officers imposed unconstitutional protocols upon this Plaintiff in violation of their official state duties and continue to impose unconstitutional state protocols upon this Plaintiff by defying the amended JL Part 1240 statutes;

(5)    An order determining that defendant Supple, H&C and Squitieri are liable to Plaintiff for treble damages under JL Section 487 and RICO, for abuse of litigation privilege and defamation, and that the new Judiciary Law Part 1240.18 governs Plaintiff's damage and liability claims for unilateral and material alteration of Plaintiff's confidential state bar files;

(6)    An order that Plaintiff's damages be trebled based on forfeiture of strict liability damage awards in two lawsuits including strict liability patent delay

21

EXHIBIT 40
Page 504 of 808

damages before SDNY and strict liability asbestos contamination damages before the Supreme Court of NJ;

(7)     An order determining that state officers violated her constitutional rights and are jointly and severally liable in their individual capacities for breaching administrative duties owed to Plaintiff;

(8)     An order that Plaintiff is entitled to her attorneys' fees, costs of suit and disbursements and such other and further relief as the Court deems just and proper.

August 15, 2019
Montclair NJ  07043

AMY R. GURVEY, Plaintiff

MICHAEL P APRIGLIANO
Notary Public - State of New Jersey
My Commission Expires Sep 28, 2022

22

EXHIBIT 40
Page 505 of 808