UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AMY R. WEISSBROD,

                    Plaintiff,

     v.

LIVE NATION ENTERTAINMENT INC.,
TICKETMASTER, INC., LIVE NATION,
INC., INSTANT LIVE CONCERTS, LLC,
MLB/MLB ADVANCED MEDIA, INC.,
PHISH/PHISH LIVE, COWAN LIEBOWITZ
& LATMAN, PC, HINSHAW &
CULBERTSON, LLP, BAKER BOTTS, LLP,
Does I-X,

                    Defendants.

Case No.:  2:23-cv-04381-MEMF-E

**ORDER GRANTING REQUESTS FOR JUDICIAL NOTICE, GRANTING IN PART AND GRANTING MOTIONS TO DISMISS, DENYING APPLICATION FOR STAY, DENYING RULE 11 MOTION, GRANTING IN PART MOTION TO AMEND, AND DENYING MOTION FOR WRIT OF MANDAMUS [ECF NOS. 22, 47, 49, 55, 56, 58, 61, 69, 90, 92]**

The following items are before the Court: (1) a Motion to Dismiss filed by Defendant Hinshaw & Culberton, LLP (ECF No. 22); (2) a Request for Judicial Notice filed by Defendant Hinshaw & Culbertson, LLP (ECF No. 24); (3) a Motion to Dismiss filed by Defendants Live Nation Entertainment, Inc.; Ticketmaster, Inc.; Live Nation, Inc.; and Instant Live Concerts, LLC (ECF No. 47); (4) a Request for Judicial Notice filed by Defendants Live Nation Entertainment, Inc.; Ticketmaster, Inc.; Live Nation, Inc.; and Instant Live Concerts, LLC (ECF No. 48); (5) a Motion to

1    Dismiss filed by Defendants Phish, Inc. and PhishLive (ECF No. 49); (6) a Request for Judicial

2    Notice filed by filed by Defendants Phish, Inc. and PhishLive (ECF No. 50); (7) an Application for a

3    Stay of certain claims filed by Plaintiff Amy R. Weissbrod (ECF No. 55); (8) a Motion to Dismiss

4    filed by Defendants Major League Baseball and MLB Advanced Media, Inc. (ECF No. 56); (9) a

5    "Rule 11 Safe Haven Motion" filed by Plaintiff Amy R. Weissbrod (ECF No. 58); (10) a Motion to

6    Amend filed by Plaintiff Amy R. Weissbrod (ECF No. 61); and (11) a Motion for a Writ of

7    Mandamus regarding a determination that Defendants and their counsel are vexatious litigants filed

8    by Plaintiff Amy R. Weissbrod (ECF No. 69).

9          For the reasons stated herein, the Court GRANTS IN PART Hinshaw & Culbertson, LLP's

10    Motion to Dismiss (ECF No. 22), GRANTS other all Motions to Dismiss (ECF Nos. 47, 49, and 56),

11    GRANTS all Requests for Judicial Notice (ECF Nos. 24, 48, and 50), and DENIES all other Motions

12    (ECF Nos. 55, 58, 61, and 69).

## BACKGROUND

14    I.    **Factual Allegations**[1]

15          Plaintiff Amy R. Weissbrod ("Weissbrod") is an individual and a former employee of

16    Defendant Cowan Liebowitz and Latman, PC ("Cowan"), a law firm.[2] *See* Compl. ¶¶ 12, 47. Cowan

17    has been represented by Defendant Hinshaw and Culbertson, LLP ("Hinshaw"), another law firm, in

18    various capacities. *See id.* ¶ 6. Defendants Major League Baseball ("MLB"), MLB Advanced Media

19    ("MLBAM," or collectively with MLB, the "MLB Defendants"), and Mike Gordon, a musician that

20    is part of Defendant Phish/Phish Live ("Phish") were Cowan's clients. *See id.* ¶ 7. An attorney from

21    Hinshaw also conspired with Defendants Live Nation Entertainment Inc. ("LNE"); Ticketmaster,

22    Inc. ("Ticketmaster"); and Live Nation, Inc. ("Live Nation"), as discussed in further detail below.

23    *See id.* ¶ 30. Live Nation infringed upon Weissbrod's patents. *See id.* ¶ 22.

---

[1] The following factual allegations are derived from Plaintiff Amy R. Weissbrod's Complaint. ECF No. 1 ("Compl."). For the purposes of the Motions to Dismiss, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations and is therefore not—at this stage—finding that they are true.

[2] There is no indication that Cowan has been served with process, and Cowan has not appeared in this action.

During Weissbrod's employment with Cowan, Cowan agreed to assist Weissbrod with patent applications for Weissbrod's invention that related to essential algorithms for electronic ticketing. *See id.* ¶¶ 43, 47. Cowan did not disclose to Weissbrod that it had a conflict of interest with respect to some of its other clients, including the MLB Defendants. *See id.* ¶ 7. After obtaining access to Weissbrod's confidential information regarding her inventions, contacts, and clients, Cowan terminated Weissbrod's employment. *See id.* ¶ 48. Contrary to its promises, Cowan did not file a proper patent application on Weissbrod's behalf, and instead filed defective excerpts of an application and then withdrew the defective filings. *See id.* ¶ 53. Weissbrod's first patent would have been issued in 2006 but for this conduct. *See id.* ¶ 79. At present, Weissbrod holds three patents regarding ticketing technology. *See id.* ¶¶ 81, 82, 99. Defendants infringe these patents. *See id.* ¶ 40.

Since then, various Defendants have defamed Weissbrod and sought to have her barred from practicing law before courts in New York. *See id.* ¶¶ 30–39. An attorney from Hinshaw (Supple, a non-party), participated in a scheme to achieve this, assisted by LNE; Ticketmaster; and Live Nation. *See id.* ¶ 30. The scheme included forging documents and making improper ex parte communications to various judicial officers. *See id.* ¶¶ 31–35.

In various lawsuits involving Weissbrod, Hinshaw and another law firm, Defendant Baker Botts, LLP ("Baker Botts") filed frivolous and false papers intended to delay proceedings. *See id.* ¶ 18.

Live Nation, Ticketmaster, LNE, and Defendant Instant Live Concerts, LLC ("Instant Live") engaged in other unlawful conduct, including false advertising and monopolistic practices. *See id.* ¶¶ 15, 41. LNE's employees have made false statements to Congress regarding their conduct and that of other Defendants. *See id.* ¶¶ 16, 17.

## II.    Procedural History

Weissbrod filed suit in this Court on June 2, 2023. *See id.* Weissbrod's Complaint asserts the following causes of action:[3] (1) patent infringement; (2) aiding and abetting patent infringement; (3)

---

[3] Where this section does not specify a specific Defendant (or Defendants) against whom a cause of action is brought, the cause of action appears to be brought against all Defendants.

willful patent infringement; (4) conspiracy in violation of the Racketeer Influenced and Corrupt

Organizations Act ("RICO"); (5) damages for anticompetitive behavior in violation of the Clayton

Act; (6) violation of state and federal unfair competition statutes; (7) unlawful boycotting; (8) aiding

and abetting wrongful actions by judicial officers; (9) constructive trust; (10) accounting of ticket

sales; (11) accounting of merchandise sales related to tickets; (12) defamation and abuse of process,

against Hinshaw; (13) aiding an abetting of patent infringement by non-party Apple, Inc., against

Live Nation, Instant Live, and Cowan; (14) breach of fiduciary duty and attorney-client privilege,

against Cowan; (15) defamation and abuse of process, against Hinshaw; (16) retaliatory harassment,

against Hinshaw; (17) mandamus relief that Hinshaw be ordered to produce various files; (18)

sanctions; (19) punitive damages; (20) attorneys' fees and costs; (21) an order that Defendants pay

various other litigation costs; (22) liquidated damages; and (23) intentional infliction of emotional

distress. *See* Compl. ¶¶ 105–128.

Hinshaw filed a Motion to Dismiss on September 8, 2023, along with a Memorandum of

Points and Authorities and various exhibits. *See* ECF No. 22 ("Hinshaw Motion"); ECF No. 22-1

("Hinshaw MPA"). Hinshaw also filed a Request for Judicial Notice the same day. *See* ECF No. 24

("Hinshaw RJN").

Live Nation, Instant Live, LNE, and Ticketmaster (the "Live Nation Defendants")

collectively filed a Motion to Dismiss on December 11, 2023, along with a Memorandum of Points

and Authorities and various exhibits. *See* ECF No. 47 ("LN Motion"); ECF No. 47-1 ("LN MPA").

The Live Nation Defendants also filed a Request for Judicial Notice the same day. *See* ECF No. 48

("LN RJN").

Phish filed a Motion to Dismiss on December 11, 2023, along with a Memorandum of Points

and Authorities and various exhibits. *See* ECF No. 49 ("Phish Motion"); ECF No. 49-1 ("Phish

MPA"). Phish also filed a Request for Judicial Notice the same day. *See* ECF No. 50 ("Phish RJN").

Weissbrod filed an Application to Stay her patent claims on December 21, 2023, along with

various exhibits. *See* ECF No. 55 ("Motion to Stay"). The Live Nation Defendants and Phish

collectively filed an Opposition to the Motion to Stay on December 26, 2023. *See* ECF No. 57. The

MLB Defendants filed an Opposition to the Motion to Stay on February 2, 2024. *See* ECF No. 63.

The MLB Defendants filed a Motion to Dismiss along with various exhibits on December 26, 2023. *See* ECF No. 56 ("MLB Motion").

Weissbrod filed a "Rule 11 Safe Haven Motion," in which she warned that she would file a motion seeking sanctions if Defendants did not withdraw various other pleadings, on December 26, 2023. *See* ECF No. 58 ("Rule 11 Motion"). The Live Nation Defendants and Phish collectively filed an Opposition to the Rule 11 Motion on February 1, 2024. *See* ECF No. 60. The MLB Defendants filed an Opposition to the Rule 11 Motion on February 2, 2024. *See* ECF No. 64.

On December 28, 2023, the Court continued the hearings on several Motions and set all motions described above (the Hinshaw Motion, the LN Motion, the Phish Motion, the Motion to Stay, the Rule 11 Motion, and the MLB Motion) for hearings on the same day. *See* ECF No. 59. In doing so, the Court explicitly ordered that "any opposition to any of these motions must be filed by Friday February 2, 2024." *See id.*

Weissbrod filed a Motion to Amend her Complaint on February 1, 2024.[4] *See* ECF No. 61 ("Motion to Amend"). The Live Nation Defendants and Phish collectively filed an Opposition to the Motion to Amend on February 15, 2024. *See* ECF No. 67. The MLB Defendants also separately filed an Opposition to the Motion to Amend on February 15, 2024. *See* ECF No. 68. Baker Botts filed an Opposition to the Motion to Amend on March 1, 2024. *See* ECF No. 72. Hinshaw filed a Notice that it joins in Baker Botts Opposition to the Motion to Amend. *See* ECF No. 79.

Weissbrod filed a Motion for a Writ of Mandamus with Determinations that Named Defendants and their Attorneys Qualify as Vexatious Litigants as a Matter of Law and Plaintiff does not Qualify on February 18, 2024. *See* ECF No. 69 ("Motion re Vexatious Litigants"). The Live Nation Defendants and Phish collectively filed an Opposition to the Motion re Vexatious Litigants on March 4, 2024. *See* ECF No. 73. The MLB Defendants also separately filed an Opposition to the Motion re Vexatious Litigants on March 4, 2024. *See* ECF No. 74.

---

[4] Although this item is captioned "First Amended Complaint" on the Court's CM/ECF system, the body of the document makes clear that it is a Motion to Amend the Complaint. *See* ECF No. 61 at 2 ("This is Plaintiff's motion to Amend her Complaint or seeking leave to amend her complaint.").

Since filing her Motions, Weissbrod has filed various standalone exhibits in support of the Rule 11 Motion, Motion to Amend, and Motion re Vexatious Litigants. *See* ECF Nos. 65, 66, 71, 80, 81. While some of these (*e.g.*, ECF No. 78) are labeled on the Court's CM/ECF system as amendments to Weissbrod's Motions, the Court understand them to be exhibits that purportedly support the Motion.

Weissbrod has not filed any opposition to the Hinshaw Motion, the LN Motion, the Phish Motion, or the MLB Motion.

A hearing on the various matters addressed in this Order was scheduled for May 30, 2024. *See* ECF No. 59. On May 29, 2024, the Court took the matters under submission based on a conclusion that the matters could be decided without oral argument pursuant to Local Rule 7.15. *See* ECF No. 89.

On June 24, 2024, Weissbrod filed a document which she described as both a Reply regarding her previous Motion re Vexatious Litigants and an additional motion seeking a determination that Defendants are vexatious litigants. *See* ECF No. 90 ("Second Motion re Vexatious Litigants"). On June 26, 2024, Weissbrod filed a third motion seeking a determination that Defendants are Vexatious Litigants. *See* ECF No. 92 ("Third Motion re Vexatious Litigants"). Hinshaw and the Live Nation Defendants each filed an opposition to Weissbrod's filings on July 8, 2024. *See* ECF Nos. 93, 94. Weissbrod filed two additional documents on July 15, 2024, and two more additional documents[5] on July 23, 2024, and September 21, 2024. *See* ECF Nos. 96, 97, 100, 101.

### HINSHAW'S REQUEST FOR JUDICIAL NOTICE (ECF No. 24)

### I.    **Applicable Law**

---

[5] The Court's CM/ECF system labels these four documents as (1) a reply in support Weissbrod's Second Motion re Vexatious Litigants, and (2) a supplement to an unidentified motion, and (3 and 4) exhibits to Weissbrod's Second Motion re Vexatious Litigants at ECF No. 90. The four documents appear to all be reproduced copies of documents Weissbrod filed in separate litigation in New York, and do not contain any argument directly related to the Second Motion re Vexatious Litigants. *See* ECF Nos. 96, 97, 100, 101.

On a motion to dismiss pursuant to Rule 12(b)(6), courts are generally prohibited from "consider[ing] any material beyond the pleadings." *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). Courts generally only consider the complaint and other materials "submitted with and attached to the Complaint." *Id.* at 999.

A court may, however, judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may judicially notice "undisputed matters of public record" but generally may not notice "disputed facts stated in public records." *Lee*, 250 F.3d 668, 690 (9th Cir. 2001), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

Thus, matters of public record can be noticed and relied upon in evaluating a motion to dismiss in some circumstances. The public record becomes particularly important regarding issues of preclusion. *See Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir. 2005) (observing that state-court filings can be "helpful in considering matters related to preclusion in the state courts").

Further, the "res judicata defense may be raised 'by introducing sufficient information into the record to allow the court to judge the validity of . . . the defense.'" *Takahashi v. Bd. of Trs.*, 783 F.2d 848, 850 (9th Cir. 1986). Therefore, in determining what issues have previously been litigated, a court must take notice of briefs and transcripts from previous hearings. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (court granted requests for judicial notice of Plaintiffs' briefs, transcripts, and even documents filed under seal from earlier hearings because they revealed that Plaintiffs had previously litigated virtually all the raised issues).

**II.    <u>Discussion</u>**

Hinshaw requests judicial notice of 51 exhibits, all of which are items from the dockets of other courts. *See* Hinshaw RJN. Hinshaw relies on these documents in support of its argument that Weissbrod's claims are barred by res judicata. *See* Hinshaw MPA. Thus, although these exhibits are not referenced in or central to the complaint, the Court may consider them in evaluating whether the

claims are barred by res judicata, so long as the documents meet the requirements for judicial notice. *See Reyn's Pasta Bella*, 442 F.3d at 746. All of these documents are public records, the existence of which and contents of which (in other words, the fact that these documents exist and that they contain the words they contain) cannot reasonably be disputed. Thus, these documents are properly subject to judicial notice. *See* Fed. R. Civ. P. 201(b)(2). The Court will take judicial notice of these documents, but not of any disputed facts contained in the documents.

Thus, Hinshaw's Request for Judicial Notice (ECF No. 24) is GRANTED.

**LIVE NATION DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (ECF No. 48)**

The Live Nation Defendants request judicial notice of nineteen exhibits. *See* LN RJN.

## I.    <u>Applicable Law</u>

The law governing this request is similar to that described above, with one distinction—the Live Nation Defendants' Motion to Dismiss is based upon Federal Rule of Civil Procedure 12(b)(3), which allows a court to transfer or dismiss a case for improper venue. *See* Fed. R. Civ. P. 12(b)(3). In reviewing such a motion, a court may consider material outside the complaint. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004) (A court may consider material outside the complaint, but should "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party"). Thus, these materials may be judicially noticed so long as they meet the general standard of a request for judicial notice—they must be either "(1) generally known within the trial court's territorial jurisdiction; or (2) [capable of being] accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## II.    <u>Discussion</u>

The Live Nation Defendants request judicial notice of nineteen exhibits. *See* LN RJN. Seventeen of the nineteen exhibits are items from the dockets of other courts. The Court will take judicial notice of these documents, but not of any disputed facts therein, because the existence of these documents and the contents of the documents is capable of being determined from sources whose accuracy cannot be questioned. *See* Fed. R. Civ. P. 201(b)(2). The other two documents are: (1) a public record of Instant Live's registration in Delaware (ECF No. 47-5), and (2) a Form 10-K

filed with the Securities Exchange Commission by LNE (ECF No. 47-6). Although these are not court documents, they are public records, and the Court may take judicial notice of them for the same reasons.

Thus, the Live Nation Defendants' Request for Judicial Notice (ECF No. 48) is GRANTED.

## PHISH'S REQUEST FOR JUDICIAL NOTICE (ECF No. 50)

Phish requests judicial notice of seventeen exhibits. *See* Phish RJN. The Court has already addressed the applicable law regarding this Request for Judicial Notice above and will not restate it here.

As with the Live Nation Defendants, Phish argues that these exhibits support its argument that venue is improper. *See* Phish MPA. Thus, the Court may consider these documents so long as the documents meet the requirements for judicial notice. *See Reyn's Pasta Bella*, 442 F.3d at 746.

All seventeen of these exhibits are items from the dockets of other courts. *See* Phish RJN. For the same reasons discussed above as to Hinshaw's Request for Judicial Notice, the Court will take judicial notice of these documents, but not of disputed facts stated therein. *See* Fed. R. Civ. P. 201(b)(2).

Thus, Phish's Request for Judicial Notice (ECF No. 50) is GRANTED.

## HINSHAW'S MOTION TO DISMISS (ECF No. 22)

### I.  Applicable Law

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

*Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

**B. Res Judicata**

"Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or *could have been raised* in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks and citations omitted). "In order for res judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties."[6] *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).

**II.    <u>Discussion</u>**

Hinshaw moves to dismiss on two primary bases: Weissbrod's claims are purportedly time-barred, and Weissbrod's claims are purportedly barred by res judicata. *See* Hinshaw MPA. Hinshaw also requests that the Court enjoin Weissbrod from filing further litigation against Hinshaw in this district without prior leave of the Court. *See id.*

Weissbrod has failed to file any opposition to Hinshaw's Motion.[7] Per the Local Rules of this district, where a party fails to file an opposition, the Court may deem the failure as consent to the

---

[6] The rule is slightly different if the district court's jurisdiction is based upon diversity of citizenship. When a federal district court sitting in diversity determines the preclusive effect of a prior decision by a different federal district court sitting in diversity, the second court applies the preclusion laws of the initial court's state. *Daewoo Elecs. Am., Inc. v. Opta Corp.*, 875 F.3d 1241, 1244 (9th Cir. 2017). Here, the Court's basis for jurisdiction is a federal question, *see* 28 U.S.C. § 1331, and so this alternate rule does not apply. *See* Compl. ¶¶ 59–63 (jurisdiction is based upon Weissbrod's federal law claims).

[7] Weissbrod has been afforded a number of opportunities to file an opposition and has missed them all. First, per Section VII(B) of the Court's Standing Order, oppositions to motions must be "be filed no later than fourteen (14) days after the filing of the Motion." This resulted in a deadline of September 22, 2023.

granting of a motion (except as to motions under Federal Rule of Civil Procedure 56, which has no

application here). *See* C.D. Cal. L.R. 7-12. Although Weissbrod is proceeding *pro se* (without legal

representation), she is nonetheless required to comply with Court orders, the Local Rules, and the

Federal Rules of Civil Procedure.[8] *See* C.D. Cal. L.R. 83-2.2.3. Given that Weissbrod has been

participating in this litigation and filing other motions, but has not opposed this one, the Court finds

it appropriate to deem that she has consented to the granting of Hinshaw's Motion by failing to file

an opposition. This alone is sufficient to grant the Motion.[9] The Court also notes that Weissbrod's

other motions do not appear to set forth any opposition to the merits of the Motion; for instance, her

Rule 55 Motion merely asserts that all of the Defendants' motions are "frivolous per se." *See* Rule

55 Motion at 3. The Court will nevertheless briefly examine the substantive merits of the Hinshaw

Motion.

　　　　The Court finds that Weissbrod's claims are barred by res judicata as Hinshaw contends. The

claims against Hinshaw arise from alleged conduct Hinshaw engaged in while acting as legal

counsel for Cowan. *See, e.g.*, Compl. ¶¶ 47 (Cowan hired Weissbrod, Cowan learned of Weissbrod's

inventions, and Hinshaw learned through Cowan),  104(3) (Hinshaw acted as Cowan's agent when

Hinshaw sought to undermine Weissbrod's patent prosecution efforts), 8 (Hinshaw attorney forged

documents to deny Weissbrod a hearing on patents). Weissbrod has litigated against Cowan at least

twice before, in suits filed in 2006 and 2015 in New York. *See* ECF No. 22-2 at 1, ECF No. 22-3 at

78 (complaints from those two actions).

_____

Weissbrod did not file an opposition by this deadline. On December 28, 2023, the Court continued this
hearing on this Motion and several others, and ordered that oppositions must be filed by February 2, 2024,
effectively provided Weissbrod with an extension. *See* ECF No. 59. She again missed the deadline. Even after
this, she failed to file an opposition or seek leave to file one late or even seek clarification as to whether her
Motion to Amend (ECF No. 61) mooted the Motion. Weissbrod simply failed to file any opposition in
advance of the scheduled hearing, and still has not filed any opposition.

[8] The Court also notes that Weissbrod appears to have been trained as an attorney and previously practiced as
one. *See* Compl. ¶ 47.

[9] The Court has also considered the possibility that Weissbrod's filing of her Motion to Amend (ECF No. 61)
moots the various Motions to Dismiss. It does not. While the proper filing of an amended complaint might
moot a pending motion to dismiss, a motion to amend the complaint which is not granted does not affect the
disposition of a pending motion to dismiss.

First, the Court finds that there is "identity of claims" between the claims in this action and those in previous suits. *See W. Radio Servs.*, 123 F.3d at 1192. Identity of claims "exists when two suits arise from 'the same transactional nucleus of facts.'" *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003). All of these suits arise from Cowan's alleged conduct in failing to pursue Weissbrod's patent applications and various actions taken by Cowan's agents since, particularly with respect to actions allegedly taken to sully Weissbrod's reputation in disciplinary hearings and undermine her efforts to prosecute her patent applications. *See* ECF No. 22-2 at 1, ECF No. 22-3 at 78. In the latter suit, Weissbrod at one point requested that the Court enjoin Cowan from being further represented by Hinshaw based on Hinshaw's allegedly abusive conduct, which appears to be extremely similar to the conduct alleged here. *See* ECF No. 22-3, Exhibit 19. The Court finds that there is identity of claims between the claims asserted here and those asserted in previous litigation.

Second, the Court finds that there were "final judgments on the merits" in the previous actions. *See W. Radio Servs.*, 123 F.3d at 1192. This is clear from the record—all of the claims were fully dismissed, with dismissal affirmed upon appeal. *See* ECF No. 22-3 Exhibits 23 (district court judgment in first lawsuit), 36 (Second Circuit affirmed district court), and 15 (district court denied Weissbrod's Motion to request that Hinshaw be disqualified). Further, not only was there a final judgment on the merits in the initial suit, multiple courts have recognized that there was a final judgment and dismissed later suits for re judicata. *See* ECF No. 22-5 Exhibit 33, ECF No. 22-6 Exhibit 45.

Third, the Court finds that there "identity or privity between parties." *See W. Radio Servs.*, 123 F.3d at 1192. Weissbrod (under her maiden name Gurvey, which she references in her Complaint, *see* Compl. ¶ 3) brought all the previous lawsuits, so there is clearly identity on the plaintiff's side. There is also identity or privity amongst the defendants. While Hinshaw was not previously a named defendant, Cowan was sued for conduct Hinshaw engaged in on Cowan's behalf (*see* ECF No. 22-3, Exhibits 1 and 14), and Hinshaw was Cowan's counsel. "Privity represents a legal conclusion that the relation between the party and non-party is so close that the judgment may fairly bind the non-party," and exists "if a party represented the interests of the non-party, such as a

guardian or fiduciary might represent a ward or beneficiary." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1277–78 (9th Cir. 1992). In the previous litigation, Weissbrod sued Cowan for conduct that Cowan's counsel Hinshaw allegedly performed on Cowan's behalf—Cohen thus had every incentive to represent Hinshaw's interests and argue that Hinshaw did not engage in tortious conduct, which the Court finds is sufficient for Cowan and Hinshaw to be in privity such that res judicata may apply. .

In sum, the Court finds that the claims are barred by res judicata. This provides additional reason to grant the Motion, although Weissbrod's implicit consent would have been sufficient. The claims against Hinshaw shall be dismissed without leave to amend, as amendment appears futile. *See Manzarek*, 519 F.3d at 1031.

However, the Court also does not find it appropriate to enjoin Weissbrod from filing further litigation in this district against Hinshaw as Hinshaw requests. Federal courts have "inherent power . . .  to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," including "enjoining litigants with abusive and lengthy histories." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Such an injunction is an extreme remedy and should rarely be entered. *See id.* There are four requirements before imposing such an order: (1) the purportedly vexatious litigant must have an opportunity to oppose; (2) the court must create an adequate record for review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed;" (3) the court must make a "substantive finding of frivolousness;" (4) the order must narrowly tailored. *See id.* at 1147–49.

Here, the Court is not convinced that such an "extreme remedy" is warranted. *See De Long*, 912 F.2d at 1147. First, the Court's review of the record suggests that this action is the first one in which Weissbrod brought a lawsuit where Hinshaw was a named defendant. *See* Hinshaw MPA at 2–12. Although Hinshaw has been implicated in some allegations against Cowan and others, and Weissbrod has made filings implicating Hinshaw which may have been frivolous, it is nevertheless the case that Weissbrod's record of litigation was mostly against Cowan and other defendants and only recently involved litigation against Hinshaw directly. This also appears to be the first action Weissbrod brought in this district. Entering the order Hinshaw requests (to preclude Weissbrod from

suing Hinshaw again in this district) would require that the Court find Weissbrod's actions frivolous based on a substantive review and that the Court list all filings by Weissbrod that led to the Court's conclusion—in the interest of judicial efficiency, the Court is not inclined to reach these issues in the first action Weissbrod filed in this district and the first action Weissbrod brought against Hinshaw. Thus, the request that Weissbrod be enjoined from further litigation in this district against Hinshaw is DENIED without prejudice.

For these reasons, Hinshaw's Motion is GRANTED IN PART. The claims against Hinshaw shall be dismissed without leave to amend. Weissbrod shall not be enjoined from future litigation at this time.

## LIVE NATION DEFENDANTS' MOTION TO DISMISS (ECF No. 47)

### I.    **Applicable Law**

Federal Rule of Civil Procedure 12(b)(3) ("Rule 12(b)(3)") provides that a party may move to dismiss a case for "improper venue." Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws . . ." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Of Texas*, 571 U.S. 49, 55 (2013).  Venue may be proper in: "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2). If no district would be proper pursuant to either option above, then venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3).

If a case is brought in a district that is not the proper venue, then the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "These provisions . . .  authorize dismissal only when venue is 'wrong' or 'improper' in the forum in which it was brought." *Atl. Marine*, 571 U.S. at 55 (2013).

The Live Nation Defendants' Motion also implicates Rule 12(b)(6), the standards for which are discussed above, and which the Court will not repeat here.

## II.   Discussion

The Live Nation Defendants argue that the claims against them should be dismissed for improper venue and failure to state a claim. As with the Hinshaw Motion, Weissbrod has failed to file an opposition, and thus the Court finds that Weissbrod has consented to the granting of the Motion as stated above. The Court will nonetheless briefly examine the merits, and finds that venue is improper.

Venue may be proper in either a district where one defendant resides so long as all defendants reside in the same state, or in a district where a substantial part of relevant events occurred. First, all defendants do not reside in California, so the first prong does not support venue in this district.. Weissbrod brought suit against a New York-based law firm (Cowan) and did not plead that all Defendants reside in California. Second, the complaint suggests that essentially all relevant events occurred in New York. *See, e.g.*, Compl. ¶¶ 1–2 (Defendants made false statements and frivolous filings in litigation that lasted 15 years in the Southern District of New York), 29 (orders from New York courts, which Defendants caused through fraud, continue to harm Plaintiff), 41–43 (Defendants conspired through New York-based Hinshaw, the "common thread," to persuade court in New York to deny Weissbrod relief for patent infringement and to allow others to steal her technology). Thus, venue appears proper in New York, and *not* in this district.

The Court may thus either dismiss or transfer the action if transferring is in the interests of justice. *See 2*8 U.S.C. § 1406(a). The Live Nation Defendants submitted evidence that Weissbrod has been enjoined from filing further litigation in the Southern District of New York without a court's prior approval. *See* ECF No. 47-4, Exhibit 13. In light of this, the Court does not find that it would serve the interests of justice to transfer the action to that district. Instead, the Court will dismiss the claims against the Live Nation Defendants. Dismissal shall be without prejudice. *See In re Hall, Bayoutree Assocs.*, 939 F.2d 802, 804 (9th Cir. 1991). Nevertheless, the Court will not grant leave to amend, because (1) Weissbrod is currently prohibited from filing suit in the Southern

District of New York (*see* ECF No. 22-3 at 127); (2) there appears to be no colorable basis for bringing claims in this district; and (3) amendment would not cure the venue issue.

Thus, the Live Nation Defendants' Motion is GRANTED.

### PHISH'S MOTION TO DISMISS (ECF No. 49)

#### I.    Applicable Law

#### A.    Rule 12(b)(2): Motion to Dismiss for lack of Personal Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)"), a party may file a motion to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). In the face of a 12(b)(2) motion, "the plaintiff bears the burden of demonstrating that the court has jurisdiction." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). In determining whether a court has personal jurisdiction, the court may consider evidence presented in affidavits and may order discovery on the jurisdictional issues. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), overruled on other grounds as discussed in *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017).

When no applicable federal statute governing personal jurisdiction exists, as is the case here, the district court applies the law of the state in which the district court sits. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). Accordingly, the Court looks to "California's longarm statute [which] allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution." *Id*. at 1211 (quoting *Daimler*, 571 U.S. at 125); see also Cal. Civ. Proc. Code § 410.10.

Due process allows courts to exercise jurisdiction only over a defendant who has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Personal jurisdiction may be either general or specific. *See Picot*, 780 F.3d at 1211; *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141–42 (9th Cir. 2017); *see also Helicopteros Nacionales de Colombia*, *S.A. v. Hall*, 466 U.S. 408, 414 nn.8–9 (1984). The "minimum contacts" test requires a determination of reasonableness by the court by weighing the

16

facts of each case "to determine whether the requisite 'affiliating circumstances' are present." *Kulko v. Superior Ct. of Cal. ex rel City & County of San Francisco*, 436 U.S. 84, 92 (1978) (quoting *Hanson v. Denckla*, 357 U.S. 235, 246 (1958)).

Phish's Motion also implicates rules 12(b)(3) and 12(b)(6), the standards for which are discussed above.

## II.   Discussion

Phish argues that the claims against it should be dismissed for improper venue. As above, Weissbrod failed to oppose the Motion despite having numerous opportunities, and thus has consented to the granting of Phish's Motion. Further, as discussed above, the Court has already found that venue is improper in this district. The Court will dismiss the claims against Phish without prejudice but without leave to amend, for the same reasons discussed above.[10]

Thus, the Phish Motion is GRANTED.

## MLB DEFENDANTS' MOTION TO DISMISS (ECF No. 56)

The MLB Defendants argue that the claims against them should be dismissed for lack of personal jurisdiction, improper venue, and failure to state a claim. The standards governing these issues are discussed above and the Court will not reiterate them.

As above, Weissbrod failed to oppose the Motion despite having numerous opportunities, and thus has consented to the granting of the MLB Defendants' Motion. The Court has already found that venue is improper in this district. The Court need not reach the other arguments. The Court will dismiss the claims against Phish with prejudice, for the same reasons discussed above. *See supra* n.7.

Thus, the MLB Defendants' Motion is GRANTED.

## WEISSBROD'S MOTION TO STAY (ECF No. 55)

## I.   Applicable Law

---

[10] Phish also argues that the claims should be dismissed for lack of personal jurisdiction and failure to state a claim. *See* Phish Mot. The Court need not reach these issues.

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857 (9th Cir. 1979). Whether to stay a case is generally left to the "sound discretion" of a trial court. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In exercising this discretion, courts should consider "the competing interests which will be affected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*; *see also Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (similar).

If a civil action involves parties to a proceeding before the United States International Trade Commission, the district court "shall stay" the civil action until the proceedings before the commission conclude. 28 U.S.C. § 1659(a). "The purpose of § 1659 is to prevent separate proceedings on the same issues occurring at the same time." *In re Princo Corp.*, 478 F.3d 1345 (Fed. Cir. 2007).

## II.    <u>Discussion</u>

Weissbrod seeks a stay of her patent claims pending the conclusion of a parallel action in the United States District Court for the District of Columbia. *See* Motion to Stay. She brings her Motion on the following grounds: (1) a mandatory stay is required by 28 U.S.C. § 1659 and, in the alternative, (2) a discretionary stay is warranted under governing law. *See* Motion to Stay at 2, 8. In District of Columbia action, Weissbrod has asserted that the United States Patent and Trademark Office (USPTO) must respond to her Freedom of Information Act requests and is seeking a writ of mandamus against the United States Patent and Trademark Office. *See* Motion to Stay at 2. She argues that resolution of that matter will affect damages here, in part because it may determine when

her patents should have been issued, and therefore what standard applies to her patent infringement

claims in the present action. Weissbrod has not met her burden to show that a stay is warranted

under either ground.

First, 28 U.S.C. § 1659 (discussed above in the Applicable Law section) does not require a

stay of this action. That statute only requires a stay under certain circumstances where there is a

parallel proceeding before the United States International Trade Commission. *See* 28 U.S.C. §

1659(a). Weissbrod has not alleged that there is any such proceeding. Therefore, a mandatory stay

under Section 1659 is not warranted.

Second, Weissbrod has not demonstrated that a stay would serve the interests of justice; none

of the considerations that this Court is to consider support a stay. *See CMAX, Inc.*, 300 F.2d at 268

(court should consider "possible damage which may result from the granting of a stay, the hardship

or inequity which a party may suffer [absent a stay], and [the impact of a stay on] issues, proof, and

questions of law"). Thus, it is left to the Court's discretion whether to grant a stay. The Court finds

that a stay would not serve the interests of the parties or of the efficient administration of justice. As

discussed above, the Court finds it appropriate to dismiss the claims against several defendants.

Staying these claims would not be efficient. The Court further finds that there is very unlikely to be

any harm to Weissbrod absent a stay. Moreover, Weissbrod does not even address the obvious harm

to the Defendants of having to wait for final resolution of claims that they believe are barred and

meritless. To the extent that Weissbrod's suit proceeds further, and it becomes clear that issues being

litigated in other districts will affect a final damages calculation as Weissbrod asserts, Weissbrod can

move for a stay at that time prior to trial and final judgment. But Weissbrod has presented this Court

with no reason to stay the case at this early stage and effectively prevent the various Defendants

from filing motions to dismiss or prevent the parties from proceeding with discovery if appropriate.

Thus, the Motion to Stay is DENIED.

### WEISSBROD'S RULE 55 MOTION (ECF No. 58)

Weissbrod's Rule 55 Motion "seeks that defendants and their lawyers withdraw their

frivolous motions to dismiss Plaintiff's complaint within 21 days or risk Rule 11 sanctions." *See*

Rule 55 Motion at 3. The Court understands that Weissbrod's intention was that if Defendants did

not withdraw their motions, the Court should construe this as a Motion for Sanctions pursuant to Rule 11.

## I.    Applicable Law

Federal Rule of Civil Procedure 11 prohibits parties from filing any pleading, motion, or other paper that is frivolous, intended for an improper purpose (e.g., harassment), or lacks support in evidence. *See* Fed. R. Civ. P. 11(b). A party may be sanctioned for violating this rule. Sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Engineers Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).

## II.    Discussion

Weissbrod has not shown that any filing in this case warranted sanctions. Although Weissbrod makes broad and conclusory statements (e.g., "Defendants' moving papers are frivolous per se," *see* Rule 55 Motion at 3), she has not shown that any Motion or other paper was filed frivolously.

Weissbrod argues at length that the motions to dismiss are "frivolous per se because they have no relevance to the issue of infringement and willful infringement treble damages recoverable against each of the defendants jointly and severally." *See id.* at 20. But this argument is meritless.

First, Weissbrod has not shown that any conduct before another court warrants sanctions in this Court. And second, the Court has reviewed the motions filed here and does not find them sanctionable. "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *Id.* While Weissbrod takes issue with some statements (e.g., Defendants' statement that she was forum shopping), the Court does not find this sanctionable. The motions filed here appear to be appropriate and zealous advocacy. Further, if Weissbrod believed the motions were obviously baseless, she should have explained as such in an opposition to the motions, which she chose not to do. As discussed above, the Court did not find the motions baseless, but actually granted them on the merits.

The Rule 11 Motion is DENIED.

**WEISSBROD'S MOTION TO AMEND (ECF No. 58)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    Applicable Law

Under Federal Rule of Civil Procedure 15, a party may generally amend any pleading as a matter of right "21 days after serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)." *See* Fed. R. Civ. P. 15(a)(1).

When a party seeks to amend its complaint more than 21 days after service of a responsive pleading or Rule 12 Motion, the party may only amend with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id*. Courts "apply this policy liberally." *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1010 (9th Cir. 2008). "Several factors are usually used as criteria to determine the propriety of a motion for leave to amend." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "These criteria include undue delay, bad faith, futility of amendment, and prejudice to the opposing party." *Id.* "While all these factors are relevant, the crucial factor is the resulting prejudice to the opposing party." *Id.*

## II.    Discussion

At the outset, the Court will clarify the nature of Weissbrod's Motion. Wiessbrod's Motion appears to be, in one document, both a First Amended Complaint ("FAC") and a Motion to Amend the Complaint. *See* Motion to Amend. Although the document states at the outset that "This is Plaintiff's motion to Amend her Complaint or seeking leave to amend her complaint," the remainder of the document appears to be the amended complaint itself (with 18 new paragraphs, labeled as A1–A18, added on, and then followed by the original Complaint). *See id.* The Court will analyze it accordingly.

Weissbrod's Motion to Amend was served more than 21 days after the Motions to Dismiss filed by Hinshaw, the Live Nation Defendants, Phish, and the MLB Defendants. Thus, if these were the only Defendants, the amendment would not be allowed as of right, and it would be left to the Court's discretion whether to allow amendment. However, these are not the only Defendants, and some defendants have not yet filed responsive pleadings, which might suggest amendment is permitted as of right. The Court must determine whether amendment is allowed as of right when a

plaintiff files a motion to amend after some defendants filed motions to dismiss, but before other defendants filed any responsive pleadings. The Ninth Circuit has not addressed this issue. However, other circuits have, and have concluded that "if the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course *with regard to those defendants that have yet to answer.*" *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007) (emphasis added); *Barksdale v. King*, 699 F.2d 744, 747 (5th Cir. 1983) (same). Although *Williams* and *Barksdale* are not binding on this Court, the Court finds their approach reasonable and in accordance with the text of the rule, and so the Court will follow it. Thus, Weissbrod has a right to amend her complaint as to all Defendants *other than* Hinshaw, the Live Nation Defendants, Phish, and the MLB Defendants, but not as to these defendants.

The Court understands that Baker Botts opposes the amendment on the grounds that it is futile. *See* ECF No. 72. However, Baker Botts has not filed any responsive pleading.[11] For the reasons described above, Weissbrod therefore may amend as of right as to Baker Botts and all other Defendants who have not filed responsive pleadings.

Thus, for all Defendants that have not yet answered or filed a responsive pleading, the Motion to Amend is GRANTED. The FAC filed as part of the Motion to Amend shall hereafter be the operative complaint as to all Defendants other than Hinshaw, the Live Nation Defendants, Phish, and the MLB Defendants.

As to Hinshaw, the Live Nation Defendants, Phish, and the MLB Defendants, the Court has discretion as to whether to allow amendment. Exercising that discretion, the Court will not allow amendment. First, the Court finds that amendment would be futile as to these Defendants. As described above, there are various shortcomings in complaint that warrant dismissal, and the Court does not find anything in the FAC that resolves the res judicata or venue issues that led to dismissal.

---

[11] Wiessbrod and Baker Botts filed a stipulation, which the Court granted, that Baker Botts's responsive pleading would be due 30 days after the filing of an amended complaint. *See* ECF No. 46. The Court understands that Baker Botts may be construing the Motion to Amend as pending, and therefore does not consider the Amended Complaint yet filed. In the interests of justice, the Court orders that Baker Botts's responsive pleading shall be due 30 days from the date of this Order.

Furthermore, Weissbrod consented to the granting of Motions to Dismiss by failing to oppose them, and it would prejudice the Live Nation Defendants, Phish, and the MLB Defendants to allow Weissbrod to now amend and reassert claims after she failed to engage with the Motions to Dismiss. Thus, the Motion to Amend is DENIED as to these Defendants.

In sum, the Motion to Amend is GRANTED IN PART. The Motion to Amend is DENIED as to the Live Nation Defendants, Phish, and the MLB Defendants, but GRANTED as to all other Defendants. The FAC shall be the operative complaint as to all Defendants other than the Live Nation Defendants, Phish, and the MLB Defendants.

**WEISSBROD'S THREE MOTIONS RE VEXATIOUS LITIGANTS (ECF Nos. 58, 90, 92)**

### I.    <u>Applicable Law</u>

When a party is found to be a vexatious litigant, the party is typically subject to pre-filing restrictions, as discussed above in the Court's analysis of Hinshaw's request that Weissbrod be subject to such restrictions. The Ninth Circuit has defined four requirements that must be met to impose such restrictions: (1) the purportedly vexatious litigant must have an opportunity to oppose; (2) the court must create an adequate record for review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed;" (3) the court must make a "substantive finding of frivolousness;" (4) the order must narrowly tailored. *See De Long*, 912 F.2d at 1147–49. The Ninth Circuit has not clearly defined a test for when a litigant should be characterized as a vexatious litigant (as opposed to when pre-filing restrictions should be imposed), but has favorably cited factors used by the Second Circuit, which "all address whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation or if other sanctions are adequate." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). The Second Circuit test considers:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.*

1    II.    **Discussion**

2    The Court sees no evidence in the record that would warrant granting Weissbrod's Motions

3    and labeling any Defendant as a vexatious litigant or imposing pre-filing restrictions.

4    Weissbrod argues that "every one of defendants' papers filed in this action is *per se* frivolous

5    and vexatious." *See* Motion re Vexatious Litigants at 4. In support of this, Weissbrod argues that all

6    Motions ignore what she views as the central issue—the alleged infringement of her patents. *See id.*

7    Weissbrod is incorrect. There is no requirement in Rule 12 that a motion to dismiss must

8    substantively address the core allegations of the complaint. *See* Fed. R. Civ. P. 12(b) (allowing

9    defendants to move to dismiss on several grounds distinct from whether the allegations are true,

10    including lack of personal jurisdiction, improper venue, and others).[12] A Motion to Dismiss may

11    seek dismissal on grounds that are distinct from the main conduct alleged. In other words, it is not

12    frivolous to seek dismissal of a patent suit for improper venue or res judicata, and a defendant filing

13    such a motion is not necessarily required to address the alleged patent infringement. The Court finds

14    Defendants' Motions to Dismiss and other filings are not frivolous.

15    Further, examining the various factors described above, the Court finds that all point against

16    granting the Motions. The Court finds that Weissbrod has failed to demonstrate that the Defendants

17    have acted frivolously in the other lawsuits. *See De Long*, 912 F.2d at 1147. Although the Court

18    understands that Weissbrod is frustrated that her other litigation has not reached a substantive

19    hearing on the merits, this does not in itself show any vexatious conduct. Nor does the Court see any

20    evidence that any Defendant has engaged in "harassing or duplicative lawsuits." *See Molski*, 500

21    F.3d at 1058. Nor does the Court see any evidence that any Defendant has a bad motive in pursuing

22    litigation or conducting itself in litigation, nor that any Defendant has caused needless expense. *See*

23    *id.* In sum, Weissbrod has not shown that the relevant factors weigh in favor of granting these

24    Motions. The Court finds that Weissbrod failed to show Defendants have not acted in a way that

25    would warrant them being labeled as vexatious litigants.

26    _____

27    [12] The Court also notes that several of the motions to dismiss did in fact address the merits of Weissbrod's various claims. *See, e.g.*, Live Nation Defendants' Motion at 11–22 (arguing that various claims fail on the

28    merits as pleaded); Phish Motion at 14–22 (similar).

Thus, the Motion re Vexatious Litigants is DENIED. So too are the Second and Third motions re Vexatious Litigants.

**CONCLUSION**

For the reasons stated herein, the Court ORDERS as follows:

1. Hinshaw's Motion to Dismiss (ECF No. 22) is GRANTED IN PART. The claims against Hinshaw shall be DISMISSED WITHOUT LEAVE TO AMEND. But the Court will not impose pre-filing restrictions on Weissbrod in this District.

2. Hinshaw's Request for Judicial Notice (ECF No. 24) is GRANTED.

3. The Live Nation Defendants' Motion to Dismiss (ECF No. 47) is GRANTED. The claims against Live Nation Entertainment, Inc.; Ticketmaster, Inc.; Live Nation, Inc.; and InstantLive Concerts, LLC shall be DISMISSED WITHOUT LEAVE TO AMEND.

4. The Live Nation Defendants' Request for Judicial Notice (ECF No. 48) is GRANTED.

5. Phish's Motion to Dismiss (ECF No. 49) is GRANTED. The claims against Phish/PhishLive be DISMISSED WITHOUT LEAVE TO AMEND.

6. Phish's Request for Judicial Notice is GRANTED (ECF No. 50).

7. The MLB Defendants' Motion to Dismiss (ECF No. 56) is GRANTED. The claims against Major League Baseball and MLB Advanced Media shall be DISMISSED WITHOUT LEAVE TO AMEND.

8. Weissbrod's Application for a Stay (ECF No. 55) is DENIED.

9. Weissbrod's Rule 11 Safe Haven Motion (ECF No. 58) is DENIED.

10. Weissbrod's Motion to Amend (ECF No. 61) is GRANTED IN PART. It is DENIED as to Hinshaw, the Live Nation Defendants, Phish, and the MLB Defendants, but as to all other Defendants, the FAC at ECF No. 61 shall be considered the operative complaint.

    a. The FAC shall be construed as filed on the date of this Order for the purposes of defining the deadline to respond. This shall have no impact on the requirement that Defendants be served with process (that is, to the extent that any Defendant has not been served with process, Weissbrod still must serve them, and that service will trigger the deadline to respond).

11. Weissbrod's Motion for a Writ of Mandamus regarding a determination that Defendants and their counsel are vexatious litigants (ECF No. 69) is DENIED.

12. Weissbrod's Second Motion re Vexatious Litigants (ECF No. 90) is DENIED.

13. Weissbrod's Third Motion re Vexatious Litigants (ECF No. 92) is DENIED.


IT IS SO ORDERED.


Dated: September 27, 2024

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge